JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7264
    Facsimile: (415) 436-6748
    Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendant Seth McMullen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>    Defendants. | No. C 07-4894 SBA<br><br>**DEFENDANT McMULLEN'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br>**Fed.R.Civ.P. 10(b); 12(b); 12(e)**<br><br>Date: March 4, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 3, 3rd Floor<br>Before: Hon. Saundra B. Armstrong |

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NOTICE OF MOTION AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    PLAINTIFF KEANE WAS IDENTIFIED BY A THIRD PARTY AS THE PERSON WHO ATTEMPTED TO DELIVER TO NEW JERSEY THREE BAGS OF MARAJUANA. . . . . . . . . . . . . . . . . . . . . . . 4

    B.    SPECIAL AGENT MCMULLEN PARTICIPATED IN THE EXECUTION OF THE SEARCH WARRANT AND ARREST WARRANT. . . . . . . . . . . . . . 6

    C.    PLAINTIFFS FILED THE CURRENT LAWSUIT ALLEGING VIOLATIONS OF 42 U.S.C. § 1983.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.    DEFENDANT MCMULLEN IS ENTITLED TO DISMISSAL OF THE COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.    Standards of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.    This Court Should Dismiss Special Agent McMullen, A Federal Officer, As A Defendant Pursuant Fed. R. Civ. P. 12(b)(1)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        3.    In The Alternative, The Court Should Dismiss Special Agent McMullen As A Defendant Because The Complaint Fails To State A Claim Upon Which Relief May Be Granted. . . . . . . . . . . . . . . 13

    B.    DEFENDANT IS ENTITLED TO A MORE DEFINITE STATEMENT.. . . . . 14

        1.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        2.    The Complaint In this Case Is Too Vague For A Specific Response By McMullen.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

American Medical Colleges v. United States,
   217 F.3d 770 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Balistreri v. Pacifica Police Dept.,
   901 F.2d 696 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Billings v. United States,
   57 F.3d 797 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Bolling v. Sharpe,
   347 U.S. 497 (1954). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bureerong v. Uvawas,
   922 F. Supp. 1450 (C.D. Cal. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cabrera v. Martin,
   973 F.2d 735 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Cahill v. Liberty Mutual Insurance Co.,
   80 F.3d 336 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Casumpang v. International Longshoremen's & Warehousemen's Union,
   269 F.3d 1042 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

City of Arcadia v. U.S. Environmental Prot. Agency,
   411 F.3d 1103 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Consejo de Desarrallo Economico de Mexicali, A.C., v. U.S.,
   482 F.3d 1157 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

County of Sacramento v. Lewis,
   523 U.S. 833 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Dale-Murphy v. Winston,
   837 F.2d 348 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

Daniels v. Williams,
   474 U.S. 327 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

District of Columbia v. Carter,
   409 U.S. 418 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Gibson v. U.S.,
   781 F.2d 1334 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Green v. Dumke,
   480 F.2d 624 (9th Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Haskin v. R.J. Reynolds Tobacco Co.,
   995 F. Supp. 1437 (M.D. Fla. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Holt v. Castaneda,
    832 F.2d 123 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Illinois v. Gates,
    462 U.S. 213 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Johnson v. Duffy,
    588 F.2d 740 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

Kletschka v. Driver,
    411 F.2d 436 (2d Cir. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kruso v. International Telegraph & Telegraph Corp.,
    872 F.2d 1416 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lugar v. Edmondson Oil Co.,
    457 U.S. 922 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

McCarthy v. United States,
    850 F.2d 558 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Mitchell v. Occidental Insurance, Medicare,
    619 F.2d 28 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nevin v. United States,
    696 F.2d 1229 (9th Cir.),
    *cert. denied*, 464 U.S. 815 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pena v. Gardner,
    976 F.2d 469 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Perfect 10, Inc. v. Visa Intern. Service Association,
    494 F.3d 788 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Richards v. Harper,
    864 F.2d 85 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SEC v. Seaboard Corp.,
    677 F.2d 1315 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Savage v. Glendale Union High Sch.,
    343 F.3d 1036 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Shah v. County of Los Angeles,
    797 F.2d 743 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stevenson v. Koskey,
    877 F.2d 1435 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

