SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:  (415) 436-6748
    Email:  abraham.simmons@usdoj.gov

Attorneys for Federal Defendant Seth McMullen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>    Defendants. | No. C 07-4894 SBA<br><br>DECLARATION OF SETH McMULLEN IN SUPPORT OF MOTION TO DISMISS AND FOR OTHER RELIEF |

I, Seth McMullen, declare as follows:

1. I am a Special Agent employed by the United States Department of Justice Drug Enforcement Administration. If called to testify I would and could competently testify as to the facts in this declaration.

2. On November 29, 2006, Sergeant Jim Stephenson contacted me by telephone and reported that he had received information from Maureen McGuigan, the owner of Mail Depot in Petaluma. Stephenson related his conversation with McGuigan wherein she reported the following:

    Earlier the same day a person left with her a wrapped package for mailing. She described the person as a white male adult, approximately forty years old, 5'6" tall, 150 pounds, with brown hair and wearing sunglasses. The man claimed he

wanted to deliver the package to his 'niece' in Brick, New Jersey. McGuigan stated that she became concerned when she found his behavior suspicious and asked the man if the package contained marijuana. The man denied that the contents of the package were illegal drugs, stated that it contained clothing for his niece and left. McGuigan concluded that among the things that made her suspicious was the customer's responses to certain questions. She opened the package. McGuigan discovered the package contained three packages of marijuana. She brought the marajuana to the Petaluma Police Department. Stephenson stated that after he took custody of the package he called me. I stated that I would retrieve the package and open an investigation.

3. On November 30, 2006, Special Agent Jeff Hoyt accompanied me as we met Sergeant Stephenson. We took custody of the package, and transported it back to back to the DEA's office. Attached hereto as Exhibit 1 is a true and correct copy of a photograph of the package that has been taken. The picture is an accurate representation of the package I retrieved from Sergeant Stephenson. As can be seen from the picture, the package bore a sending address of "C. Keane," 307 North Ferndale Avenue, Mill Valley, California, 94941.

4. After receiving the package, I conducted research using computer databases and verified both that the address was valid and that Plaintiff Robert Carl Patrick Keane used the address as a residence. I conducted further research and obtained a photograph of Mr. Keane as well as other identifying information. Later the same day, I returned with Special Agent Hoyt to the Mail Depot and showed McGuigan a photograph of Keane. As I recall, we identified the picture as that of a "possible suspect." McGuigan confirmed that the photograph depicted the person who had dropped off the package the day before.

5. I arranged to have the package shipped and delivered under controlled circumstances.

6. At some point during my investigation, I decided to pursue obtaining a warrant to search the Keane residence. It is my practice to discuss these decisions with other persons, including, perhaps agents or a district attorney, before pursing a warrant. Although I cannot recall all the

DECLARATION OF SETH McMULLEN
C 07-4894 SBA                                2

1  conversations that I had in this case, it is very likely I had such conversations in this case. I can
2  say with certainty that I chose to pursue warrants in state court, rather than federal court, because
3  of the amount of marajuana involved. Among the things that I did to obtain search and arrest
4  warrants in this case is to prepare affidavits for review and submission by the Sonoma County
5  District Attorney, Scott Jamar. Attached hereto as Exhibit 2 is a true and correct copy of
6  paperwork submitted in connection with the search warrant. Both the arrest warrant and the
7  search warrant were signed by Sonoma County Superior Court Judge Robert S. Boyd.
8  7.    To prepare for the execution of the search and arrest warrants, I requested assistance from
9  the Petaluma Police Department. Specifically, I requested that a K-9 unit be deployed to assist
10 with the search. Also, consistent with department policy, I contacted the Marin County Sheriff's
11 Department and notified them that the warrants would be executed in their jurisdiction.
12 8.    On December 19, 2006, I participated along with approximately seven other officers in
13 the execution of the search and arrest warrants. Among the others present at the execution of the
14 search warrant were the K-9 unit from Petaluma and at least two Marin County Sheriff Deputies.
15 9.    At approximately 7:35 a.m., I knocked and announced the presence of law enforcement.
16 The front door was unlocked and I entered without the need for using force. I wore a DEA-
17 issued uniform that specified that I was with the DEA. I found plaintiffs Keane and Chieko
18 Strange in the upstairs loft and detained them. As I recall, I did not stay with the plaintiffs and
19 instead others watched them as I conducted a protective sweep of part of the residence.
20 10.   Because there were other officers involved, I was not present during the search of all the
21 areas of the house. Nor was I present when each law enforcement officer entered the home. Nor
22 was I present at each point of entry at the house. I seized a Wells Fargo deposit slip and a
23 telephone bill. The search of the house did not yield controlled substances. I arrested Keane and
24 assisted in the transportation of Keane to the Sonoma County jail.
25 11.   Along with Task Force Officer John Silva, I interviewed Keane and Strange. I do not
26 recall being present when the K-9 officer admonished Keane regarding the K-9 unit. All of the
27 acts that I took in connection with this case, I took as a federal agent. I did not conspire with any
28

1  person to violate the plaintiffs' rights. I did not conspire with anyone to, nor did I, act under
2  color of state law with regard to this case. Instead, I acted under my authority as a federal agent
3  with the United States Department of Justice.
4  I declare under penalty of perjury under the laws of the United States that the above is true and
5  accurate. Executed this 14th day in January, 2008, in San Francisco, California.

                                    _____
                                    Special Agent Seth McMullen

DECLARATION OF SETH McMULLEN
C 07-4894 SBA                                    4