Kimberly E. Colwell (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
PAUL ACCORNERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>Plaintiffs,<br><br>v.<br><br>SETH MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>Defendants. | Case No:  C07-4894 SBA<br><br>**DEFENDANTS OFFICER PAUL ACCORNERO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 AND "BIVENS" CLAIM UNDER FOURTH AND FIFTH AMENDMENTS AND REQUEST FOR JURY TRIAL**<br><br>First Amended Complaint Filed: February 19, 2008 |

COMES NOW OFFICER PAUL ACCORNERO (hereinafter "Defendant") who answers Plaintiffs' First Amended Complaint ("Complaint") as follows:

## INTRODUCTION

1. In answer to paragraph 1, Defendant admits the date and time of the incident described in plaintiff's complaint. Defendant denies the remaining allegations of the paragraph.

## JURISDICTION

2. In answer to paragraph 2, Defendant admits that this Court has jurisdiction over this matter. Defendant denies the remaining allegations of the paragraph

3. In answer to paragraph 3, Defendant admits that this Court has pendant jurisdiction over the state claims alleged in this matter. Defendant denies the remaining allegations of the paragraph.

## VENUE

4. In answer to paragraph 4, Defendant admits that this Court has venue over this matter.

## PARTIES

5. In answer to paragraph 5, Defendant denies the information contained therein based on a lack of information and belief.

6. In answer to paragraph 6, Defendant denies the information contained therein based on a lack of information and belief.

7. In answer to paragraph 7, Defendant is unable to admit or deny the information contained therein based on a lack of information and belief.

8. In answer to paragraph 8, Defendant is unable to admit or deny the information contained therein based on a lack of information and belief.

9. In answer to paragraph 9, Defendant admits the information contained therein on information and belief.

10. In answer to paragraph 10, Defendant admits the named individuals are referred to as defendants.

///

///

## STATEMENT OF FACTS

11. In answer to paragraph 11, Defendant denies the information contained therein based on a lack of information and belief.

12. In answer to paragraph 12, Defendant denies the information contained therein based on a lack of information and belief.

13. In answer to paragraph 13, Defendant denies the information contained therein based on information and belief.

14. In answer to paragraph 14, Defendant denies the information contained therein based on information and belief.

15. In answer to paragraph 15, Defendant denies the information contained therein based on information and belief.

16. In answer to paragraph 16, Defendant denies the information contained therein based on information and belief.

17. In answer to paragraph 17, Defendant denies the information contained therein based on information and belief.

18. In answer to paragraph 18, Defendant denies the information contained therein based on information and belief.

19. In answer to paragraph 19, Defendant denies the information contained therein based on a lack of information and belief.

20. In answer to paragraph 20, Defendant denies the information contained therein based on a lack of information and belief.

21. In answer to paragraph 21, Defendant denies the information contained therein based on information and belief.

22. In answer to paragraph 22, Defendant denies the information contained therein based on a lack of information and belief.

23. In answer to paragraph 23, Defendant denies the information contained therein based on a lack of information and belief.

24. In answer to paragraph 24, Defendant denies the information contained therein based on a lack of information and belief.

25. In answer to paragraph 25, Defendant denies the information contained therein based on a lack of information and belief.

26. In answer to paragraph 26, Defendant denies the information contained therein based on information and belief.

27. In answer to paragraph 27, Defendant denies the information contained therein based on information and belief.

28. In answer to paragraph 28, Defendant denies the information contained therein based on information and belief.

29. In answer to paragraph 29, Defendant denies the information contained therein based on information and belief.

30. In answer to paragraph 30, Defendant denies the information contained therein based on information and belief.

31. In answer to paragraph 31, Defendant denies the information contained therein based on information and belief.

32. In answer to paragraph 32, Defendant denies the information contained therein based on information and belief.

33. In answer to paragraph 33, Defendant denies the information contained therein based on a lack of information and belief.

