JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:   (415) 436-6748
    Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendant Seth McMullen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>                Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>                Defendants. | No. C 07-4894 SBA<br><br>**DEFENDANT McMULLEN'S NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT**<br>**Fed.R.Civ.P. 12(e)**<br><br>Date:      April 29, 2008<br>Time:     1:00 p.m.<br>Place:    Courtroom 3, 3rd Floor<br>Before:   Hon. Saundra B. Armstrong |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on April 29, 2008 at 9:00 a.m., before Hon. Saundra B. Armstrong, 1301 Clay Street, Oakland, California, Federal Defendants Seth McMullen and John Silva, by and through their attorney of record, will move this Court for an order requiring plaintiffs to file an amended complaint or other pleading setting forth a more definite statement of the claims made in plaintiffs' First Amended Complaint For Violations Of Civil Rights Under 42 U.S.C. § 1983 And "Bivens" Claim Under Fourth And Fifth Amendments Of The U.S. Constitution filed February 19, 2008.

This motion is made on the ground that plaintiffs have alleged that all of the defendants in this lawsuit are liable under numerous legal theories without sufficiently specifying which of the alleged acts defendants McMullen and Silva are supposed to have committed. Accordingly, defendants McMullen and Silva should not be required to respond to the vague and conclusory allegations made against all defendants collectively.

This motion is based on this Notice; the following points and authorities filed in support of the motion; the pleadings, motions and papers on file in this matter; the previously- filed declaration of Seth McMullen, the Declaration of John Silva filed herewith, and on such oral argument and additional evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION [1]

Defendant McMullen previously in this lawsuit has filed a motion for a more definite statement objecting to the vagueness of the allegations in the original complaint in this case.  *See*

---

[1]    In order to maintain technical compliance with Federal Rule 12(e), this motion is filed prior to filing by federal defendants of their answer rather than in conjunction with future filings.  Defendants intend to file a motion for judgment on the pleadings or a motion for summary judgment or both before the currently-scheduled case management conference. Nevertheless, in order to both (1) comply with the current scheduling order which requires federal defendants to file a responsive pleading on or before March 11, 2008, and (2) preserve defendant's right to require plaintiffs to specify which of the alleged acts are supposed to have been committed by each defendant, this motion is filed "before interposing [the federal defendants'] responsive pleading."  *See* Fed. R. Civ. P. 12(e).

1

1   Docket No. 15.  Plaintiffs nevertheless filed an amended complaint that states in "[t]hroughout

2   this complaint, plaintiffs refer collectively to McMullen, Silva and Accornero, inclusive, as

3   "Defendants." *See* Docket No. 20 at ¶ 10.  With respect to six specific allegations, plaintiffs have

4   failed to specify either the particular conduct that was wrongful or the person who is alleged to

5   have committed the act.  This motion is brought to preserve the federal defendants' rights to

6   know what specific acts in the amended complaint they are alleged to have committed.

7       Plaintiff Robert Carl Patrick Keane and his girlfriend Chieko Strange originally filed this

8   lawsuit pursuant to the civil rights statute, 42 U.S.C. § 1983.  The defendants in the lawsuit

9   include Seth McMullen, a Special Agent with the Drug Enforcement Administration in the U.S.

10  Department of Justice, John Silva, a duly deputized DEA Task Force Officer (TFO) pursuant to

11  21 U.S.C. § 878 and Paul Accornero, an officer with the Petaluma Police Department.  The crux

12  of plaintiffs' claim is that Special Agent McMullen never should have suspected Mr. Keane was

13  involved in the trafficking of illegal narcotics and that all the defendants should not have

14  searched his home, should not have arrested him and should not have allowed him to be charged

15  criminally with illegal trafficking.  Among the contentions made by plaintiffs are that Special

16  Agent McMullen , TFO Silva and Officer Accornero each are individually liable, each in their

17  personal capacity, for using excessive force and violating plaintiffs' rights under the Fourth,

18  Fifth and Fourteenth Amendments to the Constitution of the United States.  Plaintiffs, however,

19  have failed in numerous key allegations to state which of the defendants are accused of

20  committing (or how each defendant participated in committing) key wrongful acts.

21      Plaintiffs are not permitted to make general allegations against all defendants but,

22  instead, must specify the basis for the claims against each defendant before such defendant is

23  obligated to respond to the complaint.  The federal defendants shortly will file a potentially

24  dispositive motion regarding defendants McMullen and Silva; nevertheless, if this lawsuit is

25  permitted to go forward, it should not do so on the basis of the vague allegations in the current

26  complaint.  This Court should order plaintiffs to provide a more definite statement of the claims

27  against the federal defendants.  Accordingly, the federal defendants request that this Court order

28  plaintiffs to provide a more definite statement of the claims in their amended complaint.

