JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:    (415) 436-7264
    Facsimile:    (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Attorneys for Federal Defendant John Silva

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually, | ) ) ) ) | No. C 07-4894 SBA |
| Plaintiffs, | ) ) ) | **ANSWER OF FEDERAL DEFENDANT JOHN SILVA** |
| v. | ) ) | |
| SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA, | ) ) ) | |
| Defendants. | ) ) ) | |

    The Federal Defendant John Silva (hereinafter "Silva" or "defendant" hereby answers, without waiving the below listed affirmative defenses, the <u>First Amended Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983 And "Bivens" Claim Under Fourth And Fifth Amendments Of The U.S. Constitution</u> filed February 19, 2008, in the above-captioned case.  With respect to the specific paragraphs of the complaint, federal defendant Silva responds as follows:

**<u>INTRODUCTION</u>**

    1.  The allegations in the first sentence of this paragraph are denied.  The allegation in the second sentence of this paragraph are denied with the exception that defendant admits he and other authorized Special Agents (S/As) and/or Task Force Officers (TFOs) of the United States Department of Justice, Drug Enforcement Administration (DEA), after knocking and announcing

1   their presence, properly entered plaintiffs' residence through an unlocked front door.  The

2   allegation in the third sentence of this paragraph is a statement of plaintiffs' feelings to which no

3   response is required.  To the extent that a response is deemed necessary, defendant denies the

4   allegations.  The allegation in the fourth sentence of this paragraph is denied.  The allegation in

5   the fifth sentence of this paragraph is a statement regarding plaintiffs' intent in bringing this

6   lawsuit to which no response is required.  To the extent that a response is deemed necessary, the

7   federal defendant has knowledge insufficient to admit or deny the allegation and on this basis the

8   allegation is denied.

9                                                **JURISDICTION**

10          2.   This is a statement of law to which no response is required.  To the extent that a

11  response may be deemed to be necessary, defendant denies that this court has subject matter

12  jurisdiction over claims against federal defendant Silva pursuant to 42 U.S.C. § 1983.  Defendant

13  admits this Court has subject matter jurisdiction over some of his claims against Defendant Silva

14  under the Constitution of the United States pursuant to 28 U.S.C. § 1331.

15          3.  The allegation in this paragraph is denied except to the extent that the actions

16  complained of occurred, if at all, in the Northern District of California.

17                                                **VENUE**

18          4.  Defendant denies that venue in this district is proper pursuant to 28 U.S.C. § 1391(b)

19  but acknowledges that venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

20                                             **THE PARTIES**

21          5.  Admitted.

22          6.  Defendant has insufficient information to admit or deny the allegations of this

23  paragraph.

24          7.  The allegation in the first sentence in this paragraph is admitted to the extent that

25  defendant Seth McMullen is, and at all times relevant to this action, was employed by the Drug

26  Enforcement Agency, a federal agency, as a GS-1811 Criminal Investigator– a position

27  commonly referred to as a "Special Agent."  The allegation in the second sentence of this

28

Answer of Federal Defendant John Silva
C 07-4894 SBA                               2

paragraph is denied except that defendant Silva admits that at all times relevant Defendant

McMullen was acting under color of federal law.  The allegation in the third sentence of this

paragraph is a statement regarding the capacity in which plaintiffs intend to sue defendant

McMullen to which no response is required.  To the extent that a response is deemed necessary,

defendant denies that plaintiffs have properly set out a proper cause of action against defendant

in his individual capacity.

8.  Denied expect to the extent that at relevant times John Silva was acting under color of

federal law in his capacity as a duly deputized federal officer pursuant to 21 U.S.C. § 878.

9.  Denied.

10.  The allegation in this paragraph is an expression of plaintiffs' intent to treat all

named defendants in this complaint as interchangeable and no response is required.  To the

extent that a response is deemed necessary, defendant denies that plaintiffs are permitted to

pursue any cause of action against all defendants collectively and defendant specifically denies

that liability in this case can properly be determined with reference to defendants collectively.

## STATEMENT OF FACTS

11.  Defendant possesses insufficient information to admit or deny the allegations of this

paragraph.

12.  The allegations in this paragraph do not specify which defendant is alleged to have

performed each particular act described therein and on this basis, defendant Silva responds that

the allegation is too vague and ambiguous to require a response.  To the extent that a response is

deemed necessary, defendant Silva denies the allegations in this paragraph.

