Michael J. Coffino (SBN 88109)
MCoffino@ReedSmith.com
James E. Heffner (SBN 245406)
JEHeffner@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    415.543.8700
Facsimile:    415.391.8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>Defendants. | No.: CV-07-4894 SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs and Defendant Accornero submit this Joint Case Management Conference Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this action. After meeting and conferring orally, Plaintiffs prepared a draft Joint Case Management Statement reflecting their understanding of all parties' positions. Although Defendant Accornero reviewed this Joint Statement, Plaintiffs have not received input from counsel for Defendants McMullen and Silva. Plaintiffs made multiple attempts to contact counsel. Accordingly, this Joint Statement represents Plaintiffs' and Defendant Acconero's best understanding of all parties' positions.

The parties make the following representations and recommendations:

1. **Jurisdiction and Service:** The parties agree that this action arises under 42 U.S.C. § 1983 and the Fourth and Fifth Amendments of the United States Constitution. The parties further agree that jurisdiction is proper in the Northern District, with the exception that Defendants Seth McMullen ("McMullen") and John Silva ("Silva") contend they were not acting under the color of state law and this court thus lacks jurisdiction over them under 42 U.S.C. § 1983. Plaintiffs disagree.

2. **Facts:**

This is an action for damages based upon alleged violations of Plaintiffs' federal constitutional rights, arising from (1) the search and seizure of Plaintiffs' property, (2) the alleged use of excessive force against Plaintiffs and their property and (3) the arrest of Plaintiff Carl Keane. The incident giving rise to the action occurred on December 19, 2006, at Plaintiffs' Mill Valley home. In sum, Plaintiffs allege the following:

On the morning of the incident, Plaintiffs were startled by a loud solitary "bang," at their front door, which was followed by the intrusion of several armed men dressed in black clothing. The men did not properly knock or announce their purpose or identities or wait for Plaintiff Keane to answer the door to permit entry. Following their entry, the armed men trained their weapons on Plaintiffs and ordered them to the ground, again without identifying themselves or their purpose for entering. Plaintiffs did not discover that Defendants were law enforcement officers until after the men began their questioning. Defendants then engaged in a course of overly aggressive tactics meant to intimidate and humiliate Plaintiffs. These tactics included Officer McMullen placing his boot on Plaintiff Strange's head, and Officers McMullen and Silva tightly cuffing Plaintiffs' hands behind their backs and leaving Plaintiffs on the ground for extended periods of time. After restraining Plaintiffs, Defendants proceeded to search the Keane home, damaging furniture, household fixtures and personal belongings. Further, Defendants subjected Plaintiffs to humiliating questioning and threatened to allow their narcotics dog to tear the home apart. Although the search and questioning revealed virtually none of the evidence sought in the search warrant, the Defendants placed Plaintiff Keane under arrest and took him into custody.

Ultimately, Plaintiffs learned that the Defendants justified the intrusion based on a suspicion that Plaintiff Keane had mailed a package containing marijuana from Petaluma to a residence in

New Jersey. Following his arrest, Plaintiff Keane discovered additional details concerning the Defendants' investigation of him. In particular, Keane discovered that Defendants' suspicion of him was based largely on a single-photo identification, and that Defendants may have disregarded information suggesting that Plaintiff was not connected to the subject drug transaction. Thus, Plaintiffs also allege that the Defendants lacked probable cause to arrest Plaintiff Keane or to search the Keane home, and that Defendants improperly ignored evidence tending to exculpate Plaintiff Keane in obtaining a search warrant. Defendants have not yet produced an arrest warrant.

The District Attorney later dismissed all charges against Mr. Keane "in the interest of justice."

Defendants dispute Plaintiffs' version of events.

3. **Legal Issues:**

   A. Whether Defendant Silva and Defendant McMullen were acting under the color of state law and are thus subject to jurisdiction under 42 U.S.C. § 1983.
   B. Whether Defendants used excessive force in (1) entering the Keane home, (2) detaining the plaintiffs and/or (3) searching the Keane home.
   C. Whether probable cause existed to search Plaintiffs' home and arrest Plaintiff Keane.
   D. Whether Defendants violated Plaintiffs' civil rights.
   E. Whether Defendants are immune from liability for their actions.

