# EXHIBIT A

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Attorneys for Federal Defendant Seth McMullen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>                Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>                Defendants. | No. C 07-4894 SBA<br><br>**ANSWER OF FEDERAL DEFENDANT DEA SPECIAL AGENT SETH McMULLEN** |

      The Federal Defendant U.S. Drug Enforcement Agency Special Agent Seth McMullen (hereinafter "defendant" or "McMullen") hereby answers, without waiving the below listed affirmative defenses, the <u>First Amended Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983 And "Bivens" Claim Under Fourth And Fifth Amendments Of The U.S. Constitution</u> filed February 19, 2008, in the above-captioned case. With respect to the specific paragraphs of the complaint, federal defendant McMullen responds as follows:

### INTRODUCTION

      1. The allegations in the first sentence of this paragraph are denied. The allegation in the second sentence of this paragraph are denied with the exception that defendant admits he and other authorized Special Agents (S/As) and/or Task Force Officers (TFOs) of the United States

1  Department of Justice, Drug Enforcement Administration (DEA), after knocking and announcing
2  their presence, properly entered plaintiffs' residence through an unlocked front door. The
3  allegation in the third sentence of this paragraph is a statement of plaintiffs' feelings to which no
4  response is required. To the extent that a response is deemed necessary, defendant denies the
5  allegations. The allegation in the fourth sentence of this paragraph is denied. The allegation in
6  the fifth sentence of this paragraph is a statement regarding plaintiffs' intent in bringing this
7  lawsuit to which no response is required. To the extent that a response is deemed necessary, the
8  federal defendant has knowledge insufficient to admit or deny the allegation and on this basis the
9  allegation is denied.

## JURISDICTION

11  2.  This is a statement of law to which no response is required. To the extent that a
12  response may be deemed to be necessary, defendant denies that this court has subject matter
13  jurisdiction over claims against federal defendant McMullen pursuant to 42 U.S.C. § 1983.
14  Defendant admits this Court has subject matter jurisdiction over some of his claims against
15  Defendant McMullen under the Constitution of the United States pursuant to 28 U.S.C. § 1331.
16  3. The allegation in this paragraph is denied except to the extent that the actions
17  complained of occurred, if at all, in the Northern District of California.

## VENUE

19  4. Defendant denies that venue in this district is proper pursuant to 28 U.S.C. § 1391(b)
20  but acknowledges that venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

## THE PARTIES

22  5.  Admitted.
23  6. Defendant has insufficient information to admit or deny the allegations of this
24  paragraph.
25  7. The allegation in the first sentence in this paragraph is admitted to the extent that
26  defendant Seth McMullen is, and at all times relevant to this action, was employed by the Drug
27  Enforcement Agency, a federal agency, as a GS-1811 Criminal Investigator– a position

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                                    2

1 commonly referred to as a "Special Agent." The allegation in the second sentence of this
2 paragraph is denied except that defendant McMullen admits that at all times relevant he was
3 acting under color of federal law. The allegation in the third sentence of this paragraph is a
4 statement regarding the capacity in which plaintiffs intend to sue defendant McMullen to which
5 no response is required. To the extent that a response is deemed necessary, defendant denies that
6 plaintiffs have properly set out a proper cause of action against defendant in his individual
7 capacity.

8. Denied expect to the extent that at relevant times John Silva was acting under color of federal law in his capacity as a duly deputized federal officer pursuant to 21 U.S.C. § 878.

9. Denied.

10. The allegation in this paragraph is an expression of plaintiffs' intent to treat all named defendants in this complaint as interchangeable and no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiffs are permitted to pursue any cause of action against all defendants collectively and defendant specifically denies that liability in this case can properly be determined with reference to defendants collectively.

### STATEMENT OF FACTS

11. Defendant McMullen possesses insufficient information to admit or deny the allegations of this paragraph.

12. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant McMullen responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, defendant McMullen possesses insufficient information to admit or deny the allegations in this paragraph and on this basis denies the allegations except as follows: defendant McMullen specifically denies the that he failed to knock and announce his presence before entering the residence.

13. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant McMullen responds

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                              3

that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied.

14. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant McMullen responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied, except that defendant McMullen possesses insufficient information to admit or deny whether plaintiffs own any weapons and on this basis denies that particular allegation.

15. The allegations in this paragraph do not specify which defendant is alleged to have placed the handcuffs on plaintiff and defendant McMullen responds that the allegation therefore is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied.

16. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular acts described therein and on this basis, defendant McMullen responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied.

