Michael J. Coffino (SBN 88109)
MCoffino@ReedSmith.com
James E. Heffner (SBN 245406)
JEHeffner@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   415.543.8700
Facsimile:   415.391.8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>Defendants. | No.: CV-07-4894 SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**JURY TRIAL DEMANDED** |

The parties submit this Joint Case Management Conference Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this action. The parties make the following representations and recommendations:

1. **Jurisdiction and Service:** The parties agree that this action arises under 42 U.S.C. § 1983 and the Fourth and Fifth Amendments of the United States Constitution. The parties further agree that jurisdiction is proper in the Northern District, with the exception that Defendants Seth McMullen ("McMullen") and John Silva ("Silva") contend they were not acting under the color of state law and this court thus lacks subject matter jurisdiction over claims against federal officers

1  under 42 U.S.C. § 1983.  Plaintiffs do not think this position is relevant to the existence of
2  jurisdiction and disagree with the federal defendant's position that any defendant was not acting
3  under the color of state law.
4    2.  **Facts:**
5    This is an action for damages based upon alleged violations of Plaintiffs' federal
6  constitutional rights, arising from (1) the search and seizure of Plaintiffs' property, (2) the alleged
7  use of excessive force against Plaintiffs and their property and (3) the arrest of Plaintiff Carl Keane.
8  The incident giving rise to the action occurred on December 19, 2006, at Plaintiffs' Mill Valley
9  home.  In sum, Plaintiffs allege the following:
10    On the morning of the incident, Plaintiffs were startled by a loud solitary "bang," at their
11  front door, which was followed by the intrusion of several armed men dressed in black clothing.
12  The men did not properly knock or announce their purpose or identities or wait for Plaintiff Keane to
13  answer the door to permit entry.  Following their entry, the armed men trained their weapons on
14  Plaintiffs and ordered them to the ground, again without identifying themselves or their purpose for
15  entering.  Plaintiffs did not discover that Defendants were law enforcement officers until after the
16  men began their questioning.  Defendants then engaged in a course of overly aggressive tactics
17  meant to intimidate and humiliate Plaintiffs.  These tactics included Officer McMullen placing his
18  boot on Plaintiff Strange's head, and Officers McMullen and Silva tightly cuffing Plaintiffs' hands
19  behind their backs and leaving Plaintiffs on the ground for extended periods of time.  After
20  restraining Plaintiffs, Defendants proceeded to search the Keane home, damaging furniture,
21  household fixtures and personal belongings.  Further, Defendants subjected Plaintiffs to humiliating
22  questioning and threatened to allow their narcotics dog to tear the home apart.  Although the search
23  and questioning revealed virtually none of the evidence sought in the search warrant, the Defendants
24  placed Plaintiff Keane under arrest and took him into custody.
25    Ultimately, Plaintiffs learned that the Defendants justified the intrusion based on a suspicion
26  that Plaintiff Keane had mailed a package containing marijuana from Petaluma to a residence in
27  New Jersey.  Following his arrest, Plaintiff Keane discovered additional details concerning the
28  Defendants' investigation of him.  In particular, Keane discovered that Defendants' suspicion of him

was based largely on a single-photo identification, and that Defendants may have disregarded information suggesting that Plaintiff was not connected to the subject drug transaction. Thus, Plaintiffs also allege that the Defendants lacked probable cause to arrest Plaintiff Keane or to search the Keane home, and that Defendants improperly ignored evidence tending to exculpate Plaintiff Keane in obtaining a search warrant. Defendants have not yet produced an arrest warrant.

The District Attorney later dismissed all charges against Mr. Keane "in the interest of justice."

Defendants dispute Plaintiffs' version of events.

3. **Legal Issues:**

    A.    Whether Defendant Silva and Defendant McMullen were acting under the color of state law and are thus subject to jurisdiction under 42 U.S.C. § 1983.
    B.    Whether Defendants used excessive force in (1) entering the Keane home, (2) detaining the plaintiffs and/or (3) searching the Keane home.
    C.    Whether probable cause existed to search Plaintiffs' home and arrest Plaintiff Keane.
    D.    Whether Defendants violated Plaintiffs' civil rights.
    E.    Whether Defendants are immune from liability for their actions.

4. **Motions:** Defendant McMullen previously filed a motion to dismiss, which this Court found moot when Plaintiffs filed a First Amended Complaint. Each Defendant has filed an Answer to the First Amendment Complaint. Defendants Silva and McMullen filed a Motion for a More Definite Statement under FRCP 12(e) on the same day as they filed the answer but later withdrew that motion. The motion was withdrawn after Plaintiffs filed their opposition but without commenting on the merits of plaintiff's opposition except to maintain that plaintiff's position on the motion was meritless. Each Defendant expects to file a Motion for Summary Judgment. Plaintiffs have no motions pending at this time, although they anticipate filing a Motion for Summary Judgment.

5. **Amendment of Pleadings:** Plaintiffs may amend the pleadings to include additional entity defendants or individual defendants if discovery identifies such individuals or entities.

