JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:    (415) 436-6748
    Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>    Defendants. | No. C 07-4894 SBA<br><br>**FEDERAL DEFENDANT JOHN SILVA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br>**Fed.R.Civ.P. 56**<br><br>Date:    July 29, 2008<br>Time:    1:00 p.m.<br>Place:   Courtroom 3, 3rd Floor<br>Before:  Hon. Saundra B. Armstrong |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iv

NOTICE OF MOTION AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II. STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.   TASK OFFICER SILVA DID NOT CONDUCT THE INVESTIGATION THAT RESULTED IN THE ISSUANCE OF THE SEARCH AND ARREST WARRANTS IN THIS CASE . . . . . . . 4

        B.   TASK FORCE OFFICER SILVA PLAYED A MINOR ROLE IN THE EXECUTION OF THE SEARCH AND ARREST WARRANTS AFTER SPECIAL AGENT McMULLEN AND OTHER DEA OFFICERS SECURED THE RESIDENCE. . . . . . . . . . . . . . . . . . . . . . . 5

        C.   PLAINTIFFS FILED THE CURRENT LAWSUIT ALLEGING VIOLATIONS OF 42 U.S.C. § 1983 AND BIVENS VIOLATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.   SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.   STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.   TASK FORCE OFFICER SILVA IS ENTITLED TO SUMMARY JUDGMENT REGARDING PLAINTIFFS' INVESTIGATION-RELATED CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        D.   TASK FORCE OFFICER SILVA IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS' EXCESSIVE FORCE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        E.   AT A MINIMUM, THE FEDERAL DEFENDANTS ARE ENTITLED TO JUDGMENT WITH RESPECT TO PLAINTIFFS' SECTION 1983 CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                           **PAGE**

*American Medical Colleges v. United States*,
    217 F.3d 770 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Anderson v. Creighton*,
    483 U.S. 635 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Beier v. City of Lewiston*,
    354 F.3d 1058 (9th Cir.2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Billings v. United States*,
    57 F.3d 797 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
    403 U.S. 388 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Cabrera v. Martin*,
    973 F.2d 735 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Celotex v. Catrett*,
    477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dale-Murphy v. Winston*,
    837 F.2d 348 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    43 F.3d 1311 (9th Cir. 1995) *cert. denied*, 516 U.S. 869 (1995). . . . . . . . . . . . . . . . . . . . . . . 8

*District of Columbia v. Carter*,
    409 U.S. 418 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Green v. Dumke*,
    480 F.2d 624 (9th Cir.1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Holt v. Castaneda*,
    832 F.2d 123 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hunter v. Bryant*,
    502 U.S. 224 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. Hornung*,
    358 F. Supp. 2d 910 (C.D.Cal.,2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES CONT'D

*Kletschka v. Driver*,
 411 F.2d 436 (2d Cir.1969).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lugar v. Edmondson Oil Co.*,
 457 U.S. 922 (1982).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*Maffei v. Northern Insurance Co. of New York*,
 12 F.3d 892 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Malley v. Briggs*,
 475 U.S. 335 (1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Mitchell v. Forsyth*,
 472 U.S. at 511 (1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nelson v. Pima Community College*,
 83 F.3d 1075 (9th Cir.1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Paine v. City of Lompoc*,
 265 F.3d 975 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*San Jose Charter of the Hells Angels Motorcycle Club*,
 402 F.3d at 971. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Saucier v. Katz*,
 533 U.S. 194 (2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*Scott v. Rosenberg*,
 702 F.2d 1263 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Triton Energy Corp. v. Square D Co*,
 68 F.3d 1216 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Van Strum v. Lawn*,
 940 F.2d 406 (9th Cir.1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Vigliotto v. Terry*,
 873 F.2d 1201 (9th Cir.1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Western Mining Council v. Watt*,
 643 F.2d 618 (9th Cir.1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wheeldin v. Wheeler*,
 373 U.S. 647 (1963).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## FEDERAL STATUTES

21 U.S.C. §§ 801, 873(a)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21 U.S.C. § 873. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES CONT'D**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed.R.Civ.P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on July 29, 2008 at 9:00 a.m., before Hon. Saundra B. Armstrong, 1301 Clay Street, Oakland, California, Federal Defendant John Silva, by and through his attorney of record, will move for summary judgment or, in the alternative, for partial summary judgment.

