JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:       abraham.simmons@usdoj.gov

Attorneys for Federal Defendant Seth McMullen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>               Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>             Defendants. | No. C 07-4894 SBA<br><br>SUPPLEMENTAL DECLARATION OF SETH McMULLEN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF ISSUES |

I, Seth McMullen, declare as follows:

1. I am a Special Agent employed by the United States Department of Justice Drug Enforcement Administration. If called to testify I would and could competently testify as to the facts in this declaration.

2. I have been employed with the DEA for almost eight years. Prior to working with the DEA, I was active duty military with the Colorado National Guard and with the Army.

3. As noted in my previous declaration, I was notified by Sergeant Jim Stephenson of the Petaluma Police Department on November 29, 2006, that he had received a package from Maureen McGuigan, the owner of a Mail Depot in Petaluma. The package was believed to contain marijuana and Ms. McGuigan received the package from a customer who intended to mail it to New Jersey.

4. After I took custody of the package and transported it back to back to the DEA's office, I requested that Special Agent Hoyt make contact with an appropriate officer in New Jersey to arrange for the controlled delivery of the package. Because Ms. McGuigan did not notify the sender that the package that it would be opened nor that she discovered it contained marijuana, I knew that there was a good chance the person receiving the package could be caught receiving the marijuana and held accountable for his or her role in the crime. In order for this to work, the delivery would have to be made at about the time the package would have been expected by the recipient.

5. **Within a few days after requesting that Special Agent Hoyt arrange for the controlled** delivery of the marijuana, I recall being informed that the delivery was made, that a couple in New Jersey had received the package and that in an attempt to distance themselves from the package, at or near the time of their arrest the male suspect made statements that were obviously untrue.

6. Once the couple in New Jersey had been arrested, it was clear that with each passing day, the possibility increased that the New Jersey couple would contact a counterpart in California. This, of course, would increase the likelihood that evidence in California would be hidden or destroyed. The possibility of spoliation of evidence was one of the reasons that time was of the essence in this investigation.

7. Among the facts that I considered when preparing my affidavit for the search of the Keane residence was (1) the likelihood that a person sending the package would know that Robert Keane would use his middle initial, "C" rather than "R" if sending the package, (2) the likelihood that Ms. McGuigan, on the very next day after receiving the package, would believe the person sending the package resembled the picture of the Robert Keane on file at the Department of Motor Vehicles, (3) the likelihood that Robert Keane and the person who received the drugs, Brian Keane, would resemble each other and therefore possibly related, and (4) the likelihood that Brian Keane's statement that he was not related to Robert Keane should be considered credible even in light of the fact that Brian Keane stated he believed the package

1. contained a bomb and he put the package in his car with his family.

8. After the Deputy District Attorney reviewed and submitted my application for a search warrant, a Judge of the Superior Court issued the search warrant and an arrest warrant. After the Judge found that there was probable cause to search the residence, I did not come across any additional facts that I believed would have changed the analysis. I prepared an operation plan for the execution of the search warrant with the understanding that the residence may be part of an operation involved with the production and distribution of drugs. As always, under such circumstances, my plan considered the possibility both that the occupants of the home had no involvement with drug trafficking and that there were people inside may have possessed weapons and were willing to protect their drugs. It bears noting that the amount of drugs that were received by Brian Keane was more than for personal usage– it was likely that the marijuana was being shipped for further distribution. In my experience, whenever there are drugs involved, there is likely to be firearms and/or other weapons as well.

9. As per the procedure in Sonoma County, I obtained an arrest warrant prior to executing the search warrant. I believe it is not the procedure in Sonoma County to obtain a copy of the warrant for service on the individual at the time of the arrest. Attached hereto as Exhibit 1 is a true and correct copy of the declaration I prepared in order to obtain the arrest warrant.

I declare under penalty of perjury under the laws of the United States that the above is true and accurate. Executed this 14th day in June, 2008, in San Francisco, California.

_____
Special Agent Seth McMullen

SUPP. DECLARATION OF SETH McMULLEN
C 07-4894 SBA                                    3

# EXHIBIT 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA

THE PEOPLE OF THE STATE OF CALIFORNIA,
    Plaintiff,                    ) COURT NO. SCR-502356
                                  ) D.A. NO.    DAR-543495
                                  ) DECLARATION IN SUPPORT
vs.                               ) OF WARRANT OF ARREST
                                  ) MADE UNDER
                                  ) Section 2015.5 C.C.P.
ROBERT CARL PATRICK KEANE         )
                                  )
                                  )
                                  )
              Defendant           )

**FILED DEC 1 5 2006** Clerk of the Superior Court of California, County of Sonoma By _____ Deputy Clerk

COPY

THE UNDERSIGNED HEREBY DECLARES:

That he is employed as an authorized representative of the DRUG ENFORCEMENT ADMIN.

That the violation of Section 11360(a)( 1 count), Section 11359( 1 count) of the HEALTH & SAFETY CODE, Felonies; were investigated by the DRUG ENFORCEMENT ADMIN, and were committed by ROBERT CARL PATRICK KEANE.

That Declarant, by means of personal contact or by means of written communication has obtained information from other officers and from other persons who have knowledge of the above-mentioned offense. The reports and statements of such officers and other persons are attached hereto and incorporated by reference as though fully set forth; that he has reviewed each of these written reports and statements which consist of 5 pages; these reports and statements contain information from victim, witness and others concerning the criminal offense for which this Complaint is being sought;

That this Declaration is made and filed herein for the purpose of showing probable cause for the issuance of a Warrant of Arrest for the above-named Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15TH day of DECEMBER, 2006 at Santa Rosa, California.

_____
DRUG ENFORCEMENT ADMIN