JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:   (415) 436-6748
    Email:      abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>                  Plaintiffs,<br><br>      v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>                  Defendants. | No. C 07-4894 SBA<br><br>DECLARATION OF ABRAHAM A. SIMMONS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT |

I, Abraham A. Simmons, declare as follows:

1.     I am an Assistant United States Attorney in the Northern District of California and I have been assigned to represent the government in the above-captioned matter. If called to testify I would and could competently testify as to the facts in this declaration.

2.     Attached as Exhibit 1 electronically to this declaration is a true and correct copy of the accusation and certain records from the file of the Office of the Prosecutor regarding the prosecution of Brian W. Keane. The records were received in this office by Lucy Barone, the records manager for the Ocean County Prosecutor's Office. The prosecution relates to the receipt by Brian Keane of the marijuana pursuant to the "controlled delivery" in this litigation. The documents include the certification of Lucy Barone ("Exhibit 1(a)"); the Accusation ("Exhibit 1(b)"), a representation letter from Keane's lawyer ("Exhibit 1(c)"); the arrest report of Detective

1 | Shepherd ("Exhibit 1(d)"); the waiver of rights signed by Brian Keane ("Exhibit 1(e)"); and the
2 | transcript of the interview with Brian Keane ("Exhibit 1(f)").
3 | 3.  Attached as Exhibit 2 is the record of the admonitions given to Plaintiff Robert Carl
4 | Patrick Keane on December 19, 2006, the day he was arrested. Specifically, attached to the
5 | original of this declaration is a compact disk containing the an audio file depicting Paul
6 | Accornero providing the admonitions to Mr. Keane. (Exhibit 2(a).) Also, attached electronically
7 | hereto is a transcription of the audio recording. (Exhibit 2(b).)
8 | 4.  Attached as Exhibit 3 are true and correct copies of excerpts from the court file I retrieved
9 | from the Sonoma County Superior Court relating to the Sonoma County prosecution of Robert
10 | Carl Patrick Keane that is the subject of the above-captioned case. The papers include the filing
11 | of Keane's petition for finding of factual innocence ("Exhibit 3(a)"), the government's
12 | opposition to the motion ("Exhibit 3(b)"), the docket report noting that Keane's motion was
13 | withdrawn ("Exhibit 3(c)") and the abstracts noting the issuance of the arrest warrant and Special
14 | Agent Seth McMullen's return of the arrest warrant ("Exhibit 3(d)").
15 | 5.  Prior to filing the motions for summary judgment for Seth McMullen and John Silva in
16 | this case, I attempted to meet and confer with Plaintiffs' counsel regarding the relief sought in the
17 | motions. I also attempted to meet and confer regarding the many facts that I presented as not
18 | reasonably in dispute. A true and correct copy of the correspondence that was exchanged
19 | regarding my meet and confer efforts is attached collectively and electronically hereto as Exhibit
20 | 4 to this declaration.
21 | 6.  In addition to this correspondence referred to in paragraph 5 above, it should be noted
22 | that on June 16, 2008, I received a telephone call from Chris Foster, one of Plaintiffs' attorneys.
23 | He suggested that Plaintiffs were prepared to meet and confer further regarding the motion and
24 | the facts underlying them. I stated the government's position that while we understood
25 | Plaintiffs' position that no motion should be filed, it still would be important for the parties to
26 | discuss whether there was agreement to any facts. I referred Mr. Foster to the 48 facts listed in
27 | the attachment to my letter dated May 30, 2008. (Exhibit 4(a) hereto.) It was my understanding
28 |

Declaration of AUSA Abraham A. Simmons
C 07-4894 SBA                                           2

1  from Mr. Foster's response that someone in his firm would review the facts that I presented to
2  see which, if any of them, would be disputed by Plaintiffs.  We arranged to speak again on
3  June 17, 2008.  It was my understanding that Plaintiffs' attorneys would call me on June 17,
4  2008, to discuss the facts.   listed on my , with the understanding that I would be filing the
5  motion the same day.  As of 10:44 p.m., June 17, 2008, I had not received a call from Plaintiffs'
6  counsel and I left the office.  On June 18, 2008, I received another letter from James Heffner.
7  (Exhibit 4(g) hereto.)  In the letter, Mr. Heffner states that the government wants to "proceed on
8  your terms only" and states that the government has failed to compromise.  As of the filing of
9  this declaration, I have not received from Plaintiffs a list of disputed facts nor a telephone call to
10 discuss which of the facts, if any, are actually disputed.
11 7.        Attached hereto electronically as Exhibit 5 is a true and correct copy of the documents I
12 received in a response to a subpoena issued to the Sonoma County Detention Center.
13        I declare under penalty of perjury under the laws of the United States that the above is
14 true and accurate.  Executed this 24th day in June, 2008, in San Francisco, California.

                                        /s/
                              Abraham A. Simmons

Declaration of AUSA Abraham A. Simmons
C 07-4894 SBA                                    3