Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>　　　　　　Defendants. | No.: C 07 4894 SBA<br><br>**FIRST SUPPLEMENTAL DECLARATION OF JAMES HEFFNER IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:　　　September 16, 2008<br>Time:　　　1:00 p.m.<br>Place:　　　Courtroom 3, 3rd Floor<br>Before:　　Hon. Saundra B. Armstrong |

I, James E. Heffner, declare:

1.　　I am an attorney at law, duly admitted to practice before all Courts in the State of California and the United States District Court for the Northern District of California. I am an associate at Reed Smith LLP, attorneys of record in this action for Plaintiffs Robert Carl Patrick Keane ("Keane") and Chieko Strange ("Strange") (collectively, "Plaintiffs"). I have personal knowledge of the matters set forth below and, if called as a witness, I could and would testify competently to each of them.

2. On May 7, 2008, the parties to this action participated in a case management conference to address scheduling. On May 8, 2008, this Court issued a Scheduling Order establishing a fact-discovery cut-off date of December 22, 2008.

3. Subsequently, on May 28, 2008, Plaintiffs served their First Request for Production of Documents and Things on all Defendants. The Request for Production sought, among other things, information regarding the Drug Enforcement Administration's ("DEA") policies governing narcotics investigations, information related to the execution of search and arrest warrants, Defendants' employment and training records and materials related to the investigation, raid and arrest underlying this lawsuit.

4. On July 14, 2008, Defendant Seth McMullen ("McMullen") served responses to Plaintiffs' Request for Production. McMullen, through his counsel, objected to each of Plaintiffs' document requests and produced no documents. Instead, he represented that 28 C.F.R. § 16.22(a) precluded him from disclosing responsive documents without first forwarding the requests to government agency officials. McMullen then stated that the appropriate governmental agency would make a determination concerning any documents appropriate for disclosure. To date, Plaintiffs have received no documents and have received no notice of any determination regarding disclosure. Attached hereto as <u>Exhibit A</u> is a true and correct copy of McMullen's Responses to Plaintiffs' First Request for Production of Documents and Things.

5. On July 22, 2008, Plaintiffs submitted draft deposition notices to all Defendants, identifying the individuals they intended to depose and proposing dates for those depositions. Plaintiffs identified the following witnesses:

- Petaluma Police Officer James Stephenson, who first investigated the package containing contraband and presented Petaluma Mail Depot owner Maureen McGuigan with a "photo array."

- Brick Township Police Officer John Murphy, who communicated with Defendant McMullen regarding the controlled delivery and investigation of Brian and Suzanne Keane of Brick Township, New Jersey.

- Federal Agent Jeff Hoyt, who accompanied Defendant McMullen to the Petaluma Mail Depot to interview owner Maureen McGuigan and witnessed McGuigan's "identification" of Plaintiff Keane.
- Defendant and Federal Agent John Silva, who participated in the raid on the Keane home and questioned Plaintiffs, and was likely involved in a pre-operational meeting regarding the procedures to be employed during the raid.
- Petaluma Police Officer Paul Accornero, who participated in the raid on the Keane home and threatened Plaintiffs with a narcotics dog.
- Defendant and Federal Agent Seth McMullen, who supervised the investigation of Plaintiffs and oversaw the raid on the Keane home.

Defendants intend to conclude all depositions well before the Court ordered discovery cut-off date of December 22, 2008. With respect to Defendant McMullen, Plaintiffs proposed a deposition date of October 1, 2008. Defendant McMullen has yet to agree to or reject the proposed deposition date. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' notice of proposed deposition dates.

6. Throughout this litigation, Plaintiffs have attempted on multiple occasions to obtain copies of the warrant for Plaintiff Keane's arrest and the arrest warrant's supporting affidavit. No Defendant produced a copy of either document in their initial disclosures or responses to Plaintiffs' First Request for Production. Further, Plaintiffs subpoenaed records from the Police Department for the City of Petaluma, the Drug Enforcement Administration and the Sonoma County District Attorney's Office. None of those entities was able to provide Plaintiffs with a copy of the arrest warrant or supporting affidavit. No Defendant has offered an explanation for this failure to produce these documents.

7. Plaintiffs anticipate that written discovery from Defendants and depositions of percipient witnesses will uncover specific facts related to the investigation, arrest and prosecution of Plaintiff Keane and the raid on the Keane home. In particular, Plaintiffs anticipate that further discovery will produce the arrest warrant for Plaintiff Keane, which has yet to be produced despite Plaintiffs' repeated requests. In the alternative, Plaintiffs expect that additional discovery will confirm the

arrest warrant's nonexistence.  Further, Plaintiffs expect that production of requested internal DEA materials, such as training manuals, employee handbooks, and policy and procedure manuals, will establish that McMullen's investigation and the subsequent raid violated DEA protocol.  Finally, Plaintiffs anticipate that the depositions of additional witnesses will further establish the unreasonable nature of the investigation, raid and arrest.  For example, by deposing the officers present at the raid, Plaintiffs expect to find that the "dynamic entry" into the Keane home violated the well-established "knock and announce" rule.

8. I believe that this additional information will raise genuine issues of material fact.  Therefore, Defendant Silva's motion should be denied under Federal Rule of Civil Procedure 56(f).

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed this 5th day of August, 2008 at San Francisco, California.

REED SMITH LLP

By: /s/ _____
    James E. Heffner
    Attorneys for Plaintiffs
    Robert Carl Patrick Keane and Chieko Strange

No.: C 07 4894 SBA    – 4 –    DOCSSFO-12523322.1
FIRST SUPPLEMENTAL DECLARATION OF JAMES HEFFNER IN SUPPORT OF PLAINTIFFS' MPA IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT