# EXHIBIT A

1    JOSEPH P. RUSSONIELLO (CSBN 44332)
     United States Attorney
2    JOANN M. SWANSON (SBN 88143)
     Chief, Civil Division
3    ABRAHAM A. SIMMONS (SBN 146400)
     Assistant United States Attorney
4
            450 Golden Gate Avenue, 9th Floor
5           San Francisco, California 94102-3495
            Telephone:    (415) 436-7264
6           Facsimile:    (415) 436-6748
            Email:        abraham.simmons@usdoj.gov
7
     Attorneys for Federal Defendant Seth McMullen
8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         OAKLAND DIVISION
11
     ROBERT CARL PATRICK KEANE,        )    No. C 07-4894 SBA
12   individually; and CHIEKO STRANGE, )
     individually,                     )
13                                     )
                        Plaintiffs,    )    RESPONSES BY SETH McMULLEN
14                                     )    TO PLAINTIFF'S FIRST SET OF
                  v.                   )    REQUESTS FOR PRODUCTION OF
15                                     )    DOCUMENTS AND THINGS
     SETH M. McMULLEN, PAUL            )
16   ACCORNERO and JOHN SILVA,         )
                                       )
17                      Defendants.    )
                                       )
18   ─────────────────────────────
19        PROPOUNDING PARTY:     Plaintiffs
20        RESPONDING PARTY:      Seth McMullen
21        SET NO.                One
22
23   REQUEST NO. 1:
24        ALL DOCUMENTS that RELATE TO the policies and procedures governing criminal
25   investigations related to narcotics (including marijuana) that are issued to or otherwise available
26   or accessible to YOU in the course of your duties, including but not limited to employee
27   handbooks, training manuals and other training materials.
28   / / /

RESPONSE TO REQUEST NO. 1:

Defendant objects to this request on the ground that it seeks disclosure of documents that are not relevant nor reasonably calculated to discovery of relevant documents.

Defendant further objects to the extent that plaintiffs interpret the request to include any documents protected by the attorney-client privilege or the attorney work product doctrine.

Defendant further objects to this request on the ground that it is vague and ambiguous with respect to the scope of documents being sought, the range of dates of publication of documents being sought and the terms "relate to," "policies and procedures," "issued" and "other training materials."

Defendant further objects to this request on the ground that, reasonably interpreted, the request is so overbroad as to be unduly burdensome. Specifically, the breadth of the documents being sought may include all documents issued and/or retained by the Drug Enforcement Administration and/or the Department of Justice about narcotics during the relevant period. Response to such a request would unreasonably require production of millions of irrelevant documents.

Defendant further objects on the ground that a response would require defendant to engage in research and collection of documents in excess of the obligations to respond as set forth in the Federal Rules of Civil Procedure as well as search and production of documents to which plaintiffs have equal access.

Defendant further responds that to the extent that the documents sought are documents under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28 C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to this request without, at a minimum, first following the procedures set forth in the Code of Federal Regulations pertaining to the disclosure of Department of Justice information in federal litigation.

Subject to and without waiving these objections, defendant responds as follows:

This document request is being forwarded to the appropriate federal agency officials in

McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA                                    2

1  accordance with 28 C.F.R. § 24(a). Defendant shall obtain a response from the agency and the

2  responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

3  any documents that are appropriate for disclosure. In addition, defendant requests that any

4  amendment to the request (and in particular, any attempt to address the objections set forth

5  above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

6  the appropriate agency official for review.

7  REQUEST NO. 2:

8      ALL DOCUMENTS that RELATE TO policies and procedures governing the seeking

9  (including preceding investigations) and the execution of search and arrest warrants that are

10  issued to or otherwise available or accessible to YOU in the course of your duties, including

11  without limitation when operating under the auspices of the DEA as well as when acting in

12  conjunction or cooperation with non-federal agencies such as the PETALUMA POLICE

13  DEPARTMENT or the BRICK TOWNSHIP POLICE DEPARTMENT.

14  RESPONSE TO REQUEST NO. 2:

15      Defendant objects to this request on the ground that it seeks disclosure of documents that

16  are not relevant nor reasonably calculated to discovery of relevant documents.

