Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
Christopher C. Foster (SBN 253839)
Email: cfoster@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>                    Defendants. | No.: C 07 4894 SBA<br><br>**SECOND SUPPLEMENTAL DECLARATION OF JAMES HEFFNER IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:     September 16, 2008<br>Time:     1:00 p.m.<br>Place:    Courtroom 3, 3rd Floor<br>Before:   Hon. Saundra B. Armstrong |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I, James E. Heffner, declare:

1. I am an attorney at law, duly admitted to practice before all Courts in the State of California and the United States District Court for the Northern District of California. I am an associate at Reed Smith LLP, attorneys of record in this action for Plaintiffs Robert Carl Patrick Keane ("Keane") and Chieko Strange ("Strange") (collectively, "Plaintiffs"). I have personal knowledge of the matters set forth below and, if called as a witness, I could and would testify competently to each of them.

2. On May 7, 2008, the parties to this action participated in a case management conference to address scheduling. On May 8, 2008, this Court issued a Scheduling Order establishing a fact-discovery cut-off date of December 22, 2008.

3. Subsequently, on May 28, 2008, Plaintiffs served their First Request for Production of Documents and Things on all Defendants. The Request for Production sought, among other things, information regarding the Drug Enforcement Administration's ("DEA") policies governing narcotics investigations, information related to the execution of search and arrest warrants, Defendants' employment and training records and materials related to the investigation, raid and arrest underlying this lawsuit. Attached hereto as Exhibit A is a true and correct copy of the Request for Production of Documents and Things issued to Defendant John Silva ("Silva").

4. On July 14, 2008, Silva served responses to Plaintiffs' Request for Production. Silva, through his counsel, objected to each of Plaintiffs document requests and produced no documents. Instead, he represented that 28 C.F.R. § 16.22(a) precluded him from disclosing responsive documents without first forwarding the requests to government agency officials. Silva then stated that the appropriate governmental agency would make a determination concerning any documents appropriate for disclosure. To date, Plaintiffs have received no documents and have received no notice of any determination regarding disclosure. Attached hereto as Exhibit B is a true and correct copy of Silva's Responses to Plaintiffs' First Request for Production of Documents and Things.

5. On July 22, 2008, Plaintiffs submitted draft deposition notices to all Defendants, identifying the individuals they intended to depose and proposing dates for those depositions. Plaintiffs identified the following witnesses:

- Petaluma Police Officer James Stephenson, who first investigated the package containing contraband and presented Petaluma Mail Depot owner Maureen McGuigan with a "photo array."

- Brick Township Police Officer John Murphy, who communicated with Defendant McMullen regarding the controlled delivery and investigation of Brian and Suzanne Keane of Brick Township, New Jersey.

- Federal Agent Jeff Hoyt, who accompanied Defendant McMullen to the Petaluma Mail Depot to interview owner Maureen McGuigan and witnessed McGuigan's "identification" of Plaintiff Keane.

- Defendant and Federal Agent John Silva, who participated in the raid on the Keane home and questioned Plaintiffs, and was likely involved in a pre-operational meeting regarding the procedures to be employed during the raid.

- Petaluma Police Officer Paul Accornero, who participated in the raid on the Keane home and threatened Plaintiffs with a narcotics dog.

- Defendant and Federal Agent Seth McMullen, who supervised the investigation of Plaintiffs and oversaw the raid on the Keane home.

Defendants intend to conclude all depositions well before the Court ordered discovery cut-off date of December 22, 2008. With respect to Defendant Silva, Plaintiffs proposed a deposition date of October 9, 2008. Defendant Silva has yet to agree to or reject the proposed deposition date. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' notice of proposed deposition dates.

6. Plaintiffs have retained Michael Levine, a twenty-five year veteran of federal law enforcement with over forty-three years of general law enforcement training and experience, to review discovery materials and other documents related to Defendants' investigation, arrest and prosecution of Plaintiff Keane. Mr. Levine will opine on the investigative tactics and procedures employed by the Defendants and will determine whether such practices violated professional law enforcement standards.

7. Mr. Levine has opined that prior to the raid on Plaintiffs' home, Defendants would have held a pre-operational meeting during which the case background and procedure for entering Plaintiffs' home would have been discussed. Plaintiffs further expect that written discovery and depositions will reveal that Defendant Silva attended and participated in this pre-operational meeting.

8. Plaintiffs anticipate that written discovery from Defendants and depositions of percipient witnesses will uncover specific facts related to the investigation, arrest and prosecution of Plaintiff Keane and the raid on the Keane home. These facts include information regarding how long the police officers actually waited before entering into the home, where the officers were positioned prior to and during the raid, the extent of and details concerning any investigation conducted between December 1 and December 15 (the date on which the search warrant was issued), and evidence of surveillance on the Keane home prior to the raid. Further, Plaintiffs expect that additional discovery will clarify the extent of and particulars of Defendant Silva's involvement in the raid, including his participation in any pre-operational strategy discussions.

9. The forgoing discovery is essential to a complete opposition to Silva's motion for summary judgment, as it is likely to demonstrate that, among other things, Silva played an integral role in the raid. Further, the discovery will likely establish the specific manner in which officers entered the Keane home, likely showing the unreasonableness of the entry. The discovery sought will also likely reveal that the investigation between December 1 and December 15 should have alleviated any supposed concerns regarding the spoliation of evidence necessitating a forcible entry. Plaintiffs further expect that testimony and written discovery responses will reveal that Defendants failed to ask fundamental questions and knowingly disregarded the truth in compiling evidence to submit to the magistrate to secure a search and arrest warrant. Plaintiffs believe that Defendants' failure to include certain information amounted to "judicial deception," as the magistrate rendered a probable cause determination without receiving a complete and accurate account of the investigation of Plaintiffs. Finally, Plaintiffs anticipate that the discovery sought will clarify that Defendant Silva played more than a minor role in the raid on Plaintiffs' home.

10. I believe that this additional information will raise genuine issues of material fact. Therefore, Defendant Silva's motion should be denied under Federal Rule of Civil Procedure 56(f).

11. I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed this 5th day of August, 2008 at San Francisco, California.

REED SMITH LLP

By: __/s/_____
James E. Heffner
Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange