**EXHIBIT A**

1  Michael J. Coffino (SBN 88109)
   Email: mcoffino@reedsmith.com
2  James E. Heffner (SBN 245406)
   Email: jeheffner@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA 94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA 94120-7936

7  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
8
   Attorneys for Plaintiffs
9  Robert Carl Patrick Keane and Chieko Strange

10                     UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA

12  ROBERT CARL PATRICK KEANE,           No.: C 07 4894 SBA
    individually; and CHIEKO STRANGE,
13  individually,                        **PLAINTIFFS' FIRST REQUEST FOR
                                         PRODUCTION OF DOCUMENTS AND
14                  Plaintiffs,          THINGS TO DEFENDANT JOHN SILVA**

15       vs.

16  SETH M. MCMULLEN, PAUL ACCORNERO
    and JOHN SILVA,
17
                    Defendants.
18

19  PROPOUNDING PARTY:   Plaintiffs ROBERT CARL PATRICK KEANE and CHIEKO
20                       STRANGE
21  RESPONDING PARTY:    Defendant JOHN SILVA
22  SET NUMBER:          ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), Plaintiffs Robert Carl Patrick Keane and Chieko Strange ("Plaintiffs") hereby request that Defendant SETH M. MCMULLEN respond to the following Requests for Production of Documents, in writing and under oath, and produce and permit Plaintiffs to inspect and/or copy the requested materials within the time period provided in the Rules. The place for production or inspection shall be the law offices of Reed Smith, Two Embarcadero Center, Suite 2000, San Francisco, California 94111.

## I.   DEFINITIONS

1. The term "YOU" or "YOUR" shall mean Defendant John Silva.

2. The term "DEA" shall mean the United States Drug Enforcement Administration and any of its employees, officers, representatives or agents.

3. The term "BRICK TOWNSHIP POLICE DEPARTMENT" shall mean the Police Department for the City of Brick Township, located at 401 Chambersbridge Road, Brick, NJ 08723, and any of its employees, officers, representatives or agents.

4. The term "PETALUMA POLICE DEPARTMENT" shall mean the Police Department for the City of Petaluma, located at 969 Petaluma Blvd. North, Petaluma, CA 94952 and any of its employees, officers, representatives or agents.

5. The term "SONOMA COUNTY DISTRICT ATTORNEY" shall mean the Sonoma County Office of the District Attorney, located at 600 Administration Drive, Room 212-J, Santa Rosa, CA 95403 and any of its employees, officers, representatives or agents.

6. The term "MAIL DEPOT" shall mean the Mail Depot business located at 40 4th Street, Petaluma, CA 94952.

7. The term "PACKAGE" shall mean to an approximately six-pound package of marijuana that the MAIL DEPOT received on or about November 29, 2006..

8. The term "CONTROLLED DELIVERY" shall mean the delivery of the PACKAGE on or about December 1, 2006 as part of a criminal investigation.

9. 9. The term "INVESTIGATION" shall mean any criminal investigation that arose out of or is related in any way to the PACKAGE. This includes, but is not limited to the criminal investigation described in the County of Sonoma Search Warrant designated SW No.

06436, dated December 15, 2006 and signed by Special Agent SETH M. MCMULLEN, as well as the DRUG ENFORCEMENT ADMINISTRATION Report of Investigation dated 01/03/07, signed by Special Agent SETH M. MCMULLEN and Resident Agent in Charge Bryan Andreozzi.

10. The term "ROBERT CARL PATRICK KEANE" shall mean the gentleman by that name who resides at 307 N. Ferndale Ave., Mill Valley, CA 94941 and was investigated under suspicion of attempting to send the PACKAGE.

11. The term "SETH M. MCMULLEN" shall mean the Special Agent of that name employed by the DRUG ENFORCEMENT ADMINISTRATION and involved in the INVESTIGATION.

12. The term "PERSON" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, the parties to this action) shall encompass all predecessor or successor corporations or other legal entities; all past and present parents, subsidiaries, and affiliate corporations or other legal entities; and all past or present shareholders, directors officers, trustees, agents, employees, representatives, and, where not privileged, in-house or outside legal counsel for such corporations or other legal entities.

