# EXHIBIT A

1 Michael J. Coffino (SBN 88109)
  Email: mcoffino@reedsmith.com
2 James E. Heffner (SBN 245406)
  Email: jeheffner@reedsmith.com
3 REED SMITH LLP
  Two Embarcadero Center, Suite 2000
4 San Francisco, CA 94111-3922

5 **Mailing Address:**
  P.O. Box 7936
6 San Francisco, CA 94120-7936

7 Telephone:  +1 415 543 8700
  Facsimile:  +1 415 391 8269
8
  Attorneys for Plaintiffs
9 Robert Carl Patrick Keane and Chieko Strange

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12  ROBERT CARL PATRICK KEANE,            No.: C 07 4894 SBA
    individually; and CHIEKO STRANGE,
13  individually,                         **PLAINTIFFS' FIRST REQUEST FOR
                                          PRODUCTION OF DOCUMENTS AND
14                     ·    Plaintiffs,   THINGS TO DEFENDANT PAUL
                                          ACCORNERO**
15        vs.

16  SETH M. MCMULLEN, PAUL ACCORNERO
    and JOHN SILVA,
17
                       Defendants.
18

19  PROPOUNDING PARTY:   Plaintiffs ROBERT CARL PATRICK KEANE and CHIEKO
20                       STRANGE

21  RESPONDING PARTY:    Defendant PAUL ACCORNERO

22  SET NUMBER:          ONE
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), Plaintiffs

2  Robert Carl Patrick Keane and Chieko Strange ("Plaintiffs") request that Defendant PAUL

3  ACCORNERO respond to the following Requests for Production of Documents, in writing and

4  under oath, and produce and permit Plaintiffs to inspect and/or copy the requested materials within

5  the time period provided in the Rules.  The place for production or inspection shall be the law offices

6  of Reed Smith, Two Embarcadero Center, Suite 2000, San Francisco, California 94111.

**I.      DEFINITIONS**

8  1.      The term "YOU" or "YOUR" shall mean Defendant Paul Accornero.

9  2.      The term "DEA" shall mean the United States Drug Enforcement Administration and

10  any of its employees, officers, representatives or agents.

11  3.      The term "BRICK TOWNSHIP POLICE DEPARTMENT" shall mean the Police

12  Department for the City of Brick Township, located at 401 Chambersbridge Road, Brick, NJ 08723,

13  and any of its employees, officers, representatives or agents.

14  4.      The term "PETALUMA POLICE DEPARTMENT" shall mean the Police

15  Department for the City of Petaluma, located at 969 Petaluma Blvd. North, Petaluma, CA 94952 and

16  any of its employees, officers, representatives or agents.

17  5.      The term "SONOMA COUNTY DISTRICT ATTORNEY" shall mean the Sonoma

18  County Office of the District Attorney, located at 600 Administration Drive, Room 212-J, Santa

19  Rosa, CA 95403 and any of its employees, officers, representatives or agents.

20  6.      The term "MAIL DEPOT" shall mean the Mail Depot business located at 40 4th

21  Street, Petaluma, CA 94952.

22  7.      The term "PACKAGE" shall mean to an approximately six-pound package of

23  marijuana that the MAIL DEPOT received on or about November 29, 2006.

24  8.      The term "CONTROLLED DELIVERY" shall mean the delivery of the PACKAGE

25  on or about December 1, 2006 as part of a criminal investigation.

26  9.      The term "INVESTIGATION" shall mean any criminal investigation that arose out of

27  or is related in any way to the PACKAGE.  This includes, but is not limited to the criminal

28  investigation described in the County of Sonoma Search Warrant designated SW No. 06436, dated

1    December 15, 2006 and signed by Special Agent SETH M. MCMULLEN, as well as the DRUG

2    ENFORCEMENT ADMINISTRATION Report of Investigation dated 01/03/07, signed by Special

3    Agent SETH M. MCMULLEN and Resident Agent in Charge Bryan Andreozzi.

4        10.    The term "ROBERT CARL PATRICK KEANE" shall mean the gentleman by that

5    name who resides at 307 N. Ferndale Ave., Mill Valley, CA 94941 and was investigated under

6    suspicion of attempting to send the PACKAGE.

