# EXHIBIT B

1  Kimberly E. Colwell (SBN: 127604)
   kcolwell@meyersnave.com
2  Tricia L. Hynes (SBN: 212550)
   thynes@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, CA 94607
   Telephone: (510) 808-2000
5  Facsimile: (510) 444-1108

6  Attorneys for Defendant
   PAUL ACCORNERO

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 ROBERT CARL PATRICK KEANE,                Case No: C07-4894 SBA (EDL)
   individually; and CHIEKO STRANGE,
11 individually,
                                             DEFENDANT PAUL ACCORNERO'S
12              Plaintiffs,                   RESPONSES TO PLAINTIFFS' FIRST
                                             REQUEST FOR PRODUCTION OF
13 v.                                        DOCUMENTS AND THINGS

14 SETH MCMULLEN, PAUL ACCORNERO
   and JOHN SILVA,
15
                Defendants.
16

17 PROPOUNDING PARTY:    Plaintiffs   ROBERT CARL PATRICK KEANE and CHIEKO
                                      STRANGE
18
   RESPONDING PARTY:     Defendant   PAUL ACCORNERO
19
   SET NUMBER:           ONE
20

21                        **GENERAL OBJECTIONS**

22       The following general objections apply to each and every inspection demand and are

23 incorporated by this reference, to the extent applicable, in each and every specific response set forth

24 below.

25       1.     Defendant Paul Accornero ("Defendant") objects to the document requests production

26 on the grounds that they are overly broad and seek documents which are neither relevant to the

27 subject matter of this action nor reasonably calculated to lead to the discovery of admissible

28 evidence.  Defendant further objects on the ground that searching for and producing all the

---

1  documents arguably included in the document production would be so burdensome as to result in

2  injustice and would be oppressive in that the burden imposed thereby would be incommensurate with

3  the results Plaintiff seeks.  Nevertheless, Defendant has applied a common-sense construction to the

4  document requests and, subject to the exceptions and limitations discussed below, endeavored to

5  produce responsive documents which they believe are the subject of legitimate discovery.

6       2.      Defendant objects to each and every demand to the extent that it calls for production

7  of documents that constitute record or reflect attorney-client communications.

8       3.      Defendant objects to each and every demand to the extent that it calls for production

9  of documents that constitute record or reflect attorney-work product, including, but not limited to, the

10  thoughts or mental impressions of Defendant's attorneys in connection with the preparation,

11  prosecution, avoidance or defense of any claim by or against Defendants.

12       4.      Defendant objects to each and every demand to the extent that it calls for production

13  of documents that constitute record or reflect confidential and/or private information of Defendant or

14  third parties.

15       5.      Nothing contained in this response is intended to be or should be considered a waiver

16  of any attorney-client privilege, work product protection, the right of privacy or confidential

17  information, or any other applicable privilege or doctrine, and to the extent that any demand may be

18  construed as calling for disclosure of information or documents protected by such privileges or

19  doctrines, a continuing objection to each and every such demand is hereby made.

20       6.      Defendant objects to each and every demand to the extent that it calls for production

21  of "all" documents that exist in Defendant's possession, custody or control on a given subject.  To the

22  extent that the Defendant undertakes to produce documents, Defendant will use reasonable diligence

23  to locate files of persons having substantial responsibility for a given subject matter, and will produce

24  relevant documents as they are kept in such files.  To the extent that Plaintiffs request that Defendant

25  engage in a more extensive search for documents than indicated, Plaintiffs' demands are

26  unreasonable, unduly burdensome and oppressive.  The burden of such a search would be out of

27  proportion to the prospect of discovery in admissible evidence or materials that would lead to the

28  discovery of admissible evidence.

---

7.     Without waiving the foregoing and following objections, and subject to the foregoing and following limitations, the Defendant will produce those documents that it believes are responsive and are the subject of legitimate discovery that are found after a reasonable search of those of its files which it believes are likely to contain such documents.

