# EXHIBIT A



**Office of the District Attorney**
*Criminal Investigations*

| |
|---|
| DAR# 543495 |
| PEO. VS. KEANE, Robert Carl |
| DATE 02/28/07 |

## SUPPLEMENTAL REPORT

**Witness:**     Maureen McGuigan,
    The Mail Depot
    40 Fourth Street
    Petaluma, CA (707) 762-8150.

On 2/28/07 at approximately 11:00 hours, I met with McGUIGAN at The Mail Depot in Petaluma. McGUIGAN did not want to discuss the matter with me in front of her employee, so we walked to a nearby coffee house for the interview.

I asked McGUIGAN to relay to me exactly how the transaction had occurred. She stated that the customer came into the business. Normally, she would have the customer fill out the shipping form, but she noticed that the "To" and "From" were already on the package. She asked the male customer for a telephone number but he refused. The subject told her that the package was not going to be returned, so she would not need his telephone number. He went on to tell her that he and his wife did not give out their home number because of phone solicitations. McGUIGAN explained to him that she does not sell his personal information, so his phone number would not be compromised. He still refused. McGUIGAN asked the subject if he was shipping drugs. He told her that the package contained some clothes for his niece for her birthday. McGUIGAN saw that the subject's name was already in the computer from a prior shipment so she dropped the subject. McGUIGAN took the payment for shipment and gave him a receipt.

McGUIGAN stated that the subject called her within an hour of leaving the store to tell her that she had the address wrong. He stated that the package needed to go to 39 Sandy Point, not 36 Sandy Point.

McGUIGAN said that she didn't feel good about the transaction and decided to open the box. (There is a sign posted at the service desk that clearly states that they reserve the right to open

| Investigator Archibald | ID 13D3 | ☐ D.A. File  ☐ Inv  ☐ Discovery  ☐ Other |
|---|---|---|

*5/21/07 Spoke to John Lemmon*



*Office of the District Attorney*
*Criminal Investigations*

| DAR# 543495 |
| PEO. VS. KEANE, Robert Carl |
| DATE 02/28/07 |

any package. McGUIGAN said that her suspicions were so strong that she felt she had to know for sure what was in the package before she shipped. She said that she did not want to be responsible for shipping drugs.

McGUIGAN opened the box and saw several packages wrapped in what appeared to be contact paper. McGUIGAN described it as blue and white. She said that as she cut through the contact paper, she saw what appeared to be a vacuum sealed bag. At this time she could smell the strong odor. McGUIGAN said that she did not want to risk losing her business license, so she drove the package to Petaluma PD and handed it over to Sgt. Stephenson.

I asked McGUIGAN if she would be willing to look at a photographic line-up. She said that she would. I provided her with the Line-Up Instruction sheet prior to showing her the line-up. She read the instructions and stated that she understood. She looked over the line-up carefully. She started pointing to the different photographs and eliminating the subjects that she knew were not the subject that had been in her business. She went back and forth between the photo in position #4 and the photo in position #5. McGUIGAN finally decided to select the photo in position #5 and she stated, "This looks the most like him." It is noted that McGUIGAN did not select KEANE's photo which was in position #4.

This report is being submitted as supplemental information.

| Investigator Archibald | ID 13D3 | ☐ D.A. File  ☐ Inv  ☐ Discovery  ☐ Other |

# EXHIBIT B

1  Michael J. Coffino (SBN 88109)
   MCoffino@ReedSmith.com
2  James E. Heffner (SBN 245406)
   JEHeffner@ReedSmith.com
3  Christopher C. Foster (SBN 253839)
   CFoster@ReedSmith.com
4  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
5  San Francisco, CA 94111-3922

6  **Mailing Address:**
   P.O. Box 7936
7  San Francisco, CA 94120-7936

8  Telephone:   415.543.8700
   Facsimile:   415.391.8269
9
   Attorneys for Plaintiffs
10 Robert Carl Patrick Keane and Chieko Strange

11               UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13 ROBERT CARL PATRICK KEANE,          No.: CV-07-4894 SBA
   individually; and CHIEKO STRANGE,
14 individually,                       **NOTICE OF PLAINTIFFS SUBPOENA TO
                                       SONOMA COUNTY OFFICE OF THE
15              Plaintiffs,            DISTRICT ATTORNEY**

16       vs.

17 SETH M. MCMULLEN, PAUL ACCORNERO
   and JOHN SILVA,
18
                Defendants.
19

20

21

22 **PLEASE TAKE NOTICE** that Plaintiffs Robert Carl Patrick Keane and Chieko Strange

23 ("Plaintiffs") request the Sonoma County Office of the District Attorney to produce documents for

24 inspection and copying on July 28, 2008 at the offices of Reed Smith, LLP, 2 Embarcadero Ctr., Ste.

25 2000, San Francisco, CA, 94111, pursuant to the attached subpoena, which is made a part hereof.

