# EXHIBIT C

1  Michael J. Coffino (SBN 88109)
   Email: mcoffino@reedsmith.com
2  James E. Heffner (SBN 245406)
   Email: jeheffner@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA 94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA 94120-7936

7  Telephone:  +1 415 543 8700
   Facsimile:  +1 415 391 8269

8

9  Attorneys for Plaintiffs
   Robert Carl Patrick Keane and Chieko Strange

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  ROBERT CARL PATRICK KEANE,                No.: C 07 4894 SBA
    individually; and CHIEKO STRANGE,
13  individually,                            **PLAINTIFFS' FIRST REQUEST FOR**
                                             **PRODUCTION OF DOCUMENTS AND**
14                    Plaintiffs,            **THINGS TO DEFENDANT SETH M.**
                                             **MCMULLEN**
15        vs.

16  SETH M. MCMULLEN, PAUL ACCORNERO
    and JOHN SILVA,
17
                      Defendants.
18

19  PROPOUNDING PARTY:   Plaintiffs ROBERT CARL PATRICK KEANE and CHIEKO

20                       STRANGE

21  RESPONDING PARTY:    Defendant SETH M. MCMULLEN

22  SET NUMBER:          ONE

23

24

25

26

27

28

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MCMULLEN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), Plaintiffs Robert Carl Patrick Keane and Chieko Strange ("Plaintiffs") hereby request that Defendant SETH M. MCMULLEN respond to the following Requests for Production of Documents, in writing and under oath, and produce and permit Plaintiffs to inspect and/or copy the requested materials within the time period provided in the Rules.  The place for production or inspection shall be the law offices of Reed Smith, Two Embarcadero Center, Suite 2000, San Francisco, California 94111.

## I.    DEFINITIONS

1.    The term "YOU" or "YOUR" shall mean Defendant Seth. M. McMullen.

2.    The term "DEA" shall mean the United States Drug Enforcement Administration and any of its employees, officers, representatives or agents.

3.    The term "BRICK TOWNSHIP POLICE DEPARTMENT" shall mean the Police Department for the City of Brick Township, located at 401 Chambersbridge Road, Brick, NJ 08723, and any of its employees, officers, representatives or agents.

4.    The term "PETALUMA POLICE DEPARTMENT" shall mean the Police Department for the City of Petaluma, located at 969 Petaluma Blvd. North, Petaluma, CA 94952 and any of its employees, officers, representatives or agents.

5.    The term "SONOMA COUNTY DISTRICT ATTORNEY" shall mean the Sonoma County Office of the District Attorney, located at 600 Administration Drive, Room 212-J, Santa Rosa, CA 95403 and any of its employees, officers, representatives or agents.

6.    The term "MAIL DEPOT" shall mean the Mail Depot business located at 40 4th Street, Petaluma, CA 94952.

7.    The term "PACKAGE" shall mean to an approximately six-pound package of marijuana that the MAIL DEPOT received on or about November 29, 2006..

8.    The term "CONTROLLED DELIVERY" shall mean the delivery of the PACKAGE on or about December 1, 2006 as part of a criminal investigation.

9.    9.    The term "INVESTIGATION" shall mean any criminal investigation that arose out of or is related in any way to the PACKAGE.  This includes, but is not limited to the criminal investigation described in the County of Sonoma Search Warrant designated SW No.

1    06436, dated December 15, 2006 and signed by Special Agent SETH M. MCMULLEN, as well as

2    the DRUG ENFORCEMENT ADMINISTRATION Report of Investigation dated 01/03/07, signed

3    by Special Agent SETH M. MCMULLEN and Resident Agent in Charge Bryan Andreozzi.

4         10.    The term "ROBERT CARL PATRICK KEANE" shall mean the gentleman by that

5    name who resides at 307 N. Ferndale Ave., Mill Valley, CA 94941 and was investigated under

6    suspicion of attempting to send the PACKAGE.

