Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
Christopher C. Foster (SBN 253839)
Email: cfoster@reedsmith.com

REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>Defendants. | No.: C 07 4894 SBA<br><br>**OBJECTIONS OF PLAINTIFFS TO EVIDENCE OF DEFENDANTS ON MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:     September 16, 2008<br>Time:    1:00 p.m.<br>Place:    Courtroom 3, 3rd Floor<br>Before:   Hon. Saundra Brown Armstrong |

Robert Carl Patrick Keane and Chieko Strange ("Plaintiffs") object to the following evidence presented by Seth McMullen and John Silva ("Defendants") in support of their respective motions for summary judgment. Plaintiffs move to exclude such evidence as well as any argument by Defendants based on this evidence:

1. <u>Declaration of Seth McMullen in Support of Motion to Dismiss and for Other Relief</u>, at <u>3:26-4:3</u>: "All of the acts that I took in connection with this case, I took as a federal agent. I did not conspire with any person to violate the plaintiffs' rights. I did not conspire with anyone to, nor did I, act under color of state law with regard to this case. Instead I acted under my authority as a federal agent with the United States Department of Justice." Plaintiffs object to this evidence on the basis that these assertions constitute inadmissible legal conclusions, constitute mere argument and are not helpful to the determination of a fact in issue. Fed. R. Evid. 701.

<u>Inadmissible Legal Conclusions</u>

Federal Rule of Evidence 701 does not permit a lay witness to testify as to a legal conclusion because the rule allows evidence which must be, among other things, "helpful to a clear understanding of [the witness'] testimony or the determination of a *fact* in issue." *Evangalista v. Inlandboatmen's Union of the Pacific*, 777 F.2d 1390, 1398 (9th Cir. 1985) (emphasis in original). Here, each of McMullen's statements constitute legal conclusions and are therefore inadmissible. McMullen states that he "acted as a federal agent," did not "act under color of state law," "did not conspire with any person to violate plaintiffs' constitutional rights" and acted "pursuant to federal authority." Each conclusory statement requires application of a legal standard to a particular set of facts. *See, e.g.,* Plaintiffs' Opposition to McMullen's Motion for Summary Judgment ("McMullen Opp.") at 20:18-23:15. Accordingly, these declarations do not address a <u>fact</u> in issue, but are self-serving assertions that conduct met a particular legal standard. They are therefore inadmissible legal conclusions (and mere argument).

<u>Statements Not Helpful to the Determination of a Fact in Issue</u>

This portion of McMullen's declaration is inadmissible because it is not "helpful to... the determination of a fact in issue" as required by Federal Rule of Evidence 701. As explained in *U.S. v. Dotson*, when "attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by [Federal Rule of Evidence 701(b)]. 799 F.2d 189, 192 (5th Cir. 1986) (*quoting*, Advisory Committee's Note to Fed. R. Evid. 701(b)). Each of McMullen's statements here are not helpful because they fall precisely within this scope of inadmissible testimony. To reiterate, each of these statements is a self-serving assertion

1  that McMullen "acted as a federal agent," did not "act under color of state law," "did not conspire
2  with any person to violate plaintiffs' constitutional rights" and acted "pursuant to federal authority."
3  These statements are not helpful to the determination of any *fact* in issue because they are mere
4  statements that McMullen was not acting under color of state law—an issue within the province of
5  the trier of fact to resolve, not the named Defendants. As such, they are inadmissible.

6  2.     <u>Declaration of Nikos Eliopoulos in Support of Motions for Summary Judgment</u> ("Eliopoulos
7  Decl."). Plaintiffs object to the declaration of Nikos Eliopolous in its entirety on the basis that it is
8  irrelevant under Federal Rule of Evidence 401.

9  <u>Relevancy</u>

10 Relevant evidence is "evidence having any tendency to make the existence of any fact that is
11 of consequence to the determination of the action more probable or less probable than it would be
12 without the evidence." Fed. R. Evid. 401. The Eliopoulos declaration is used to justify the tactics
13 employed by Defendants as consistent with law enforcement training and as serving particular
14 governmental interests. Yet, particularly in the context of summary judgment, the declaration is
15 based on a crucial flaw that renders it wholly irrelevant: Eliopoulos explicitly rests his opinions on
16 the *assumption* that McMullen knocked and announced his presence, that McMullen waited a
17 reasonable time before entering the home, and that no occupant of the home responded to the knock
18 and announce.[1] Eliopoulos Decl. ¶ 6. In other words, Mr. Eliopoulos states that *if* McMullen
19 knocked announced and waited, *then* his subsequent actions, as alleged in the complaint, were
20 justified. But whether Defendants complied with the knock, announce and wait requirement of the
21 Fourth Amendment turns on the resolution of factual disputes between Plaintiffs and Defendants.
22 Plaintiffs have testified that Defendants did not knock or announce, did not wait a reasonable time to
23 enter and never had a chance to respond to the presence of law enforcement at their door. *See, e.g.,*
24 McMullen Opp. at 14:7-17:8. By making the flawed assumption that McMullen took certain

