```
JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

        450 Golden Gate Avenue, 9th Floor
        San Francisco, California 94102-3495
        Telephone:   (415) 436-7264
        Facsimile:   (415) 436-6748
        Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>      Plaintiffs,<br><br>  v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>      Defendants. | No. C 07-4894 SBA<br><br>**FEDERAL DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY OR, IN THE ALTERNATIVE, TO LIMIT ISSUES FOR TRIAL**<br>**Fed.R.Civ.P. 26, 37**<br><br>Date: September 16, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 3, 3rd Floor<br>Before: Hon. Saundra B. Armstrong |

**NOTICE OF MOTION AND MOTION**

  PLEASE TAKE NOTICE THAT on September 16, 2008, at 9:00 a.m., before Hon. Saundra B. Armstrong, 1301 Clay Street, Oakland, California, Federal Defendants Seth McMullen and John Silva, by and through their attorney of record, will move this Court for an order compelling plaintiffs each to provide (1) a calculation of their individual damages, (2) a copy of their individual tax returns for each of the past 7 years and (3) a medical release signed by each of them enabling defendant to obtain medical and psychiatric records that may bear on their claims for damages.

  This motion is made pursuant to Federal Rules of Civil Procedure 26 and 37 on the grounds that plaintiffs have frustrated defendants' attempts to obtain basic discovery regarding

damages that plaintiffs have alleged they sustained as a result of the incidents that gave rise to this lawsuit.

This motion is based on this Notice; the following points and authorities filed in support of the motion; the pleadings, motions and papers on file in this matter; the declaration of counsel accompanying this motion and filed herewith, and on such oral argument and additional evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Among the positions that plaintiffs have taken in this litigation is that they need not provide a clear calculation of their damages, they need not supply a release for medical records regarding their alleged physical and emotional issues, and they need not provide tax returns notwithstanding their claims of wage loss.  Plaintiffs have failed utterly to provide a myriad of other basic discovery.  Although plaintiffs recently have suggested they intend to be reasonable as some point in the future in deciding whether to comply with defendants' requests for this basic discovery, as of the time of this writing, no deal has been struck regarding this basic discovery and important deadlines are approaching– most significantly, discovery in this case is scheduled to close December 22, 2008.

Because of plaintiffs' refusal to supply discovery is so complete, defendants cannot even make a reasonable estimate of plaintiffs' damages and cannot fairly defend themselves against plaintiffs' claims.   Plaintiffs should be forced to abandon their damages claims or supply the discovery as required under the federal rules.

### II. STATEMENT OF THE FACTS

**A.     Plaintiffs have filed a lawsuit and then put at issue their income, mental and physical condition and extent of their alleged damages.**

Plaintiffs filed their original complaint in this case almost a year ago, on September 20, 2007.  Robert Carl Patrick Keane and his girlfriend Chieko Strange have filed this civil rights action alleging defendants never should have suspected Keane was involved in the trafficking of illegal narcotics and therefore should not have (1) applied for warrants to arrest Keane and to

1  search his home (the "investigation-related claim") and (2) used unnecessary force when
2  executing the arrest and search warrants in this case (the "excessive force claim").  Defendant
3  Seth McMullen is a Special Agent with the Santa Rosa Resident Office (SRRO) of the United
4  States Drug Enforcement Agency and defendant John Silva was, at relevant times, a Task Force
5  Officer deputized and acting in his capacity as a DEA Task Officer.
6       The First Amended Complaint ("FAC") filed February 19, 2008, includes claims for a
7  variety of damages including loss of income and/or earnings capacity, mental and physical
8  injuries and other damages.  Specifically, plaintiffs allege that as a result of defendants actions
9  plaintiffs suffered "extensive injuries." [Document 20 at 8: 23-24.] Plaintiffs further allege they
10 suffered "havoc on their emotional state, causing nightmares, paranoia coupled with a general
11 distrust of authorities, a diminished enjoyment of life, and decreased work performance."
12 [Document 20 at 2: 4-6.] Paragraph 36 of plaintiffs' amended complaint alleges Keane suffered
13 pain and physical injuries. [Document 20 at 8.]  Paragraph 37 alleges "Plaintiffs suffered and
14 continue to suffer severe and extreme emotional distress, fear, terror, anxiety, humiliation, and
15 loss of sense of security and dignity." [Document 20 at 9.]  Among the requests in the prayer for
16 relief are requests for "compensatory damages" and "an award of just compensation for pain and
17 suffering according to proof." [Document 20 at 14.]  Plaintiffs specifically allege the lawsuit is
18 intended to remedy these particular symptoms. [Document 20 at 2: 6.]
