# EXHIBIT 3

Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually, | No.: C 07 4894 SBA |
| Plaintiffs, | **PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET TWO** |
| vs. | |
| SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA, | |
| Defendants. | |

PROPOUNDING PARTY:        Defendant PAUL ACCORNERO

RESPONDING PARTY:         Plaintiff CHIEKO STRANGE

SET NO:                   Two

Pursuant to Federal Rule of Civil Procedure 33 Plaintiff Chieko Strange ("Strange") hereby makes the following objections and provides the following responses (the "Response") to the Second Set of Interrogatories ("Interrogatories") propounded by Defendant Paul Accornero ("Accornero") in this action.

PLAINTIFF STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET TWO

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I.    PRELIMINARY STATEMENT

Ms. Strange has not yet completed her investigation of the facts relating to this case, discovery, and preparation for trial. Ms. Strange reserves the right to amend or supplement these Responses as discovery in this case progresses, as new facts are developed, and as new information is obtained. Therefore, the following Responses are without prejudice to Ms. Strange's right to produce any additional evidence at trial or in connection with any pre-trial proceeding.

Ms. Strange objects to each Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. She will withhold all such information. All references to "Privileged Information" in the Responses include, without limitation, information protected by the attorney-client privilege, the attorney work product doctrine, and by any other applicable common law and constitutional privileges, protections and rights to privacy. Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any such available privilege or immunity. To the extent any of the Requests call for such privileged or protected information, Ms. Strange objects to the Requests and asserts that privilege and protection. Further, to the extent that the Requests seek production of Ms. Strange's communications with counsel and counsel's work in connection with this action, Ms. Strange will not produce such documents. If any such privileged document is disclosed, except pursuant to a specific written agreement concerning that document, the disclosure shall be deemed inadvertent and not evidence of an intention to waive any applicable privilege or immunity.

The term INCIDENT, as defined in the requests, is ambiguous. Ms. Strange responds to each Request containing the term as though INCIDENT means the events and occurrences described in Plaintiff's Amended Complaint.

Subject to this Preliminary Statement, Ms. Strange responds as follows:

## II.    RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 15:

State the name and address of each school or other academic or vocational institution you have attended from high school to the present time.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  RESPONSE TO INTERROGATORY NO. 15:

2      Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

3  forth in the paragraphs above. Ms. Strange objects to this Interrogatory on the grounds that it seeks

4  information that is irrelevant to this matter and is not reasonably calculated to lead to the discovery

5  of admissible evidence.

6      Subject to these objections, Ms. Strange responds as follows: Bunkyo Woman's University.

7

8  INTERROGATORY NO. 16:

9      State the name, address, telephone number and name of your direct supervisor for all places

10  you have been employed.

11  RESPONSE TO INTERROGATORY NO. 16:

12      Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

13  forth in the paragraphs above. Ms. Strange further objects to this Interrogatory on the grounds that

14  it: (i) is overbroad as to time and scope; and (ii) seeks information that is irrelevant to this matter and

15  is not reasonably calculated to lead to the discovery of admissible evidence.

16

17  INTERROGATORY NO. 17:

18      If you have ever been arrested, identify the date, agency and circumstances of your arrest.

19  RESPONSE TO INTERROGATORY NO. 17:

20      Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

21  forth in the paragraphs above. Ms. Strange further objects to this Interrogatory on the grounds that

22  it: (i) is overbroad as to time and scope; (ii) seeks Privileged Information; and (iii) seeks information

23  that is irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible

24  evidence.

25

26  INTERROGATORY NO. 18:

27      If you have ever been convicted of a misdemeanor, identify the date of conviction, the city

28  where you were convicted, the offense and the court and case number.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  RESPONSE TO INTERROGATORY NO. 18:

2          Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

3  forth in the paragraphs above.  Ms. Strange further objects to this Interrogatory on the grounds that

4  it: (i) is overbroad as to time and scope; (ii) seeks Privileged Information; and (iii) seeks information

5  that is irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible

6  evidence.

7

8  INTERROGATORY NO. 19:

9          If you have ever been convicted of a felony, identify the date of conviction, the city where

10  you were convicted, the offense and the court and case number.

11  RESPONSE TO INTERROGATORY NO. 19:

12         Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

13  forth in the paragraphs above.  Ms. Strange objects to this Interrogatory on the grounds that it: (i) is

14  overbroad as to time and scope; (ii) seeks Privileged Information; and (iii) seeks information that is

15  irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible

16  evidence.

