# EXHIBIT 4

Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>Defendants. | No.: C 07 4894 SBA<br><br>**PLAINTIFF ROBERT CARL PATRICK KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:      Defendant PAUL ACCORNERO

RESPONDING PARTY:       Plaintiff ROBERT CARL PATRICK KEANE

SET NO:                 One

Pursuant to Federal Rule of Civil Procedure 33 Plaintiff Robert Carl Patrick Keane ("Keane") hereby makes the following objections and provides the following responses (the "Response") to the First Set of Requests for Interrogatories ("Interrogatories") propounded by Defendant Paul Accornero ("Accornero") in this action.

No.: C 07 4894 SBA                                – 1 –
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET ONE

## I. PRELIMINARY STATEMENT

Mr. Keane has not yet completed his investigation of the facts relating to this case, discovery, and preparation for trial. Mr. Keane reserves the right to amend or supplement these Responses as discovery in this case progresses, as new facts are developed, and as new information is obtained. Therefore, the following Responses are without prejudice to Mr. Keane's right to produce any additional evidence at trial or in connection with any pre-trial proceeding.

Mr. Keane objects to each Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. He will withhold all such information. All references to "Privileged Information" in the Responses include, without limitation, information protected by the attorney-client privilege, the attorney work product doctrine, and by any other applicable common law and constitutional privileges, protections and rights to privacy. Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any such available privilege or immunity. To the extent any of the Requests call for such privileged or protected information, Mr. Keane objects to the Requests and asserts that privilege and protection. Further, to the extent that the Requests seek production of Mr. Keane's communications with counsel and counsel's work in connection with this action, Mr. Keane will not produce such documents. If any such privileged document is disclosed, except pursuant to a specific written agreement concerning that document, the disclosure shall be deemed inadvertent and not evidence of an intention to waive any applicable privilege or immunity.

The term INCIDENT, as defined in the requests, is ambiguous. Mr. Keane responds to each Request containing the term as though INCIDENT means the events and occurrences described in Plaintiff's Amended Complaint.

Subject to this Preliminary Statement, Mr. Keane responds as follows:

No.: C 07 4894 SBA    – 2 –
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET ONE

## II.    RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

State the name and address of each school or other academic or vocational institution you have attended from high school to the present time.

RESPONSE TO INTERROGATORY NO. 1:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane objects to this Interrogatory on the grounds that it seeks information that is irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Mr. Keane responds as follows: The University of California, Los Angeles.

INTERROGATORY NO. 2:

State the name, address, telephone number and name of your direct supervisor for all places you have been employed.

RESPONSE TO INTERROGATORY NO. 2:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Interrogatory on the grounds that it: (i) is overbroad as to time and scope; and (ii) seeks information that is irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 3:

If you have ever been arrested, identify the date, agency and circumstances of your arrest.

RESPONSE TO INTERROGATORY NO. 3:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Interrogatory on the grounds that it: (i) is overbroad as to time and scope; (ii) seeks Privileged Information; and (iii) seeks information

No.: C 07 4894 SBA — 3 —
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET ONE

1  that is irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible
2  evidence.

4  INTERROGATORY NO. 4:

5  If you have ever been convicted of a misdemeanor, identify the date of conviction, the city
6  where you were convicted, the offense and the court and case number.

7  RESPONSE TO INTERROGATORY NO. 4:

8  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
9  forth in the paragraphs above. Mr. Keane further objects to this Interrogatory on the grounds that it:
10 (i) is overbroad as to time and scope; (ii) seeks Privileged Information; and (iii) seeks information
11 that is irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible
12 evidence.

14 INTERROGATORY NO. 5:

15 If you have ever been convicted of a felony, identify the date of conviction, the city where
16 you were convicted, the offense and the court and case number.

17 RESPONSE TO INTERROGATORY NO. 5:

18 Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
19 forth in the paragraphs above. Mr. Keane objects to this Interrogatory on the grounds that it: (i) is
20 overbroad as to time and scope; (ii) seeks Privileged Information; and (iii) seeks information that is
21 irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible
22 evidence.

24 INTERROGATORY NO. 6:

25 If you attribute any loss of income or earning capacity as a result of the INCIDENT, state the
26 name of your employer at the time of the INCIDENT and the dates you did not work and for which
27 you lost income.

1   As used in this interrogatory INCIDENT includes the circumstances and events surrounding
2   the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

3   RESPONSE TO INTERROGATORY NO. 6:

4   Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
5   forth in the paragraphs above. Mr. Keane responds as follows: Saks Fifth Ave: 12/19/2006,
6   12/21/2006, 1/9/2007, 1/17/2007, 3/13/2007.

8   INTERROGATORY NO. 7:

9   If you attribute any loss of income or earning capacity as a result of the INCIDENT, state
10  your monthly, hourly and overtime income at the time of the INCIDENT.

11  As used in this interrogatory INCIDENT includes the circumstances and events surrounding
12  the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

13  RESPONSE TO INTERROGATORY NO. 7:

14  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
15  forth in the paragraphs above. Subject to this objection, Mr. Keane responds as follows: Mr.
16  Keane's salary is based on a commission on merchandise sold.

18  INTERROGATORY NO. 8:

19  If you received a consultation or examination or treatment from a health care provider or
20  mental health care provider for any injury you attribute to the INCIDENT, identify the name,
21  address and telephone number of each such provider and the date and nature of the services they
22  provided to you.

