# EXHIBIT 5

Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:     +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>          Plaintiffs,<br><br>   vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>          Defendants. | No.: C 07 4894 SBA<br><br>**PLAINTIFF ROBERT CARL PATRICK KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Defendant PAUL ACCORNERO

RESPONDING PARTY:      Plaintiff ROBERT CARL PATRICK KEANE

SET NO.                            One

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Robert Carl Patrick Keane ("Keane") hereby makes the following objections and provides the following responses (the

"Response") to the First Set of Requests for Production of Documents propounded by Defendant Paul Accornero ("Accornero") in these related actions.

## I.  PRELIMINARY STATEMENT

Mr. Keane has not yet completed his investigation of the facts relating to this case, discovery, and preparation for trial. Mr. Keane reserves the right to amend or supplement these Responses as discovery in this case progresses, as new facts are developed, and as new information is obtained. Therefore, the following Responses are without prejudice to Mr. Keane's right to produce any additional evidence at trial or in connection with any pre-trial proceeding.

Mr. Keane objects to each Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. He will withhold all such information. All references to "Privileged Information" in the Responses include, without limitation, information protected by the attorney-client privilege, the attorney work product doctrine, and by any other applicable common law and constitutional privileges, protections and rights to privacy. Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any such available privilege or immunity. To the extent any of the Requests call for such privileged or protected information, Mr. Keane objects to the Requests and asserts that privilege and protection. Further, to the extent that the Requests seek production of Mr. Keane's communications with counsel and counsel's work in connection with this action, Mr. Keane will not produce such documents. If any such privileged document is disclosed, except pursuant to a specific written agreement concerning that document, the disclosure shall be deemed inadvertent and not evidence of an intention to waive any applicable privilege or immunity.

The term INCIDENT, as defined in the requests, is ambiguous. Mr. Keane responds to each Request containing the term as though INCIDENT means the events and occurrences described in Plaintiff's Amended Complaint.

Subject to this Preliminary Statement, Mr. Keane responds as follows:

## II. RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Produce any and all documents which refer or relate to or support your claim of loss of income or earning capacity you claim occurred as a result of the **INCIDENT**.

As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST NO. 1:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) does not identify the documents sought with reasonable particularity; and (ii) seeks Privileged Information.

Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

REQUEST NO. 2:

Produce any and all documents which refer or relate to or support your claim of physical, mental or emotional injuries you claim occurred as a result of the **INCIDENT**.

As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST NO. 2:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) does not identify the documents sought with reasonable particularity; and (ii) seeks Privileged Information.

Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

REQUEST NO. 3:

Produce any and all documents which refer or relate to or support your claim for property damage you claim as a result of the **INCIDENT**.

No.: C 07 4894 SBA         — 3 —
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST NO. 3:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it does not identify the documents sought with reasonable particularity.

Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

REQUEST NO. 4:

Produce any and all documents which refer or relate to or support your claim for expenses, including attorney fees and bail bond, as referenced in paragraph 24 of your Complaint that you claim as a result of the INCIDENT.

As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST NO. 4:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) does not identify the documents sought with reasonable particularity; and (ii) seeks Privileged Information.

Subject to these objections, Mr. Keane will produce responsive documents (if any exist). Mr. Keane further reserves his right to seek attorney fees under 42 U.S.C. §1988.

REQUEST NO. 5:

Produce any and all documents which refer or relate to any statements from witnesses to the **INCIDENT**.

As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

1  RESPONSE TO REQUEST NO. 5:

2     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
3  forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it seeks
4  Privileged Information.

6  REQUEST NO. 6:

7     Produce any and all documents which refer or relate to any conversations you have had with
8  anyone, other than an attorney, related to the **INCIDENT**.

9     As used in this request for production **INCIDENT** includes the circumstances and events
10 surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

11 RESPONSE TO REQUEST NO. 6:

12    Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
13 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it seeks
14 information that is irrelevant to this matter and is not reasonably calculated to lead to discovery of
15 admissible evidence.

16    Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

18 REQUEST NO. 7:

19    Produce any and all notes, journals, diaries or other documents you have written about, or as
20 a result of the **INCIDENT**.

21    As used in this request for production **INCIDENT** includes the circumstances and events
22 surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

23 RESPONSE TO REQUEST NO. 7:

24    Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
25 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that the
26 phrase "documents you have written about, or as a result of the INCIDENT" is vague and
27 ambiguous. Accordingly, Mr. Keane responds as though the request seeks all notes, journals,
28 diaries, or other documents in which Mr. Keane wrote about the events described in the complaint.

No.: C 07 4894 SBA      – 5 –
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

3  REQUEST NO. 8:

4  Produce any and all documents including photographs that support your contention that your constitutional rights were violated during the **INCIDENT** as a result of your race.

6  As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

8  RESPONSE TO REQUEST NO. 8:

9  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it seeks Privileged Information.

12  Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

14  REQUEST NO. 9:

15  Produce any and all documents that support the contention in your Complaint that you were deprived of constitutional rights as a result of the **INCIDENT**.

17  As used in this request for production **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

19  RESPONSE TO REQUEST NO. 9:

20  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) seeks Privileged Information; and (ii) is duplicative of Request No. 8.

23  Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

25  REQUEST NO. 10:

26  Produce any and all documents that support the contention in paragraph 17 of your Complaint that Defendant Paul Accornero "damaged Plaintiffs' furniture and home fixtures, threatened and intimidated Plaintiffs with accounts of an ultra-sensitive drug sniffing dog."

1  RESPONSE TO REQUEST NO. 10:

2      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
3  forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
4  (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
5  particularity.