Stock W., Inc. v. Confederated Tribes of the Colville Reservation,
    873 F.2d 1221 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Swartz v. KPMG LLP,
    476 F.3d 756 (9th Cir. 2007)........................................... 8, 9, 14

Thompson v. McCombe,
    99 F.3d 352 (9th Cir. 1996)............................................. 7

Thornhill Publishing Co. v. General Telephone Corp.,
    594 F.2d 730 (9th Cir. 1979)........................................... 7

Trentacosta v. Frontier Pac. Aircraft Industrial, Inc.,
    813 F.2d 1553 (9th Cir. 1987).......................................... 8

Unoted States v. Chavez-Miranda,
    306 F.3d 973 (9th Cir. 2002)........................................... 13

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir.),
    *cert. denied*, 454 U.S. 1031 (1981)................................... 9

Wheeldin v. Wheeler,
    373 U.S. 647 (1963).................................................... 10

Wright v. United States,
    719 F.2d 1032 (9th Cir. 1983).......................................... 9

**FEDERAL STATUTES**

21 U.S.C. § 801........................................................... 11

21 U.S.C. § 873(a)(2)..................................................... 11

28 U.S.C. § 1367.......................................................... 6

42 U.S.C. § 1983.......................................................... 1, 6, 10, 12

**FEDERAL RULES**

Fed. R. Civ. P. 10(b)..................................................... 1

Fed. R. Civ. P. 12(b)(1).................................................. 8, 9, 10

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on March 4, 2008 at 9:00 a.m., before Hon. Saundra B. Armstrong, 1301 Clay Street, Oakland, California, Federal Defendant Seth McMullen, by and through his attorney of record, will move this Court for an order dismissing with prejudice plaintiffs' Complaint For Violations Of Civil Rights Under 42 U.S.C. § 1983. In the alternative, Defendant McMullen seeks an order directing plaintiffs to submit a more definite statement stating the particular allegations in the complaint that relate to Defendant McMullen.

The motion to dismiss is made on the grounds that plaintiffs have failed to state a claim upon which relief can be granted because 42 U.S.C. § 1983 does not apply to federal officers. In addition, dismissal with prejudice is appropriate because the facts stated in the complaint relate to events that if fairly described cannot be construed in a way to craft a viable complaint.

The motion for more definite statement is made on the ground that plaintiffs have alleged that all of the defendants in this lawsuit are liable under numerous legal theories without specifying which acts Defendant McMullen is supposed to have committed. Accordingly, Defendant McMullen should not be required to respond to the vague and conclusory allegations made against all defendants collectively.

These motions are based on this Notice; the following points and authorities filed in support of the motion; the pleadings, motions and papers on file in this matter; the declaration of Seth McMullen accompanying this motion and filed herewith, and on such oral argument and additional evidence as the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Robert Carl Patrick Keane and his girlfriend Chieko Strange have filed this lawsuit pursuant to the civil rights statute, 42 U.S.C. § 1983. Among the defendants in the lawsuit is Seth McMullen, a Special Agent with the Drug Enforcement Agency in the U.S. Department of Justice. The crux of plaintiffs' claim is that Special Agent McMullen is one of a

group of persons who never should have suspected Mr. Keane was involved in the trafficking of illegal narcotics and therefore should not have searched his home, should not have arrested him and should not have had him charged criminally with illegal trafficking. Although the complaint is not a model of clarity, plaintiffs apparently contend Special Agent McMullen is individually liable in his personal capacity for violating their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs clearly allege the special agent used excessive force in the execution of a search and arrest warrant; in addition, plaintiffs may be claiming Special Agent McMullen conducted a legally flawed investigation into whether Mr. Keane attempted to use the mails to deliver the narcotics or submitted a materially false affidavit when procuring a warrant for the search of Mr. Keane's residence. The claims against Special Agent McMullen should be dismissed in their entirety.