34. In answer to paragraph 34, Defendant denies the information contained therein.

**INJURIES AND DAMAGES**

35. In answer to paragraph 35, Defendant denies the information contained therein.

36. In answer to paragraph 36, Defendant denies the information contained therein.

37. In answer to paragraph 37, Defendant denies the information contained therein.

38. In answer to paragraph 38, Defendant denies the information contained therein.

39. In answer to paragraph 39, Defendant denies the information contained therein.

40. In answer to paragraph 40, Defendant denies the information contained therein.

41. In answer to paragraph 41, Defendant denies the information contained therein.

### FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983)

42. In answer to paragraph 42 Defendant realleges his answers to paragraphs 1 through 41 with the same force and effect as if they were herein set out in full.

43. In answer to paragraph 43, including all subparts a through g, Defendant denies the information contained therein.

44. In answer to paragraph 44, including all subparts a through i, Defendant denies the information contained therein.

45. In answer to paragraph 45, including all subparts a through c, Defendant denies the information contained therein.

46. In answer to paragraph 46, Defendant denies the information contained therein

### SECOND CLAIM FOR RELIEF

47. In answer to paragraph 47, Defendant realleges his answers to paragraphs 1 through 41 with the same force and effect as if they were herein set out in full.

48. In answer to paragraph 48, including all subparts a through g, Defendant denies the information contained therein.

49. In answer to paragraph 49, Defendant denies the information contained therein.

50. In answer to paragraph 50, including all subparts a through c, Defendant denies the information contained therein.

51. In answer to paragraph 51, Defendant denies the information contained therein.

### JURY DEMAND

52. In answer to paragraph 52, Defendant requests a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to judgment against defendants, and each of them, as follows:

In answer to the damages allegations, paragraphs 1 through 4, Defendant denies Plaintiffs were damaged at all or are entitled to an award of damages, punitive damages, or any other relief they are seeking and take nothing by their Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith, without malice and within the scope and course of his employment, and under the reasonable belief that his actions were lawful. Accordingly, Defendant is entitled to qualified immunity herein.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs' claims are founded upon principals of negligence, Plaintiffs themselves were negligent in and about the matters referred to in their Complaint. Such negligence bars or diminishes Plaintiffs' recovery against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to the provisions of California Government Code Sections 820.4 and 815.2.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer for exemplary damages is precluded under California Government Code Section 818.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Sections 818.8 and 815.2.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is immune from liability pursuant to California Government Code Sections 820.8 and 815.2.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Sections 821.6 and 815.2.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability pursuant to California Government Code Sections 822.2 and 815.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that he had probable cause to believe that his actions toward the Plaintiffs were lawful.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 835.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 835(a).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 836.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 836.5.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants under 42 U.S.C. § 1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. (*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).)

///

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and thereby alleges that Plaintiffs' alleged damages or injuries, if any, were aggravated by the failure of Plaintiffs and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Defendants took reasonable precautions with regard to protecting against any risk of injury complained of by Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the Plaintiffs had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs have waived their right to maintain the action filed in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs are barred by the principal of estoppel from maintaining the action filed in this case.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant alleges that he was privileged to detain Plaintiffs at the time and place alleged.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorneys' fees against this Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs were comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company* (1975) 13 Cal. 3d 804, and this Defendant prays that any and all damages sustained by said Plaintiffs be reduced by the percentage of their negligence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs are guilty of willful misconduct which contributed to the happening of the incident which resulted in their alleged injuries.

**JURY DEMAND**

Defendant hereby demands trial by jury.

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs takes nothing by reason of their Amended Complaint and judgment be rendered in favor of Defendant including but not limited to the named Defendant herein;

2. That Defendant be awarded his costs incurred in the defense of this action;

3. For such other relief as the Court deems proper.

Dated: March 11, 2008            Respectfully submitted,

                                 MEYERS, NAVE, RIBACK, SILVER & WILSON


                                 By:_____/s/_____
                                     Tricia L. Hynes
                                     Attorneys for Defendant
                                     PAUL ACCORNERO

1070206_1