1

## II. STATEMENT OF THE FACTS

2

**A.    PLAINTIFF KEANE WAS IDENTIFIED BY A THIRD PARTY AS THE PERSON
WHO ATTEMPTED TO DELIVER TO NEW JERSEY THREE BAGS OF
MARAJUANA**

3

4    Seth McMullen is a Special Agent with the Santa Rosa Resident Office (SRRO) of the

5    United States Drug Enforcement Administration, an agency of the United States government.

6    Declaration of Seth McMullen ("McMullen Decl.") at ¶ 1; Complaint at ¶ 8.  On November 29,

7    2006, Sergeant Jim Stephenson contacted Special Agent McMullen by telephone and reported

8    that he had received information from Maureen McGuigan, the owner of Mail Depot in

9    Petaluma. McMullen Decl. at ¶ 2.  Stephenson related his conversation with McGuigan wherein

10    she reported that earlier the same day a person left with her a wrapped package for mailing.  She

11    described the person as a white male adult, approximately forty years old, 5'6" tall, 150 pounds,

12    with brown hair and wearing sunglasses.  McMullen Decl. at ¶ 2.  The man claimed he wanted to

13    deliver the package to his 'niece', Kerry Keane in Brick, New Jersey.  McMullen Decl. at ¶ 2.

14    McGuigan stated that she became concerned when she found his behavior suspicious and asked

15    the man if the package contained marijuana.  McMullen Decl. at ¶ 2.  The man denied that the

16    contents of the package were illegal drugs, stated that it contained clothing for his niece and left.

17    McMullen Decl. at ¶ 2.  McGuigan discovered the package contained three packages of

18    marijuana.  McMullen Decl. at ¶ 2.  She delivered the package to the Petaluma Police

19    Department and discussed the contents of the package with Stephenson.  McMullen Decl. at ¶ 2.

20    Stephenson stated that among the things he did after he took custody of the package was to call

21    Special Agent McMullen.  McMullen Decl. at ¶ 2.  McMullen stated that he would retrieve the

22    package and open an investigation.  McMullen Decl. at ¶ 2.

23    The next day, November 30, 2006, Special Agent McMullen and Special Agent Jeff Hoyt

24    met Sergeant Stephenson, took custody of the package, and transported it back to back to the

25    SRRO. McMullen Decl. at ¶ 3, Exh 1 (photograph of package).  The package bore a sending

26    address of "C. Keane," 307 North Ferndale Avenue, Mill Valley, California, 94941. McMullen

27    Decl. at ¶ 3.  Special Agent McMullen conducted research using computer databases and

28    verified both that the address was valid and that Plaintiff Robert Carl Patrick Keane used the

1   address as a residence.  McMullen Decl. at ¶ 4.  Special Agent McMullen conducted further

2   research and obtained a photograph of Mr. Keane as well as other identifying information.

3   McMullen Decl. at ¶ 4.  Later the same day, the agents returned to the Mail Depot, showed

4   McGuigan a photograph of Keane (identifying him as a "possible suspect") and asked whether

5   the person in the photograph resembled the person who attempted to deliver the package.

6   McMullen Decl. at ¶ 5.  McGuigan confirmed that the photograph depicted the person who had

7   dropped off the package the day before. McMullen Decl. at ¶ 5.  Special Agent McMullen

8   arranged to have the package shipped and delivered under controlled circumstances. McMullen

9   Decl. at ¶ 5.

10          At some point during his investigation, Special Agent McMullen decided to pursue a

11  warrant to search the Keane residence.  McMullen Decl. at ¶ 6. He chose to use procedures

12  available in state, rather than federal, court in light of the amount of marajuana involved.

13  McMullen Decl. at ¶ 6.  During the process preparing the warrant he probably spoke to other

14  officers. McMullen Decl. at ¶ 6.  He also may have communicated with the local district

15  attorney. McMullen Decl. at ¶ 6.  Special Agent McMullen prepared an affidavit for an

16  application for a state warrant to search 307 North Ferndale Avenue, Mill Valley. McMullen

17  Decl. at ¶ 6, Exh. 3 (Search Warrant).  The concluding paragraph of the affidavit stated:

18              10.  Agents believe that Robert Carl Patrick KEANE and Carl or
                Carl Patrick KEANE is the same person.  Also, the shipping label
19              of the six pounds of marijuana sent to New Jersey for the
                controlled delivery had C. KEANE, 307 North Ferndale Avenue,
20              Mill Valley, California as the sending address.  When Brian
                KEANE was arrested, he gave 39 Sandy Point Drive, Brick, New
21              Jersey, as his address, and (732) 262-8875 as his telephone
                number.  All of this information was contained on the shipping
22              label.  Agents also believe that Robert Carl Patrick KEANE and
                Brian KEANE are possibly related due to the same last names and
23              a physical resemblance of both.