13.  The allegations in this paragraph do not specify which defendant is alleged to have

performed each particular act described therein and on this basis, defendant Silva responds that

the allegation is too vague and ambiguous to require a response.  To the extent that a response is

deemed necessary, the allegations of this paragraph are denied.

14.  The allegations in this paragraph do not specify which defendant is alleged to have

performed each particular act described therein and on this basis, defendant responds that the

1    allegation is too vague and ambiguous to require a response.  To the extent that a response is

2    deemed necessary, the allegations of this paragraph are denied, except that defendant Silva

3    possesses insufficient information to admit or deny whether plaintiffs own any weapons and on

4    this basis denies that particular allegation.

5        15.   The allegations in this paragraph do not specify which defendant is alleged to have

6    placed the handcuffs on plaintiff and defendant responds that the allegation therefore is too vague

7    and ambiguous to require a response.  To the extent that a response is deemed necessary, the

8    allegations of this paragraph are denied.

9        16.   The allegations in this paragraph do not specify which defendant is alleged to have

10   performed each particular acts described therein and on this basis, defendant responds that the

11   allegation is too vague and ambiguous to require a response.  To the extent that a response is

12   deemed necessary, the allegations of this paragraph are denied.

13       17.   The allegations in the first three sentences of this paragraph do not specify which

14   defendant is alleged to have performed each particular act described therein and on this basis,

15   defendant responds that the allegation is too vague and ambiguous to require a response.  To the

16   extent that a response is deemed necessary, the allegations of the first three sentences of this

17   paragraph are denied.  The allegations in the fourth sentence of this paragraph are denied.

18       18.   The allegations in the first sentence of this paragraph do not specify which defendant

19   is alleged to have performed each particular act described therein and on this basis, defendant

20   responds that the allegation is too vague and ambiguous to require a response.  To the extent that

21   a response is deemed necessary, defendant denies the allegations in the first sentence of this

22   paragraph.  The allegations of the remaining two sentences in this paragraph are admitted.

23       19.   The allegations of this paragraph are denied, except that defendant Silva admits

24   McMullen asked plaintiff Keane about the package and the individuals in New Jersey to whom it

25   was addressed, that defendant McMullen told Plaintiff Keane that the owner of the mail depot

26   had identified him as the sender, and that Plaintiff Keane denied all knowledge of the package.

27       20.   Denied.

28

Answer of Federal Defendant John Silva
C 07-4894 SBA                                4

21.  The allegations of the first two sentences of this paragraph are admitted, except that defendant Silva has insufficient information to form a belief as to the family relationship between plaintiff Keane and the recipients of the package in Brick Township, New Jersey and on this basis denies the allegation that they are unrelated.  The third sentence is admitted.  The fourth sentence is denied, except to state that Brian Keane told New Jersey authorities that "C. Keane is an initial of my brother but he doesn't live in California."  The remainder of the paragraph is denied.

22.  Denied.

23.  The allegations of this paragraph are denied, except that defendant admits plaintiff Keane's state identification card listed his birthday as December 13, 1957, and, when arrested on November 30, 2006, Brian William Keane gave his date of birth as September 5, 1958.

24.  Denied except that defendant admits defendant McMullen he served as affiant on an application for state search and arrest warrants.  Defendant further avers that the affidavit speaks for itself and is the best evidence of its contents.

25.  Defendant has knowledge insufficient to admit or deny the allegations in this paragraph and on this basis denies the allegations.

26.  Denied.

27.  The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant Silva responds that the allegation is too vague and ambiguous to require a response.  To the extent that a response is deemed necessary, the allegations of this paragraph are denied, except to admit that Petaluma Police Department K-9 officer Accornero and his drug detection dog searched the house, that Officer Accornero provided a verbal explanation of his actions to plaintiffs, and that no drugs were found.

28.  The allegations of this paragraph are denied, except to admit that defendants McMullen and Silva questioned plaintiff Strange in the downstairs bathroom for approximately ten minutes about her knowledge of the package and its New Jersey recipients and that she

1   denied any knowledge.