4. **Motions:** Defendant McMullen previously filed a motion to dismiss, which this Court found moot when Plaintiffs filed a First Amended Complaint. Each Defendant has filed an Answer to the First Amendment Complaint. Defendants Silva and McMullen recently also filed a Motion for a More Definite Statement under FRCP 12(e). Plaintiffs will oppose this motion when required to do so. Each Defendant expects to file a Motion for Summary Judgment. Plaintiffs have no motions pending at this time, although they anticipate filing a Motion for Summary Judgment.

5. **Amendment of Pleadings:** Plaintiffs may amend the pleadings to include additional entity defendants or individual defendants if discovery identifies such individuals or entities.

6. **Evidence Preservation:** All Defendants and related parties, including all appropriate city, state and federal agencies, have been advised of their duty to maintain evidence. Likewise, Plaintiffs have been instructed to preserve all relevant evidence.

7. **Disclosures:** The parties have not made initial disclosures since the First Amended Complaint was filed. By stipulation and order, obligations under FRCP 26 are stayed pending the initial case management conference. Without conceding the adequacy of disclosures filed thus far, Plaintiff acknowledges that Defendant Accornero has provided some initial disclosures under FRCP 26.

Plaintiffs contend that the parties should be required to provide initial disclosures under FRCP 26. Silva and McMullen contend that such disclosures should not be required until the Court resolves any qualified immunity defenses.

8. **Discovery:** The parties dispute the extent and timing of discovery. Plaintiffs contend that discovery should commence immediately and object to modifications of and limitations to the discovery rules. Defendant Accornero agrees that discovery should commence immediately. Defendants McMullen and Silva apparently contend that no discovery should take place until any qualified immunity defenses are resolved.

9. **Class Action:** The parties do not anticipate any class action issues in this case.

10. **Related Cases:** There are no cases related to the instant action.

11. **Relief:** Plaintiffs seek compensatory damages, including amounts for pain and suffering. Plaintiff also seeks an award for costs, disbursements and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and applicable law, as well as other and further relief as the court deems just and proper. No Defendant seeks any relief in this action.

12. **Settlement and ADR:** The parties have submitted ADR certifications pursuant to ADR Local Rule 3-5. The parties also agree that mediation may be a useful tool in the future, but would be premature at this juncture.

13. **Consent to Magistrate Judge for all Purposes:** Plaintiffs and Defendant Accornero consent to referring this case to a magistrate for all purposes. Defendants Silva and McMullen apparently object to such a referral.

14. **Other References:** The parties do not anticipate any other references.

15. **Narrowing of Issues:** The parties agree that the issues cannot be narrowed at this juncture.

16. **Expedited Schedule:** The parties are unaware of any factors requiring an expedited schedule for this case.

17. **Scheduling:** The parties will conduct scheduling in accordance with the FRCP. Plaintiffs propose that a trial date be set for one year from the commencement of discovery.

Defendant Accornero suggests that trial be set in spring of 2009, with fact and expert discovery tied to the trial date, and conducted in conformance with the FRCP.

18. **Trial:** The parties anticipate a two-week jury trial.

19. **Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs and Defendant Accornero have filed the "Certification of Interested Entities" pursuant to Local Rule 3-16. Neither certificate identifies any interested person or entity.

20. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None.

DATED: 3/20, 2008      REED SMITH, LLP

By: _____
James E. Heffner
Attorneys for Plaintiffs Robert Carl Patrick Keane and Chieko Strange

DATED: 3/20, 2008      MEYERS, NAVE, RIBACK, SILVER AND WILSON

By: _____
Tricia L. Hynes
Attorneys for Defendant Paul Accornero

DATED: _____, 2008      UNITED STATES ATTORNEY

By: _____
Abraham A. Simmons
Attorneys for Defendants Seth M. McMullen and John Silva

## CASE MANAGEMENT ORDER

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-10(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with F.R.C.P. Rule 26, Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

DATED:_____

_____
HON. SAUNDRA B. ARMSTRONG
United States District Judge