17. The allegations in the first three sentences of this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant McMullen responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of the first three sentences of this paragraph are denied. The allegations in the fourth sentence of this paragraph are denied.

18. The allegations in the first sentence of this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant McMullen responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, defendant denies the allegations in the first sentence of this paragraph. The allegations of the remaining two sentences in this paragraph are admitted.

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                                                              4

19. The allegations of this paragraph are denied, except that defendant McMullen admits he asked plaintiff Keane about the package and the individuals in New Jersey to whom it was addressed, that defendant McMullen told Plaintiff Keane that the owner of the mail depot had identified him as the sender, and that Plaintiff Keane denied all knowledge of the package.

20. Denied.

21. The allegations of the first two sentences of this paragraph are admitted, except that defendant McMullen has insufficient information to form a belief as to the family relationship between plaintiff Keane and the recipients of the package in Brick Township, New Jersey and on this basis denies the allegation that they are unrelated. The third sentence is admitted. The fourth sentence is denied, except to state that Brian Keane told New Jersey authorities that "C. Keane is an initial of my brother but he doesn't live in California." The remainder of the paragraph is denied.

22. Denied.

23. The allegations of this paragraph are denied, except that defendant McMullen admits plaintiff Keane's state identification card listed his birthday as December 13, 1957, and, when arrested on November 30, 2006, Brian William Keane gave his date of birth as September 5, 1958.

24. Denied except that defendant McMullen admits he served as affiant on an application for state search and arrest warrants. Defendant further avers that the affidavit speaks for itself and is the best evidence of its contents.

25. Defendant has knowledge insufficient to admit or deny the allegations in this paragraph and on this basis denies the allegations.

26. Denied.

27. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant McMullen responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied, except to admit that

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                                    5

1  Petaluma Police Department K-9 officer Accornero and his drug detection dog searched the
2  house, that Officer Accornero provided a verbal explanation of his actions to plaintiffs, and that
3  no drugs were found.
4     28. The allegations of this paragraph are denied, except to admit that defendants
5  McMullen and Silva questioned plaintiff Strange in the downstairs bathroom for approximately
6  ten minutes about her knowledge of the package and its New Jersey recipients and that she
7  denied any knowledge.
8     29. The allegations in this paragraph do not specify which defendants are alleged to have
9  participated in discussions and the content of such discussions; on this basis, defendant
10 McMullen responds that the allegation is too vague and ambiguous to require a response. To the
11 extent that a response is deemed necessary, defendant denies the allegations in this paragraph.
12    30. The allegations in this paragraph do not specify which defendant is alleged to have
13 performed each particular acts described therein and on this basis, defendant McMullen responds
14 that the allegation is too vague and ambiguous to require a response. To the extent that a
15 response is deemed necessary defendant denies the allegations in this paragraph except to admit
16 that McMullen transported plaintiff to the Sonoma County Main Adult Detention Facility.
17    31. Denied.
18    32. Denied.
19    33. The first sentence of this paragraph contains an allegation concerning the
20 predictability of the charges being filed by the Sonoma County District Attorney against plaintiff
21 Keane to which no response is required. To the extent that a response is deemed necessary,
22 defendant denies the allegation except to admit the Sonoma County District Attorney filed
23 charges against Keane. Defendant McMullen possesses insufficient information to admit or deny
24 the remaining allegations of this paragraph and, on this basis, denies the allegations.
25    34. Denied.
26                    **INJURIES AND DAMAGES**
27    35. Denied.
28

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                           6

1   36. Denied.

2   37. Denied.

3   38. Denied.

4   39. Denied.

5   40. Denied.

6   41. This paragraph contains a conclusion of law to which no response is required. To the
7   extent that a response is deemed necessary, the allegation is denied.

## FIRST CLAIM FOR RELIEF
## (42 U.S.C. § 1983)

10  42. Defendant repeats and incorporates by reference his responses to paragraphs 1 - 41
11  above.

12  43. This paragraph contains conclusions of law to which no response is required, but, to
13  the extent that a response may be deemed to be required, the allegations all are denied.

14  44. This paragraph contains conclusions of law to which no response is required, but, to
15  the extent that a response may be deemed to be required, the allegations all are denied.

16  45. This paragraph contains conclusions of law to which no response is required, but, to
17  the extent that a response may be deemed to be required, the allegations all are denied.

18  46. This paragraph contains a request for damages to which no response is required, but,
19  to the extent that a response may be deemed to be required, the allegations all are denied.
20  Defendant McMullen also specifically denies that plaintiffs are entitled to any relief whatsoever
21  under their complaint.