6. **Evidence Preservation:** All Defendants and related parties, including all appropriate city, state and federal agencies, have been advised of their duty to maintain evidence. Likewise, Plaintiffs have been instructed to preserve all relevant evidence.

1  7. **Disclosures:** The parties have not made initial disclosures since the First Amended Complaint was filed. By stipulation and order, obligations under FRCP 26 were stayed pending the initial Case Management Conference, which occurred on April 3, 2008. Plaintiffs and Defendants McMullen and Silva have recently agreed to exchange initial disclosures on May 15, 2008. These Initial Disclosures shall comply with F.R.C.P. 26(a)(1) and the Standing Order of this Court. Without conceding the adequacy of disclosures filed thus far, Plaintiff acknowledges that Defendant Accornero has provided some initial disclosures under FRCP 26.

8. **Discovery:** The parties shall complete fact discovery on or before December 22, 2008. This discovery may include depositions, requests for production of documents, and any other tools permissible under the Federal Rules.

9. **Class Action:** The parties do not anticipate any class action issues in this case.

10. **Related Cases:** There are no cases related to the instant action.

11. **Relief:** Plaintiffs seek compensatory damages, including amounts for pain and suffering. Plaintiff also seeks an award for costs, disbursements and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and applicable law, as well as other and further relief as the court deems just and proper. No Defendant seeks any relief in this action.

12. **Settlement and ADR:** At the initial Case Management Conference, the parties agreed to submit the case to court mediation and William N. Hebert was appointed mediator thereafter.

13. **Consent to Magistrate Judge for all Purposes:** Plaintiffs and Defendant Accornero consent to referring this case to a magistrate for all purposes. Defendants Silva and McMullen object to such a referral.

14. **Other References:** The parties do not anticipate any other references.

15. **Narrowing of Issues:** Plaintiffs and Defendant Accornero agree that the issues cannot be narrowed at this time. Defendants Silva and McMullen suggest that a motion for qualified immunity may have the effect of significantly narrowing the issues that may be litigated in this case; most particularly whether (1) Section 1983 and thus attorneys fees is at issue and (2) whether any defendant is liable for plaintiff's investigation-related allegations in light of the fact that warrants

1 | were obtained. Plaintiffs disagree.

2 |     16. **Expedited Schedule:** The parties are unaware of any factors requiring an expedited
3 | schedule for this case.

4 |     17. **Scheduling:** The parties have met and conferred regarding scheduling and have
5 | agreed to the following dates:

6 |       Initial Disclosures: The parties shall exchange initial disclosures on or before May
7 | 15, 2008. Defendants Silva and McMullen reserve the right to seek an order limiting
8 | the scope of such disclosures. It is defendant's position that discovery must be
9 | limited so as not to violate rules pertaining to qualified immunity. Plaintiffs will
10 | oppose any said motion.

11 | Expert Disclosures: The parties shall designate and disclose the identities of expert
12 | witnesses on or before December 22, 2008, in accordance with FRCP 26(a)(2)(B).

13 | Expert Witness Discovery: The parties shall complete expert discovery on or before
14 | February 27, 2009.

15 | Dispositive Motions: The last day to file dispositive motions shall be February 19,
16 | 2009.

17 | Pre-Trial Conference: The pre-trial conference shall take place on April 13, 2009 at
18 | _____. a.m./p.m.

19 | Trial: Trial will begin on May 18, 2009.

20 | Plaintiffs and Defendants disagree as to the deadline for filing motions to amend the
21 | pleadings. Plaintiffs recommend a deadline of September 22, 2008 for motions to amend the
22 | pleadings, Defendants Silva and McMullen recommend June 30, 2008, and Defendant Accornero
23 | prefers to defer to the Court's decision but is agreeable to the June 30, 2008 date.

24 |     18. **Trial:** The parties anticipate a one-week jury trial.

25 |     19. **Disclosure of Non-party Interested Entities or Persons:**
26 | The parties have filed the "Certification of Interested Entities" pursuant to Local Rule 3-16.
27 | No certificate identifies any interested person or entity.
28 | ///

- 5 -

20. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:** None.

DATED: April 25, 2008          REED SMITH, LLP


                               By:    /S/
                               James E. Heffner
                               Attorneys for Plaintiffs Robert Carl Patrick Keane and
                               Chieko Strange


DATED: April 25, 2008          MEYERS, NAVE, RIBACK, SILVER AND WILSON


                               By:    /S/
                               Tricia L. Hynes
                               Attorneys for Defendant Paul Accornero


DATED: April 25, 2008          UNITED STATES ATTORNEY


                               By:    /S/
                               Abraham A. Simmons
                               Attorneys for Defendants Seth M. McMullen and John
                               Silva

## CASE MANAGEMENT ORDER

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-10(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with F.R.C.P. Rule 26, Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

DATED:_____

_____
HON. SAUNDRA B. ARMSTRONG
United States District Judge