Task Force Officer Silva will request that this Court issue an order granting summary judgment in his favor and against plaintiffs with respect to all the claims brought him in plaintiffs' *First Amended Complaint For Violations Of Civil Rights Under 42 U.S.C. § 1983 and Bivens Claim Under Fourth and Fifth Amendments Of The U.S. Constitution*. This motion is made pursuant to Federal Rule of Civil Procedure 56(b) and *Saucier v. Katz*, 533 U.S. 194, 200 (2001) on the grounds that there are no disputed issues of material fact and because Task Officer Silva is entitled to qualified immunity and to judgment as a matter of law.

In the alternative, Task Force Officer Silva will request an order pursuant to FRCP 56 (b) and (d)(1) granting partial summary judgment or adjudicating as many of the following facts and issues as the Court deems proper:

(1) that John Silva has no liability for Plaintiffs' investigation-related claims because he made no decisions regarding when and how to pursue the warrants;

(2) that John Silva has no liability for Plaintiffs' investigation-related claims because (a) the undisputed evidence is that McMullen did not violate Plaintiffs' constitutional rights by submitting the affidavit in support of the arrest and search warrants; and (b) he is entitled to rely on the probable cause determinations of Sonoma County Assistant District Attorney Jamar and Superior Court Judge Robert Boyd; and

(3) that Task Force Officer John Silva is not liable for Plaintiffs' excessive force violations because he did not participate in the alleged wrongdoing;

Silva's Motion For Summary Judgment Or, In The
Alternative, For Summary Adjudication
C 07-4894 SBA                                  1

(4) that no constitutional violation occurred when he questioned Plaintiffs; and

(5) that Task Force Officer Silva is entitled to judgment on Plaintiffs' § 1983 claims because obtaining warrants in state court rather than federal court and notifying local authorities of a federal operation so that they can observe does not constitute substantial state participation in the alleged constitutional violations.

This motion is based on this Notice; the following points and authorities filed in support of the motion; the pleadings, motions and papers on file in this matter; the declarations of Seth McMullen (including the declaration filed herewith and the declaration filed January 14, 2008); the declarations of John Silva (including the declaration filed herewith and the declaration filed March 14, 2008); the declarations of John Murphy, Robert W. Scott, II, Bridget Coughlin, Robert Armstrong and Abraham A. Simmons, and on such oral argument and additional evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION[1]

Plaintiffs Robert Carl Patrick Keane and his girlfriend Chieko Strange have filed this civil rights action alleging defendants never should have suspected Keane was involved in the trafficking of illegal narcotics and therefore should not have (1) applied for warrants to arrest Keane and to search his home (the "investigation-related claim") and (2) used unnecessary force when executing the arrest and search warrants in this case (the "excessive force claim"). Protesting Keane's innocence and claiming that the tactics used to search his home violated his constitutional rights, Plaintiffs pursue claims under the civil rights statute at 42 U.S.C. § 1983

---

[1] There are three defendants in this case. Special Agent Seth McMullen is an employee of the Drug Enforcement Administration. Task Force Officer John Silva is a Petaluma Police Officer who was deputized and acting in his capacity as a Task Force Officer with respect to his activities in this case. He therefore was exercising his authority under color of federal law and argues he is entitled to immunities of a federal actor. Paul Accornero is an officer with the Petaluma Police Department. He is represented by separate counsel and has not yet taken a position in this lawsuit whether the facts entitle him also to federal immunities.