17      Defendant further objects to the extent that plaintiffs interpret the request to include any

18  documents protected by the attorney-client privilege or the attorney work product doctrine.

19      Defendant further objects to this request on the ground that it is vague and ambiguous

20  with respect to the scope of documents being sought and the range of dates of publication of

21  documents being sought and the term, "relate to."

22      Defendant further objects to this request on the ground that, reasonably interpreted, the

23  request is so overbroad as to be unduly burdensome. Specifically, the breadth of the documents

24  being sought may include all documents issued and/or retained by the Drug Enforcement

25  Administration, the Department of Justice, the Petaluma Police Department and the Brick

26  Township Police Department about "the execution of search and arrest warrants." Response to

27  such a request would unreasonably require production of irrelevant documents.

28  McMullen's Responses To Plaintiffs' Requests
   For Production Set One
   C 07-4894 SBA                                    3

1    Defendant further objects on the ground that a response would require defendant to

2    engage in research and collection of documents in excess of the obligations to respond as set

3    forth in the Federal Rules of Civil Procedure as well as search and production of documents to

4    which plaintiffs have equal access.

5    Defendant further responds that to the extent that the documents sought are documents

6    under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

7    C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

8    this request without, at a minimum, first following the procedures set forth in the Code of Federal

9    Regulations pertaining to the disclosure of Department of Justice information in federal

10    litigation.

11    Subject to and without waiving these objections, defendant responds as follows:

12    This document request is being forwarded to the appropriate federal agency officials in

13    accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

14    responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

15    any documents that are appropriate for disclosure.  In addition, defendant requests that any

16    amendment to the request (and in particular, any attempt to address the objections set forth

17    above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

18    the appropriate agency official for review.

19    REQUEST NO. 3:

20    ALL DOCUMENTS that RELATE TO policies and procedures for conducting and using

21    photographic or other "line-ups" or other identification methods.

22    RESPONSE TO REQUEST NO. 3:

23    Defendant objects to this request on the ground that it seeks disclosure of documents that

24    are not relevant nor reasonably calculated to discovery of relevant documents.

25    Defendant further objects to the extent that plaintiffs interpret the request to include any

26    documents protected by the attorney-client privilege or the attorney work product doctrine.

27    Defendant further objects to this request on the ground that it is vague and ambiguous

28    McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA                    4

1   with respect to the scope of documents being sought, the range of dates of publication of

2   documents being sought and the terms "policies and procedures," "relate to," "using," and "other

3   identification methods."

4          Defendant further objects to this request on the ground that, reasonably interpreted, the

5   request is so overbroad as to be unduly burdensome. Specifically, the breadth of the documents

6   being sought may include all documents issued and/or retained by the Drug Enforcement

7   Administration and/or the Department of Justice about narcotics during the relevant period.

8   Response to such a request would unreasonably require production of millions of irrelevant

9   documents.

10         Defendant further objects on the ground that a response would require defendant to

11  engage in research and collection of documents in excess of the obligations to respond as set

12  forth in the Federal Rules of Civil Procedure as well as search and production of documents to

13  which plaintiffs have equal access.

14         Defendant further responds that to the extent that the documents sought are documents

15  under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

16  C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

17  this request without, at a minimum, first following the procedures set forth in the Code of Federal

18  Regulations pertaining to the disclosure of Department of Justice information in federal

19  litigation.

20         Subject to and without waiving these objections, defendant responds as follows:

21         This document request is being forwarded to the appropriate agency officials in

22  accordance with 28 C.F.R. § 24(a). Defendant shall obtain a response from the agency and the

23  responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

24  any documents that are appropriate for disclosure. In addition, defendant requests that any

25  amendment to the request (and in particular, any attempt to address the objections set forth

26  above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

27  the appropriate agency official for review.