13. The term "DOCUMENT" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, including (without limitation) writings, drawings, graphs, charts, photographs, audio recordings, video recordings, phono-records, bills, invoices, shipping documentation, order forms, purchase orders, bills of lading, e-mails, electronic records, computer disks, and other data compilations from which information can be obtained and translated.

14. The term "ALL DOCUMENTS" includes each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a given document request. Where originals are not available, authentic copies of such documents may be produced; but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (or which, by reason of subsequent modification of a copy or by the addition of notations, are no longer identical), each non-identical copy is a separate document

1  and should be identified or produced.

2  15.  The term "RELATE(S) TO" shall mean to request all documents and tangible things that in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things that reflect, record, memorialize, discuss, consider, review, show, mention, analyze, indicate, contain, identify, incorporate, deal with, report on, speak of or pertain to the subject matter of the request in any way.

3  16.  The term "ALL COMMUNICATIONS" shall mean any and all transmissions of information, in any form, via any medium, from any person or persons to any other person or persons. In the case of information transmitted by means of a document, "COMMUNICATION" includes any copy of such document and any other document incorporating, summarizing, or describing the contents of the transmission. In the case of information transmitted by any other means (e.g., orally or electronically), "COMMUNICATION" includes any document containing a recording, transcription, summary or description of the transmission or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

4  17.  If you object to any of these document requests, then you shall state the reasons for each such objection. If you object to any part of a document request, then you shall further specify the part to which you object. Similarly, if you do not object to a particular document request, but are unable to comply fully with that request, then you shall comply to the fullest extent possible and provide an explanation for your lack of full compliance.

5  18.  If any requested document is unavailable because it has been lost, discarded, or destroyed, please summarize for each such document: (a) its date, author, addressee, signatory, type, content and length; (b) the date and circumstances under which it was lost, discarded or destroyed; and (c) the identity of any persons who ordered or directed it to be discarded or destroyed, or who otherwise have knowledge of the circumstances under which it was lost, discarded or destroyed.

6  19.  All of these document requests are directed not only to those documents in the possession, custody or control of you or your directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel, but also to those documents in the

possession, custody or control of any "person" (as defined above) who you control and to any documents in the possession, custody or control of any directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel of any such person. In addition, documents for which you have the legal right to obtain shall be considered within your possession, custody or control. For documents whose locations are unknown, state the names and addresses of any persons that might possess or know the location of such documents.

20. All documents requested shall be produced in the same file or other organization environment in which they are or were kept in the usual course of business. For example, a document that is part of a file, docket or grouping should be physically produced together with all other documents from the file, docket or grouping responsive to the request, in the same order or manner of arrangement as the original.

21. If any information is withheld from discovery on a claim that it is privileged or subject to protection as trial preparation materials, work product immunity, or some other ground of privilege or immunity, the claim shall be made expressly and each such document shall be identified as follows, or by other description sufficient to enable the Court to evaluate the claim:

    a) a description of the general type of document, e.g., letter, memorandum, report, note, etc., and the number of pages of which it consists;

    b) the date and if it does not contain a date, the identification shall so state and shall give the date or approximate date the document was prepared;

    c) if a signed document, the name of the person who signed such document and the name of the person who prepared such document if different from the signer;

    d) if an unsigned document, the name of the person who prepared such document;

    e) the organization, if any, that employed the signer or preparer or with which the signer or preparer was then affiliated;

    f) the names and addresses of all addressees and recipients of the document;

    g) the names and addresses of all other PERSONS to whom the document was

distributed;

h) the organization, if any, with which each addressee, recipient or distributee was then affiliated;

i) a general summary of the subject matter;

j) the specific ground(s) for refusal to produce such document; and

k) the present location of such document and each copy known to YOU, including the title, identifying or descriptive code number, file number, index number, and label, if any, of the file in which the document is kept by YOU.

21. Unless otherwise indicated, these document requests shall have no time limitations and should be amended or supplemented in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## II.   REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

ALL DOCUMENTS that RELATE TO the policies and procedures governing criminal investigations related to narcotics (including marijuana) that are issued to or otherwise available or accessible to YOU in the course of your duties, including but not limited to employee handbooks, training manuals and other training materials.