7        11.    The term "SETH M. MCMULLEN" shall mean the Special Agent of that name

8    employed by the DRUG ENFORCEMENT ADMINISTRATION and involved in the

9    INVESTIGATION.

10        12.    The term "PERSON" shall mean any natural person, corporation, partnership, firm,

11    association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business

12    or governmental entity. Unless otherwise stated, all references to corporations or other legal entities

13    (including, without limitation, the parties to this action) shall encompass all predecessor or successor

14    corporations or other legal entities; all past and present parents, subsidiaries, and affiliate

15    corporations or other legal entities; and all past or present shareholders, directors officers, trustees,

16    agents, employees, representatives, and, where not privileged, in-house or outside legal counsel for

17    such corporations or other legal entities.

18        13.    The term "DOCUMENT" shall have the same meaning as used in Rule 34 of the

19    Federal Rules of Civil Procedure, including (without limitation) writings, drawings, graphs, charts,

20    photographs, audio recordings, video recordings, phono-records, bills, invoices, shipping

21    documentation, order forms, purchase orders, bills of lading, e-mails, electronic records, computer

22    disks, and other data compilations from which information can be obtained and translated.

23        14.    The term "ALL DOCUMENTS" includes each and every document that refers,

24    reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a

25    given document request. Where originals are not available, authentic copies of such documents may

26    be produced; but, if a document has been prepared in separate copies, or additional copies have been

27    made and the copies are not identical (or which, by reason of subsequent modification of a copy or

28    by the addition of notations, are no longer identical), each non-identical copy is a separate document

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C 07 4894 SBA                           – 3 –

1  and should be identified or produced.

2      15.     The term "RELATE(S) TO" shall mean to request all documents and tangible things

3  that in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the

4  subject matter of the request, including, but not limited to, all documents and tangible things that

5  reflect, record, memorialize, discuss, consider, review, show, mention, analyze, indicate, contain,

6  identify, incorporate, deal with, report on, speak of or pertain to the subject matter of the request in

7  any way.

8      16.     The term "ALL COMMUNICATIONS" shall mean any and all transmissions of

9  information, in any form, via any medium, from any person or persons to any other person or

10 persons.  In the case of information transmitted by means of a document, "COMMUNICATION"

11 includes any copy of such document and any other document incorporating, summarizing, or

12 describing the contents of the transmission.  In the case of information transmitted by any other

13 means (e.g., orally or electronically), "COMMUNICATION" includes any document containing a

14 recording, transcription, summary or description of the transmission or identifying the time, place,

15 subject matter, medium of transmission and/or participants in the transmission.

16     17.     If you object to any of these document requests, then you shall state the reasons for

17 each such objection.  If you object to any part of a document request, then you shall further specify

18 the part to which you object.  Similarly, if you do not object to a particular document request, but are

19 unable to comply fully with that request, then you shall comply to the fullest extent possible and

20 provide an explanation for your lack of full compliance.

21     18.     If any requested document is unavailable because it has been lost, discarded, or

22 destroyed, please summarize for each such document: (a) its date, author, addressee, signatory, type,

23 content and length; (b) the date and circumstances under which it was lost, discarded or destroyed;

24 and (c) the identity of any persons who ordered or directed it to be discarded or destroyed, or who

25 otherwise have knowledge of the circumstances under which it was lost, discarded or destroyed.

26     19.     All of these document requests are directed not only to those documents in the

27 possession, custody or control of you or your directors, officers, trustees, agents, employees,

28 representatives, and – unless privileged – legal counsel, but also to those documents in the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  possession, custody or control of any "person" (as defined above) who you control and to any

2  documents in the possession, custody or control of any directors, officers, trustees, agents,

3  employees, representatives, and – unless privileged – legal counsel of any such person. In addition,

4  documents for which you have the legal right to obtain shall be considered within your possession,

5  custody or control. For documents whose locations are unknown, state the names and addresses of

6  any persons that might possess or know the location of such documents.