8.     This response and the documents produced in connection herewith, while based on diligent exploration by the Defendant and his counsel, reflect only the current state of Defendant's knowledge, understanding and belief respecting the matters about which inquiry was made.  The Defendant anticipates that, as this action proceeds, further documents may be discovered by Defendant, and without in any way obligating it to do so, Defendant reserves the right to modify or supplement this response and to produce such additional documents as it may subsequently discover. Further, this response and the associated document production are made without prejudice to using or relying on at trial subsequently discovered information or documents, or information or documents omitted from this response, or not produced as a result of mistake, error, oversight or inadvertence, and the Defendant further reserves the right to produce additional facts, evidence and/or documents at trial, and to object on appropriate grounds to the introduction of any documents produced in connection with this response.

9.     Finally, the Defendant objects to Plaintiffs' request that he produce documents at the offices of Plaintiffs' counsel on the grounds that this request is unreasonable.  Documents produced pursuant to this request for production shall be made available, or delivered, at a time and place to be mutually agreed upon by counsel.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST NO. 1:

ALL DOCUMENTS that RELATE TO the policies and procedures governing criminal investigations related to narcotics (including marijuana) that are issued to or otherwise available or accessible to YOU in the course of your duties, including but not limited to employee handbooks, training manuals and other training materials.

///

///

RESPONSE TO REQUEST NO. 1:

Defendant objects to this Request to the extent that it seeks official information which is privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further objects to the extent that this Request seeks sensitive records of intelligence or security procedures for law enforcement purposes. Defendant also objects to this Request to the extent that it seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Defendant finally objects to the extent that this Request is vague and ambiguous with respect to, "policies and procedures governing criminal investigations related to narcotics (including marijuana)." Without waiving and subject to these objections, and construing this Request as seeking policies or procedures that outline or speak to conducting criminal investigations into any and all situations where narcotics are involved, the Defendant responds: Defendants are unable to comply with this request because no policy or procedure exists which is entitled, or speaks to, conducting criminal investigations into situations where narcotics are involved. Defendant will produce the Police Department's Table of Contents to its Manual so that plaintiffs can review for themselves.

REQUEST NO. 2:

ALL DOCUMENTS that RELATE TO policies and procedures governing the seeking (including preceding investigations) and the execution of search and arrest warrants that are issued to or otherwise available or accessible to YOU in the course of your duties, including without limitation when operating under the auspices of the DEA as well as when acting in conjunction or cooperation with non-federal agencies such as the PETALUMA POLICE DEPARTMENT or the BRICK TOWNSHIP POLICE DEPARTMENT.

RESPONSE TO REQUEST NO. 2:

Defendant objects to this Request to the extent that it seeks official information which is privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further objects to the extent that this Request seeks sensitive records of intelligence or security procedures for law enforcement purposes. Defendant also objects to this Request to the extent that it seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. Defendant finally objects to the extent that this Request is vague and ambiguous with respect to,

1    "policies and procedures governing the seeking (including preceding investigations) and the

2    execution of search and arrest warrants." Without waiving and subject to these objections, and

3    construing this Request as seeking policies or procedures that outline or speak to obtaining and

4    executing search and arrest warrants, the Defendant responds: Defendants are unable to fully comply

5    with this request because no policy or procedure exists which is entitled, or speaks to, obtaining

6    search and/or arrest warrants. Defendant will produce the Police Department's Search & Seizure

7    policy, as well as the Table of Contents to its Manual so that plaintiffs can review for themselves.

8    <u>REQUEST NO. 3:</u>

9        ALL DOCUMENTS that RELATE TO policies and procedures for conducting and using

10    photographic or other "line-ups" or other identification methods.

11    <u>RESPONSE TO REQUEST NO. 3:</u>

12        Defendant objects to this Request to the extent that it seeks official information which is

13    privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

14    objects to the extent that this Request seeks sensitive records of intelligence or security procedures

15    for law enforcement purposes. Defendant also objects to this Request to the extent that it seeks

16    documents which are not reasonably calculated to lead to the discovery of admissible evidence.