26

27 //

28

– 1 –

DOCSSFO-12520860.1

DATED: July 10, 2008            REED SMITH, LLP

                                By: _____
                                    Christopher C. Foster
                                    Attorneys for Plaintiffs Robert Carl Patrick Keane and
                                    Chieko Strange

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

      NORTHERN               CALIFORNIA

ROBERT CARL PATRICK KEANE and CHIEKO STRANGE,

**SUBPOENA IN A CIVIL CASE**

V.

SETH M. McMULLEN, PAUL ACCORNERO and JOHN SILVA,

Case Number: [1] C 07 04894 SBA

TO: Sonoma County Office of the District Attorney
600 Administration Drive, Room 212-J
SAnta Rosa, CA 95403

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP<br>Two Embarcadero Center, 20th Floor<br>San Francisco, CA 94111 | July 28, 2008 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | July 10 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher Foster, REED SMITH LLP
Two Embarcadero Center, Suite 2000, San Francisco, CA 94111 (415) 543-8700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A"

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable to each request for production of documents set forth below unless otherwise explicitly stated.

1. The term "YOU" or "YOUR" shall mean the Sonoma County Office of the District Attorney, located at 600 Administration Drive, Room 212-J, Santa Rosa, CA 95403 and any of its employees, officers or agents.

2. The term "DRUG ENFORCEMENT ADMINISTRATION" shall mean the United States Drug Enforcement Administration, including any of its employees, officers or agents.

3. The term "SONOMA COUNTY SHERRIFF'S DEPARTMENT" shall mean the Sonoma County Sherriff's Department located at 2796 Ventura Avenue, Santa Rosa, CA 95403, including any of its employees, officers or agents.

4. The term "PETALUMA POLICE DEPARTMENT" shall refer to the Police Department for the City of Petaluma located at 969 Petaluma Blvd. N., Petaluma, CA 94952 including any of its employees, officers or agents.

5. The term "BRICK TOWNSHIP POLICE DEPARTMENT" shall mean the Police Department for the City of Brick Township, located at 401 Chambersbridge Road, Brick, NJ 08723, including any of its employees, officers or agents.

6. The term "MAIL DEPOT" shall refer to the Mail Depot business located at 40 4th St., Petaluma, CA 94952 and any of its employees, officers or agents.

7. The term "ROBERT CARL PATRICK KEANE" shall mean the gentleman by that name who resides at 307 N. Ferndale Ave., Mill Valley, CA 94941 and who was charged by YOU with violating California Health and Safety Code §§ 11359 and 11360(a) on or around December 15, 2006.

8. The term "PROSECUTION" shall refer to the criminal case brought by YOU against ROBERT CARL PATRICK KEANE on or around December 15, 2006, commonly known as case number 502 356 brought in the Superior Court of the State of California in and for the County of Sonoma.

9. The term "SEARCH WARRANT" shall refer to the search warrant "prepared with the assistance of or reviewed by" Deputy District Attorney Scott Jamar on or around December 15, 2006 for the search of the residence of ROBERT CARL PATRICK KEANE.

10. The term "ARREST WARRANT" shall refer to the arrest warrant issued on or around December 15, 2006 for the arrest of ROBERT CARL PATRICK KEANE.

11.   The term "FELONY COMPLAINT" shall refer to the felony complaint filed by YOU on or around December 15, 2006 alleging that ROBERT CARL PATRICK KEANE violated California Health and Safety Code §§ 11359 and 11360(a).

12.   The term "PERSON" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, the parties to this action) shall encompass all predecessor or successor corporations or other legal entities; all past and present parents, subsidiaries, and affiliate corporations or other legal entities; and all past or present shareholders, directors officers, trustees, agents, employees, representatives, and, where not privileged, in-house or outside legal counsel for such corporations or other legal entities.

12.   The term "DOCUMENT" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, including (without limitation) writings, drawings, graphs, charts, photographs, audio recordings, video recordings, phono-records, bills, invoices, shipping documentation, order forms, purchase orders, bills of lading, e-mails, electronic records, computer disks, and other data compilations from which information can be obtained and translated.

13.   The term "ALL DOCUMENTS" includes each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a given document request. Where originals are not available, authentic copies of such documents may be produced; but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (or which, by reason of subsequent modification of a copy or by the addition of notations, are no longer identical), each non-identical copy is a separate document and should be identified or produced.

14.   The term "RELATE(S) TO" shall mean to request all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things that reflect, record, memorialize, discuss, consider, review, show, mention, analyze, indicate, contain, identify, incorporate, deal with, report on, speak of or pertain to the subject matter of the request in any way.

15.   The term "ALL COMMUNICATIONS" shall mean any and all transmissions of information, in any form, via any medium, from any person or persons to any other person or persons. In the case of information transmitted by means of a document, "COMMUNICATION" includes any copy of such document and any other document incorporating, summarizing, or describing the contents of the transmission. In the case of information transmitted by any other means (e.g., orally or electronically), "COMMUNICATION" includes any document containing a recording, transcription, summary or description of the transmission or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

16.   If you object to any of these document requests, then you shall state the reasons for each such objection. If you object to any part of a document request, then you shall further specify the part to which you object. Similarly, if you do not object to a particular document

DOCSSFO-12520755.1

request, but are unable to comply fully with that request, then you shall comply to the fullest extent possible and provide an explanation for your lack of full compliance.