7         11.    The term "SETH M. MCMULLEN" shall mean the Special Agent of that name

8    employed by the DRUG ENFORCEMENT ADMINISTRATION and involved in the

9    INVESTIGATION.

10        12.    The term "PERSON" shall mean any natural person, corporation, partnership, firm,

11   association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business

12   or governmental entity.  Unless otherwise stated, all references to corporations or other legal entities

13   (including, without limitation, the parties to this action) shall encompass all predecessor or successor

14   corporations or other legal entities; all past and present parents, subsidiaries, and affiliate

15   corporations or other legal entities; and all past or present shareholders, directors officers, trustees,

16   agents, employees, representatives, and, where not privileged, in-house or outside legal counsel for

17   such corporations or other legal entities.

18        13.    The term "DOCUMENT" shall have the same meaning as used in Rule 34 of the

19   Federal Rules of Civil Procedure, including (without limitation) writings, drawings, graphs, charts,

20   photographs, audio recordings, video recordings, phono-records, bills, invoices, shipping

21   documentation, order forms, purchase orders, bills of lading, e-mails, electronic records, computer

22   disks, and other data compilations from which information can be obtained and translated.

23        14.    The term "ALL DOCUMENTS" includes each and every document that refers,

24   reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a

25   given document request.  Where originals are not available, authentic copies of such documents may

26   be produced; but, if a document has been prepared in separate copies, or additional copies have been

27   made and the copies are not identical (or which, by reason of subsequent modification of a copy or

28   by the addition of notations, are no longer identical), each non-identical copy is a separate document

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    and should be identified or produced.

2        15.    The term "RELATE(S) TO" shall mean to request all documents and tangible things

3    that in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the

4    subject matter of the request, including, but not limited to, all documents and tangible things that

5    reflect, record, memorialize, discuss, consider, review, show, mention, analyze, indicate, contain,

6    identify, incorporate, deal with, report on, speak of or pertain to the subject matter of the request in

7    any way.

8        16.    The term "ALL COMMUNICATIONS" shall mean any and all transmissions of

9    information, in any form, via any medium, from any person or persons to any other person or

10   persons.  In the case of information transmitted by means of a document, "COMMUNICATION"

11   includes any copy of such document and any other document incorporating, summarizing, or

12   describing the contents of the transmission.  In the case of information transmitted by any other

13   means (e.g., orally or electronically), "COMMUNICATION" includes any document containing a

14   recording, transcription, summary or description of the transmission or identifying the time, place,

15   subject matter, medium of transmission and/or participants in the transmission.

16       17.    If you object to any of these document requests, then you shall state the reasons for

17   each such objection.  If you object to any part of a document request, then you shall further specify

18   the part to which you object.  Similarly, if you do not object to a particular document request, but are

19   unable to comply fully with that request, then you shall comply to the fullest extent possible and

20   provide an explanation for your lack of full compliance.

21       18.    If any requested document is unavailable because it has been lost, discarded, or

22   destroyed, please summarize for each such document: (a) its date, author, addressee, signatory, type,

23   content and length; (b) the date and circumstances under which it was lost, discarded or destroyed;

24   and (c) the identity of any persons who ordered or directed it to be discarded or destroyed, or who

25   otherwise have knowledge of the circumstances under which it was lost, discarded or destroyed.

26       19.    All of these document requests are directed not only to those documents in the

27   possession, custody or control of you or your directors, officers, trustees, agents, employees,

28   representatives, and – unless privileged – legal counsel, but also to those documents in the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    possession, custody or control of any "person" (as defined above) who you control and to any

2    documents in the possession, custody or control of any directors, officers, trustees, agents,

3    employees, representatives, and – unless privileged – legal counsel of any such person.  In addition,

4    documents for which you have the legal right to obtain shall be considered within your possession,

5    custody or control.  For documents whose locations are unknown, state the names and addresses of

6    any persons that might possess or know the location of such documents.