---

[1] As discussed in the brief, this assumption is wholly unjustified. McMullen has never stated that he waited a reasonable amount of time before entering Plaintiffs' home. In fact, as demonstrated in Plaintiffs' brief, McMullen did not wait for a reasonable amount of time before entering the home. McMullen Opp. at 15:12-15:26.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  specific actions, which are squarely in dispute, he has rendered his opinions regarding the
2  government interests at issue and the methods Defendants employed wholly irrelevant. As such, his
3  declaration is inadmissible.

4  3.   <u>Declaration of Abraham A. Simmons in Support of Motions for Summary Judgment</u>
5  ("Simmons Decl."), <u>Exhibits 2(a) and 2(b)</u>: audio recording and transcript of audio recording.
6  Plaintiffs object to this evidence because: (1) it lacks personal knowledge (2) it is improperly
7  authenticated (3) it is irrelevant (4) it is unfairly prejudicial and (5) it is evidence obtained in
8  violation of California law. Fed. R. Evid. 602, 901, 401 and 403.

9  <u>Lack of Personal Knowledge</u>

10  Exhibits 2(a) and 2(b) should be excluded from evidence because Mr. Simmons lacks
11  personal knowledge as to what the audio recordings and the accompanying transcript depict. Federal
12  Rule of Evidence 602 provides that "a witness may not testify to a matter unless evidence is
13  introduced sufficient to support a finding that the witness has personal knowledge of the matter."
14  Here, Mr. Simmons has tried to introduce as evidence a compact disc and transcript of an audio
15  recording he claims depicts a conversation between Mr. Keane and Defendant Paul Accornero
16  ("Accornero"). Simmons Decl. ¶ 3. But Mr. Simmons has no personal knowledge of the (unlawful)
17  circumstances under which the audio was recorded. He did not make the audio recording, was not
18  present at the scene when the audio recording was made and does not have any other first-hand basis
19  to know what the audio recording depicts. As such, the two exhibits are inadmissible.

20  <u>Improper Authentication</u>

21  Exhibits 2(a) and 2(b) should be excluded on the basis that they are improperly authenticated.
22  Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a
23  condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the
24  matter in question is what its proponent claims." Here, Mr. Simmons has provided no evidence at all
25  to support that the recording is what he purports it to be. Instead Mr. Simmons has simply asserted
26  that it is a recording and transcript of a conversation between Mr. Keane and Accornero.
27  Accordingly, the two exhibits are inadmissible for this reason as well.

28  <u>Relevancy</u>

Exhibits 2(a) and 2(b) should be excluded on the basis that they are irrelevant. Federal Rule of Evidence 401 provides that admissible evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Exhibits 2(a) and 2(b) are wholly irrelevant to the summary judgment motions presented by Defendants McMullen and Silva. The recording is referred to once in Silva's opposition to demonstrate that "Accornero presented Keane with admonitions regarding the K-9 unit . . ." John Silva's Motion for Summary Judgment at 5:15-18. Yet Plaintiffs have never contended that *Silva* gave canine admonitions to Mr. Keane. Thus, the evidence is not offered to make "the existence of any fact that is of consequence . . . more probable or less probable" regarding issues presented on the Silva motion. Accordingly, the two exhibits are inadmissible for this additional reason.

<u>Evidence Is More Prejudicial than Probative</u>

Exhibits 2(a) and 2(b) should be excluded on the basis that they are more prejudicial than probative. Federal Rule of Evidence 403 provides that evidence is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." The probative value of Exhibits 2(a) and 2(b), if any exists at all, is extremely low. The issues presented in this motion and in Plaintiffs' entire case revolve around the entirety of the actions and circumstances that took place during the investigation of the illegal package, the subsequent obtainment of a search warrant, the raid on Plaintiffs' home, the interrogation of Plaintiffs and the arrest of Mr. Keane. The audio recording captures a highly selective portion of three minutes of an ordeal that lasted in excess of an hour. Declaration of Chieko Strange in Support of Opposition to Plaintiffs' Motions for Summary Judgment ¶ 31. Further reducing the probative value of the audio recording is that it does not depict visually what happened in the Keane home. Particularly here, where the physical actions of both Accornero and the animal are most important, an audio recording carries very little value in displaying what actually occurred in the home.