19      After filing the FAC, plaintiffs have continued to make clear that loss of income, mental
20 and physical damages and damages to property all are at issue.  In the Joint Case Management
21 Conference Statement submitted to this Court on March 20, 2008, plaintiffs informed the Court
22 that they are seeking "compensatory damages, including amounts for pain and suffering."
23 [Document 29 at 4: 16-18.] Plaintiff's initial disclosures, signed May 15, 2008, includes a
24 statement that plaintiffs seek damages for "emotional distress, pain and suffering resulting from
25 the illegal and unconstitutional acts of the defendants . . .."  Declaration of Abraham A.
26 Simmons ("Simmons Decl."), Exh 1 (Relevant portions of Initial Disclosure of Plaintiffs
27 hereinafter "Init. Disc.") at 4: 11-12.
28

Motions To Compel Discovery
Or To Limit Issues For Trial
C 07-4894 SBA                                3

**B.      Plaintiffs have failed to provide relevant discovery regarding their alleged damages.**

Plaintiffs served on Accornero initial disclosures dated May 15, 2008. Init. Disc. at 1. Plaintiffs provided no calculation for any portion of their alleged damages. Init. Disc. at 4. The "calculation" consists of a single paragraph:

> Plaitniffs seek recovery for: emotional distress, pain and suffering resulting from the illegal and unconstitutional acts of the defendants; (ii) lost wages based both on missed work and on diminished sales performance; (iii) damage to Plaintiffs' property; and (iv) attorneys' fees and other expenses incurred as a result of Keane's arrest and the emotional toll of the ordeal. Plaintiffs also seek attorneys' fees and costs as permitted by 42 U.S.C. § 1983 and other law applicable to their claims.

Init. Disc. at 4: 11-16. Plaintiffs did not state whether either of them has suffered post-traumatic stress disorder or some other diagnosis related to sever stress. Plaintiffs did not provide a number of dollars that were lost in "lost wages," "diminished sales performance," "damage to Plaintiffs' property," or attorneys' fees. Init. Disc. at 4: 11-12. Plaintiffs have taken the position that their damages calculation is adequate and need not be supplemented with real numbers for any portion of damages.

Plaintiffs each were served with, and responded to, a request for production of documents, a request for admissions and interrogatories. Simmons Decl., Exhs. 2-7.[1] With respect to loss of income and earning capacity, plaintiffs have failed to produce any records stating their income at any time either before or after the incident. *See* Strange RFP Request No. 1; Keane RFP No. 1. Plaintiffs also have refused to identify their immediate supervisors, produce their income tax returns or state the amount that they claim they have lost. Init. Disc.; Strange Rogs, No. 16; Keane Rogs, No. 2.

With respect to property damage, plaintiffs refused to state the amount lost and the amount paid to repair or replace any item. Init. Disc. at 4; Keane Rogs, No. 12.

---

[1] The documents are Exhibits 2-7 of the Simmons Decl. and are referred to herein as follows: Exh. 2, Strange Response to Request for Production (Strange RFP); Exh. 3, Strange Response to Interrogatories (Strange Rogs); Exh. 4, Keane Responses to Interrogatories (Keane Rogs); Exh. 5 Keane Response to Request for Production (Keane RFP); Exh. 6, Strange Response to Request for Admission (Strange Admit.); and Exh. 7, Keane Response to Requests for Admission (Keane Admit.).

With respect to physical and emotional damages, on July 9, 2008, defendants delivered plaintiffs releases to enable defendants to subpoena records from plaintiffs' medical providers. Simmons Decl., Exh. 8 (Letter dated July 31, 2008 from A. Simmons to J. Heffner). Similarly, the parties met on July 16, 2008 and plaintiffs informed defendants that they would not be signing the releases. Plaintiffs have prepared no alternative form of release. Instead, plaintiffs only suggested that discovery should be limited to medical records provided by plaintiffs' experts if and when they are disclosed pursuant to the court's case management order. *Id*. This Court's pretrial preparation order sets no date for disclosure of expert reports. *See* Document No. 40 at 1.