17

18  INTERROGATORY NO. 20:

19         If you attribute any loss of income or earning capacity as a result of the INCIDENT, state the

20  name of your employer at the time of the INCIDENT and the dates you did not work and for which

21  you lost income.

22         As used in this interrogatory INCIDENT includes the circumstances and events surrounding

23  the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

24  RESPONSE TO INTERROGATORY NO. 20:

25         Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

26  forth in the paragraphs above.  Ms. Strange responds as follows: Saks Fifth Ave: 12/19/2006,

27  12/21/2006, 1/9/2007, 1/17/2007, 3/13/2007.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

INTERROGATORY NO. 21:

If you attribute any loss of income or earning capacity as a result of the INCIDENT, state your monthly, hourly and overtime income at the time of the INCIDENT.

As used in this interrogatory INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO INTERROGATORY NO. 21:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to this objection, Ms. Strange responds as follows: Ms. Strange's salary is based on a commission on merchandise sold.

INTERROGATORY NO. 22:

If you received a consultation or examination or treatment from a health care provider or mental health care provider for any injury you attribute to the INCIDENT, identify the name, address and telephone number of each such provider and the date and nature of the services they provided to you.

As used in this interrogatory INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO INTERROGATORY NO. 22:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Ms. Strange further objects to this Interrogatory on the grounds that it seeks Privileged Information.

Subject to this objection, Ms. Strange responds as follows: None.

INTERROGATORY NO. 23:

If you were under any type of medication at the time of the INCIDENT, identify the type and dosage of medication that you took within twenty-four hours prior to the INCIDENT.

As used in this interrogatory INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

PLAINTIFF STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET TWO

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  RESPONSE TO INTERROGATORY NO. 23:

2         Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

3  forth in the paragraphs above. Ms. Strange further objects to this Interrogatory on the grounds that it

4  seeks Privileged Information.

5         Subject to these objections, Ms. Strange responds as follows: None.

6

7  INTERROGATORY NO. 24:

8         State the name, address and telephone number of all persons with whom you have had

9  conversations other than your attorney regarding what occurred during or as a result of the

10 INCIDENT, as well as the date of each conversation.

11        As used in this interrogatory INCIDENT includes the circumstances and events surrounding

12 the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

13 RESPONSE TO INTERROGATORY NO. 24:

14        Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

15 forth in the paragraphs above. Ms. Strange further objects to this Interrogatory on the grounds that it

16 is overbroad as to time and scope and is not reasonably calculated to lead to the discovery of

17 admissible evidence.

18        Subject to these objections, Ms. Strange responds as follows:

19        Carl Keane

20

21 INTERROGATORY NO. 25:

22        If your response to each Request for Admission served with these interrogatories is not an

23 unqualified admission, state the number for each that is not an unqualified admission, all facts upon

24 which you base you response, the names, addresses and telephone numbers of all persons who have

25 knowledge of the response, and identify all documents and other tangible things that support your

26 response.

27 RESPONSE TO INTERROGATORY NO. 25:

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1         Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set

2   forth in the paragraphs above.  Ms. Strange objects to this Interrogatory on the grounds that it: (i) is

3   unduly burdensome and overbroad, especially in light of Rule 36(a)(4); (ii) seeks information that is

4   irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible

5   evidence; (iii) is compound; (iv) seeks Privileged Information; and (v) causes the total number of

6   requests to exceed the allowable limit for interrogatories.

7

8   Dated:  June 26, 2008

9                            REED SMITH LLP

10

11                           By

11                               James E. Heffner

12                               Attorneys for Plaintiffs
                                 Robert Carl Patrick Keane and Chieko Strange

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## VERIFICATION

I, Chieko Ueda Strange declare:

I am the responding party, and am authorized to make this Verification on m, own behalf. I have read my Responses to Accornero's Interrogatories, Set One, above, and know of their contents. To the best of my knowledge and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  June 25, 2008

Chieko Ueda Strange

6/25/08 9:05 PM

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On June 26, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET TWO**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**For Defendant Paul Accornero**:

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12504039.3

**For Defendants Seth McMullen and John Silva**:

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 26, 2008 at San Francisco, California.

_____
Ann H. Devor

DOCSSFO-12504039.3