23  As used in this interrogatory INCIDENT includes the circumstances and events surrounding
24  the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

25  RESPONSE TO INTERROGATORY NO. 8

26  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
27  forth in the paragraphs above. Mr. Keane further objects to this Interrogatory on the grounds that it
28  seeks Privileged Information.

1  Subject to this objection, Mr. Keane responds as follows: None.

3  INTERROGATORY NO. 9:

4  If you were under any type of medication at the time of the INCIDENT, identify the type and dosage of medication that you took within twenty-four hours prior to the INCIDENT.

6  As used in this interrogatory INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

8  RESPONSE TO INTERROGATORY NO. 9

9  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Interrogatory on the grounds that it seeks Privileged Information.

12  Subject to these objections, Mr. Keane responds as follows: None.

14  INTERROGATORY NO. 10:

15  State the name, address and phone number of each and every person who witnessed the INCIDENT.

17  As used in this interrogatory INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

19  RESPONSE TO INTERROGATORY NO. 10

20  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to this objection, Mr. Keane responds as follows:

22  Dr. John Bolton – 305 N Ferndale Ave., Mill Valley, CA 94941

23  Elizabeth Bolton – 305 N Ferndale Ave., Mill Valley, CA 94941

24  Chieko Strange – 307 N. Ferndale Ave., Mill Valley, CA 94941

25  Maureen McGuigan

26  Kit Lofroos

27  Chieko Strange

1 INTERROGATORY NO. 11:

2 State the name, address and telephone number of all persons with whom you have had
3 conversations other than your attorney regarding what occurred during or as a result of the
4 INCIDENT, as well as the date of each conversation.

5 RESPONSE TO INTERROGATORY NO. 11:

6 Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
7 forth in the paragraphs above. Mr. Keane further objects to this Interrogatory on the grounds that it
8 is overbroad as to time and scope and is not reasonably calculated to lead to the discovery of
9 admissible evidence.

10 Subject to these objections, Mr. Keane responds as follows:

11 Bob Somers: 415.438.5217

12 Brady Whipkey: 415.261.3122

13 Chieko Strange

14 Earl Klee:

15 John McGreevy: 438.5378

16 Lawrence Quijada: 438.5185

17 Lori Carter:

18 Renee Keane: 858.722.5354

19 Robert and Carol Keane: 760.951.1815

20 Robert Arnold Kraft: 438.5497

21

22 INTERROGATORY NO. 12:

23 If you attribute any property damage or destruction as a result of the INCIDENT, state the
24 item of property that you claim was damaged or destroyed, whether the item was damaged or
25 destroyed, if damaged, the nature of the damage, and the amount spent to repair or replace the item.
26 As used in this interrogatory INCIDENT include the circumstances and events surrounding
27 the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

28

No.: C 07 4894 SBA — 7 —
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET ONE

1  RESPONSE TO INTERROGATORY NO. 12:

2      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
3  forth in the paragraphs above. Subject to these objections, Mr. Keane responds as follows:
4  (1) antique Japanese Tansu damaged by deep scratch; (2) sofa damaged by tear; (3) wood floor
5  damaged by multiple scratches; (4) kitchen cabinet damaged with scratches and damage to hinges;
6  (5) front yard fence damage to substructure; and (6) porch gate damage to hinges and closing
7  mechanism.

9  INTERROGATORY NO. 13:

10      If your response to each Request for Admission served with these interrogatories is not an
11  unqualified admission, state the number for each that is not an unqualified admission, all facts upon
12  which you base you response, the names, addresses and telephone numbers of all persons who have
13  knowledge of the response, and identify all documents and other tangible things that support your
14  response.

15  RESPONSE TO INTERROGATORY NO. 13:

16      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
17  forth in the paragraphs above. Mr. Keane objects to this Interrogatory on the grounds that it: (i) is
18  unduly burdensome and overbroad, especially in light of Rule 36(a)(4); (ii) seeks information that is
19  irrelevant to this matter and is not reasonably calculated to lead to the discovery of admissible
20  evidence; (iii) is compound; (iv) seeks Privileged Information; and (v) causes the total number of
21  requests to exceed the allowable limit for interrogatories.

23  INTERROGATORY NO. 14:

24      Identify all damages claimed in paragraph 40 of your complaint which you attribute to the
25  INCIDENT by item of expense, date incurred, amount, and to whom payment was made.
26      As used in this interrogatory INCIDENT includes the circumstances and events surrounding
27  the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO INTERROGATORY NO. 14:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections and subject to this right to seek attorneys fees under 42 U.S.C § 1988 and other damages like pain and suffering, Mr. Keane responds as follows: (1) $2,000 for bail bond, (2) $10,000 for attorney fees in defense of criminal proceeding; and (3) expenses for a private investigator.

Dated: June 26, 2008

REED SMITH LLP

By _____
James E. Heffner
Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

## VERIFICATION

I, Robert Carl Patrick Keane, declare:

I am the responding party, and am authorized to make this Verification on my own behalf. I have read my Responses to Accornero's Interrogatories, Set One, above, and know of their contents. To the best of my knowledge and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 25, 2008

_____
Robert Carl Patrick Keane

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On June 26, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFF ROBERT CARL PATRICK KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S INTERROGATORIES, SET ONE**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**For Defendant Paul Accornero**:

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)

– 1 –

DOCSSFO-12504039.3

**For Defendants Seth McMullen and John Silva**:

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 26, 2008 at San Francisco, California.

_____
Ann H. Devor

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)

– 2 –

DOCSSFO-12504039.3