6      Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

7

8  REQUEST NO. 11:

9      Produce any and all documents that support the contention in paragraph 27 of your
10 Complaint that "ACCORNERO searched the house with a dog that McMULLEN claimed could
11 detect even recreational drug use as far back as two years ago."

12 RESPONSE TO REQUEST NO. 11:

13     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
14 forth in the paragraphs above. Mr. Keane objects to this Request on the grounds that it: (i) seeks
15 Privileged Information; and (ii) does not identify the documents sought with reasonable particularity.

16     Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

17

18 REQUEST NO. 12:

19     Produce any and all documents that support the contention in paragraph 27 of your
20 Complaint that "the dog frightened Plaintiffs and damaged their property."

21 RESPONSE TO REQUEST NO. 12:

22     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
23 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i)
24 seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
25 particularity.

26     Subject to these objections, Mr. Keane will produce responsive documents (if any exist).
27 ///
28 ///

1 REQUEST NO. 13:

2 Produce any and all documents that support the contention in paragraph 43, subsection a of
3 your Complaint that "Defendants did not properly knock or announce their presence and identify
4 themselves or their purpose before forcefully entering Plaintiffs' home."

5 RESPONSE TO REQUEST NO. 13:

6 Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
7 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
8 (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
9 particularity.

10 Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

11

12 REQUEST NO. 14:

13 Produce any and all documents that support the contention in paragraph 43, subsection b of
14 your Complaint that "Defendants did not have permission to enter Plaintiff's residence, search their
15 residence, seize property or arrest MR. KEANE."

16 RESPONSE TO REQUEST NO. 14:

17 Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
18 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i)
19 seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
20 particularity.

21 Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

22

23 REQUEST NO. 15:

24 Produce any and all documents that support the contention in paragraph 43, subsection c of
25 your Complaint that "Defendants lacked probable cause to search Plaintiffs, their residence and other
26 property or to arrest MR. KEANE."

27

28

No.: C 07 4894 SBA — 8 —
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  RESPONSE TO REQUEST NO. 15:

2      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
3  forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i)
4  seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
5  particularity.

6      Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

7

8  REQUEST NO. 16:

9      Produce any and all documents that support the contention in paragraph 43, subsection d of
10 your complaint that "Defendants used excessive force in executing their unlawful search and arrest."

11 RESPONSE TO REQUEST NO. 16:

12     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
13 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
14 (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
15 particularity.

16     Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

17

18 REQUEST NO. 17:

19     Produce any and all documents that support the contention in paragraph 44, subsection a of
20 your Complaint that Defendant ACCORNERO deprived Plaintiffs of the "right to be free from
21 unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the
22 United States Constitution."

23 RESPONSE TO REQUEST NO. 17:

24     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
25 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
26 (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
27 particularity.

28     Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REQUEST NO. 18:**

Produce any and all documents that support the contention in paragraph 44, subsection b of your Complaint that Defendant ACCORNERO deprived Plaintiffs of the "right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution."

**RESPONSE TO REQUEST NO. 18:**

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable particularity.

Subject to these objections, Mr. Keane will produce responsive documents (if any exist).

**REQUEST NO. 19:**

Produce any and all documents that support the contention in paragraph 44, subsection c of your Complaint that Defendant ACCORNERO deprived Plaintiffs of the "right to be free from the use of excessive force by law enforcement agents, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution."

**RESPONSE TO REQUEST NO. 19:**

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable particularity.

Subject to these objections, Mr. Keane will produce responsive documents (if any).

**REQUEST NO. 20:**

Produce any and all documents that support the contention in paragraph 44, subsection d of your complaint that Defendant ACCORNERO deprived Plaintiffs of the "right to be free from

PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  interference within the zone of privacy, as protected by the Fourth and Fourteenth Amendments to
2  the United States Constitution."
3  RESPONSE TO REQUEST NO. 20:
4      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
5  forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
6  (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
7  particularity.
8      Subject to these objections, Mr. Keane will produce responsive documents (if any exist).
9
10 REQUEST NO. 21:
11     Produce any and all documents that support the contention in paragraph 45 of your
12 Complaint that Defendant ACCORNERO violated Plaintiffs constitutional rights pursuant to 42
13 U.S.C. § 1983.
14 RESPONSE TO REQUEST NO. 21:
15     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
16 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
17 (i) seeks Privileged Information; and (ii) does not identify the documents sought with reasonable
18 particularity.
19     Subject to these objections, Mr. Keane will produce responsive documents (if any exist).
20
21 REQUEST NO. 22:
22     Produce a copy of your fee agreement with your attorney(s) with respect to this matter.
23 RESPONSE TO REQUEST NO. 22:
24     Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set
25 forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it:
26 (i) seeks Privileged Information; and (ii) seeks information that is irrelevant to this matter and is not
27 reasonably calculated to lead to discovery of admissible evidence.
28

No.: C 07 4894 SBA      – 11 –
PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 23:

Produce a copy of all billing records or other documents from your attorney(s) that evidence, or support your claim for attorneys' fees in this case.

RESPONSE TO REQUEST NO. 23:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it: (i) seeks Privileged Information; and (ii) seeks information that is irrelevant to this matter and is not reasonably calculated to lead to discovery of admissible evidence.

DATED: June 26, 2008.

REED SMITH LLP

By _____
James E. Heffner
Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

DOCSSFO-12515681.1

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On June 26, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFF ROBERT CARL PATRICK KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**For Defendant Paul Accornero:**

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)

– 1 –

**For Defendants Seth McMullen and John Silva:**

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 26, 2008 at San Francisco, California.

Ann H. Devor

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)

– 2 –

DOCSSFO-12504039.3