This Court has no subject matter jurisdiction over plaintiff's claims against Special Agent McMullen and the complaint also fails to state a claim upon which relief can be granted. Section 1983 is the only basis alleged for plaintiffs' claims and that statute simply does not apply to federal officers acting within the scope of their federal employment. Here, Special Agent McMullen performed his duties as an employee of an agency of the United States. Moreover, even if taken as true, the facts alleged in the complaint do not establish that McMullen violated any of plaintiffs' clearly established constitutional rights. Accordingly, plaintiffs have not presented a viable claim under Section 1983 or any other law.

Furthermore, even if this lawsuit is permitted to go forward, this Court nevertheless should order plaintiffs to provide a more definite statement of the claims against Special Agent McMullen. Plaintiffs are not permitted to make general allegations against all defendants but, instead, must specify the basis for the claims against each defendant before such defendant is obligated to respond to the complaint.

//
//

## II. STATEMENT OF THE FACTS

**A. PLAINTIFF KEANE WAS IDENTIFIED BY A THIRD PARTY AS THE PERSON WHO ATTEMPTED TO DELIVER TO NEW JERSEY THREE BAGS OF MARAJUANA**

Seth McMullen is a Special Agent with the Santa Rosa Resident Office (SRRO) of the United States Drug Enforcement Agency, an agency of the United States government. Declaration of Seth McMullen ("McMullen Decl.") at ¶ 1; Complaint at ¶ 8. On November 29, 2006, Sergeant Jim Stephenson contacted Special Agent McMullen by telephone and reported that he had received information from Maureen McGuigan, the owner of Mail Depot in Petaluma. McMullen Decl. at ¶ 2. Stephenson related his conversation with McGuigan wherein she reported that earlier the same day a person left with her a wrapped package for mailing. She described the person as a white male adult, approximately forty years old, 5'6" tall, 150 pounds, with brown hair and wearing sunglasses. McMullen Decl. at ¶ 2. The man claimed he wanted to deliver the package to his 'niece', Kerry Keane in Brick, New Jersey. McMullen Decl. at ¶ 2. McGuigan stated that she became concerned when she found his behavior suspicious and asked the man if the package contained marijuana. McMullen Decl. at ¶ 2. The man denied that the contents of the package were illegal drugs, stated that it contained clothing for his niece and left. McMullen Decl. at ¶ 2. McGuigan discovered the package contained three packages of marijuana. McMullen Decl. at ¶ 2. She delivered the package to the Petaluma Police Department and discussed the contents of the package with Stephenson. McMullen Decl. at ¶ 2. Stephenson stated that among the things he did after he took custody of the package was to call Special Agent McMullen. McMullen Decl. at ¶ 2. McMullen stated that he would retrieve the package and open an investigation. McMullen Decl. at ¶ 2.

The next day, November 30, 2006, Special Agent McMullen and Special Agent Jeff Hoyt met Sergeant Stephenson, took custody of the package, and transported it back to back to the SRRO. McMullen Decl. at ¶ 3, Exh 1 (photograph of package). The package bore a sending address of "C. Keane," 307 North Ferndale Avenue, Mill Valley, California, 94941. McMullen

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                                             3

1  Decl. at ¶ 3. Special Agent McMullen conducted research using computer databases and
2  verified both that the address was valid and that Plaintiff Robert Carl Patrick Keane used the
3  address as a residence. McMullen Decl. at ¶ 4. Special Agent McMullen conducted further
4  research and obtained a photograph of Mr. Keane as well as other identifying information.
5  McMullen Decl. at ¶ 4. Later the same day, the agents returned to the Mail Depot, showed
6  McGuigan a photograph of Keane (identifying him as a "possible suspect") and asked whether
7  the person in the photograph resembled the person who attempted to deliver the package.
8  McMullen Decl. at ¶ 5. McGuigan confirmed that the photograph depicted the person who had
9  dropped off the package the day before. McMullen Decl. at ¶ 5. Special Agent McMullen
10 arranged to have the package shipped and delivered under controlled circumstances. McMullen
11 Decl. at ¶ 5.