24  McMullen Decl., Exh. 2 (search warrant).

25          Special Agent McMullen also prepared an arrest warrant for Keane's arrest.  Both the

26  arrest warrant and the search warrant were reviewed by Sonoma County District Attorney Scott

27  Jamar and submitted to Sonoma County Superior Court Judge Robert S. Boyd.  McMullen Decl.,

28  Exh. 2 Judge Boyd signed and issued both warrants. McMullen Decl., Exh. 2

Motion For A
More Definite Statement
C 07-4894 SBA                           4

**B. SPECIAL AGENT MCMULLEN AND TASK OFFICER SILVA PARTICIPATED IN THE EXECUTION OF THE SEARCH WARRANT AND ARREST WARRANT**

To prepare for the execution of the search and arrest warrants, McMullen requested assistance from the Petaluma Police Department. McMullen Decl. at ¶ 7. Specifically, McMullen requested that a K-9 unit be deployed to assist with the search. McMullen Decl. at ¶ 7. Also, consistent with department policy, McMullen contacted the local authorities about the impending execution of the warrants. In this case, Special Agent McMullen notified the Marin County Sheriff's Department and invited them to have a representative attend the execution of the warrant. McMullen Decl. at ¶ 7.

On December 19, 2006, McMullen participated along with approximately seven other officers in the execution of the search and arrest warrants. McMullen Decl. at ¶ 8. The other officers included the K-9 unit from Petaluma and at least two Marin County Sheriff Deputies. McMullen Decl. at ¶ 8. Also included in the group was John Silva, a Drug Enforcement Administration Task Force Officer ("TFO"), duly deputized pursuant to 21 U.S.C. § 878. *See* Declaration of John Silva.

At approximately 7:35 a.m., Special Agent McMullen knocked and announced the presence of law enforcement. McMullen Decl. at ¶ 9. The front door was unlocked and he entered without using force. McMullen Decl. at ¶ 9. He wore a DEA-issued uniform and announced "DEA." He found plaintiffs in the upstairs loft and was involved in their initial detention while the house was being secured. Special Agent McMullen did not stay with the plaintiffs the entire time the house was secured, did not search the entire residence and did not participate in the entry of the residence from each door. McMullen Decl. at ¶ 9.

Special Agent McMullen and a task officer interviewed Keane and Strange. McMullen Decl. at ¶ 11. Special Agent McMullen does not recall being present when the K-9 officer admonished Keane regarding the K-9 unit. He seized a Wells Fargo deposit slip and a telephone bill. Special Agent McMullen completed the search, finding no controlled substances. He arrested Plaintiff Keane and assisted in the transportation of Keane to the Sonoma County jail.

**C.    PLAINTIFFS FILED AN ORIGINAL COMPLAINT ALLEGING VIOLATIONS OF 42 U.S.C. § 1983 AND THEN AN AMENDED COMPLAINT ADDING VIOLATIONS OF THE CONSTITUTION.**

Plaintiffs filed their original complaint on September 20, 2007.  Both the caption and the allegations in the complaint made clear that plaintiffs asserted a single cause of action for constitutional torts pursuant to 42 U.S.C. § 1983.  Complaint at 1, ¶¶ 42-45.  In the charging allegations of the complaint, plaintiffs alleged defendants did not properly knock or announce their presence and identify themselves before entering Keane's home to search it. Complaint at 43(a).  Plaintiff further alleged defendants lacked probable cause and permission to search the home and to seize any items therein. Complaint at 43(b),(c).  Plaintiff also allege defendants used excessive force in executing their unlawful search and arrest.

Plaintiffs acknowledged in the complaint that a search warrant was obtained prior to the search of Keane's home.  Complaint at ¶¶ 24, 30.  Plaintiffs did not specifically allege that McMullen did anything illegal with respect to the procurement of a warrant.  Nevertheless, plaintiffs characterized the investigation leading to the warrant as sloppy, careless and cavalier . . ."  and alleged the identification of Keane as a suspect was "suggestive and inappropriate."  Complaint at 1.

On January 14, 2008, defendant McMullen filed a Motion To Dismiss Or, In The Alternative, For A More Definite Statement.  Docket No. 15.  Among the arguments presented in the motion was that "plaintiffs have alleged that all of the defendants in this lawsuit are liable under numerous legal theories without specifying which acts Defendant McMullen is supposed to have committed." *Id*. at 1, 12-14.  McMullen also argued that as a federal officer acting within the scope of his authority, he was not under the circumstances liable under 42 U.S.C. § 1983.