2       29.  The allegations in this paragraph do not specify which defendants are alleged to have

3   participated in discussions and the content of such discussions; on this basis, defendant Silva

4   responds that the allegation is too vague and ambiguous to require a response.  To the extent that

5   a response is deemed necessary, defendant denies the allegations in this paragraph.

6       30.  The allegations in this paragraph do not specify which defendant is alleged to have

7   performed each particular acts described therein and on this basis, defendant responds that the

8   allegation is too vague and ambiguous to require a response.  To the extent that a response is

9   deemed necessary defendant denies the allegations in this paragraph except to admit that

10  McMullen transported plaintiff to the Sonoma County Main Adult Detention Facility.

11      31.  Denied.

12      32.  Denied.

13      33.  The first sentence of this paragraph contains an allegation concerning the

14  predictability of the charges being filed by the Sonoma County District Attorney against plaintiff

15  Keane to which no response is required.  To the extent that a response is deemed necessary,

16  defendant denies the allegation except to admit the Sonoma County District Attorney filed

17  charges against Keane.  Defendant possesses insufficient information to admit or deny the

18  remaining allegations of this paragraph and, on this basis, denies the allegations.

19      34.  Denied.

20                          **INJURIES AND DAMAGES**

21      35.  Denied.

22

23      36.  Denied.

24      37.  Denied.

25      38.  Denied.

26      39.  Denied.

27      40.  Denied.

28

Answer of Federal Defendant John Silva
C 07-4894 SBA                        6

41.  This paragraph contains a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, the allegation is denied.

### FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983)

42.  Defendant repeats and incorporates by reference his responses to paragraphs 1 - 41 above.

43.   This paragraph contains conclusions of law to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied.

44.  This paragraph contains conclusions of law to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied.

45.  This paragraph contains conclusions of law to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied.

46.   This paragraph contains a request for damages to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied. Defendant McMullen also specifically denies that plaintiffs are entitled to any relief whatsoever under their complaint.

### SECOND CLAIM FOR RELIEF

### (*Bivens* Claim for Violation of the Fourth and Fifth Amendments of the U.S. Constitution)

47.  Defendant repeats and incorporates by reference his responses to paragraphs 1 - 43 above.

48.  This paragraph contains numerous conclusions of law to which no response is required.  To the extent that a response may be deemed necessary, the legal conclusions all are denied.  The factual allegations in this paragraph are denied.

49.  Denied, except to admit that, at all times relevant to this complaint, defendants McMullen and Silva were acting within the scope of their employment as federal officers.

50.  Denied.

51.  This paragraph contains a request for damages to which no response is required, but,

Answer of Federal Defendant John Silva
C 07-4894 SBA

7

to the extent that a response may be deemed to be required, the allegations all are denied.

Defendant McMullen also specifically denies that plaintiffs are entitled to any relief whatsoever

under their complaint.

## JURY DEMAND

52.   Paragraph 52 is a demand for jury trial to which no response is required.

## PRAYER FOR RELIEF

53.   The remainder of the complaint is a prayer for relief to which no response is

required.  To the extent that a response is deemed necessary, defendant denies that plaintiffs are

entitled to any relief whatsoever under their complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54.   The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

55.   Defendant is entitled to absolute immunity with respect to some or all of the

allegations alleged in the complaint.

### Third Affirmative Defense

56.  Defendant is entitled to qualified immunity with respect to some or all of the

allegations made against him in the complaint.

### Fourth Affirmative Defense

57.  As a federal official acting within the scope of his federal authority with respect to

Plaintiffs, Defendant Silva is not subject to suit under 42 U.S.C. § 1983.

### Fifth Affirmative Defense

58.  Liability, if any, is based upon principles of negligence and therefore fails to state a

claim under applicable law.

### Sixth Affirmative Defense

59.  Each plaintiff lacks standing to assert some of the claims in the complaint.

Answer of Federal Defendant John Silva
C 07-4894 SBA                                          8

1

**Seventh Affirmative Defense**

2          60.  Plaintiffs are barred from raising some or all of their claims by the doctrine of

3    estoppel.

4
                                                      Respectfully submitted,
5
                                                      JOSEPH P. RUSSONIELLO
6                                                     United States Attorney

7

8
     Dated: March 11, 2008
9                                                     _____
                                                      ABRAHAM A. SIMMONS
10                                                    Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer of Federal Defendant John Silva
C 07-4894 SBA                                9