## SECOND CLAIM FOR RELIEF
(*Bivens* Claim for Violation of the Fourth and Fifth Amendments of the U.S. Constitution)

24  47. Defendant repeats and incorporates by reference his responses to paragraphs 1 - 43
25  above.

26  48. This paragraph contains numerous conclusions of law to which no response is
27  required. To the extent that a response may be deemed necessary, the legal conclusions all are

28

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                              7

denied. The factual allegations in this paragraph are denied.

49. Denied, except to admit that, at all times relevant to this complaint, Defendants McMullen and Silva were acting within the scope of their employment as federal officers.

50. Denied.

51. This paragraph contains a request for damages to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied. Defendant McMullen also specifically denies that plaintiffs are entitled to any relief whatsoever under their complaint.

## JURY DEMAND

52. Paragraph 52 is a demand for jury trial to which no response is required.

## PRAYER FOR RELIEF

53. The remainder of the complaint is a prayer for relief to which no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiffs are entitled to any relief whatsoever under their complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54. The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

55. Defendant is entitled to absolute immunity with respect to some or all of the allegations alleged in the complaint.

### Third Affirmative Defense

56. Defendant is entitled to qualified immunity with respect to some or all of the allegations made against him in the complaint.

### Fourth Affirmative Defense

57. As a federal official acting within the scope of his federal authority with respect to the relevant alleged acts, defendant McMullen is not subject to suit under 42 U.S.C. § 1983.

**Fifth Affirmative Defense**

58. Liability, if any, is based upon principles of negligence and therefore fails to state a claim under applicable law.

**Sixth Affirmative Defense**

59. Each plaintiff lacks standing to assert some of the claims in the complaint.

**Seventh Affirmative Defense**

60. Plaintiffs are barred from raising some or all of their claims by the doctrine of estoppel.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 11, 2008

_____
ABRAHAM A. SIMMONS
Assistant United States Attorney

Answer of Federal Defendant Seth McMullen
C 07-4894 SBA                                        9

# EXHIBIT B

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:  (415) 436-6748
    Email:  abraham.simmons@usdoj.gov

Attorneys for Federal Defendant John Silva

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>    Defendants. | No. C 07-4894 SBA<br><br>**ANSWER OF FEDERAL DEFENDANT JOHN SILVA** |

    The Federal Defendant John Silva (hereinafter "Silva" or "defendant" hereby answers, without waiving the below listed affirmative defenses, the <u>First Amended Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983 And "Bivens" Claim Under Fourth And Fifth Amendments Of The U.S. Constitution</u> filed February 19, 2008, in the above-captioned case. With respect to the specific paragraphs of the complaint, federal defendant Silva responds as follows:

### INTRODUCTION

    1. The allegations in the first sentence of this paragraph are denied. The allegation in the second sentence of this paragraph are denied with the exception that defendant admits he and other authorized Special Agents (S/As) and/or Task Force Officers (TFOs) of the United States Department of Justice, Drug Enforcement Administration (DEA), after knocking and announcing

their presence, properly entered plaintiffs' residence through an unlocked front door. The allegation in the third sentence of this paragraph is a statement of plaintiffs' feelings to which no response is required. To the extent that a response is deemed necessary, defendant denies the allegations. The allegation in the fourth sentence of this paragraph is denied. The allegation in the fifth sentence of this paragraph is a statement regarding plaintiffs' intent in bringing this lawsuit to which no response is required. To the extent that a response is deemed necessary, the federal defendant has knowledge insufficient to admit or deny the allegation and on this basis the allegation is denied.

## JURISDICTION

2. This is a statement of law to which no response is required. To the extent that a response may be deemed to be necessary, defendant denies that this court has subject matter jurisdiction over claims against federal defendant Silva pursuant to 42 U.S.C. § 1983. Defendant admits this Court has subject matter jurisdiction over some of his claims against Defendant Silva under the Constitution of the United States pursuant to 28 U.S.C. § 1331.

3. The allegation in this paragraph is denied except to the extent that the actions complained of occurred, if at all, in the Northern District of California.

## VENUE

4. Defendant denies that venue in this district is proper pursuant to 28 U.S.C. § 1391(b) but acknowledges that venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

## THE PARTIES

5. Admitted.

6. Defendant has insufficient information to admit or deny the allegations of this paragraph.

7. The allegation in the first sentence in this paragraph is admitted to the extent that defendant Seth McMullen is, and at all times relevant to this action, was employed by the Drug Enforcement Agency, a federal agency, as a GS-1811 Criminal Investigator– a position commonly referred to as a "Special Agent." The allegation in the second sentence of this

Answer of Federal Defendant John Silva
C 07-4894 SBA                                          2

paragraph is denied except that defendant Silva admits that at all times relevant Defendant McMullen was acting under color of federal law. The allegation in the third sentence of this paragraph is a statement regarding the capacity in which plaintiffs intend to sue defendant McMullen to which no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiffs have properly set out a proper cause of action against defendant in his individual capacity.