Silva's Motion For Summary Judgment Or, In The
Alternative, For Summary Adjudication
C 07-4894 SBA                                      2

1 and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388
2 (1971).
3   This Court should grant judgment in favor of Federal Defendant John Silva. Although
4 claiming Keane is a victim in a case of mistaken identity, Plaintiffs nevertheless have engaged in
5 a crucial misidentification of their own. Task Force Officer Silva did not make the decisions
6 whether to seek a warrant, what to put in the affidavit in support of a warrant and when or how
7 to have the warrant executed. Moreover, Task Force Officer Silva was not involved with the
8 vast majority of the events regarding the execution of the warrant about which Plaintiffs
9 complain. He simply did nothing to become a target in this case. Because there is no triable
10 issue of fact regarding whether Task Force Officer Silva engaged in the acts that Plaintiffs
11 alleged constituted a violation of their constitutional rights, Task Force Officer Silva is entitled
12 to summary judgement.
13   Moreover, even if Silva had participated in the investigation, he still would be entitled to
14 summary judgment with respect to the investigation-related claims. As set forth in the motion
15 filed by Special Agent Seth McMullen, the DEA properly concluded there was probable cause to
16 believe Keane was involved in the transportation of marijuana. McMullen's affidavit in support
17 of a warrant was accurate and sufficiently complete. In any event, he was entitled to rely upon
18 the subsequent judgment of both the prosecuting attorney who filed the criminal complaint and
19 the superior court judge who issued the search and arrest warrants as a reasonable basis to
20 believe probable cause existed.
21   With respect to the excessive force claims, here again the undisputed facts establish that
22 Task Force Officer Silva was not involved with the critical events about which Plaintiffs
23 complain. Silva did not establish the operations plan, did not accompany the officers in the
24 initial entry, did not handcuff Plaintiffs and did not arrest Keane. The sum of Silva's
25 involvement was to ask Plaintiffs some questions during the post-secure search of the home.
26 Silva's questions raise no constitutional questions.
27   Finally, even if Plaintiffs are permitted to pursue some of their claims, they cannot do so
28 pursuant to 42 U.S.C. § 1983. Because Task Force Officer Silva was performing as a federal

1  officer, this Court has no subject matter jurisdiction over Plaintiffs' section 1983 claims unless
2  Plaintiffs can demonstrate there was substantial involvement by state actors in the violation of
3  their rights.  Plaintiffs' argument that they meet this requirement because the state prosecutor
4  decided to process a criminal complaint and because the superior court judge issued the warrants
5  is legally untenable.  Similarly, Plaintiffs' reliance on the role of Officer Accornero and the
6  successful prosecution of Brian Keane in New Jersey as a basis for asserting substantial state
7  involvement is factually unavailing.  Accordingly, John Silva is entitled to summary judgment
8  on Plaintiffs' section 1983 claims.
9  In sum, John Silva is entitled to summary judgment with respect to all Plaintiffs' claims.
10 In the alternative, this Court should grant summary adjudication in favor of Defendant Silva on
11 as many of the issues raised herein as the Court deems proper.

## II. STATEMENT OF THE FACTS

### A. TASK OFFICER SILVA DID NOT CONDUCT THE INVESTIGATION THAT RESULTED IN THE ISSUANCE OF THE SEARCH AND ARREST WARRANTS IN THIS CASE

Seth McMullen is a Special Agent with the Santa Rosa Resident Office (SRRO) of the United States Drug Enforcement Agency, an agency of the United States government. Declaration of Seth McMullen filed January 14, 2008 ("McMullen Decl.") at ¶ 1; Complaint at ¶ 8. On November 29, 2006, he was contacted by Sergeant Jim Stephenson, a member of the Petaluma Police Department, and initiated an investigation. McMullen Decl. at ¶ 2.

McMullen received the information from Stephenson, conducted an additional investigation and submitted the affidavit requesting search and arrest warrants. *See* McMullen Decl.; Supplemental Declaration of Seth McMullen filed herewith ("Supp. McMullen Decl."). McMullen's applications for an arrest warrant and search warrant both were reviewed by Sonoma County District Attorney Scott Jamar and submitted to Sonoma County Superior Court Judge Robert S. Boyd. McMullen Decl., Exh. 2 Judge Boyd signed and issued both warrants. McMullen Decl., Exh. 2. Special Agent McMullen also prepared a two count complaint charging Keane with violations of the California Health and Safety Code. Simmons Decl., Exh. 2. (Felony Complaint). The People of the State of California filed the complaint and opened a

case against Keane. Simmons Decl., Exh. 2.