28  McMullen's Responses To Plaintiffs' Requests
    For Production Set One
    C 07-4894 SBA                                          5

REQUEST NO. 4:

ALL DOCUMENTS that RELATE TO any understandings, agreements, or arrangements with any entity or PERSON to provide a defense or indemnification for YOU in civil or other actions generally and this action specifically, including, without limitation, indemnification agreements and contracts.

RESPONSE TO REQUEST NO. 4:

Defendant objects to this request on the ground that it seeks disclosure of documents that are not relevant nor reasonably calculated to discovery of relevant documents.

Defendant further objects to the extent that plaintiffs interpret the request to include any documents protected by the attorney-client privilege or the attorney work product doctrine.

Defendant further objects to this request on the ground that it is vague and ambiguous with respect to the scope of documents being sought and the range of dates of publication of documents being sought.

Defendant further objects to this request on the ground that, reasonably interpreted, the request is so overbroad as to be unduly burdensome. Specifically, the breadth of the documents being sought may include all documents issued and/or retained by the Drug Enforcement Administration and/or the Department of Justice regarding negotiations underlying agreements to publicize availability of indemnification policies within the Department of Justice and similar documents.

Defendant further objects on the ground that a response would require defendant to engage in research and collection of documents in excess of the obligations to respond as set forth in the Federal Rules of Civil Procedure as well as search and production of documents to which plaintiffs have equal access.

Defendant further responds that to the extent that the documents sought are documents under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28 C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to this request without, at a minimum, first following the procedures set forth in the Code of Federal

1    Regulations pertaining to the disclosure of Department of Justice information in federal

2    litigation.

3        Subject to and without waiving these objections, defendant responds as follows:

4        This document request is being forwarded to the appropriate agency officials in

5    accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

6    responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

7    any documents that are appropriate for disclosure.  In addition, defendant requests that any

8    amendment to the request (and in particular, any attempt to address the objections set forth

9    above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

10   the appropriate agency official for review.

11   REQUEST NO. 5:

12       ALL DOCUMENTS that RELATE TO YOUR personnel files, training history and

13   training records, experience with drug investigations, drug raids and drug arrests, and records of

14   prior disciplinary, criminal or civil actions brought against YOU, including, without limitation,

15   instances of evidence being excluded in criminal trials due to improper search, seizure or

16   investigation.

17   RESPONSE TO REQUEST NO. 5:

18       Defendant objects to this request on the ground that it seeks disclosure of documents that

19   are not relevant nor reasonably calculated to discovery of relevant documents.

20       Defendant further objects on the ground that the request is compound and seeks more

21   than one category of documents.

22       Defendant further objects to the extent that plaintiffs interpret the request to include any

23   documents protected by the attorney-client privilege or the attorney work product doctrine.

24       Defendant further objects to this request on the ground that it is vague and ambiguous

25   with respect to the scope of documents being sought, the range of dates of publication of

26   documents being sought and the term "relate to."

27       Defendant further objects to this request on the ground that, reasonably interpreted, the

28   McMullen's Responses To Plaintiffs' Requests
     For Production Set One
     C 07-4894 SBA                    7

1   request is so overbroad as to be unduly burdensome.

2          Defendant further objects on the ground that a response would require defendant to

3   engage in research and collection of documents in excess of the obligations to respond as set

4   forth in the Federal Rules of Civil Procedure as well as search and production of documents to

5   which plaintiffs have equal access.

6          Defendant further responds that to the extent that the documents sought are documents

7   under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

8   C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

9   this request without, at a minimum, first following the procedures set forth in the Code of Federal

10  Regulations pertaining to the disclosure of Department of Justice information in federal

11  litigation.

12         Subject to and without waiving these objections, defendant responds as follows:

13         This document request is being forwarded to the appropriate federal agency officials in

14  accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

15  responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

16  any documents that are appropriate for disclosure.  In addition, defendant requests that any

17  amendment to the request (and in particular, any attempt to address the objections set forth

18  above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

19  the appropriate agency official for review.