REQUEST NO. 2:

ALL DOCUMENTS that RELATE TO policies and procedures governing the seeking (including preceding investigations) and the execution of search and arrest warrants that are issued to or otherwise available or accessible to YOU in the course of your duties, including without limitation when operating under the auspices of the DEA as well as when acting in conjunction or cooperation with non-federal agencies such as the PETALUMA POLICE DEPARTMENT or the BRICK TOWNSHIP POLICE DEPARTMENT.

REQUEST NO. 3:

ALL DOCUMENTS that RELATE TO policies and procedures for conducting and using photographic or other "line-ups" or other identification methods.

///

REQUEST NO. 4:

ALL DOCUMENTS that RELATE TO any understandings, agreements, or arrangements with any entity or PERSON to provide a defense or indemnification for YOU in civil or other actions generally and this action specifically, including, without limitation, indemnification agreements and contracts.

REQUEST NO. 5:

ALL DOCUMENTS that RELATE TO YOUR personnel files, training history and training records, experience with drug investigations, drug raids and drug arrests, and records of prior disciplinary, criminal or civil actions brought against YOU, including, without limitation, instances of evidence being excluded in criminal trials due to improper search, seizure or investigation.

REQUEST NO. 6:

ALL DOCUMENTS that RELATE TO the INVESTIGATION, including but not limited to YOUR personal notes, investigative files, reports, statements, photographs, fingerprint records, records of photographic or other "line-ups" or other identification methods, and any other evidence gathered in connection with the INVESTIGATION.

REQUEST NO. 7:

ALL DOCUMENTS that RELATE TO the December 19, 2006 search of the home and arrest of ROBERT CARL PATRICK KEANE.

REQUEST NO. 8:

ALL DOCUMENTS that RELATE TO the CONTROLLED DELIVERY.

REQUEST NO. 9:

ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP POLICE DEPARTMENT, the DEA, the PETALUMA POLICE DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the INVESTIGATION.

REQUEST NO. 10:

ALL DOCUMENTS that RELATE TO ALL COMMUNICATIONS between or among YOU and the BRICK TOWNSHIP POLICE DEPARTMENT, the PETALUMA POLICE

1  DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that
2  RELATE TO the December 19, 2006 search of the home and arrest of ROBERT CARL PATRICK
3  KEANE and/or the INVESTIGATION.
4  REQUEST NO. 11:
5     ALL DOCUMENTS that support the contention that YOU were acting under federal
6  authority in connection the December 19, 2006 search of the home and arrest of ROBERT CARL
7  PATRICK KEANE.
8  REQUEST NO. 12:
9     ALL DOCUMENTS that RELATE TO the decision or the election of the DEA to use the
10 PETALUMA POLICE DEPARTMENT in the INVESTIGATION and the December 19, 2006
11 search of the home and arrest of ROBERT CARL PATRICK KEANE.
12 REQUEST NO. 13:
13    ALL DOCUMENTS that RELATE TO the chain of custody of the PACKAGE.
14 REQUEST NO. 14:
15    ALL DOCUMENTS that RELATE TO the chain of custody of all evidence other than the
16 PACKAGE gathered in or used as part of the INVESTIGATION.
17 REQUEST NO. 15:
18    ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment with
19 PETALUMA POLICE DEPARTMENT.
20 REQUEST NO. 16:
21    ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment or
22 contract or agency relationship with the DEA.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

No.: C 07 4894 SBA — 8 —
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SILVA

**REQUEST NO. 17:**

ALL DOCUMENTS that RELATE TO any civil actions involving the alleged violation of civil or constitutional rights in which YOU were a named defendant or in which any party alleged that YOU, whether or not you were a named defendant, violated their civil or constitutional rights.

DATED: May 28, 2007.

REED SMITH LLP

By _____
James E. Heffner
Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

DOCSSFO-12516254.1-JEHEFFNE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On May 28, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT JOHN SILVA**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

**For Defendant Paul Accornero:**

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

**For Defendants Seth McMullen and John Silva:**

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 28, 2008, at San Francisco, California.

_Ann H. Devor_
Ann H. Devor