7       20.    All documents requested shall be produced in the same file or other organization

8  environment in which they are or were kept in the usual course of business. For example, a

9  document that is part of a file, docket or grouping should be physically produced together with all

10  other documents from the file, docket or grouping responsive to the request, in the same order or

11  manner of arrangement as the original.

12       21.    If any information is withheld from discovery on a claim that it is privileged or

13  subject to protection as trial preparation materials, work product immunity, or some other ground of

14  privilege or immunity, the claim shall be made expressly and each such document shall be identified

15  as follows, or by other description sufficient to enable the Court to evaluate the claim:

16             a)    a description of the general type of document, e.g., letter, memorandum,

17                 report, note, etc., and the number of pages of which it consists;

18             b)    the date and if it does not contain a date, the identification shall so state and

19                 shall give the date or approximate date the document was prepared;

20             c)    if a signed document, the name of the person who signed such document and

21                 the name of the person who prepared such document if different from the

22                 signer;

23             d)    if an unsigned document, the name of the person who prepared such

24                 document;

25             e)    the organization, if any, that employed the signer or preparer or with which

26                 the signer or preparer was then affiliated;

27              f)    the names and addresses of all addressees and recipients of the document;

28             g)    the names and addresses of all other PERSONS to whom the document was

1   distributed;

2   h)   the organization, if any, with which each addressee, recipient or distributee

3        was then affiliated;

4   i)   a general summary of the subject matter;

5   j)   the specific ground(s) for refusal to produce such document; and

6   k)   the present location of such document and each copy known to YOU,

7        including the title, identifying or descriptive code number, file number, index

8        number, and label, if any, of the file in which the document is kept by YOU.

9   21.   Unless otherwise indicated, these document requests shall have no time limitations

10  and should be amended or supplemented in accordance with Rule 26 of the Federal Rules of Civil

11  Procedure.

12  **II.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

13  REQUEST NO. 1:

14      ALL DOCUMENTS that RELATE TO the policies and procedures governing criminal

15  investigations related to narcotics (including marijuana) that are issued to or otherwise available or

16  accessible to YOU in the course of your duties, including but not limited to employee handbooks,

17  training manuals and other training materials.

18  REQUEST NO. 2:

19      ALL DOCUMENTS that RELATE TO policies and procedures governing the seeking

20  (including preceding investigations) and the execution of search and arrest warrants that are issued to

21  or otherwise available or accessible to YOU in the course of your duties, including without

22  limitation when operating under the auspices of the DEA as well as when acting in conjunction or

23  cooperation with non-federal agencies such as the PETALUMA POLICE DEPARTMENT or the

24  BRICK TOWNSHIP POLICE DEPARTMENT.

25  REQUEST NO. 3:

26      ALL DOCUMENTS that RELATE TO policies and procedures for conducting and using

27  photographic or other "line-ups" or other identification methods.

28      ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  REQUEST NO. 4:

2      ALL DOCUMENTS that RELATE TO any understandings, agreements, or arrangements

3  with any entity or PERSON to provide a defense or indemnification for YOU in civil or other

4  actions generally and this action specifically, including, without limitation, indemnification

5  agreements and contracts.

6  REQUEST NO. 5:

7      ALL DOCUMENTS that RELATE TO YOUR personnel files, training history and training

8  records, experience with drug investigations, drug raids and drug arrests, and records of prior

9  disciplinary, criminal or civil actions brought against YOU, including, without limitation, instances

10  of evidence being excluded in criminal trials due to improper search, seizure or investigation.

11  REQUEST NO. 6:

12      ALL DOCUMENTS that RELATE TO the INVESTIGATION, including but not limited to

13  YOUR personal notes, investigative files, reports, statements, photographs, fingerprint records,

14  records of photographic or other "line-ups" or other identification methods, and any other evidence

15  gathered in connection with the INVESTIGATION.

16  REQUEST NO. 7:

17      ALL DOCUMENTS that RELATE TO the December 19, 2006 search of the home and arrest

18  of ROBERT CARL PATRICK KEANE.