17    Without waiving and subject to these objections, the Defendant responds: Defendants are unable to

18    comply with this request because no policy or procedure exists which is entitled, or relates to,

19    conducting and using photographic or other "line-ups" or other identification methods. Defendant

20    will produce the Police Department's Table of Contents to its Manual so that plaintiffs can review for

21    themselves.

22    <u>REQUEST NO. 4:</u>

23        ALL DOCUMENTS that RELATE TO any understandings, agreements, or arrangements

24    with any entity or PERSON to provide a defense or indemnification for YOU in civil or other actions

25    generally and this action specifically, including, without limitation, indemnification agreements and

26    contracts.

27    <u>RESPONSE TO REQUEST NO. 4:</u>

28        Defendant objects to this Request to the extent that it seeks official information which is

1  privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

2  objects to the extent that this Request seeks sensitive records of intelligence or security procedures

3  for law enforcement purposes. Defendant also objects to this Request to the extent that it seeks

4  documents which are not reasonably calculated to lead to the discovery of admissible evidence.

5  Without waiving and subject to these objections, the Defendant responds: Defendants are unable to

6  comply with this request because no understandings, agreements, or arrangements with any entity or

7  PERSON to provide a defense or indemnification for this Defendant ever existed.

8  REQUEST NO. 5:

9       ALL DOCUMENTS that RELATE TO YOUR personnel files, training history and training

10  records, experience with drug investigations, drug raids and drug arrests, and records of prior

11  disciplinary, criminal or civil actions brought against YOU, including, without limitation, instances

12  of evidence being excluded in criminal trials due to improper search, seizure or investigation.

13  RESPONSE TO REQUEST NO. 5:

14       The Defendant objects to the extent that this Request implicates privileged and protected

15  information pursuant to *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) and followed in

16  *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990), and California Government Code §

17  6254, California Penal Code § 832.7, and California Evidence Code §§ 1043 *et seq*. The Defendant

18  next objects to this Request to the extent that it seeks private information of third parties which the

19  Defendant is not allowed to disclose absent a stipulated court order. Based upon these objections, the

20  Defendant will not produce any documents except for the training records of this Defendant.

21  REQUEST NO. 6:

22       ALL DOCUMENTS that RELATE TO the INVESTIGATION, including but not limited to

23  YOUR personal notes, investigative files, reports, statements, photographs, fingerprint records,

24  records of photographic or other "line-ups" or other identification methods, and any other evidence

25  gathered in connection with the INVESTIGATION.

26  RESPONSE TO REQUEST NO. 6:

27       Defendant objects to this Request to the extent that it seeks official information which is

28  privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

1  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

2  lead to the discovery of admissible evidence.  Without waiving and subject to these objections, the

3  Defendant responds:  Defendants will produce a Petaluma Incident/Investigation Report documenting

4  that reporting party Maureen Mcguigan delivered 1.37 pounds of marijuana to the City's Police

5  Department that was weighed and released into the custody of federal DEA agent Seth McMullen and

6  a recording made by this Defendant during the search of the plaintiff's residence with his K-9 dog.

7  REQUEST NO. 7:

8      ALL DOCUMENTS that RELATE TO the December 19, 2006 search of the home and arrest

9  of ROBERT CARL PATRICK KEANE.

10  RESPONSE TO REQUEST NO. 7:

11      Defendant will produce a digital voice recording by this Defendant during the search of the

12  plaintiff's residence with his K-9 dog.

13  REQUEST NO. 8:

14      ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP

15  POLICE DEPARTMENT, the DEA, the PETALUMA POLICE DEPARTMENT, the SONOMA

16  COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the

17  INVESTIGATION.

18  RESPONSE TO REQUEST NO. 8:

19      Defendant objects to this Request to the extent that it seeks official information which is

20  privileged and protected pursuant to California Evidence Code §1040 *et seq*.  Defendant further

21  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

22  lead to the discovery of admissible evidence.  Without waiving and subject to these objections, the

23  Defendant responds:  the only responsive documents in this Defendant's possession are identical to

24  those identified and produced by plaintiffs along with their Initial Disclosures.  This Defendant will

25  not duplicate documents that are clearly already in plaintiffs' possession except upon the express

26  request of the plaintiffs.