17. If any requested document is unavailable because it has been lost, discarded, or destroyed, please summarize for each such document: (a) its date, author, addressee, signatory, type, content and length; (b) the date and circumstances under which it was lost, discarded or destroyed; and (c) the identity of any persons who ordered or directed it to be discarded or destroyed, or who otherwise have knowledge of the circumstances under which it was lost, discarded or destroyed.

18. All of these document requests are directed not only to those documents in the possession, custody or control of you or your directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel, but also to those documents in the possession, custody or control of any "person" (as defined above) who you control and to any documents in the possession, custody or control of any directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel of any such person. In addition, documents for which you have the legal right to obtain shall be considered within your possession, custody or control. For documents whose locations are unknown, state the names and addresses of any persons that might possess or know the location of such documents.

19. All documents requested shall be produced in the same file or other organization environment in which they are or were kept in the usual course of business. For example, a document that is part of a file, docket or grouping should be physically produced together with all other documents from the file, docket or grouping responsive to the request, in the same order or manner of arrangement as the original.

20. If any information is withheld from discovery on a claim that it is privileged or subject to protection as trial preparation materials, work product immunity, or some other ground of privilege or immunity, the claim shall be made expressly and each such document shall be identified as follows, or by other description sufficient to enable the Court to evaluate the claim:

  a) a description of the general type of document, e.g., letter, memorandum, report, note, etc., and the number of pages of which it consists;

  b) the date and if it does not contain a date, the identification shall so state and shall give the date or approximate date the document was prepared;

  c) if a signed document, the name of the person who signed such document and the name of the person who prepared such document if different from the signer;

  d) if an unsigned document, the name of the person who prepared such document;

  e) the organization, if any, that employed the signer or preparer or with which the signer or preparer was then affiliated;

  f) the names and addresses of all addressees and recipients of the document;

  g) the names and addresses of all other distributees of the document;

DOCSSFO-12520755.1

    h)    the organization, if any, with which each addressee, recipient or distributee was then affiliated;

    i)    a general summary of the subject matter;

    j)    the specific ground(s) for refusal to produce such document; and

    k)    the present location of such document and each copy known to YOU, including the title, identifying or descriptive code number, file number, index number, and label, if any, of the file in which the document is kept by YOU.

21. Unless otherwise indicated, these document requests shall have no time limitations and should be amended or supplemented in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS that RELATE TO the PROSECUTION.

2. ALL DOCUMENTS that RELATE TO the SEARCH WARRANT, including, but not limited to, the search warrant itself, any accompanying or related affidavits or declarations made by any PERSON in support of the SEARCH WARRANT and ALL DOCUMENTS relied upon by YOU in the review of the SEARCH WARRANT before it was issued.

3. ALL DOCUMENTS that RELATE TO the ARREST WARRANT, including, but not limited to, the arrest warrant itself, any accompanying or related affidavits or declarations made by any PERSON in support of the ARREST WARRANT and ALL DOCUMENTS relied upon by YOU in the review of the ARREST WARRANT before it was issued.

4. ALL DOCUMENTS that RELATE TO the FELONY COMPLAINT, including, but not limited to, the felony complaint itself, any accompanying or related affidavits or declarations made by any PERSON in support of the FELONY COMPLAINT and ALL DOCUMENTS relied upon by YOU in the drafting of the FELONY COMPLAINT before it was filed.

5. ALL COMMUNICATIONS between or among YOU and the DRUG ENFORCEMENT ADMINISTRATION, the SONOMA COUNTY SHERRIFF'S DEPARTMENT, the PETALUMA POLICE DEPARTMENT, the MAIL DEPOT or any other PERSON that RELATE TO the SEARCH WARRANT, ARREST WARRANT or PROSECUTION.

6. ALL DOCUMENTS that RELATE TO any investigation YOU conducted before deciding to prosecute ROBERT CARL PATRICK KEANE and file the FELONY COMPLAINT.

7. ALL DOCUMENTS that RELATE TO YOUR decision to prosecute ROBERT CARL PATRICK KEANE and file the FELONY COMPLAINT.

DOCSSFO-12520755.1

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On July 10, 2008, I served the following document(s) by the method indicated below:

**NOTICE OF PLAINTIFFS SUBPOENA TO SONOMA COUNTY OFFICE OF THE DISTRICT ATTORNEY**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)  — 1 —

DOCSSFO-12515366.2-VLCANTON

**For Defendant Paul Accornero:**

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108
email: kcolwell@meyersnave.com
email: thynes@meyersnave.com

**For Defendants Seth McMullen and John Silva:**

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748
email: abraham.simmons@usdoj.gov

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 10, 2008 at San Francisco, California.

_____
Veronica L. Canton

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA) — 2 —

DOCSSFO-12515366.2-VLCANTON