7        20.    All documents requested shall be produced in the same file or other organization

8    environment in which they are or were kept in the usual course of business.  For example, a

9    document that is part of a file, docket or grouping should be physically produced together with all

10   other documents from the file, docket or grouping responsive to the request, in the same order or

11   manner of arrangement as the original.

12       21.    If any information is withheld from discovery on a claim that it is privileged or

13   subject to protection as trial preparation materials, work product immunity, or some other ground of

14   privilege or immunity, the claim shall be made expressly and each such document shall be identified

15   as follows, or by other description sufficient to enable the Court to evaluate the claim:

16       a)    a description of the general type of document, e.g., letter, memorandum,

17             report, note, etc., and the number of pages of which it consists;

18       b)    the date and if it does not contain a date, the identification shall so state and

19             shall give the date or approximate date the document was prepared;

20       c)    if a signed document, the name of the person who signed such document and

21             the name of the person who prepared such document if different from the

22             signer;

23       d)    if an unsigned document, the name of the person who prepared such

24             document;

25       e)    the organization, if any, that employed the signer or preparer or with which

26             the signer or preparer was then affiliated;

27       f)    the names and addresses of all addressees and recipients of the document;

28       g)    the names and addresses of all other PERSONS to whom the document was

No.: C 07 4894 SBA                    – 5 –

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MCMULLEN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

distributed;

    h)    the organization, if any, with which each addressee, recipient or distributee was then affiliated;

    i)    a general summary of the subject matter;

    j)    the specific ground(s) for refusal to produce such document; and

    k)    the present location of such document and each copy known to YOU, including the title, identifying or descriptive code number, file number, index number, and label, if any, of the file in which the document is kept by YOU.

21.    Unless otherwise indicated, these document requests shall have no time limitations and should be amended or supplemented in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## II.    REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

ALL DOCUMENTS that RELATE TO the policies and procedures governing criminal investigations related to narcotics (including marijuana) that are issued to or otherwise available or accessible to YOU in the course of your duties, including but not limited to employee handbooks, training manuals and other training materials.

REQUEST NO. 2:

ALL DOCUMENTS that RELATE TO policies and procedures governing the seeking (including preceding investigations) and the execution of search and arrest warrants that are issued to or otherwise available or accessible to YOU in the course of your duties, including without limitation when operating under the auspices of the DEA as well as when acting in conjunction or cooperation with non-federal agencies such as the PETALUMA POLICE DEPARTMENT or the BRICK TOWNSHIP POLICE DEPARTMENT.

REQUEST NO. 3:

ALL DOCUMENTS that RELATE TO policies and procedures for conducting and using photographic or other "line-ups" or other identification methods.

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    REQUEST NO. 4:

2       ALL DOCUMENTS that RELATE TO any understandings, agreements, or arrangements

3    with any entity or PERSON to provide a defense or indemnification for YOU in civil or other

4    actions generally and this action specifically, including, without limitation, indemnification

5    agreements and contracts.

6    REQUEST NO. 5:

7       ALL DOCUMENTS that RELATE TO YOUR personnel files, training history and training

8    records, experience with drug investigations, drug raids and drug arrests, and records of prior

9    disciplinary, criminal or civil actions brought against YOU, including, without limitation, instances

10    of evidence being excluded in criminal trials due to improper search, seizure or investigation.

11    REQUEST NO. 6:

12       ALL DOCUMENTS that RELATE TO the INVESTIGATION, including but not limited to

13    YOUR personal notes, investigative files, reports, statements, photographs, fingerprint records,

14    records of photographic or other "line-ups" or other identification methods, and any other evidence

15    gathered in connection with the INVESTIGATION.

16    REQUEST NO. 7:

17       ALL DOCUMENTS that RELATE TO the December 19, 2006 search of the home and arrest

18    of ROBERT CARL PATRICK KEANE.