To the contrary, the prejudicial impact of the recording is extremely high. The Tenth Circuit addressed the prejudicial effects that are particularly of concern with respect to electronic recordings

in *Bannister v. Noble*, 812 F.2d 1265, 1269 (1987).  Among those concerns are whether the recording fairly represents the facts, whether the officer's knowledge of the recording is likely to cause self-serving behavior and the general concern that recorded material has the potential to dominate evidence that is elicited through more conventional means.  *Id.*  As discussed above, this three-minute recording of an ordeal that lasted in excess of an hour cannot be viewed as a fair representation of all of the facts pertinent to Plaintiffs' claims.  Further, the recording itself demonstrates that Accornero, with the knowledge that he was being recorded, was engaged in self-serving behavior.  The speech is clearly rehearsed and used in a fashion to illicit a confession from Mr. Keane as to the location of drugs in the house.  Finally, the recording has the potential to dominate other facts surrounding Accornero's admonitions and the subsequent search of the Keane home.  Evidence regarding those facts could have been obtained through alternative means, such as a signed declaration from Accornero.  Mr. Simmons chose not to do so here.  As such, the Court should find that the evidence is inadmissible under Rule 403.

Legality of the Recording Under California Law

Serious issues exist about the legality of the recording presented in Exhibits 2(a) and 2(b).  Mr. Keane was never made aware during the investigation that he was being recorded.  Declaration of Robert Carl Patrick Keane in Support of Opposition to Plaintiffs' Motions for Summary Judgment ("Keane Decl.") ¶ 35.  Under California law, it is unlawful to record a confidential communication without the consent of all parties to the communication and evidence obtained in violation of this law is inadmissible in any judicial proceeding.  Cal. Penal Code §632(a), §632 (c).[2]  A "confidential communication" is one in which a person has an "objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 772-73 (2002).  Here, Mr. Keane had no reason to believe he was being recorded and indeed did not know he was being recorded.  Keane Decl. ¶ 35.  As such, the Court should not entertain this illegally obtained evidence.[3]

---

[2] Although there is a law enforcement exception to this rule, that exception applies to a limited number of crimes, none of which Mr. Keane was ever alleged to have committed.

[3] Although there is precedent for admitting such evidence when obtained in conformance with Federal law,

4.   <u>Simmons Decl., Exhibit 3(a)</u>: "Notice of Motion/Petition and Motion/Petition for Finding of Factual Innocence." Plaintiffs object to this evidence because it: (1) lacks personal knowledge and (2) is improperly authenticated. Fed. R. Evid. 602 and 901.

<u>Lack of Personal Knowledge</u>

This exhibit should be excluded because Mr. Simmons lacks personal knowledge with respect to this document. Federal Rule of Evidence 602 provides that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Mr. Simmons has tried to introduce a legal pleading filed by the Sonoma County District Attorney. Yet Mr. Simmons has no personal knowledge of the underlying filing or preparation of the document and he was not the custodian of the record. Mr. Simmons merely asserts that "it is an excerpt from the court file [he] retrieved from the Sonoma County Superior Court." Simmons Decl. ¶ 4. He provides no basis that he has first-hand knowledge of the contents of the document and provides no affidavit or declaration from someone with personal knowledge of the document. As such, the exhibit is inadmissible.

<u>Improper Authentication</u>

This exhibit should also be excluded because it is improperly authenticated. Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Again, Mr. Simmons has provided no evidence at all to support that the document is what he purports it to be. Mr. Simmons has simply asserted that it is an excerpt from a court file he retrieved. Simmons Decl. ¶ 4. Mr. Simmons' assertion is not even evidence, let alone evidence sufficient to authenticate an exhibit. As such, it is inadmissible for this additional reason.

5.   <u>Simmons Decl., Exhibit 3(b)</u>: "People's Opposition to Petition for a Finding of Factual Innocence." Plaintiffs object to this evidence because it: (1) lacks personal knowledge, (2) is

---

Plaintiffs believe that those cases are distinguishable in that, here, the recording was made by a state officer acting "under color of state law" as set forth in Plaintiffs' Opposition to Accornero's Motion for Summary Judgment at 7:20-10:16.

improperly authenticated, (3) is irrelevant and (4) it constitutes inadmissible hearsay.  Fed. R. Evid. 602, 901, 401, 801 and 802.