### III.  ANALYSIS

**A.    DEFENDANTS ARE ENTITLED TO KNOW THE BASIS FOR PLAINTIFFS' CLAIMS IF SUCH CLAIMS ARE TO REMAIN AT ISSUE**

Rule 37(a)(2)(A) allows for the filing of a motion to compel Rule 26(a) disclosures. The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal.1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. *DirectTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal.2002).

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying ... the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Although Rule 26 does not clarify the level of specificity is required in the computation of damages, the advisory committee notes state that the purpose of Rule 26(a) is "to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.' " *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D.Cal. Oct.2, 2003) (quoting Rule 26(a), 1993 advisory committee notes). The courts generally have concluded that

given these purposes, plaintiffs should provide at least a lump sum statement of the damages allegedly sustained. Thomas v. Americredic Corp., 2008 Westlaw 162528 (N.D. Cal Jan. 17 2008); *Sanchez v. Hendricks' Hallowell Chevrolet*, 2006 WL 2884778 * 1-2 (E.D.Cal. Oct.10, 2006). The statement should have an explanation of what injuries were sustained and how the plaintiff arrived at each damages calculation. *See id.*

Here, plaintiffs seek compensation for lost future earnings capacity, lost wages, emotional distress and property damage. Nevertheless, plaintiffs have provided no calculation itemizing the amounts sought in any category. This Court therefore should compel plaintiff to provide a proper calculation of their damages. The calculation should spell out specifically the amounts claimed in each category and a statement of how the amount was reached.

Moreover, both Rule 26 and defendants' discovery requests require plaintiffs to produce documents underlying these claims. At a minimum, plaintiffs should be compelled to provide copies of their tax returns for the period both before and after the incident, medical releases for each of them and the names of their supervisors for the relevant period. These items are basic standard discovery that clearly is relevant and should not be the subject of a motion to compel.

**B.   ALTERNATIVELY, PLAINTIFFS' DAMAGES CLAIMS NEED NOT REMAIN AT ISSUE, AS DAMAGES AND/OR DOCUMENTS SUPPORTING SUCH CLAIMS CAN AND SHOULD BE LIMITED AT TRIAL**

Fed.R.Civ.P. 37(c)(1) states in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

"The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 2007 WL 627874 (E.D.Mich. Feb.26, 2007) (citing *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976 (6th Cir.2004). In *Multimatic*, plaintiff offered no justification for its failure to disclose information regarding its calculation of damages and the court therefore would not permit plaintiff to use evidence of damages either at trial or in

1  opposing defendant's motion for summary judgment.  Because it had no evidence of damages,
2  plaintiffs could not prevail on its claims as a matter of law and summary judgment was granted.
3  Similarly, in *Dorrough v. Tarpy*, 2008 WL 185804 (6th Cir. Jan.22, 2008),  plaintiffs failed to
4  submit their list of expert witnesses pursuant to Rule 26(a)(2) and therefore were barred from
5  introducing testimony of the expert at trial under Rule 37(c)(1) even if plaintiffs were to locate
6  an expert for trial.

7      Here, defendants are entitled to have documents that bear on the issues of lost wages, lost
8  income capacity, property damage and emotional damage.  Plaintiff should not be permitted to
9  argue at the eleventh hour that somehow they have post-traumatic stress and the myriad of
10 documents that prove it are not available to defendants' witnesses and not subject to disclosure
11 until the eve of trial.   Plaintiffs cannot demonstrate that their failure to satisfy Rule 26 was
12 justified or harmless.  This Court therefore may preclude plaintiffs from presenting evidence on
13 their various elements of damages at trial and should preclude plaintiffs from presenting any
14 evidence related to these issues.

### IV.  CONCLUSION

16     The discovery deadline is four months away and defendant effectively has been
17 precluded from obtaining the most basic discovery from which it even can be determined what
18 types of experts may be necessary, whether plaintiffs should be subjected to an independent
19 medical examination and even the general amount in controversy in this litigation.  Particularly
20 telling is plaintiffs' request that defendants first provide authority for the position that documents
21 related to damages should be produced.
22     This sort of rope-a-dope strategy should be roundly rejected by the Court.  Plaintiff
23 should be precluded from bringing damages claims or ordered to produce the relevant
24 documents, information and releases.

25     Respectfully submitted,

26     JOSEPH R. RUSSONIELLO
    United States Attorney
27

28 Dated: August 12, 2008    /s/
    ABRAHAM A. SIMMONS
    Assistant United States Attorney