   At some point during his investigation, Special Agent McMullen decided to pursue a
13 warrant to search the Keane residence. McMullen Decl. at ¶ 6. He chose to use procedures
14 available in state, rather than federal, court in light of the amount of marajuana involved.
15 McMullen Decl. at ¶ 6. During the process preparing the warrant he probably spoke to other
16 officers. McMullen Decl. at ¶ 6. He also may have communicated with the local district
17 attorney. McMullen Decl. at ¶ 6. Special Agent McMullen prepared an affidavit for an
18 application for a state warrant to search 307 North Ferndale Avenue, Mill Valley. McMullen
19 Decl. at ¶ 6, Exh. 3 (Search Warrant). The concluding paragraph of the affidavit stated:

> 10. Agents believe that Robert Carl Patrick KEANE and Carl or Carl Patrick KEANE is the same person. Also, the shipping label of the six pounds of marijuana sent to New Jersey for the controlled delivery had C. KEANE, 307 North Ferndale Avenue, Mill Valley, California as the sending address. When Brian KEANE was arrested, he gave 39 Sandy Point Drive, Brick, New Jersey, as his address, and (732) 262-8875 as his telephone number. All of this information was contained on the shipping label. Agents also believe that Robert Carl Patrick KEANE and Brian KEANE are possibly related due to the same last names and a physical resemblance of both.

26 McMullen Decl., Exh. 2 (search warrant).

28 Motions to Dismiss And For
   A More Definite Statement
   C 07-4894 SBA                             4

Special Agent McMullen also prepared an arrest warrant for Keane's arrest. Both the arrest warrant and the search warrant were reviewed by Sonoma County District Attorney Scott Jamar and submitted to Sonoma County Superior Court Judge Robert S. Boyd. McMullen Decl., Exh. 2 Judge Boyd signed and issued both warrants. McMullen Decl., Exh. 2

### B.  SPECIAL AGENT MCMULLEN PARTICIPATED IN THE EXECUTION OF THE SEARCH WARRANT AND ARREST WARRANT

To prepare for the execution of the search and arrest warrants, McMullen requested assistance from the Petaluma Police Department. McMullen Decl. at ¶ 7. Specifically, McMullen requested that a K-9 unit be deployed to assist with the search. McMullen Decl. at ¶ 7. Also, consistent with department policy, McMullen contacted the local authorities about the impending execution of the warrants. In this case, Special Agent McMullen notified the Marin County Sheriff's Department and invited them to have a representative attend the execution of the warrant. McMullen Decl. at ¶ 7.

On December 19, 2006, McMullen participated along with approximately seven other officers in the execution of the search and arrest warrants. McMullen Decl. at ¶ 8. The other officers included the K-9 unit from Petaluma and at least two Marin County Sheriff Deputies. McMullen Decl. at ¶ 8.

At approximately 7:35 a.m., Special Agent McMullen knocked and announced the presence of law enforcement. McMullen Decl. at ¶ 9. The front door was unlocked and he entered without using force. McMullen Decl. at ¶ 9. He wore a DEA-issued uniform and announced "DEA." He found plaintiffs in the upstairs loft and was involved in their initial detention while the house was being secured. Special Agent McMullen did not stay with the plaintiffs the entire time the house was secured, did not search the entire residence and did not participate in the entry of the residence from each door. McMullen Decl. at ¶ 9.