By stipulation filed February 8, 2008, plaintiffs agreed to file an amended complaint.  On February 19, 2008, plaintiffs filed their First Amended Complaint For Violations Of Civil Rights Under 42 U.S.C. § 1983 And "Bivens" Claim Under Fourth And Fifth Amendments Of The U.S. Constitution.  Docket No. 20 (hereinafter "Amended Complaint").  The Amended Complaint included a new claim directly under the Constitution pursuant to the Supreme Court's decision in Bivens.  Nevertheless, paragraph 10 of the Amended Complaint again states as follows:

1   "Throughout this complaint, plaintiffs refer collectively to McMullen, Silva and Accornero,

2   inclusive, as 'Defendants.'"

3       Among the acts that plaintiffs accuse defendants collectively of committing without

4   specifying which defendant is accused of committing which act are (1) ordering plaintiffs to "get

5   down" and "give up their weapons," (2) persisting with overly aggressive tactics, (3) improperly

6   searching plaintiffs' home, (4) forcing plaintiff Keane to sit on a toilet, (5) failing improperly to

7   verify information, and (6) intentionally violating plaintiffs' rights. *See* Amended Complaint at

8   ¶¶ 13, 16, 17, 26.

9                              **III.  ANALYSIS**

10  **A.      Standard of Review**

11      Federal Rule of Civil Procedure 12(e) states as follows:

12          **(e) Motion for More Definite Statement.**  If a pleading to which a
            responsive pleading is permitted is so vague or ambiguous that a party cannot
13          reasonably be required to frame a responsive pleading, the party may move for a
            more definite statement before interposing a responsive pleading.  The motion
14          shall point out the defects complained of and the details desired.  If the motion is
            granted and the order of the court is not obeyed within 10 days after notice of the
15          order or within such time as the court may fix, the court may strike the pleading
            to which the motion is directed or make such order as it deems just.
16

17      Additionally, Rule 8 of the Federal Rules requires claims for relief to contain (1) a short

18  and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short

    and plain statement of the claim showing that the pleader is entitled to relief.
19
    **B.      The Federal Defendants Are Entitled To A More Definite Statement Of The Acts**
20  **        They Each Are Accused Of Committing.**

21      Plaintiffs may not lump multiple defendants together– plaintiffs must differentiate their

22  allegations when suing more than one defendant and inform each defendant separately of the

23  allegations surrounding his alleged participation in the wrongful conduct.  *Swartz v. KPMG LLP*,

24  476 F.3d 756, 764 -765 (9th Cir. 2007) quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.

25  Supp. 1437, 1439 (M.D. Fla. 1998).  Under § 1983, a plaintiff cannot state a claim against an

26  individual defendant unless the plaintiff sets forth facts demonstrating how each defendant

27  caused or personally participated in causing a deprivation of plaintiff's protected rights. *See, e.g.,*

28  *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *Stevenson v. Koskey*, 877 F.2d 1435,

1  1438-39 (9th Cir. 1989).

2       In this case, plaintiffs attempt to accuse he defendants of wrongdoing in six key

3  allegations without informing the defendants either which of them is supposed to have

4  committed the acts or what particular acts they committed that result in liability.

5       As noted above, among the acts defendants collectively are accused of committing

6  include (1) engaging in overly aggressive tactics, (2) failing properly to verify information, and

7  (3) intentionally violating plaintiffs' rights.  These allegations are so broad as to require more

8  information regarding what each defendant is alleged to have done or not done to warrant

9  liability.

10       Similarly, defendants collectively are accused of (1) improperly forcing plaintiffs to get

11  down on the floor, (2) forcing plaintiffs to sit on the toilet, and (3) improperly searching the

12  residence.  With respect to these allegations, plaintiffs simply did not provide allegations

13  specific enough to inform defendants which of them is supposed to have committed each act.

14       In sum, defendants each are individuals and their liability will turn on the claims against

15  each of them individually, not collectively.  Each is entitled to know what they are accused of

16  and, accordingly, this Court should order plaintiffs to provide a more definite statement

17  regarding why they are being sued.

18  CONCLUSION

19       If plaintiffs are permitted to pursue their Amended Complaint, they should be directed to

20  draft a more definite statement.

21                        Respectfully submitted,

22                        JOSEPH R. RUSSONIELLO
                      United States Attorney

23

24  Dated: March 11, 2008                   /s/
                      ABRAHAM A. SIMMONS

25                        Assistant United States Attorney

26

27

28