8. Denied expect to the extent that at relevant times John Silva was acting under color of federal law in his capacity as a duly deputized federal officer pursuant to 21 U.S.C. § 878.

9. Denied.

10. The allegation in this paragraph is an expression of plaintiffs' intent to treat all named defendants in this complaint as interchangeable and no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiffs are permitted to pursue any cause of action against all defendants collectively and defendant specifically denies that liability in this case can properly be determined with reference to defendants collectively.

**STATEMENT OF FACTS**

11. Defendant possesses insufficient information to admit or deny the allegations of this paragraph.

12. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant Silva responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, defendant Silva denies the allegations in this paragraph.

13. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant Silva responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied.

14. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant responds that the

Answer of Federal Defendant John Silva
C 07-4894 SBA                                     3

1  allegation is too vague and ambiguous to require a response. To the extent that a response is
2  deemed necessary, the allegations of this paragraph are denied, except that defendant Silva
3  possesses insufficient information to admit or deny whether plaintiffs own any weapons and on
4  this basis denies that particular allegation.
5      15. The allegations in this paragraph do not specify which defendant is alleged to have
6  placed the handcuffs on plaintiff and defendant responds that the allegation therefore is too vague
7  and ambiguous to require a response. To the extent that a response is deemed necessary, the
8  allegations of this paragraph are denied.
9      16. The allegations in this paragraph do not specify which defendant is alleged to have
10 performed each particular acts described therein and on this basis, defendant responds that the
11 allegation is too vague and ambiguous to require a response. To the extent that a response is
12 deemed necessary, the allegations of this paragraph are denied.
13     17. The allegations in the first three sentences of this paragraph do not specify which
14 defendant is alleged to have performed each particular act described therein and on this basis,
15 defendant responds that the allegation is too vague and ambiguous to require a response. To the
16 extent that a response is deemed necessary, the allegations of the first three sentences of this
17 paragraph are denied. The allegations in the fourth sentence of this paragraph are denied.
18     18. The allegations in the first sentence of this paragraph do not specify which defendant
19 is alleged to have performed each particular act described therein and on this basis, defendant
20 responds that the allegation is too vague and ambiguous to require a response. To the extent that
21 a response is deemed necessary, defendant denies the allegations in the first sentence of this
22 paragraph. The allegations of the remaining two sentences in this paragraph are admitted.
23     19. The allegations of this paragraph are denied, except that defendant Silva admits
24 McMullen asked plaintiff Keane about the package and the individuals in New Jersey to whom it
25 was addressed, that defendant McMullen told Plaintiff Keane that the owner of the mail depot
26 had identified him as the sender, and that Plaintiff Keane denied all knowledge of the package.
27     20. Denied.
28

Answer of Federal Defendant John Silva
C 07-4894 SBA                               4

21. The allegations of the first two sentences of this paragraph are admitted, except that defendant Silva has insufficient information to form a belief as to the family relationship between plaintiff Keane and the recipients of the package in Brick Township, New Jersey and on this basis denies the allegation that they are unrelated. The third sentence is admitted. The fourth sentence is denied, except to state that Brian Keane told New Jersey authorities that "C. Keane is an initial of my brother but he doesn't live in California." The remainder of the paragraph is denied.

22. Denied.

23. The allegations of this paragraph are denied, except that defendant admits plaintiff Keane's state identification card listed his birthday as December 13, 1957, and, when arrested on November 30, 2006, Brian William Keane gave his date of birth as September 5, 1958.

24. Denied except that defendant admits defendant McMullen he served as affiant on an application for state search and arrest warrants. Defendant further avers that the affidavit speaks for itself and is the best evidence of its contents.

25. Defendant has knowledge insufficient to admit or deny the allegations in this paragraph and on this basis denies the allegations.

26. Denied.

27. The allegations in this paragraph do not specify which defendant is alleged to have performed each particular act described therein and on this basis, defendant Silva responds that the allegation is too vague and ambiguous to require a response. To the extent that a response is deemed necessary, the allegations of this paragraph are denied, except to admit that Petaluma Police Department K-9 officer Accornero and his drug detection dog searched the house, that Officer Accornero provided a verbal explanation of his actions to plaintiffs, and that no drugs were found.