Task Force Officer Silva did not make the decisions whether to seek a warrant or what to put in the affidavit in support of a warrant. *See* McMullen Decl. ¶¶ 1-7; Supp. Silva Decl. ¶ 4.

**B.  TASK FORCE OFFICER SILVA PLAYED A MINOR ROLE IN THE EXECUTION OF THE SEARCH AND ARREST WARRANTS AFTER SPECIAL AGENT McMULLEN AND OTHER DEA OFFICERS SECURED THE RESIDENCE**

On December 19, 2006, McMullen led the team that executed the warrants. Suppl. McMullen Decl. at ¶ 8.

Special Agent McMullen asserts that at approximately 7:35 a.m., he knocked and announced the presence of law enforcement, the front door was unlocked and he entered without using force. McMullen Decl. at ¶ 9. He wore DEA-issued clothing and again announced "DEA." Suppl. Silva Decl. ¶ 3, 7. He entered with the other DEA Special Agents.

Task Force Officer Silva waited outside while the DEA officers entered and secured the home. Supp. Silva Decl., ¶ 4. Special Agent McMullen and Task Force Officer Silva interviewed Keane and Strange. McMullen Decl. at ¶ 11; Supp. Silva Decl., ¶ 5. In addition, Officer Accornero presented Keane with admonitions regarding the K-9 unit that was being brought in to assist. The admonitions were audio taped. Simmons Decl., Exh 3. (Audiotape recording and transcript.)

Special Agent McMullen completed the search, finding no controlled substances. Amended Complaint at ¶ 30. He seized a Wells Fargo deposit slip and a telephone bill. McMullen Decl., Exh. 1. As Keane and Silva were leaving the residence, Keane complained that he was uncomfortable in the handcuffs. Supp. Silva Decl., ¶ 4. Task Force Officer Silva referred the complaint to Special Officer McMullen for a resolution. Supp. Silva Decl., ¶ 4.

**C.  PLAINTIFFS FILED THE CURRENT LAWSUIT ALLEGING VIOLATIONS OF 42 U.S.C. § 1983 AND BIVENS VIOLATIONS.**

Plaintiffs filed their original complaint on September 20, 2007. [Docket No. 1.] It contained a single cause of action for constitutional torts pursuant to 42 U.S.C. § 1983. Complaint at 1, ¶¶ 42-45. After defendant McMullen filed a motion to dismiss the complaint, plaintiffs filed an Amended Complaint in which they added a second cause of action pursuant to

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See* Docket Nos. 15 (Motion to Dismiss), 20 (First Amended Complaint ("FAC")). The substance of the allegations in the complaints did not change, however, Plaintiffs did drop their allegations regarding violations of their due process rights.

In their FAC, Plaintiffs allege two types of wrongdoing. First, Plaintiffs complain that McMullen's investigation was improper. FAC at ¶¶ 43 (c)-(d); 48 (c)-(d). Plaintiffs acknowledge in the complaint that a search warrant was obtained prior to the search of Keane's home. FAC at ¶¶ 24, 30. Nevertheless, Plaintiffs allege that substantial exculpatory information was ignored or left out of the affidavit in support of the warrant. FAC at ¶ 43 (c). Plaintiffs also allege that any reference to the McGuigan identification was improper because the identification was not made pursuant to a traditional line up. *See* FAC at ¶ 20. Plaintiffs further allege Defendants lacked probable cause and permission to search the home and to seize any items therein. FAC at 43(b),(c).

Second, Plaintiffs allege excessive physical force was used during the execution of the search and arrest warrants. They allege handcuffs were applied improperly, Keane was lifted improperly, McMullen put his boot on Strange's head, weapons were brandished improperly, and that defendants "ransacked Plaintiffs' personal belongings, leaving the home violated and in disarray." FAC at ¶¶ 16-17. Plaintiffs further allege excessive psychological force was used. Plaintiffs claim they were traumatized unnecessarily because (1) defendants did not knock and announce their presence before entering, (2) defendants would not respond to questions regarding why the search was conducted until after the house was secured, (3) defendants yelled, "Where are your weapons," (4) defendants signaled to the toilet and said, "isn't this ironic," and (5) intimidated Plaintiffs with "accounts" of an ultra-sensitive drug-sniffing dog." FAC at ¶¶ 13-15.