20  REQUEST NO. 6:

21         ALL DOCUMENTS that RELATE TO the INVESTIGATION, including but not limited

22  to YOUR personal notes, investigative files, reports, statements, photographs, fingerprint

23  records, records of photographic or other "line-ups" or other identification methods, and any

24  other evidence gathered in connection with the INVESTIGATION.

25  RESPONSE TO REQUEST NO. 6:

26         Defendant objects to this request to the extent that it can reasonably be interpreted to

27  include a request for disclosure of documents that are not relevant nor reasonably calculated to

28  McMullen's Responses To Plaintiffs' Requests
    For Production Set One
    C 07-4894 SBA                          8

1     discovery of relevant documents.

2         Defendant further objects on the ground that the request is compound and seeks more

3     than one category of documents.

4         Defendant further objects to the extent that plaintiffs interpret the request to include any

5     documents protected by the attorney-client privilege or the attorney work product doctrine.

6         Defendant further objects to this request on the ground that it is vague and ambiguous

7     with respect to the scope of documents being sought, the range of dates of publication of

8     documents being sought and the term "relate to."

9         Defendant further objects to this request on the ground that, reasonably interpreted, the

10     request is so overbroad as to be unduly burdensome.

11         Defendant further objects on the ground that a response would require defendant to

12     engage in research and collection of documents in excess of the obligations to respond as set

13     forth in the Federal Rules of Civil Procedure as well as search and production of documents to

14     which plaintiffs have equal access.

15         Defendant further responds that to the extent that the documents sought are documents

16     under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

17     C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

18     this request without, at a minimum, first following the procedures set forth in the Code of Federal

19     Regulations pertaining to the disclosure of Department of Justice information in federal

20     litigation.

21         Subject to and without waiving these objections, defendant responds as follows:

22         Defendant has in his possession no responsive documents other than those to which he

23     has access pursuant to his employment as a federal agent.

24         This document request is being forwarded to the appropriate federal agency officials in

25     accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

26     responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

27     any documents that are appropriate for disclosure.  In addition, defendant requests that any

28

McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA          9

1  amendment to the request (and in particular, any attempt to address the objections set forth

2  above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

3  the appropriate agency official for review.

4  REQUEST NO. 7:

5      ALL DOCUMENTS that RELATE TO the December 19,2006 search of the home and

6  arrest of ROBERT CARL PATRICK KEANE.

7  RESPONSE TO REQUEST NO. 7:

8      Defendant objects to the extent that plaintiffs interpret the request to include any

9  documents protected by the attorney-client privilege or the attorney work product doctrine.

10      Defendant further objects to this request on the ground that it is vague and ambiguous

11  with respect to the scope of documents being sought, the range of dates of publication of

12  documents being sought and the term "relate to."

13      Defendant further objects on the ground that a response would require defendant to

14  engage in research and collection of documents in excess of the obligations to respond as set

15  forth in the Federal Rules of Civil Procedure as well as search and production of documents to

16  which plaintiffs have equal access.

17      Defendant further responds that to the extent that the documents sought are documents

18  under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

19  C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

20  this request without, at a minimum, first following the procedures set forth in the Code of Federal

21  Regulations pertaining to the disclosure of Department of Justice information in federal

22  litigation.

23      Subject to and without waiving these objections, defendant responds as follows:

24      Defendant has in his possession no responsive documents other than those to which he

25  has access pursuant to his employment as a federal agent.

26      This document request is being forwarded to the appropriate federal agency officials in

27  accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

28  McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA                           10

1   responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

2   any documents that are appropriate for disclosure.  In addition, defendant requests that any

3   amendment to the request (and in particular, any attempt to address the objections set forth

4   above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

5   the appropriate agency official for review.