19  REQUEST NO. 8:

20      ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP

21  POLICE DEPARTMENT, the DEA, the PETALUMA POLICE DEPARTMENT, the SONOMA

22  COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the

23  INVESTIGATION.

24  REQUEST NO. 9:

25      ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP

26  POLICE DEPARTMENT, the PETALUMA POLICE DEPARTMENT, the SONOMA COUNTY

27  DISTRICT ATTORNEY, or any other PERSON that RELATE TO the December 19, 2006 search of

28  the home and arrest of ROBERT CARL PATRICK KEANE and/or the INVESTIGATION.

REQUEST NO. 10:

ALL DOCUMENTS that RELATE TO ALL COMMUNICATIONS between or among YOU and the BRICK TOWNSHIP POLICE DEPARTMENT, the PETALUMA POLICE DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the December 19, 2006 search of the home and arrest of ROBERT CARL PATRICK KEANE and/or the INVESTIGATION.

REQUEST NO. 11:

ALL DOCUMENTS that support the contention that YOU were acting under federal authority in connection with the December 19, 2006 search of the home and arrest of ROBERT CARL PATRICK KEANE.

REQUEST NO. 12:

ALL DOCUMENTS that RELATE TO any guidelines, policies, practices or requirements regarding when YOU and/or the PETALUMA POLICE DEPARTMENT consult, inform and/or use the DEA in a criminal investigation.

REQUEST NO. 13:

ALL DOCUMENTS that RELATE TO the decision or the election of the CITY OF PETALUMA to use the DEA in the INVESTIGATION.

REQUEST NO. 14:

ALL DOCUMENTS that RELATE TO the chain of custody of the PACKAGE.

REQUEST NO. 15:

ALL DOCUMENTS that RELATE TO the chain of custody of all evidence other than the PACKAGE gathered in or as part of the INVESTIGATION.

REQUEST NO. 16:

ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment with PETALUMA POLICE DEPARTMENT.

REQUEST NO. 17:

ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment or contract or agency relationship with the DEA.

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACCORNERO

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  <u>REQUEST NO. 18:</u>

2      ALL DOCUMENTS that RELATE TO any civil actions involving the alleged violation of

3  civil or constitutional rights in which YOU were a named defendant or in which any party alleged

4  that YOU, whether or not you were a named defendant, violated their civil or constitutional rights.

5      DATED:  May 28, 2007.

6                                      REED SMITH LLP

7

8                          By _____

9                              James E. Heffner
                             Attorneys for Plaintiffs
                             Robert Carl Patrick Keane and Chieko Strange

10

11

12  DOCSSFO-12515972.2-JEHEFFNE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACCORNERO

1

## PROOF OF SERVICE

2       I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center,

4   Suite 2000, San Francisco, CA 94111-3922.  On May 28, 2008, I served the following document(s)

5   by the method indicated below:

6

7   **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
    TO DEFENDANT PAUL ACCORNERO**

8   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
         prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I
9        am readily familiar with the firm's practice of collection and processing of correspondence
         for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that
10       same day with postage thereon fully prepaid in the ordinary course of business.  I am aware
         that on motion of the party served, service is presumed invalid if the postal cancellation date
11       or postage meter date is more than one day after the date of deposit for mailing in this
         Declaration.

12

13

14  **For Defendant Paul Accornero**:          **For Defendants Seth McMullen and John
                                                Silva**:
15  Kimberly E. Colwell, Esq.
    Tricia L. Hynes, Esq.                       Abraham A. Simmons, Assistant United States
16  MEYERS, NAVE, RIBACK, SILVER &              Attorney
    WILSON                                      450 Golden Gate Avenue, 9th Floor
17  555 12th Street, Suite 1500                 San Francisco, CA 94102-3495
    Oakland, CA 94607                           Telephone:  415-436-7264
18  Telephone:  510-808-2000                    Facsimile:  415-436-6748
    Facsimile:  510-444-1108
19

20

21

22       I declare under penalty of perjury under the laws of the State of California that the

23  above is true and cor/rect.  Executed on May 28, 2008, at San Francisco, California.

24

25                                          _____
                                            Ann H. Devor
26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

DOCSSFO-12515972.2-JEHEFFNE 5/28/08 2:34 PM