27  ///

28  ///

1  REQUEST NO. 9:

2      ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP

3  POLICE DEPARTMENT, the PETALUMA POLICE DEPARTMENT, the SONOMA COUNTY

4  DISTRICT ATTORNEY, or any other PERSON that RELATE TO the December 19, 2006 search of

5  the home and arrest of ROBERT CARL PATRICK KEANE and/or the INVESTIGATION.

6  RESPONSE TO REQUEST NO. 9:

7      Defendant objects to this Request to the extent that it seeks official information which is

8  privileged and protected pursuant to California Evidence Code §1040 *et seq.* Defendant further

9  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

10  lead to the discovery of admissible evidence.  Without waiving and subject to these objections, the

11  Defendant responds:  the only responsive documents in this Defendant's possession are identical to

12  those identified and produced by plaintiffs along with their Initial Disclosures.  This Defendant will

13  not duplicate documents that are clearly already in plaintiffs' possession except upon the express

14  request of the plaintiffs.

15  REQUEST NO. 10:

16      ALL DOCUMENTS that RELATE TO ALL COMMUNICATIONS between or among YOU

17  and the BRICK TOWNSHIP POLICE DEPARTMENT, the PETALUMA POLICE DEPARTMENT,

18  the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the

19  December 19, 2006 search of the home and arrest of ROBERT CARL PATRICK KEANE and/or the

20  INVESTIGATION.

21  RESPONSE TO REQUEST NO. 10:

22      Defendant objects to this Request to the extent that it seeks official information which is

23  privileged and protected pursuant to California Evidence Code §1040 *et seq.* Defendant further

24  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

25  lead to the discovery of admissible evidence.  Without waiving and subject to these objections, the

26  Defendant responds:  the only responsive documents in this Defendant's possession are identical to

27  those identified and produced by plaintiffs along with their Initial Disclosures.  This Defendant will

28  not duplicate documents that are clearly already in plaintiffs' possession except upon the express

1  request of the plaintiffs.

2  REQUEST NO. 11:

3      ALL DOCUMENTS that support the contention that YOU were acting under federal

4  authority in connection with the December 19, 2006 search of the home and arrest of ROBERT

5  CARL PATRICK KEANE.

6  RESPONSE TO REQUEST NO. 11:

7      Defendant objects to this Request to the extent that it seeks official information which is

8  privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

9  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

10  lead to the discovery of admissible evidence. Without waiving and subject to these objections, the

11  Defendant responds: Defendants are unable to comply with this request because no such category of

12  documents ever existed.

13  REQUEST NO. 12:

14      ALL DOCUMENTS that RELATE TO any guidelines, policies, practices or requirements

15  regarding when YOU and/or the PETALUMA POLICE DEPARTMENT consult, inform and/or use

16  the DEA in a criminal investigation.

17  RESPONSE TO REQUEST NO. 12:

18      Defendant objects to this Request to the extent that it seeks official information which is

19  privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

20  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

21  lead to the discovery of admissible evidence. Defendant also objects to this Request as being vague

22  and ambiguous with respect to "consult, inform and/or use the DEA." Without waiving and subject

23  to these objections, the Defendant responds: Defendants are unable to comply with this request

24  because no such category of documents ever existed.

25  REQUEST NO. 13:

26      ALL DOCUMENTS that RELATE TO the decision or the election of the CITY OF

27  PETALUMA to use the DEA in the INVESTIGATION.

28

---

1    RESPONSE TO REQUEST NO. 13:

2        Defendant objects to this Request to the extent that it seeks official information which is

3    privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

4    objects to this Request to the extent that it seeks documents which are not reasonably calculated to

5    lead to the discovery of admissible evidence. Without waiving and subject to these objections, the

6    Defendant responds: Defendants will produce the Department's policy on "Outside Agency

7    Assistance."

8    REQUEST NO. 14:

9        ALL DOCUMENTS that RELATE TO the chain of custody of the PACKAGE.

10   RESPONSE TO REQUEST NO. 14:

11       Defendant objects to this Request to the extent that it seeks official information which is

12   privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

13   objects to this Request to the extent that it seeks documents which are not reasonably calculated to