19    REQUEST NO. 8:

20       ALL DOCUMENTS that RELATE TO the CONTROLLED DELIVERY.

21    REQUEST NO. 9:

22       ALL DOCUMENTS exchanged between or among YOU and the BRICK TOWNSHIP

23    POLICE DEPARTMENT, the DEA, the PETALUMA POLICE DEPARTMENT, the SONOMA

24    COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the

25    INVESTIGATION.

26    REQUEST NO. 10:

27       ALL DOCUMENTS that RELATE TO ALL COMMUNICATIONS between or among

28    YOU and the BRICK TOWNSHIP POLICE DEPARTMENT, the PETALUMA POLICE

1   DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that

2   RELATE TO the December 19, 2006 search of the home and arrest of ROBERT CARL PATRICK

3   KEANE and/or the INVESTIGATION.

4   REQUEST NO. 11:

5        ALL DOCUMENTS that support the contention that YOU were acting under federal

6   authority during the December 19, 2006 search of the home and arrest of ROBERT CARL

7   PATRICK KEANE.

8   REQUEST NO. 12:

9        ALL DOCUMENTS that RELATE TO the decision or the election of the DEA to use the

10   PETALUMA POLICE DEPARTMENT in the INVESTIGATION and the December 19, 2006

11   search of the home and arrest of ROBERT CARL PATRICK KEANE.

12   REQUEST NO. 13:

13        ALL DOCUMENTS that RELATE TO the chain of custody of the PACKAGE.

14   REQUEST NO. 14:

15        ALL DOCUMENTS that RELATE TO the chain of custody of all evidence other than the

16   PACKAGE gathered in or used as part of the INVESTIGATION.

17   REQUEST NO. 15:

18        ALL DOCUMENTS that RELATE TO the terms and conditions of YOUR employment or

19   contract or agency relationship with the DEA.

20        ///

21        ///

22        ///

23        ///

24        ///

25        ///

26        ///

27        ///

28        ///

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MCMULLEN

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    REQUEST NO. 16:

2         ALL DOCUMENTS that RELATE TO any civil actions involving the alleged violation of

3    civil or constitutional rights in which YOU were a named defendant or in which any party alleged

4    that YOU, whether or not you were a named defendant, violated their civil or constitutional rights.

5         DATED:  May 28, 2007.

6                                        REED SMITH LLP

7

8                                   By
                                        James E. Heffner
9                                       Attorneys for Plaintiffs
                                        Robert Carl Patrick Keane and Chieko Strange
10

11

12   DOCSSFO-12512470.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No.: C 07 4894 SBA                           — 9 —

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MCMULLEN

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On May 28, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT SETH M. MCMULLEN**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

**For Defendant Paul Accornero**:

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

**For Defendants Seth McMullen and John Silva**:

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 28, 2008, at San Francisco, California.

_Ann H. Devor_
Ann H. Devor

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12512470.1 5/28/08 2:40 PM

# EXHIBIT D

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN                    CALIFORNIA

ROBERT CARL PATRICK KEANE and CHIEKO
STRANGE,

V.                                      **SUBPOENA IN A CIVIL CASE**

SETH M. McMULLEN, PAUL ACCORNERO and
JOHN SILVA,                             Case Number: [1]  C 07 04894 SBA

TO: Police Department for the City of Petaluma
    969 Petaluma Boulevard North
    Petaluma, CA 94952

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP | June 4, 2008 |
| Two Embarcadero Center, 20th Floor | |
| San Francisco, CA 94111 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 5/16/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James E. Heffner, REED SMITH LLP
Two Embarcadero Center, Suite 2000, San Francisco, CA  94111 (415) 543-8700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A"

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are applicable to each request for production of documents set forth below unless otherwise explicitly stated.

 1. The term "YOU" or "YOUR" shall mean the Police Department for the City of Petaluma, located at 969 Petaluma Boulevard North, Petaluma, CA 94952, including any of its employees, officers or agents.

 2. The term "BRICK TOWNSHIP POLICE DEPARTMENT" shall mean the Police Department for the City of Brick Township, located at 401 Chambersbridge Road, Brick, NJ 08723, including any of its employees, officers or agents.