Lack of Personal Knowledge

This exhibit is not tendered based on any personal knowledge.  Federal Rule of Evidence 602 provides that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Here, Mr. Simmons has tried to introduce a legal pleading filed by the Sonoma County District Attorney.  Yet Mr. Simmons' declaration demonstrates that he has no personal knowledge of the underlying filing or preparation of the document and he was not the custodian of the record.  Mr. Simmons just asserts that "it is an excerpt from the court file [he] retrieved from the Sonoma County Superior Court."  Simmons Decl. ¶ 4.  Mr. Simmons provides no basis that he has personal of knowledge of the contents of the document.  As such, the exhibit is inadmissible.

Improper Authentication

The exhibit also is not properly authenticated.  Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Here, Mr. Simmons provides no basis to conclude that the document is what he purports it to be; he merely *asserts* it is an excerpt from a court file he retrieved.  Simmons Decl. ¶ 4.  His assertion, however, is not even evidence, let alone evidence sufficient to authenticate an exhibit.  As such, it is inadmissible.

Relevancy

The document should also be excluded because it is irrelevant.  Federal Rule of Evidence 401 provides that admissible evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Defendants use the document to show that as of May 2007, the Sonoma County District Attorney still believed that the arrest of Mr. Keane was based upon probable cause and that the evidence did not conclusively establish that Keane was not the person who mailed the package of marijuana.  McMullen Motion at 10:6-15.  Neither is pertinent to *this*

case. The issue in *this* case is whether McMullen engaged in "judicial deception," *i.e.,* that probable cause to arrest was based on false and misleading statements to the Magistrate and prosecutors. That McMullen so engaged is demonstrable. McMullen Opp. at 8:24-11:6.

The proffered exhibit purports to stand for the proposition that the Sonoma County District Attorney still believed that probable cause to arrest Mr. Keane existed when the decision to charge him was made in December, a decision tainted with the same deceptions McMullen made in his affidavit in support of a search warrant. What the prosecutor did or did not believe after making the decision about probable cause is therefore irrelevant to the judicial deception issue. *Id.* The same is true for the assertion that available evidence does not conclusively establish that Mr. Keane was not the person who mailed the package of marijuana. While it is absolutely clear that Mr. Keane is not the person who mailed the package of marijuana (Keane Decl. ¶ 33), *this action* concerns whether defendants violated the civil rights of Plaintiffs, and not any issues that might have existed in the criminal proceeding had the prosecutor not dismissed the prior criminal action "in the interests of justice" after the main witness could not identify Mr. Keane as the person who attempted to mail the illicit package. As such, this document is inadmissible.

Hearsay

The document should also be excluded because it constitutes hearsay under Federal Rule of Evidence 802. Hearsay is an out of court statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid 801. Here, Mr. Simmons is attempting to offer the two above-discussed statements to demonstrate that probable cause for an arrest existed and that no evidence conclusively establishes that he is not the person who mailed the marijuana package. This is a hearsay purpose, and no exception applies. As such, this document is inadmissible for this additional reason.

6. Simmons Decl., Exhibit 3(c): Sonoma County Docket Report. Plaintiffs object to this evidence because it: (1) lacks personal knowledge, (2) is improperly authenticated, (3) is irrelevant and (4) constitutes inadmissible hearsay. Fed. R. Evid. 602, 901, 401, 801 and 802.

///

///

Lack of Personal Knowledge

This evidence should be excluded because Mr. Simmons lacks personal knowledge with respect to this document. Federal Rule of Evidence 602 provides that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Mr. Simmons seeks to introduce a document presumably produced by the Sonoma County Superior Court. Mr. Simmons, however, does not claim personal knowledge of the underlying filing or preparation of the document or that he was the custodian of the record. Mr. Simmons just asserts that "it is an excerpt from the court file [he] retrieved from the Sonoma County Superior Court." Simmons Decl. ¶ 4. As such, the exhibit is inadmissible.

Improper Authentication

The document should also be excluded because it is not properly authenticated. Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Here, Mr. Simmons has provided no first-hand knowledge that the recording is what he purports it to be. Simmons Decl. ¶ 4. As such, it is inadmissible.

Relevancy

The document is irrelevant to the issues on the pending motions for summary judgment. Federal Rule of Evidence 401 provides that admissible evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." First, the pending motions make no mention of the document, so it is totally unclear clear why defendants have included the document at all.