Special Agent McMullen and a task officer interviewed Keane and Strange. McMullen Decl. at ¶ 11. Special Agent McMullen does not recall being present when the K-9 officer admonished Keane regarding the K-9 unit. He seized a Wells Fargo deposit slip and a telephone

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                                                     5

bill. Special Agent McMullen completed the search, finding no controlled substances. He arrested Plaintiff Keane and assisted in the transportation of Keane to the Sonoma County jail.

**C.  PLAINTIFFS FILED THE CURRENT LAWSUIT ALLEGING VIOLATIONS OF 42 U.S.C. § 1983.**

Plaintiffs filed the pending complaint on September 20, 2007. Both the caption and the allegations in the complaint make clear that plaintiffs assert a single cause of action for constitutional torts pursuant to 42 U.S.C. § 1983. Complaint at 1, ¶¶ 42-45.[1]

In the charging allegations of the complaint, Plaintiffs allege that Defendants did not properly knock or announce their presence and identify themselves before entering Keane's home to search it. Complaint at 43(a). Plaintiff further allege defendants lacked probable cause and permission to search the home and to seize any items therein. Complaint at 43(b),(c). Plaintiff also allege defendants used excessive force in executing their unlawful search and arrest.

Plaintiffs acknowledge in the complaint that a search warrant was obtained prior to the search of Keane's home. Complaint at ¶¶ 24, 30. Plaintiffs to not specifically allege that McMullen did anything illegal with respect to the procurement of a warrant. Nevertheless, plaintiffs characterize the investigation leading to the warrant as sloppy, careless and cavalier . . ." and allege the identification of Keane as a suspect was "suggestive and inappropriate." Complaint at 1.

With respect to the specific constitutional rights plaintiffs allege have been violated, plaintiffs allege as follows:

> McMullen, Silva and Accornero each acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:
>
> a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth

---

[1]  At paragraph 4, Plaintiffs seek to invoke the Court's "supplemental jurisdiction over the state law claims alleged in this complaint pursuant to 28 U.S.C. § 1367." Nevertheless, as noted above, there are no allegations is support of any additional claims.

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                            6

1                              Amendments to the United States Constitution;

        b.      The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

        c.      The right to be free from the use of excessive force by law enforcement agents, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and/or

        d.      The right to be free from interference within the zone of privacy, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

Complaint at ¶ 44.

### III. ANALYSIS

**A. DEFENDANT MCMULLEN IS ENTITLED TO DISMISSAL OF THE COMPLAINT[2]**

**1. Standards of Review**

Under Rule 12(b)(1), the burden is on the plaintiff to prove by a preponderance of the evidence that the district court has subject matter jurisdiction. *Thornhill Publishing Co. v. General Telephone Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Further, federal jurisdiction is presumed not to exist "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Moreover, on a Rule 12(b)(1) motion, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once the defendant presents evidence in its Rule 12(b)(1) motion that there was no federal subject matter jurisdiction, the burden is plaintiff to rebut the evidence. *Id*. Thus, once a defendant "[converts]

---

[2] Defendant McMullen reserves the right to pursue judgment in his favor on the ground that he is entitled to qualified immunity. A separate motion will be filed on this issue if plaintiffs are permitted to pursue this or any other cause of action.

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                        7

the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). "The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,* 813 F.2d 1553, 1559 (9th Cir. 1987). The moving party should prevail if "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001). In addition, the district court's findings of fact relevant to its determination of subject matter jurisdiction will be reviewed for clear error. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir. 1989).

Conversely, under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed as a matter of law generally for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). A motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982). Under 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Contrary to 12(b)(1), in ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.

1 *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).[3]  Although a plaintiff's allegations are taken as true, the court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim.  *Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 794 (9th Cir. 2007) citing *City of Arcadia v. U.S. Envtl. Prot. Agency*, 411 F.3d 1103, 1106 n. 3 (9th Cir. 2005); *Pena v. Gardner*, 976 F.2d 469, 471-72 (9th Cir. 1992).  The Court must also draw all reasonable inferences from plaintiffs' factual allegations, but the Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996) ((*citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031 (1981)).