28. The allegations of this paragraph are denied, except to admit that defendants McMullen and Silva questioned plaintiff Strange in the downstairs bathroom for approximately ten minutes about her knowledge of the package and its New Jersey recipients and that she

1  denied any knowledge.
2      29. The allegations in this paragraph do not specify which defendants are alleged to have
3  participated in discussions and the content of such discussions; on this basis, defendant Silva
4  responds that the allegation is too vague and ambiguous to require a response. To the extent that
5  a response is deemed necessary, defendant denies the allegations in this paragraph.
6      30. The allegations in this paragraph do not specify which defendant is alleged to have
7  performed each particular acts described therein and on this basis, defendant responds that the
8  allegation is too vague and ambiguous to require a response. To the extent that a response is
9  deemed necessary defendant denies the allegations in this paragraph except to admit that
10 McMullen transported plaintiff to the Sonoma County Main Adult Detention Facility.
11     31. Denied.
12     32. Denied.
13     33. The first sentence of this paragraph contains an allegation concerning the
14 predictability of the charges being filed by the Sonoma County District Attorney against plaintiff
15 Keane to which no response is required. To the extent that a response is deemed necessary,
16 defendant denies the allegation except to admit the Sonoma County District Attorney filed
17 charges against Keane. Defendant possesses insufficient information to admit or deny the
18 remaining allegations of this paragraph and, on this basis, denies the allegations.
19     34. Denied.

**INJURIES AND DAMAGES**

21     35. Denied.
23     36. Denied.
24     37. Denied.
25     38. Denied.
26     39. Denied.
27     40. Denied.

Answer of Federal Defendant John Silva
C 07-4894 SBA                       6

41. This paragraph contains a conclusion of law to which no response is required. To the extent that a response is deemed necessary, the allegation is denied.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

42. Defendant repeats and incorporates by reference his responses to paragraphs 1 - 41 above.

43. This paragraph contains conclusions of law to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied.

44. This paragraph contains conclusions of law to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied.

45. This paragraph contains conclusions of law to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied.

46. This paragraph contains a request for damages to which no response is required, but, to the extent that a response may be deemed to be required, the allegations all are denied. Defendant McMullen also specifically denies that plaintiffs are entitled to any relief whatsoever under their complaint.

### SECOND CLAIM FOR RELIEF
### (*Bivens* Claim for Violation of the Fourth and Fifth Amendments of the U.S. Constitution)

47. Defendant repeats and incorporates by reference his responses to paragraphs 1 - 43 above.

48. This paragraph contains numerous conclusions of law to which no response is required. To the extent that a response may be deemed necessary, the legal conclusions all are denied. The factual allegations in this paragraph are denied.

49. Denied, except to admit that, at all times relevant to this complaint, defendants McMullen and Silva were acting within the scope of their employment as federal officers.

50. Denied.

51. This paragraph contains a request for damages to which no response is required, but,

to the extent that a response may be deemed to be required, the allegations all are denied. Defendant McMullen also specifically denies that plaintiffs are entitled to any relief whatsoever under their complaint.

### JURY DEMAND

52. Paragraph 52 is a demand for jury trial to which no response is required.

### PRAYER FOR RELIEF

53. The remainder of the complaint is a prayer for relief to which no response is required. To the extent that a response is deemed necessary, defendant denies that plaintiffs are entitled to any relief whatsoever under their complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

54. The complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

55. Defendant is entitled to absolute immunity with respect to some or all of the allegations alleged in the complaint.

#### Third Affirmative Defense

56. Defendant is entitled to qualified immunity with respect to some or all of the allegations made against him in the complaint.

#### Fourth Affirmative Defense

57. As a federal official acting within the scope of his federal authority with respect to Plaintiffs, Defendant Silva is not subject to suit under 42 U.S.C. § 1983.

#### Fifth Affirmative Defense

58. Liability, if any, is based upon principles of negligence and therefore fails to state a claim under applicable law.

#### Sixth Affirmative Defense

59. Each plaintiff lacks standing to assert some of the claims in the complaint.

Answer of Federal Defendant John Silva
C 07-4894 SBA                                              8

**Seventh Affirmative Defense**

60. Plaintiffs are barred from raising some or all of their claims by the doctrine of estoppel.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 11, 2008

ABRAHAM A. SIMMONS
Assistant United States Attorney

Answer of Federal Defendant John Silva
C 07-4894 SBA                                  9