With respect to the specific constitutional rights Plaintiffs allege were violated, the First Amended Complaint states as follows:

> While acting under color of state law, DEFENDANTS unlawfully entered Plaintiffs' home, conducted an illegal and unreasonable search, seized Plaintiffs' property and arrested KEANE without probable cause or justification, depriving Plaintiffs of certain constitutionally protected rights, including, but not limited to:

      a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

      b.    The right to be free from the use of excessive force by law enforcement agents, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and

      c.    The right to be free from interference within the zone of privacy, as protected by the Fourth and Fourteenth Amendments to the United States Constitution.

FAC at ¶ 45; *see also* FAC ¶ 50. Plaintiffs allege Federal Defendants violated their constitutional rights while acting under color of state law. FAC at ¶ 44.

### III. ANALYSIS

**A.  SUMMARY OF ARGUMENT**

Notwithstanding the Sonoma County District Attorney's recent statement that Keane may well be the person who "successfully shipped a package on May 31, 2006, and attempted to ship a package of marijuana from the Mail Depot on November 29, 2006," (*see* Simmons Decl., Exh. 5 at 3:9-12), Keane insists not just that he is innocent, but that the federal agents who suspected him of attempting to transport the marijuana are liable to him because no reasonable officer would conclude there was probable cause to pursue arrest and search warrants. In making this argument, Plaintiffs demonstrate a fundamental misunderstanding of the circumstances that will permit liability under the law. Indeed, by naming Task Force Officer John Silva as a defendant and accusing him of all the acts that they have, Plaintiffs have compounded this error with numerous mistakes of fact.

Task Force Officer Silva was not involved with the investigation of this case and was not present for most of the conduct about which Plaintiffs complain. Task Force Officer Silva was not on the team that made initial entry into the Keane residence, did not handcuff Keane and did not arrest him. Task Force Officer Silva joined the operation only after the Keane residence was secured and participated only in questioning of Plaintiffs. Because there are no triable issues of fact regarding Task Force Officer Silva's liability, he is entitled to summary judgment.

Further, if Plaintiffs are able to submit sufficient evidence to move forward with one or more of their claims, this Court still should, at a minimum, summarily adjudicate that Plaintiffs

may not pursue their claims based upon 42 U.S.C. § 1983. Such claims are the Plaintiffs' only legal basis to assert a claim for attorneys fees. That statute, however, does not apply because there is insufficient basis upon which to assert the federal officers acted in concert with substantially involved state actors.

### B.   STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Material facts are those which can effect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment has no burden to produce any evidence on elements of a claim on which the non-moving party will bear the burden of trial, but can merely point out an absence of evidence to support any such element. *Celotex v. Catrett,* 477 U.S. 317, 322-23 (1986); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) *cert. denied*, 516 U.S. 869 (1995); *Maffei v. Northern Insurance Co. of New York*, 12 F.3d 892, 899 (9th Cir. 1993). Once the moving party points out the absence of evidence, then the non-moving party must come forward with specific evidence to show there is a genuine issue for trial. *Id.* If the non-moving party fails to make this showing, then the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323 (1986).

Summary judgment is not only proper if Plaintiff fails to produce *any* evidence on an element of his case, but summary judgment is also proper if Plaintiff fails to produce *sufficient* evidence on an element of his case. The Supreme Court has specifically held that summary judgment is proper against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322 (1986). The mere existence of a "scintilla" of evidence in support of the non-moving party's position is not sufficient. The non-moving party has the burden of establishing sufficient evidence on each element of his case so that a jury could return a verdict for him. *Anderson*, 477 U.S. at 249 (1986). Stated in another way, the standard for summary judgment mirrors the standard for a directed verdict. *Anderson*, 477 U.S. at 252 (1986); *Triton Energy Corp. v. Square D Co,* 68 F.3d 1216, 1221 (9th Cir. 1995). The