6   REQUEST NO. 8:

7       ALL DOCUMENTS that RELATE TO the CONTROLLED DELIVERY.

8   RESPONSE TO REQUEST NO. 8:

9       Defendant objects to the extent that plaintiffs interpret the request to include any

10  documents protected by the attorney-client privilege or the attorney work product doctrine.

11      Defendant further objects to this request on the ground that it is vague and ambiguous

12  with respect to the scope of documents being sought, the range of dates of publication of

13  documents being sought and the term "relate to."

14      Defendant further objects on the ground that a response would require defendant to

15  engage in research and collection of documents in excess of the obligations to respond as set

16  forth in the Federal Rules of Civil Procedure as well as search and production of documents to

17  which plaintiffs have equal access.

18      Defendant further responds that to the extent that the documents sought are documents

19  under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

20  C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

21  this request without, at a minimum, first following the procedures set forth in the Code of Federal

22  Regulations pertaining to the disclosure of Department of Justice information in federal

23  litigation.

24      Subject to and without waiving these objections, defendant responds as follows:

25      Defendant has in his possession no responsive documents other than those to which he

26  has access pursuant to his employment as a federal agent.

27      This document request is being forwarded to the appropriate federal agency officials in

28  McMullen's Responses To Plaintiffs' Requests
    For Production Set One
    C 07-4894 SBA                    11

1 accordance with 28 C.F.R. § 24(a). Defendant shall obtain a response from the agency and the

2 responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

3 any documents that are appropriate for disclosure. In addition, defendant requests that any

4 amendment to the request (and in particular, any attempt to address the objections set forth

5 above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

6 the appropriate agency official for review.

7 REQUEST NO. 9:

8     ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP

9 POLICE DEPARTMENT, the DEA, the PETALUMA POLICE DEPARTMENT, the SONOMA

10 COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the

11 INVESTIGATION.

12 RESPONSE TO REQUEST NO. 9:

13     Defendant further objects on the ground that the request is compound and seeks more

14 than one category of documents.

15     Defendant further objects to the extent that plaintiffs interpret the request to include any

16 documents protected by the attorney-client privilege or the attorney work product doctrine.

17     Defendant further objects to this request on the ground that it is vague and ambiguous

18 with respect to the term "relate to."

19     Defendant further objects on the ground that a response would require defendant to

20 engage in research and collection of documents in excess of the obligations to respond as set

21 forth in the Federal Rules of Civil Procedure as well as search and production of documents to

22 which plaintiffs have equal access.

23     Defendant further responds that to the extent that the documents sought are documents

24 under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

25 C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

26 this request without, at a minimum, first following the procedures set forth in the Code of Federal

27 Regulations pertaining to the disclosure of Department of Justice information in federal

28 McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA                    12

1    litigation.

2         Subject to and without waiving these objections, defendant responds as follows:

3         This document request is being forwarded to the appropriate federal agency officials in

4    accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

5    responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

6    any documents that are appropriate for disclosure.  In addition, defendant requests that any

7    amendment to the request (and in particular, any attempt to address the objections set forth

8    above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

9    the appropriate agency official for review.

10   REQUEST NO. 10:

11        ALL DOCUMENTS that RELATE TO ALL COMMUNICATIONS between or among

12   YOU and the BRICK TOWNSHIP POLICE DEPARTMENT, the PETALUMA POLICE

13   DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that

14   RELATE TO the December 19, 2006 search of the home and arrest of ROBERT CARL

15   PATRICK KEANE and/or the INVESTIGATION.

16   RESPONSE TO REQUEST NO. 10:

17        Defendant objects to this request on the ground that it seeks disclosure of documents that

18   are not relevant nor reasonably calculated to discovery of relevant documents.

19        Defendant further objects on the ground that the request is compound and seeks more

20   than one category of documents.

21        Defendant further objects to the extent that plaintiffs interpret the request to include any

22   documents protected by the attorney-client privilege or the attorney work product doctrine.