14   lead to the discovery of admissible evidence. Without waiving and subject to these objections, the

15   Defendant responds: Defendants will produce a Petaluma Incident/Investigation Report documenting

16   that reporting party Maureen Mcguigan delivered 1.37 pounds of marijuana to the City's Police

17   Department that was weighed and released into the custody of federal DEA agent Seth McMullen

18   REQUEST NO. 15:

19       ALL DOCUMENTS that RELATE TO the chain of custody of all evidence other than the

20   PACKAGE gathered in or as part of the INVESTIGATION.

21   RESPONSE TO REQUEST NO. 15:

22       Defendant objects to this Request to the extent that it seeks official information which is

23   privileged and protected pursuant to California Evidence Code §1040 *et seq*. Defendant further

24   objects to this Request to the extent that it seeks documents which are not reasonably calculated to

25   lead to the discovery of admissible evidence. Without waiving and subject to these objections, the

26   Defendant responds: Defendants are unable to comply with this request because no such category of

27   documents ever existed.

28

1  REQUEST NO. 16:

2      ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment with

3  PETALUMA POLICE DEPARTMENT.

4  RESPONSE TO REQUEST NO. 16:

5      Defendant objects to this Request to the extent that it seeks official information which is

6  privileged and protected pursuant to California Evidence Code §1040 *et seq.* Defendant further

7  objects to this Request to the extent that it seeks documents which are not reasonably calculated to

8  lead to the discovery of admissible evidence. Without waiving and subject to these objections, the

9  Defendant responds: Defendants are unable to comply with this request because no such category of

10 documents ever existed.

11 REQUEST NO. 17:

12     ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment or

13 contract or agency relationship with the DEA.

14 RESPONSE TO REQUEST NO. 17:

15     Defendant objects to this Request to the extent that it seeks official information which is

16 privileged and protected pursuant to California Evidence Code §1040 *et seq.* Defendant further

17 objects to this Request to the extent that it seeks documents which are not reasonably calculated to

18 lead to the discovery of admissible evidence. Without waiving and subject to these objections, the

19 Defendant responds: Defendants are unable to comply with this request because no such category of

20 documents ever existed.

21 REQUEST NO. 18:

22     ALL DOCUMENTS that RELATE TO any civil actions involving the alleged violation of

23 civil or constitutional rights in which YOU were a named defendant or in which any party alleged

24 that YOU, whether or not you were a named defendant, violated their civil or constitutional rights.

25 RESPONSE TO REQUEST NO. 18:

26     Defendant objects to this Request to the extent that it seeks official information which is

27 privileged and protected pursuant to California Evidence Code §1040 *et seq.* Defendant further

28 objects to this Request to the extent that it seeks documents which are not reasonably calculated to

lead to the discovery of admissible evidence.  Defendant finally objects to this Request as unduly burdensome, oppressive and harassing in that neither the Department nor the City's attorneys keep track of the type of information requested.   Without waiving and subject to these objections, the Defendant responds:  Defendants will not produce any documents in response to this Request.

Dated: June 30, 2008

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____

Tricia L. Hynes
Attorneys for Defendant
PAUL ACCORNERO

1104572.1

1  **PROOF OF SERVICE**                                    **FRCP RULE 5(b)**

2      I am employed in the City of Oakland and County of Alameda, California.  I am over the

3  age of 18 years and not a party to the within action.  My business address is Meyers, Nave, Riback,

   Silver & Wilson, 555 12th Street, Suite 1500, Oakland, CA  94607.