 3. The term "DRUG ENFORCEMENT ADMINISTRATION" shall mean the United States Drug Enforcement Administration, including any of its employees, officers or agents.

 4. The term "SONOMA COUNTY DISTRICT ATTORNEY" shall mean the Sonoma County Office of the District Attorney, located at 600 Administration Drive, Room 212-J, Santa Rosa, CA 95403 and any of its employees, officers or agents.

 5. The term "MAIL DEPOT" shall mean the Mail Depot business located at 40 4th Street, Petaluma, CA 94952.

 6. The term "PACKAGE" shall mean to an approximately six-pound package of marijuana received by the MAIL DEPOT on or about November 29, 2006.

 7. The term "INVESTIGATION" shall mean to any criminal investigation that arose out of or related in any way to the PACKAGE. This includes, but is not limited to the criminal investigation described in the Petaluma Police Department Incident / Investigation Report marked ORI CA0490800 / OCA 06-0008483.

 8. The term "ROBERT CARL PATRICK KEANE" shall mean the gentleman by that name who resides at 307 N. Ferndale Ave., Mill Valley, CA 94941 and was investigated under suspicion of attempting to send the PACKAGE.

 9. The term "JOHN SILVA" shall mean the Petaluma Police Officer of that name, who has purportedly also acted under a commission as a Special Agent for the Drug Enforcement Administration.

 10. The term "PAUL ACCORNERO" shall mean the Petaluma Police Officer of that name.

11.    The term "PERSON" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business or governmental entity.  Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, the parties to this action) shall encompass all predecessor or successor corporations or other legal entities; all past and present parents, subsidiaries, and affiliate corporations or other legal entities; and all past or present shareholders, directors officers, trustees, agents, employees, representatives, and, where not privileged, in-house or outside legal counsel for such corporations or other legal entities.

12.    The term "DOCUMENT" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, including (without limitation) writings, drawings, graphs, charts, photographs, audio recordings, video recordings, phono-records, bills, invoices, shipping documentation, order forms, purchase orders, bills of lading, e-mails, electronic records, computer disks, and other data compilations from which information can be obtained and translated.

13.    The term "ALL DOCUMENTS" includes each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a given document request.  Where originals are not available, authentic copies of such documents may be produced; but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (or which, by reason of subsequent modification of a copy or by the addition of notations, are no longer identical), each non-identical copy is a separate document and should be identified or produced.

14.    The term "RELATE(S) TO" shall mean to request all documents and tangible things which in any way explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request, including, but not limited to, all documents and tangible things that reflect, record, memorialize, discuss, consider, review, show, mention, analyze, indicate, contain, identify, incorporate, deal with, report on, speak of or pertain to the subject matter of the request in any way.

15.    The term "ALL COMMUNICATIONS" shall mean any and all transmissions of information, in any form, via any medium, from any person or persons to any other person or persons.  In the case of information transmitted by means of a document, "COMMUNICATION" includes any copy of such document and any other document incorporating, summarizing, or describing the contents of the transmission.  In the case of information transmitted by any other means (e.g., orally or electronically), "COMMUNICATION" includes any document containing a recording, transcription, summary or description of the transmission or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

16.    If you object to any of these document requests, then you shall state the reasons for each such objection.  If you object to any part of a document request, then you shall further specify the part to which you object.  Similarly, if you do not object to a particular document request, but are unable to comply fully with that request, then you shall comply to the fullest extent possible and provide an explanation for your lack of full compliance.

17.     If any requested document is unavailable because it has been lost, discarded, or destroyed, please summarize for each such document: (a) its date, author, addressee, signatory, type, content and length; (b) the date and circumstances under which it was lost, discarded or destroyed; and (c) the identity of any persons who ordered or directed it to be discarded or destroyed, or who otherwise have knowledge of the circumstances under which it was lost, discarded or destroyed.