Nonetheless, based on the Simmons declaration, it appears defendants are proffering this document to show Mr. Keane dismissed his petition for a finding of factual innocence. Simmons Decl. ¶ 4; s*ee also*, McMullen Motion at 10:6-15. This, however, does not advance any ball on this motion or this case generally. Mr. Keane's decision not to pursue a state court remedy, and instead proceed to vindicate his constitutional rights in this Court, has no bearing on any issue of consequence in this case and is wholly irrelevant. Mr. Keane has every right to select from available

1  remedies – a common occurrence in our legal system.  By doing so – that is, by exercising his

2  constitutional rights – he makes no admissions adverse to the assertion of those rights.  Of course,

3  defendants cite no authority to the contrary.  The document is inadmissible.

Hearsay

4

5        The document also constitutes inadmissible hearsay under Federal Rule of Evidence 802.

6  Hearsay is an out of court statement "offered in evidence to prove the truth of the matter asserted."

7  Fed. R. Evid. 801.  Here, Mr. Simmons is apparently attempting to offer the document into evidence

8  to demonstrate that Mr. Keane dropped his motion for a finding of factual innocence.  The document

9  does contain the statement "motion dropped."  The document is therefore being used for a hearsay

10 purpose and no exception applies.  The document is inadmissible.

11    7.    <u>Simmons Decl., Exhibit 3(d)</u>.  The Simmons declaration describes this exhibit as "abstracts

12 noting the issuance of the arrest warrant and Special Agent Seth McMullen's return of the arrest

13 warrant."  Simmons Decl. ¶ 4.  But the declaration <u>does not include any such exhibit</u>.  We informed

14 Defendants of this discrepancy <u>three weeks ago</u>, on July 16, 2008, but they did not cure the problem

15 or provide any explanation for the discrepancy.  Declaration of James Heffner in Support of

16 Plaintiffs' Motion for Summary Judgment, Exh. G.

17    8.    <u>Simmons Decl., Exhibit 5</u>: Various Documents. Plaintiffs object to this evidence because it:

18 (1) lacks personal knowledge and (2) is improperly authenticated; and (3) is irrelevant.  Fed. R. Evid.

19 401, 602 and 901.

20       Preliminarily, the declaration of Mr. Simmons does not attempt to authenticate or explain the

21 nature of these various documents.  "Exhibit 5" is not mentioned in Mr. Simmons' declaration, and

22 as such, the exhibit in its entirety should be stricken.  Nonetheless, Mr. Simmons cites to the

23 documents in McMullen's Motion for Summary Judgment stating that "the intake documents from

24 the [detention] facility contain no complaints that Keane was physically injured or emotionally

25 traumatized."  McMullen Motion at 9:28-10:2.

26 Lack of Personal Knowledge

27       The documents are inadmissible because Mr. Simmons lacks personal knowledge of them.

28 Federal Rule of Evidence 602 provides that "a witness may not testify to a matter unless evidence is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Mr. Simmons has tried to introduce various documents but has in no way attempted to demonstrate personal knowledge of their contents. As such, the documents are inadmissible.

<u>Improper Authentication</u>

The documents should also be excluded because they are not properly authenticated. Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Here, Mr. Simmons has provided no evidence to establish that the records are what he purports them to be. Indeed, he has made no assertions at all in his declaration as to what the documents constitute. The singular statement referencing the documents in McMullen's Motion for Summary Judgment underscores this lack of authentication. McMullen Motion at 9:28-10:2. The motion assumes that these documents provide the entirety of records from Mr. Keane's intake into the Sonoma County facility—an implicit assertion that is not based on personal knowledge that the documents are what they purport to be. As such, these documents are inadmissible for this additional reason.

<u>Relevancy</u>

Federal Rule of Evidence 401 provides that admissible evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We are aware of no rule or principle of law that a citizen who suffers abuse and a false arrest at the hands of law enforcement must, as a condition of subsequent civil rights claims, complain of the abuse while in policy custody, wholly apart from his right to remain silent under the 5th Amendment to the U.S. Constitution. The fact that the traumatized Mr. Keane did not voice his objections to the horrendous treatment he received from defendants has <u>no bearing</u> on the assertion of his constitutional rights in this case, and defendants (typically) cite no law to the contrary.

//
//
//

Plaintiffs respectfully request that the Court sustain the foregoing objections and exclude the evidence and any argument made by Defendants supported by such evidence.

DATED: August 5, 2008

                              REED SMITH LLP

                              By: James E. Heffner
                                  Attorneys for Plaintiffs
                                  Robert Carl Patrick Keane and Chieko Strange