    **2.**    **This Court Should Dismiss Special Agent McMullen, A Federal Officer, As A Defendant Pursuant Fed. R. Civ. P. 12(b)(1).**

Ordinarily, the question whether a complaint sufficiently pleads a claim under section 1983 is the subject of a motion pursued under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).  *See Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986) (district court should have considered defendant's motion under Rule 12(b)(6) rather than 12(b)(1)). Nevertheless, when a plaintiff sues a federal officer under the statute, a motion also may be brought under Fed. R. Civ. P. 12(b)(1).  This is because the question is one of federal government immunity and goes to the heart of whether the district court has the power to hear plaintiffs' claims.  *Cf. Nevin v. United States*, 696 F.2d 1229, 1231 (9th Cir.), *cert. denied*, 464 U.S. 815 (1983) (whether discretionary function exemption applies under FTCA question of subject matter jurisdiction); *Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir. 1983) (court lacks subject matter jurisdiction if claim against United States under FTCA falls within statutory

---

[3] However, in order to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are based," a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.  *Swartz*, 476 F.3d at 763.

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                               9

exception); *Mitchell v. Occidental Ins., Medicare*, 619 F.2d 28, 30 (9th Cir. 1980) (no constitutional right to sue the United States without its consent).  Although dismissal of the pending complaint is appropriate under either rule, the distinction has significant implications in this case regarding the burdens on the parties, whether this Court should review evidence and whether dismissal should be with or without prejudice.

Here, Special Agent McMullen argues he is immune from suit under 42 U.S.C. § 1983 and none of the exceptions to that immunity have been pleaded or apply.  Because the issue is one of immunity, it is a question of law and plaintiffs must present evidence if they wish to challenge this immunity.  *Holt v. Castaneda,* 832 F.2d 123, 124 (9th Cir. 1987); *American Medical Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).[4]

Federal officials who act under color of federal law are not subject to liability under 42 U.S.C. § 1983.  *District of Columbia v. Carter*, 409 U.S. 418 (1973); *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n. 2 (1963); *Dale-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).   42 U.S.C. § 1983 provides a remedy only where a person acting under color of law of any state or territory or the District of Columbia deprives a person of his constitutional rights. *Daly-Murphy*, 837 F.2d at 355. In order to violate § 1983, the defendant must have acted "under color of state law" and deprived the plaintiff of his rights under federal law. *Cabrera v. Martin,* 973 F.2d 735, 741 (9th Cir. 1992).   Stated differently, to be considered "under color of state law," a private actor's conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Under 12(b)(1), the analysis begins and ends with the fact that Special Agent McMullen is a federal officer. *See* McMullen Decl. at ¶ 1.  Plaintiffs acknowledge in the complaint that

---

[4]    Defendant has found no case in the Ninth Circuit specifically addressing the use of Fed. R. Civ. P. 12(b)(1) to challenge a claim brought against a federal officer under 42 U.S.C. § 1983.  Nevertheless, in one of the seminal cases on federal officer liability under section 1983, the Ninth Circuit upheld the dismissal of plaintiff's claims in the absence of *evidence* that an exception applies. *See*, *Billings v. United States,* 57 F.3d 797, 801 (9th Cir. 1995).

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                                          10

Special Agent McMullen is a federal agent. Complaint at ¶ 8. In addition, Special Agent McMullen performed all his duties within the scope of his authority as a Special Agent and therefore was acting under color of federal, not state, law. McMullen Decl. at ¶ 1, 6; 21 U.S.C. §§ 801, 873(a)(2). The fact that other officials were present at times alleged in the complaint does not change this result. Defendant McMullen may perform his duties without shedding the federal nature of his job. *See id.* (authorizing the Attorney General, who has delegated this authority to DEA, to "cooperate in the institution and prosecution of cases in the courts of the United States and before the licensing boards and courts of the several states.")