1  standard is whether the evidence presents a sufficient disagreement as to require jury
2  consideration, or whether the evidence is so one-sided that one party must prevail as a matter of
3  law. *Id*.
4      In ruling on a motion for summary judgment, the court need not accept legal conclusions
5  "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th
6  Cir.1981). "No valid interest is served by withholding summary judgment on a complaint that
7  wraps nonactionable conduct in a jacket woven of legal conclusions and hyperbole." *Vigliotto v.*
8  *Terry*, 873 F.2d 1201, 1203 (9th Cir.1989); *see also Nelson v. Pima Community College*, 83 F.3d
9  1075, 1081-82 (9th Cir.1996) (stating that "mere allegation and speculation do not create a
10 factual dispute for purposes of summary judgment"); *Johnson v. Hornung* 358 F.Supp.2d 910,
11 921 (C.D.Cal.,2005).

**C. TASK FORCE OFFICER SILVA IS ENTITLED TO SUMMARY JUDGMENT REGARDING PLAINTIFFS' INVESTIGATION-RELATED CLAIMS**

    1. <u>Task Force Officer Silva did not make the investigation-related decisions that Plaintiffs claim result in liability in this case.</u>

15     Although claiming that Keane has been mis-identified by the defendants in this case,
16 Plaintiffs have engaged in a mis-identification of their own. Silva was not involved in the crucial
17 acts that Plaintiffs claim should result in liability.
18     It is fundamental that litigants ordinarily are entitled to resolution of their summary
19 judgment motions through a determination whether there are material facts in dispute regarding
20 the elements necessary to establish liability. *Paine v. City of Lompoc* 265 F.3d 975, 984 (9th Cir.
21 2001). Whether or not each defendant was a participant in the incidents that could give rise to
22 liability "is certainly such an element." *Id*. Here, the elements necessary to establish liability of
23 a federal officer are specific and narrow. In order to state a *Bivens* claim, a plaintiff must show
24 two essential elements: (1) that the defendants acted under color of federal law; and (2) that the
25 defendants caused the plaintiff to be deprived of a right secured by the constitution and laws of
26 the United States. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). If a plaintiff cannot, in
27 opposition to a summary judgment motion, provide factual submissions that connect any
28 particular defendant to the incidents giving rise to liability, that defendant is entitled to summary

judgment and may not be required to go to trial. *Paine,* 265 F.3d at 984.

Here, the complaint states that Task Force Officer Silva "failed to conduct an adequate investigation and submitted an affidavit for a warrant that lacked exculpatory evidence, was based on an incomplete investigation, and showed a reckless disregard for the truth in light of the information then known to him." FAC at ¶ 43 (c); 48 (c). Plaintiffs simply are wrong.

There is no factual basis for this allegation. It was Special Agent Seth McMullen who took responsibility for the case when it was referred by the state authorities. Task Force Officer John Silva did not perform the intake of the case, did not assume responsibility for the investigation, and did not prepare the affidavit that resulted in the procurement of the search and arrest warrants. *See* Supp. Silva Decl. ¶ 3. There is no evidence that Task Force Officer Silva directed the events that Plaintiffs allege should result in liability pursuant to this lawsuit. Task Force Officer Silva therefore is entitled to summary judgment with respect to the investigation-related allegations of this lawsuit. *See Paine,* 265 F.3d at 984.

2. Even if Task Force Officer Silva Were Involved, He Still Would Be Entitled To Qualified Immunity

The qualified immunity doctrine protects government officials from their exercise of poor judgment and fails to protect only those who are "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Supreme Court defined the qualified immunity analysis as a two-step process. First, a court examines whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right. If no constitutional right would have been violated by the alleged actions, a defendant has qualified immunity. On the other hand, if a violation could be made out when the facts are interpreted in the light most favorable to the injured party, the next step is to ask whether the right was clearly established. If the law did not put the defendant on notice that his or her conduct would clearly be unlawful, the official has qualified immunity from the claim. *Saucier*, 533 U.S. at 201; *see also San Jose Charter of the Hells Angels Motorcycle Club*, 402 F.3d at 971; *Beier v. City of Lewiston*, 354 F.3d 1058, 1065 (9th Cir.2004).