23        Defendant further objects to this request on the ground that it is vague and ambiguous

24   with respect to the scope of documents being sought, the range of dates of publication of

25   documents being sought and the term "relate to."

26        Defendant further objects to this request on the ground that, reasonably interpreted, the

27   request is so overbroad as to be unduly burdensome..

28   McMullen's Responses To Plaintiffs' Requests
     For Production Set One
     C 07-4894 SBA                         13

1    Defendant further objects on the ground that a response would require defendant to

2  engage in research and collection of documents in excess of the obligations to respond as set

3  forth in the Federal Rules of Civil Procedure as well as search and production of documents to

4  which plaintiffs have equal access.

5    Defendant further responds that to the extent that the documents sought are documents

6  under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

7  C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

8  this request without, at a minimum, first following the procedures set forth in the Code of Federal

9  Regulations pertaining to the disclosure of Department of Justice information in federal

10  litigation.

11    Subject to and without waiving these objections, defendant responds as follows:

12    This document request is being forwarded to the appropriate federal agency officials in

13  accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

14  responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

15  any documents that are appropriate for disclosure.  In addition, defendant requests that any

16  amendment to the request (and in particular, any attempt to address the objections set forth

17  above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

18  the appropriate agency official for review.

19  REQUEST NO. 11:

20    ALL DOCUMENTS that support the contention that YOU were acting under federal

21  authority during the December 19, 2006 search of the home and arrest of ROBERT CARL

22  PATRICK KEANE.

23  RESPONSE TO REQUEST NO. 11:

24    Defendant objects to this request in that it is a "contention request" that is inappropriate

25  for this stage of the litigation.  Defendant further objects to the extent that this request serves no

26  purpose other than to harass defendant; there is no dispute in this litigation that defendant is a

27  federal officer and an employee of the Department of Justice.  Defendant further objects to this

28  McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA                    14

1    request to the extent that it seeks disclosure of nothing more than premature disclosure of

2    attorney work product; i.e., documents defendant will use at trial to establish the elements of his

3    defense.

4         Subject to, and without waiving these objections, defendant responds as follows:

5    Defendant is willing to produce a copy of his credentials or appropriate personnel files to

6    establish the fact of his federal employment.

7    REQUEST NO. 12:

8         ALL DOCUMENTS that RELATE TO the decision or the election of the DEA to use the

9    PETALUMA POLICE DEPARTMENT in the INVESTIGATION and the December 19, 2006

10   search of the home and arrest of ROBERT CARL PATRICK KEANE.

11   RESPONSE TO REQUEST NO. 12:

12        Defendant objects to the extent that plaintiffs interpret the request to include any

13   documents protected by the attorney-client privilege or the attorney work product doctrine.

14        Defendant further objects to this request on the ground that it is vague and ambiguous

15   with respect to the term "relate to" and because it is an undisputed fact that the Petaluma Police

16   Department referred the matter to the DEA, not the other way around.

17        Defendant further responds that to the extent that the documents sought are documents

18   under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

19   C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

20   this request without, at a minimum, first following the procedures set forth in the Code of Federal

21   Regulations pertaining to the disclosure of Department of Justice information in federal

22   litigation.

23        Subject to and without waiving these objections, defendant responds as follows:

24        This document request is being forwarded to the appropriate federal agency officials in

25   accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

26   responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

27   any documents that are appropriate for disclosure.  In addition, defendant requests that any

28   McMullen's Responses To Plaintiffs' Requests
     For Production Set One
     C 07-4894 SBA                                    15

1  amendment to the request (and in particular, any attempt to address the objections set forth

2  above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

3  the appropriate agency official for review.

4  REQUEST NO. 13:

5          ALL DOCUMENTS that RELATE TO the chain of custody of the PACKAGE.

6  RESPONSE TO REQUEST NO. 13:

7          Defendant objects to the extent that a response would require defendant to engage in

8  research and collection of documents in excess of the obligations to respond as set forth in the

9  Federal Rules of Civil Procedure as well as search and production of documents to which

10 plaintiffs have equal access.