4
       On June 30, 2008, I served the within:
5

6  ▪   **DEFENDANT PAUL ACCORNERO'S RESPONSES TO PLAINTIFFS' FIRST**
       **REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**
7

8  on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as
   follows:

9  Brandon W. Corbridge, Esq.                       Attorneys for Plaintiffs

10 REED SMITH                                       Telephone: (415) 543-8700
   Two Embarcadero Center, Suite 2000               Facsimile: (415) 391-8269
11 San Francisco, CA  94111-3922

12 **Mailing Address:**

13 PO BOX 7936
   San Francisco, CA 94120-7936
14

15 Joseph P. Russoniello, United States Attorney    Attorneys for Defendants
   Joann M. Swanson, Chief, Civil Division          SETH McMULLEN and JOHN SILVA
16 Abraham A. Simmons, Asst. United States Attorney  Telephone No: (415) 436.7264
   450 Golden Gate Avenue, 9th Floor                 Facsimile No:  (415) 436.6748
17 San Francisco, CA 94102-3495

18
     X   **(By First-Class Mail)**  I caused each such envelope, with postage thereon fully prepaid, to
19       be placed in the United States mail at Oakland, California.  I am readily familiar with the
         business practice for collection and processing of mail in this office; and that in the ordinary
20       course of business said document would be deposited with the U.S. Postal Service in
         Oakland on that same day.  I understand that service shall be presumed invalid upon motion
21       of a party served if the postal cancellation date or postage meter date on the envelope is
         more than one day after the date of deposit for mailing contained in this declaration.
22

23      I declare under penalty of perjury under the laws of the State of California that the foregoing
   is true and correct.
24

25      EXECUTED at Oakland, California on June 30, 2008.

26

27                                      _____
                                             Kathleen K. Yanaga
28

---

Def Accornero's Proof of Service [C07-4894 SBA]

1   Kimberly E. Colwell (SBN: 127604)
    kcolwell@meyersnave.com
2   Tricia L. Hynes (SBN: 212550)
    thynes@meyersnave.com
3   MEYERS, NAVE, RIBACK, SILVER & WILSON
    555 12th Street, Suite 1500
4   Oakland, CA  94607
    Telephone: (510) 808-2000
5   Facsimile: (510) 444-1108

6   Attorneys for Defendants
    PAUL ACCORNERO
7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10  ROBERT CARL PATRICK KEANE,            Case No:  C07-4894 SBA (EDL)
    individually; and CHIEKO STRANGE,
11  individually,

12                      Plaintiffs,        CITY OF PETALUMA CHIEF OF
                                           POLICE STEVE HOOD'S
13  v.                                     DECLARATION REGARDING THE
                                           CONFIDENTIALITY OF THE
14  SETH MCMULLEN, PAUL ACCORNERO          INFORMATION SOUGHT BY
    and JOHN SILVA,                        PLAINTIFFS' FIRST REQUEST FOR
15                                         PRODUCTION OF DOCUMENTS AND
                        Defendants.        THINGS
16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Steve Hood, declare:

2        1.      I am the Chief of Police for the City of Petaluma, am an adult, have personal

3    knowledge of the matters set forth herein and could competently testify to the information set forth in

4    this declaration if called to do so.

5        2      I have reviewed Plaintiffs ROBERT CARL PATRICK KEANE and CHIEKO

6    STRANGE's Requests for Production of Documents (Set One), and in particular requests seeking the

7    personnel file and records of prior disciplinary, criminal or civil actions brought against Officer Paul

8    Accornero.

9        3.      Records such as those sought by plaintiffs' discovery requests are maintained by the

10   City of Petaluma as strictly confidential.  They are kept under lock and key and are not available for

11   review by unauthorized members of the police department, nor are they available for review or

12   production to members of the public due to the importance of maintaining these documents as strictly

13   confidential.

14       4.      In response to plaintiffs' Requests for Documents, I personally reviewed the

15   confidential files of Officer Accornero.

16       5.      The requests as phrased by the plaintiffs seek information that is protected under the

17   official information privilege, state law, and Officer Accornero's rights to privacy.  The documents are

18   maintained as confidential by the City police department.

19       6.      In addition, there is an expectation of privacy for every other officer or individual

20   interviewed or involved in any internal investigation by the police department.  The release of any such

21   information would violate these expectations of privacy and cause a chilling effect in future

22   investigations where citizens and officers alike are promised confidentiality.  The confidentiality of this

23   information ensures the integrity of any investigation into an individual officer's conduct.