18.     All of these document requests are directed not only to those documents in the possession, custody or control of you or your directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel, but also to those documents in the possession, custody or control of any "person" (as defined above) who you control and to any documents in the possession, custody or control of any directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel of any such person.  In addition, documents for which you have the legal right to obtain shall be considered within your possession, custody or control.  For documents whose locations are unknown, state the names and addresses of any persons that might possess or know the location of such documents.

19.     All documents requested shall be produced in the same file or other organization environment in which they are or were kept in the usual course of business.  For example, a document that is part of a file, docket or grouping should be physically produced together with all other documents from the file, docket or grouping responsive to the request, in the same order or manner of arrangement as the original.

20.     If any information is withheld from discovery on a claim that it is privileged or subject to protection as trial preparation materials, work product immunity, or some other ground of privilege or immunity, the claim shall be made expressly and each such document shall be identified as follows, or by other description sufficient to enable the Court to evaluate the claim:

a)      a description of the general type of document, e.g., letter, memorandum, report, note, etc., and the number of pages of which it consists;

b)      the date and if it does not contain a date, the identification shall so state and shall give the date or approximate date the document was prepared;

c)      if a signed document, the name of the person who signed such document and the name of the person who prepared such document if different from the signer;

d)      if an unsigned document, the name of the person who prepared such document;

e)      the organization, if any, that employed the signer or preparer or with which the signer or preparer was then affiliated;

f)      the names and addresses of all addressees and recipients of the document;

g)      the names and addresses of all other distributees of the document;

h)      the organization, if any, with which each addressee, recipient or distributee was then affiliated;

- 3 -

i)      a general summary of the subject matter;

j)      the specific ground(s) for refusal to produce such document; and

k)      the present location of such document and each copy known to YOU, including the title, identifying or descriptive code number, file number, index number, and label, if any, of the file in which the document is kept by YOU.

18.      Unless otherwise indicated, these document requests shall have no time limitations and should be amended or supplemented in accordance with Rule 26 of the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS that RELATE TO YOUR policies and procedures governing criminal investigations, including but not limited to employee handbooks, training manuals and other training materials issued to or otherwise available to YOUR employees, officers and agents.

2.      ALL DOCUMENTS that RELATE TO YOUR policies and procedures for obtaining search warrants and arrest warrants.

3.      ALL DOCUMENTS that RELATE TO YOUR policies and procedures for executing search warrants and arrest warrants.

4.      ALL DOCUMENTS that RELATE TO YOUR policies and procedures for conducting and using photographic or other "line-ups" or other identification methods.

5.      ALL DOCUMENTS that RELATE TO any understandings, agreements, or arrangements for providing a defense or indemnification for YOUR employees, officers or agents including, without limitation, PAUL ACCORNERO and JOHN SILVA, in civil or other actions generally and this action specifically, including, without limitation, indemnification agreements and contracts.

6.      ALL DOCUMENTS that RELATE TO City of Petaluma police officer JOHN SILVA, including but not limited to his personnel files and other records demonstrating his employment status, his training history and training records, his experience with drug investigations, drug raids and drug arrests, his commission as a special agent with the DRUG ENFORCEMENT ADMINISTRATION, and records of prior disciplinary, criminal or civil actions brought against him, including, without limitation, instances of evidence being excluded in criminal trials due to improper search, seizure or investigation.

7.      ALL DOCUMENTS that RELATE TO City of Petaluma police officer PAUL ACCORNERO, including but not limited to his personnel files and other records demonstrating his employment status, his training history and training records, his experience with drug investigations, drug raids and drug arrests, and records of prior disciplinary, criminal or civil actions brought against him, including, without limitation, instances of evidence being excluded in criminal trials due to improper search, seizure or investigation.

- 4 -

8.    ALL DOCUMENTS that RELATE TO the INVESTIGATION, including but not limited to your investigative files, reports, statements, photographs, fingerprint records, records of photographic or other "line-ups" or other identification methods, and any other evidence gathered in connection with the INVESTIGATION.