No exception to this rule has been pleaded and none applies. Most notably, a plaintiff may argue that a limited exception to the rules where a federal official conspires with state officials. Specifically, federal officers acting under federal authority will remain immune from suit under section 1983 unless the state or its agents significantly participated in the challenged activity. *Gibson v. U.S.*, 781 F.2d 1334, 1343 (9th Cir. 1986) citing *Green v. Dumke*, 480 F.2d 624, 629 (9th Cir. 1973), *Kletschka v. Driver*, 411 F.2d 436, 448-49 (2d Cir. 1969). Under this exception, federal officials acting under federal authority are not considered to be state actors unless they are found to have conspired with or acted in concert with state officials to some substantial degree." *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992). This exception is inapplicable to the pending case.

Here, there is no specific allegation that McMullen was acting in concert with or pursuant to a conspiracy with any other person. For this reason alone, Special Agent McMullen is entitled to dismissal of the complaint as it fails to allege facts from which the district court can determine that it has jurisdiction over the claims. Vague allegations to the contrary will not deprive a federal officer of protection. *Richards v. Harper*, 864 F.2d 85, 86 (9th Cir. 1988). Instead, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of plaintiff's protected rights. *See, e.g.*, *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *Stevenson v. Koskey*, 877 F.2d 1435, 1438-39 (9th Cir. 1989).

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                                    11

Equally as important, there is no *evidence* Special Agent McMullen conspired with others to act under color of state law. Indeed, the evidence is to the contrary. Special Agent McMullen performed all his duties as a federal agent. McMullen Decl. at ¶ 11.

Special Agent McMullen submitted documents to a state court to obtain warrants and executed warrants that were issued by a state court. Neither of these facts change the result in this case. The evidence is that in submitting his affidavit and in executing the warrants, he did so as a federal officer pursuant to his authority as an employee of the U.S. Drug Enforcement Agency. McMullen Decl. at ¶ 11. Special Agents of the DEA have the authority to complete these tasks and do not somehow become state actors when they do. *See* 21 U.S.C. §§ 801, 873(a)(2). Because there is no evidence Special Agent McMullen's role may be "fairly attributable to the State," he is a federal actor and entitled to immunity. *See Lugar*, 457 U.S. at 937; *Dale-Murphy*, 837 F.2d at 355.

### 3. In The Alternative, The Court Should Dismiss Special Agent McMullen As A Defendant Because The Complaint Fails To State A Claim Upon Which Relief May Be Granted.

As stated above, 42 U.S.C. § 1983 applies only to persons acting under color of state law and plaintiffs acknowledge in their complaint that Special Agent McMullen is a federal officer. Accordingly, the complaint therefore fails to state a claim pursuant to which relief can be granted and should be dismissed. *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986).

The complaint fails to state a claim upon which relief can be granted for additional reasons.

First, plaintiff alleges violations of his Fourth Amendment due process rights. It is well-established, however, that while the due process clause of the Fourteenth Amendment applies to state actors, the corresponding clause of the Fifth Amendment applies to Federal actors. *Consejo de Desarrallo Economico de Mexicali, A.C., v. U.S.*, 482 F.3d 1157, 1171, n. 4 (9th Cir. 2007), citing *Bolling v. Sharpe,* 347 U.S. 497 (1954). The complaint therefore fails to state a claim under the Fourteenth Amendment for which relief can be granted against Special Agent

McMullen.

Second, plaintiffs allege Special Agent McMullen violated their right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment. The facts alleged in the complaint, however, are insufficient to establish this. "Reasonableness" is determined by the presence or absence of probable cause. Probable cause to issue a search warrant exists when, "given all the circumstances set forth in the affidavit. . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Issuance of a warrant requires a "reasonable nexus" between the residence sought, in other words, it must be "reason-able to seek the evidence there." *U.S. v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002). Here, the plaintiffs acknowledge in the complaint that a Judge of the Superior Court issued a warrant for the search of the residence. There is no specific allegation that the warrant was procured in a wrongful manner; i.e., that McMullen intentionally made a materially false statement when he submitted the affidavit for the warrant. Because plaintiffs acknowledge that the search was conducted pursuant to a warrant, insofar as their claim is based on the notion that Special Agent lacked probable cause to conduct the search, their claim should be dismissed.