The threshold determination of whether the law governing the conduct at issue is clearly

established is a question of law for the court. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. The determination of whether the facts alleged could support a reasonable belief in the existence of probable cause or reasonable suspicion is also a question of law to be determined by the court. *Hunter v. Bryant*, 502 U.S. 224 (1991); *see Anderson v. Creighton*, 483 U.S. 635, 641; *Malley*, 475 U.S. at 341; *Forsyth*, 472 U.S. at 526, 105 S.Ct. at 2815; *Harlow*, 457 U.S. at 813-20, 102 S.Ct. at 2735-39.

Here, Task Force Officer Silva is entitled to qualified immunity for all the same reasons set out in the brief filed herewith on behalf of Special Agent Seth McMullen. Defendant McMullen's brief is incorporated by reference as though set out fully herein. In sum, Special Agent McMullen's affidavit was supported by probable cause and, in any event, the decision of Sonoma County Prosecutor Jamar to file the criminal complaint and the decision of Superior Court Judge Boyd to issue the warrants in this case each independently act to preclude liability in this case.

**D.   TASK FORCE OFFICER SILVA IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS' EXCESSIVE FORCE CLAIMS**

Here again, Task Force Officer Silva was not present for the decisive events that Plaintiffs contend result in liability. Defendant Silva did not create the operations plan, did not participate in the initial entry of the Keane residence, did not participate in securing the residence and did not apply the handcuffs to Plaintiffs. Supp. Silva Decl., ¶ 4. These are the events that Plaintiffs claim lead to liability and Task Force Officer Silva simply is not the person with whom Plaintiffs should be having their dispute.

Task Force Officer Silva did eventually enter the residence and assist with the questioning of the Plaintiffs. Nevertheless, there is no evidence that his questioning violated any of Plaintiff's constitutional rights. He did not raise his voice, did not threaten Plaintiffs with harm and did not use bad language. Accordingly, there is no basis for Task Office Silva to be part of this lawsuit. This Court should grant summary judgment in favor of Task Force Officer Silva on all Plaintiffs' excessive force claims.

In the alternative, as with the investigation-related claims, should this Court conclude there is a question of fact as to whether Task Force Officer Silva was present, he nevertheless is

entitled to judgment for all the reasons presented in the McMullen brief filed herewith which is incorporated by reference.

### E. AT A MINIMUM, THE FEDERAL DEFENDANTS ARE ENTITLED TO JUDGMENT WITH RESPECT TO PLAINTIFFS' SECTION 1983 CLAIMS

The Federal Defendants are immune from suit under 42 U.S.C. § 1983 and none of the exceptions to that immunity have been pleaded or apply. Because the issue is one of immunity, it is a question of law and plaintiffs must present evidence if they wish to challenge this immunity. *Holt v. Castaneda,* 832 F.2d 123, 124 (9th Cir. 1987); *American Medical Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Federal officials who act under color of federal law are not subject to liability under 42 U.S.C. § 1983. *District of Columbia v. Carter*, 409 U.S. 418 (1973); *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n. 2 (1963); *Dale-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). 42 U.S.C. § 1983 provides a remedy only where a person acting under color of law of any state or territory or the District of Columbia deprives a person of his constitutional rights. *Daly-Murphy*, 837 F.2d at 355. In order to violate § 1983, the defendant must have acted "under color of state law" and deprived the plaintiff of his rights under federal law. *Cabrera v. Martin,* 973 F.2d 735, 741 (9th Cir. 1992). Stated differently, to be considered "under color of state law," a private actor's conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiffs must submit *evidence* that the exception applies. *See*, *Billings v. United States,* 57 F.3d 797, 801 (9th Cir. 1995) (dismissing claim for lack of evidence).