11         Defendant further responds that to the extent that the documents sought are documents

12 under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28

13 C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to

14 this request without, at a minimum, first following the procedures set forth in the Code of Federal

15 Regulations pertaining to the disclosure of Department of Justice information in federal

16 litigation.

17         Subject to and without waiving these objections, defendant responds as follows:

18         This document request is being forwarded to the appropriate federal agency officials in

19 accordance with 28 C.F.R. § 24(a).  Defendant shall obtain a response from the agency and the

20 responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding

21 any documents that are appropriate for disclosure.  In addition, defendant requests that any

22 amendment to the request (and in particular, any attempt to address the objections set forth

23 above) be forwarded to defendant forthwith to enable defendant to forward such amendment to

24 the appropriate agency official for review.

25 REQUEST NO. 14:

26         ALL DOCUMENTS that RELATE TO the chain of custody of all evidence other than the

27 PACKAGE gathered in or used as part of the INVESTIGATION.

28 McMullen's Responses To Plaintiffs' Requests
   For Production Set One
   C 07-4894 SBA                    16

RESPONSE TO REQUEST NO. 14:

Defendant further objects to the extent that plaintiffs interpret the request to include any documents protected by the attorney-client privilege or the attorney work product doctrine.

Defendant further objects to this request on the ground that it is vague and ambiguous with respect to the scope of documents being sought, the range of dates of publication of documents being sought and the term "relate to."

Defendant further objects on the ground that a response would require defendant to engage in research and collection of documents in excess of the obligations to respond as set forth in the Federal Rules of Civil Procedure as well as search and production of documents to which plaintiffs have equal access.

Defendant further responds that to the extent that the documents sought are documents under the custody or control of the Drug Enforcement Agency, defendant in accordance with 28 C.F.R. § 16.22(a) is precluded from disclosing agency documents and information in response to this request without, at a minimum, first following the procedures set forth in the Code of Federal Regulations pertaining to the disclosure of Department of Justice information in federal litigation.

Subject to and without waiving these objections, defendant responds as follows:

This document request is being forwarded to the appropriate federal agency officials in accordance with 28 C.F.R. § 24(a). Defendant shall obtain a response from the agency and the responsible attorney as identified by 28 C.F.R. §16.22(b) will make a determination regarding any documents that are appropriate for disclosure. In addition, defendant requests that any amendment to the request (and in particular, any attempt to address the objections set forth above) be forwarded to defendant forthwith to enable defendant to forward such amendment to the appropriate agency official for review.

REQUEST NO. 15:

ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment or contract or agency relationship with the DEA.

McMullen's Responses To Plaintiffs' Requests
For Production Set One
C 07-4894 SBA                    17

1    RESPONSE TO REQUEST NO. 15:

2          Defendant objects on the ground that this request serves no purpose other than to harass

3    the defendant.  There is no dispute that defendant is an employee of the federal government and

4    an agent with the Drug Enforcement Administration.

5          Defendant objects to this request on the ground that it seeks disclosure of documents that

6    are not relevant nor reasonably calculated to discovery of relevant documents.

7          Defendant further objects to the extent that plaintiffs interpret the request to include any

8    documents protected by the attorney-client privilege or the attorney work product doctrine.

9          REQUEST NO. 16:

10          ALL DOCUMENTS that RELATE TO any civil actions involving the alleged violation

11    of civil or constitutional rights in which YOU were a named defendant or in which any party

12    alleged that YOU, whether or not you were a named defendant, violated their civil or

13    constitutional rights.

14    RESPONSE TO REQUEST NO. 16:

15          Defendant objects to this request on the ground that it seeks disclosure of documents that

16    are not relevant nor reasonably calculated to discovery of relevant documents.

17          Defendant further objects to the extent that plaintiffs interpret the request to include any

18    documents protected by the attorney-client privilege or the attorney work product doctrine.