24       7.      Release of the type of confidential information sought by the plaintiffs will almost

25   certainly result in a lowered expectation of privacy within the department and community and will

26   discourage officers and citizens from participating in future internal affairs investigations in a totally

27   candid manner.  Moreover, the individuals participating in the process of any internal investigation have

28   a reasonable expectation of privacy that should not be breached.

---

## FEDERAL LAW PRIVILEGES AND PROTECTIONS

8.     The documents sought by plaintiffs are privileged under federal law and are protected by the qualified official information privilege specified in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) and followed in *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990).

9.     The documents requested are maintained as confidential by the Petaluma Police Department. This confidentiality is essential to provide for public safety in that anonymity is a requirement of full disclosure for most witnesses to investigations of police misconduct. Without certain confidentiality, witnesses would not come forward and provide the information necessary for a full and complete investigation of citizens' complaints. Disclosure of private information would undermine the police procedures for investigating complaints and thereby render the internal investigation process useless.

10.     By the same token, if police officers' reviews and disciplinary matters are not maintained as confidential, the fear of publicity would prevent full and complete disclosures by other officers and witnesses. There is no proper purpose for providing them to opposing counsel.

## STATE LAW PRIVILEGES AND PROTECTIONS

11.     Police officer personnel records, including internal investigations and disciplinary records, are privileged under California Government Code Section 6254 and California Penal Code Section 832.7 and as such are subject to disclosure only upon hearing and court order pursuant to Evidence Code Sections1043 and 1045. Section 1043 requires the party seeking disclosure to establish (1) good cause for the disclosure or discovery sought, and (2) materiality of the information sought to the subject matter of the pending lawsuit. As fully discussed above, there is no good cause sufficient to override the important reasons for keeping the personnel files of the officers private.

12.     In my professional opinion, or in theory, I could see that no protective order, no matter how carefully crafted, would protect the rights of privacy and continue to encourage full disclosure discussed above. Any release of the private information sought by plaintiffs compromises the integrity of the process. Representations of privacy and confidentiality foster full disclosure by officers and other non-sworn witnesses. To learn that this confidentially was breached, even under the auspice of a

1  protective order, still results in destruction of the trust the officers and witnesses had when providing

2  candid information to the investigators.

3      13.    If the disclosure of the confidential information sought by plaintiffs were made in this

4  case, the process under which the investigations are made would be forever compromised.  Such

5  representations of privacy and confidentiality during the internal investigation process are necessary to

6  get full and candid statements from officers and witnesses.  In order for the police department to have

7  real checks and balances, monitor the acts of its officers, and in order to respond to the complaints of

8  citizens and other officers, it must be able to assure people that anything they say, even something

9  incriminating towards an officer, will be kept in confidence so that an honest and complete investigation

10  can be made.

11      I declare under penalty of perjury that the foregoing is true and correct.

12      Executed this 30th day of June 2008, at Petaluma, California.

13

14

15                                          Steve Hood

16

17

18

19  1116676.1

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**                                    **FRCP RULE 5(b)**

I am employed in the City of Oakland and County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Meyers, Nave, Riback, Silver & Wilson, 555 12th Street, Suite 1500, Oakland, CA 94607.

On June 30, 2008, I served the within:

■ **CITY OF PETALUMA CHIEF OF POLICE STEVE HOOD'S DECLARATION REGARDING THE CONFIDENTIALITY OF THE INFORMATION SOUGHT BY PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Brandon W. Corbridge, Esq.                    Attorneys for Plaintiffs
REED SMITH                                    Telephone: (415) 543-8700
Two Embarcadero Center, Suite 2000            Facsimile: (415) 391-8269
San Francisco, CA 94111-3922

**Mailing Address:**
PO BOX 7936
San Francisco, CA 94120-7936

Joseph P. Russoniello, United States Attorney     Attorneys for Defendants
Joann M. Swanson, Chief, Civil Division           SETH McMULLEN and JOHN SILVA
Abraham A. Simmons, Asst. United States Attorney   Telephone No: (415) 436.7264
450 Golden Gate Avenue, 9th Floor                 Facsimile No: (415) 436.6748
San Francisco, CA 94102-3495

__X__    **(By First-Class Mail)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California. I am readily familiar with the business practice for collection and processing of mail in this office; and that in the ordinary course of business said document would be deposited with the U.S. Postal Service in Oakland on that same day. I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED at Oakland, California on June 30, 2008.