9.    ALL DOCUMENTS that RELATE TO the December 19, 2006 raid on and search of the home of ROBERT CARL PATRICK KEANE.

10.    ALL DOCUMENTS given or received by YOU from or to the DRUG ENFORCEMENT ADMINISTRATION, the BRICK TOWNSHIP POLICE DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the INVESTIGATION including any COMMUNICATIONS between or among YOU and such PERSONS or entities.

11.    ALL DOCUMENTS given by YOU to or received by YOU from or to the DRUG ENFORCEMENT ADMINISTRATION, the BRICK TOWNSHIP POLICE DEPARTMENT, the SONOMA COUNTY DISTRICT ATTORNEY, or any other PERSON that RELATE TO the December 19, 2006 raid on and search of the home of ROBERT CARL PATRICK KEANE, including any COMMUNICATIONS between or among YOU and such PERSONS or entities.

1

## CERTIFICATE OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and not a party to
3  the within action.  I am employed in the office of a member of the bar of this court at whose
   direction the service was made.  My business address is REED SMITH LLP, Two Embarcadero
4  Center, Suite 2000, San Francisco, CA 94111-3922.  On May 16, 2008, I served the following
   document(s) by the method indicated below:

5
### SUBPOENA IN A CIVIL CASE
6  ### (POLICE DEPARTMENT FOR THE CITY OF PETALUMA)

7  ☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully
          prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I
8         am readily familiar with the firm's practice of collection and processing of correspondence
          for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that
9         same day with postage thereon fully prepaid in the ordinary course of business.  I am aware
          that on motion of the party served, service is presumed invalid if the postal cancellation date
10        or postage meter date is more than one day after the date of deposit for mailing in this
          Declaration.

11

12  **For Defendant Paul Accornero**:

13
14  Kimberly E: Colwell, Esq.
    Tricia L. Hynes, Esq.
15  MEYERS, NAVE, RIBACK, SILVER & WILSON
    555 12th Street, Suite 1500
16  Oakland, CA  94607
    Telephone:  510-808-2000
17  Facsimile:  510-444-1108

18
    **For Defendants Seth McMullen and John Silva**:
19

20  Abraham A. Simmons, Assistant United States Attorney
    450 Golden Gate Avenue, 9th Floor
21  San Francisco, CA  94102-3495
    Telephone:  415-436-7264
22  Facsimile:  415-436-6748

23      I declare under penalty of perjury under the laws of the United States that the above is true
24  and correct.  Executed on May 16, 2008 at San Francisco, California.

25
26                                              _____
                                                Ann H. Devor
27

28

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)

— 1 —

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| JAMES HEFNER, ESQ. ()<br>REED SMITH LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, California  94111 | | (415) 543-8700 | |
| Attorneys for: | | Ref. No. Or File No.<br>W2496912 | |

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Plaintiff:
ROBERT CARL PATRICK KEANE, et al.

Defendant:
SETH M. MCMULLEN, et al.

| **PROOF OF SERVICE** | Date:<br>6/4/2008 | Time: | Dept/Div:<br>REED SMITH | Case Number:<br>C07-04894 SBA |
|---|---|---|---|---|

I,  Oleg Grinshpan                     , Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness              : POLICE DEPARTMENT FOR THE CITY OF PETALUMA

By Serving         : DEBRA MISHLER, Records Assistant

Address            : 969 Petaluma Bouevard North , Petaluma, California  94952
Date & Time      : Monday, May 19, 2008 @ 1:51 p.m.
Witness fees were  : Paid in the amount of $15.00.

Person serving:                          a. Fee for service:
Oleg Grinshpan                           d. Registered California Process Server
**Wheels of Justice, Inc.**                  (1) Employee or independent contractor
657 Mission Street, Suite 502               (2) Registration No.: P-378
San Francisco, California  94105            (3) County:  Sonoma
Phone: (415) 546-6000                       (4) Expires:  2/2009

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 19, 2008                    Signature:_____

                                              Oleg Grinshpan


Printed on recycled paper