Third, plaintiffs also allege that the warrant was obtained in violation of the Due Process Clause of the U.S. Constitution. The U.S. Supreme Court has clearly held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or reputation." *Daniels v. Williams*, 474 U.S. 327, 238 (1986). Instead, to state a claim for denial of substantive due process, plaintiffs must show a deprivation of liberty coupled with official conduct, lacking "any reasonable justification in the service of a legitimate governmental objective," that "shocks the conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 846-847 (1998) ("deliberate indifference" or "precipitate recklessness" on part of officer involved in high-speed chase did not reach level of deprivation of substantive due process). Here, plaintiffs do not allege facts to demonstrate a deprivation of rights. The complaint states

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                             13

only that unspecified conduct was "sloppy, careless, and cavalier . . .." Indeed, no facts are alleged to establish that the conduct even was sloppy, careless or cavalier. Accordingly, plaintiff has failed to state a claim insofar as the claim is based upon the Due Process Clause of the Constitution.

For all these reasons, Special Agent McMullen is entitled to dismissal of the claims against him because the claims fail to state a claim upon which relief can be granted.

**B.     DEFENDANT IS ENTITLED TO A MORE DEFINITE STATEMENT**

**1.     Standard of Review**

Federal Rule of Civil Procedure 12(e) states as follows:

> **(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion ins granted and the order of the court is not obeyed within 10 days after notice of the order or within such time as the court may fix, the court may strike the pleading to which the motion is directed or make such order as it deems just.

Additionally, Rule 8 of the Federal Rules requires claims for relief to contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. In addition, plaintiffs may not lump multiple defendants together– plaintiffs must differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the wrongful conduct. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 -765 (9th Cir. 2007) quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998). As noted above, under § 1983, a plaintiff cannot state a claim against an individual defendant unless the plaintiff sets forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of plaintiff's protected rights. *See, e.g., Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *Stevenson v. Koskey*, 877 F.2d 1435, 1438-39 (9th Cir. 1989).

### 2. The Complaint In this Case Is Too Vague For A Specific Response By McMullen

In this case, plaintiffs neither state what conduct they allege should be the basis for liability, nor state whether it is McMullen, or rather, some other defendant, who is responsible for each act. Accordingly, this Court should order plaintiffs to provide a more definite statement.

One significant example of the vagary of the complaint occurs in paragraph 15. In their complaint, plaintiffs make the remarkable allegation that an unspecified person "placed a boot on Strange's head as she, a 63 year old woman, lay face down on the ground." Complaint at ¶ 15. It is unclear whether plaintiffs allege McMullen to be the culprit or even whether McMullen knew or should have known that it occurred. Similarly, all the charging allegations of the complaint charge all the defendants with liability without specifying the conduct of which each is being accused. Complaint at ¶¶ 33-34. Because Special Agent McMullen cannot discern the charges being made against him and the conduct of which he is being accused, he is entitled to a more specific statement.

Accordingly, if this Court permits plaintiffs to pursue their claims, the Court should require plaintiffs to provide a more definite statement.

### CONCLUSION

Plaintiffs' claims against defendant McMullen should be dismissed in their entirety and with prejudice. Alternatively, if plaintiffs are permitted to pursue other claims or file an amended complaint, they nevertheless should be directed to draft a more definite statement.

Respectfully submitted,

JOSEPH R. RUSSONIELLO
United States Attorney

Dated: January 14, 2008

/s/
ABRAHAM A. SIMMONS
Assistant United States Attorney

Motions to Dismiss And For
A More Definite Statement
C 07-4894 SBA                    15