Here, both Special Agent McMullen and John Silva are federal officers. *See* McMullen Decl. at ¶ 1. Silva Decl., ¶ 2. Plaintiffs acknowledge in the complaint that Special Agent McMullen is a federal agent. Complaint at ¶ 8. In addition, Special Agent McMullen performed all his duties within the scope of his authority as a Special Agent and therefore was acting under color of federal, not state, law. McMullen Decl. at ¶ 1, 6; 21 U.S.C. §§ 801, 873(a)(2). Similarly, Task Force Officer Silva was duly sworn as a federal officer.

Plaintiffs attempt to circumvent this rule by alleging McMullen and Silva acted with substantial participation from State officers. Plaintiffs' allegations are unavailing. Federal officers acting under federal authority are immune from suit under section 1983 unless the state

or its agents significantly participated in the challenged activity. *See Green v. Dumke*, 480 F.2d 624, 629 (9th Cir.1973), *Kletschka v. Driver*, 411 F.2d 436, 448-49 (2d Cir.1969). Here, the alleged activity of pursuing the warrants and then executing them (with the alleged excessive force) did not substantially involve state actors.

Plaintiffs' allegations that the district attorney and the superior court judge engaged in the "challenged activity" lacks merit. *See* FAC at ¶ 44(g). There is no authority for federal officers shedding their immunity whenever they employ state courts or procedures. Such a rule would eviscerate entirely the protection afforded to federal officers. Particularly were, as here, neither the prosecutor nor the judge were involved in any wrongdoing, such a rule would make no practical or legal sense. Plaintiffs' allegation that substantial involvement exists on account of the state court prosecution of this case is meritless.

Moreover, DEA officers are specifically authorized to exercise their federal authority in state courts. In the Controlled Substances Act, Congress explicitly required the Attorney General to "cooperate with local, state, and federal agencies concerning traffic in controlled substances and in suppressing the abuse of controlled substances." 21 U.S.C. § 873. This authority was delegated to the DEA and includes the authority to cooperate in the institution and prosecution of cases "in the courts of the United States and before the licensing boards and courts of the several States." *Id*. Accordingly, a federal officer acts under color of federal law when instituting a case in the state courts.

Plaintiffs further allege the referral of the case from the Petaluma Police Department as well as the decision to attempt a controlled delivery in New Jersey constitutes "substantial participation." FAC at ¶ 44 (a), (h), (i). This argument, too, is unavailing. A federal government employee's request for information, offer to provide exchange, and actual exchange of information with state employees by means of which the two agencies assist one another is insufficient to establish substantial participation. *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983). Accordingly, Plaintiffs' allegation that there was a parallel state court investigation occurring in New Jersey is unavailing.

Finally, plaintiffs point to the role of Accornero as evidence of substantial involvement.

*See* FAC at ¶ 44 (c)-(f). Accornero's involvement in this case was minimal. He was not involved in the critical acts including the procurement of the warrant, the initial entry into the residence and the handcuffing of the Plaintiffs. Moreover, Accornero's limited involvement is well-documented and the documentation establishes that he was not involved in any violation of Plaintiffs' rights. This is particularly true in light of the limited role (and therefore claims) against Task Officer Silva. Because Silva was not involved assisting Accornero in his limited role, there is simply no basis for a claim that either officer was substantially involved in the violation of the other.

For these reasons, Plaintiffs' attempt to assert a section 1983 claim against the Federal Defendants on the basis of Accornero's involvement is meritless. There is no evidence the Federal Defendants' individual roles may be "fairly attributable to the State" Accornero was not substantially involved in the acts that Plaintiffs claim result in liability. Accordingly, Task Force Officer Silva is not subject to liability under section 1983 and is entitled to immunity. *See Lugar*, 457 U.S. at 937; *Dale-Murphy*, 837 F.2d at 355. This Court should grant judgment in favor of Federal Defendants with respect to Plaintiffs' section 1983 claims.

## IV.  CONCLUSION

Task Force Officer Silva is entitled to summary judgment with respect to all the claims in the First Amended Complaint. In the alternative, this Court should summarily adjudicate in favor of Task Force Officer Silva as many of the issues addressed above as the Court determines is proper.

Respectfully submitted,

JOSEPH R. RUSSONIELLO
United States Attorney

Dated: June 24, 2008

   /s/
ABRAHAM A. SIMMONS
Assistant United States Attorney