19          Subject to and without waiving these objections, defendant responds as follows:

20          No such documents exist.

21

22          As to objections,

22

23          JOSEPH P. RUSSONIELLO
            United States Attorney

24    Dated: July 14, 2008

25                      /s/
            ABRAHAM A. SIMMONS
            Assistant United States Attorney

26

27    Verification to follow.

28    McMullen's Responses To Plaintiffs' Requests
      For Production Set One
      C 07-4894 SBA                    18

# EXHIBIT B

# ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

James E. Heffner
Direct Phone: +1 415 659 5996
Email: jeheffner@reedsmith.com

July 22, 2008

**By US Mail**

Abraham A. Simmons
Assistant United States Attorney
450 Golden Gate Ave., 9th Flr.
San Francisco, CA 94102-3495

Tricia L. Hynes
Meyers, Nave, Riback, Silver & Wilson
555 - 12th St., Ste. 1500
Oakland, CA 94607

**Keane, et al. v. McMullen, et al.**
**USDC ND Calif. Case No. CV-07-4894 SBA**

Dear Counsel,

This letter is complies with the consultation requirement of Local Rule 30-1. You will find enclosed a draft Deposition Notice identifying individuals that Plaintiffs intend to depose. You will note that the draft delays the depositions of Silva and McMullen until after the hearing on the pending motion for summary judgment in deference to our agreement with Mr. Simmons regarding certain discovery impacting his clients. Please contact me promptly with any scheduling conflicts so we can make any necessary accommodations for these depositions. We would like to serve a formal notice this week.

I look forward to hearing from you.

Very truly yours,

James E. Heffner

JEH

Enclosure

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

DOCSSFO-12521994.1 7/22/08 2:19 PM

1 | Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
2 | James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
3 | REED SMITH LLP
Two Embarcadero Center, Suite 2000
4 | San Francisco, CA  94111-3922

5 | **Mailing Address:**
P.O. Box 7936
6 | San Francisco, CA  94120-7936

7 | Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269
8

Attorneys for Plaintiffs
9 | Robert Carl Patrick Keane and Chieko Strange

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13

14 | ROBERT CARL PATRICK KEANE,
individually; and CHIEKO STRANGE,
15 | individually,

16 | Plaintiffs,

17 | vs.

18 | SETH M. MCMULLEN, PAUL ACCORNERO
and JOHN SILVA,

19

20 | Defendants.

No.: C 07 4894 SBA

**DRAFT NOTICE OF DEPOSITION OF:**

-JIM STEPHENSON
-JOHN MURPHY
-JEFF HOYT
-JOHN SILVA
-PAUL ACCORNERO
-SETH MCMULLEN

21

22 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

23 | PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,

24 | Plaintiffs will take the deposition upon oral examination of the following individuals at the specified
date, time and location:

25

26 | ///

27 | ///

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Deponent | Date, Time and Location |
|---|---|
| Detective Sergeant Jim Stephenson, who may be contacted at 969 Petaluma Blvd. N., Petaluma, CA 94952. | August 21, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| John Murphy, who may be contacted at 119 Hooper Ave., Toms River, NJ 08754. | August 28, 2008 at 10:0 a.m., at the offices of Reed Smith LLP, 136 Main Street, Suite 250, Princeton, NJ 08540. |
| Jeff Hoyt, who may be contacted through counsel of record for Seth McMullen and John Silva. | September 11, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| John Silva, who may be contacted through his counsel of record. | October 9, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| Paul Accornero, who may be contacted through his counsel of record. | September 25, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| Seth McMullen, who may be contacted through his counsel of record. | October 1, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |

The depositions will be taken before a certified court reporter qualified to administer oaths who will record the deposition stenographically, and/or by videotape and/or audiotape.

DATED:  July 22, 2008.

REED SMITH LLP


By    DRAFT
    James E. Heffner
    Attorneys for Plaintiffs
    Robert Carl Patrick Keane and Chieko Strange

DOCSSFO-12521867.1-JEHEFFNE