_Kathleen K. Yanaga_

---

Def Accornero's Proof of Service [C07-4894 SBA]

# EXHIBIT C

# ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

James E. Heffner
Direct Phone: +1 415 659 5996
Email: jeheffner@reedsmith.com

July 22, 2008

**By US Mail**

Abraham A. Simmons
Assistant United States Attorney
450 Golden Gate Ave., 9th Flr.
San Francisco, CA 94102-3495

Tricia L. Hynes
Meyers, Nave, Riback, Silver & Wilson
555 - 12th St., Ste. 1500
Oakland, CA 94607

**Keane, et al. v. McMullen, et al.**
**USDC ND Calif. Case No. CV-07-4894 SBA**

Dear Counsel,

This letter is complies with the consultation requirement of Local Rule 30-1. You will find enclosed a draft Deposition Notice identifying individuals that Plaintiffs intend to depose. You will note that the draft delays the depositions of Silva and McMullen until after the hearing on the pending motion for summary judgment in deference to our agreement with Mr. Simmons regarding certain discovery impacting his clients. Please contact me promptly with any scheduling conflicts so we can make any necessary accommodations for these depositions. We would like to serve a formal notice this week.

I look forward to hearing from you.

Very truly yours,

James E. Heffner

JEH

Enclosure

NEW YORK ◆ LONDON ◆ HONG KONG ◆ CHICAGO ◆ WASHINGTON, D.C. ◆ BEIJING ◆ PARIS ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ PHILADELPHIA ◆ PITTSBURGH
OAKLAND ◆ MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ BIRMINGHAM ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

DOCSSFO-12521994.1 7/22/08 2:19 PM

1  Michael J. Coffino (SBN 88109)
   Email: mcoffino@reedsmith.com
2  James E. Heffner (SBN 245406)
   Email: jeheffner@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
8
   Attorneys for Plaintiffs
9  Robert Carl Patrick Keane and Chieko Strange

10

11               UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  ROBERT CARL PATRICK KEANE,              No.: C 07 4894 SBA
    individually; and CHIEKO STRANGE,
15  individually;                           **DRAFT NOTICE OF DEPOSITION OF:**

16                        Plaintiffs,       -JIM STEPHENSON
                                            -JOHN MURPHY
17        vs.                               -JEFF HOYT
                                            -JOHN SILVA
18  SETH M. MCMULLEN, PAUL ACCORNERO        -PAUL ACCORNERO
    and JOHN SILVA,                         -SETH MCMULLEN
19
                          Defendants.
20

21  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

22        PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,

23  Plaintiffs will take the deposition upon oral examination of the following individuals at the specified

24  date, time and location:

25

26        ///

27        ///

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Deponent | Date, Time and Location |
|---|---|
| Detective Sergeant Jim Stephenson, who may be contacted at 969 Petaluma Blvd. N., Petaluma, CA 94952. | August 21, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| John Murphy, who may be contacted at 119 Hooper Ave., Toms River, NJ 08754. | August 28, 2008 at 10:0 a.m., at the offices of Reed Smith LLP, 136 Main Street, Suite 250, Princeton, NJ 08540. |
| Jeff Hoyt, who may be contacted through counsel of record for Seth McMullen and John Silva. | September 11, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| John Silva, who may be contacted through his counsel of record. | October 9, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| Paul Accornero, who may be contacted through his counsel of record. | September 25, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |
| Seth McMullen, who may be contacted through his counsel of record. | October 1, 2008 at 10:00 a.m., at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. |

The depositions will be taken before a certified court reporter qualified to administer oaths who will record the deposition stenographically, and/or by videotape and/or audiotape.

DATED:  July 22, 2008.

REED SMITH LLP

By   DRAFT _____
James E. Heffner
Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

DOCSSFO-12521867.1-JEHEFFNE