# EXHIBIT 6

1  Michael J. Coffino (SBN 88109)
   Email: mcoffino@reedsmith.com
2  James E. Heffner (SBN 245406)
   Email: jeheffner@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA 94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA 94120-7936

7  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
8
   Attorneys for Plaintiffs
9  Robert Carl Patrick Keane and Chieko Strange

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14 ROBERT CARL PATRICK KEANE,              No.: C 07 4894 SBA
   individually; and CHIEKO STRANGE,
15 individually,                            **PLAINTIFF CHIEKO STRANGE'S
                                            RESPONSES TO DEFENDANT
16              Plaintiffs,                 ACCORNERO'S FIRST SET OF
                                            REQUESTS FOR ADMISSION**
17      vs.

18 SETH M. MCMULLEN, PAUL ACCORNERO
   and JOHN SILVA,
19
                Defendants.
20

21

22 PROPOUNDING PARTY:    Defendant PAUL ACCORNERO

23 RESPONDING PARTY:     Plaintiff CHIEKO STRANGE

24 SET NO.:              One

25      Plaintiff Chieko Strange ("Strange") hereby answers, objects and/or otherwise responds (the

26 "Response") to the First Set of Requests for Admissions ("Requests") propounded by Defendant

27 PAUL ACCORNERO as follows:

28

No.: C 07 4894 SBA                          – 1 –
PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS
                                FOR ADMISSION

## I. PRELIMINARY STATEMENT

Ms. Strange has not yet completed her investigation of the facts relating to this case, discovery, and preparation for trial. Ms. Strange reserves the right to amend or supplement these Responses as discovery in this case progresses, as new facts are developed, and as new information is obtained. Therefore, the following Responses are without prejudice to Ms. Strange's right to produce any additional evidence at trial or in connection with any pre-trial proceeding.

Ms. Strange objects to each Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine. She will withhold all such information. All references to "Privileged Information" in the Responses include, without limitation, information protected by the attorney-client privilege, the attorney work product doctrine, and by any other applicable common law and constitutional privileges, protections and rights to privacy. Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any such available privilege or immunity. To the extent any of the Requests call for such privileged or protected information, Ms. Strange objects to the Requests and asserts that privilege and protection. Further, to the extent that the Requests seek production of Ms. Strange's communications with counsel and counsel's work in connection with this action, Ms. Strange will not produce such documents. If any such privileged document is disclosed, except pursuant to a specific written agreement concerning that document, the disclosure shall be deemed inadvertent and not evidence of an intention to waive any applicable privilege or immunity.

The term INCIDENT, as defined in the requests, is ambiguous. Ms. Strange responds to each Request containing the term as though INCIDENT means the events and occurrences described in Plaintiff's Amended Complaint.

Subject to this Preliminary Statement, Ms. Strange responds as follows:

///
///
///
///

No.: C 07 4894 SBA — 2 —
PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION

## II. RESPONSES TO REQUESTS

REQUEST FOR ADMISSION NO. 1:

Admit that the audio recording, attached hereto as Exhibit "A" is a genuine recording of Defendant Accornero explaining the use of a drug detection canine to Plaintiff Robert Carl Patrick Keane during the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Ms. Strange objects to this Request on the grounds that the use of "genuine" is ambiguous. Ms. Strange responds to the request as though "genuine," as used in the request, means the recording provides an accurate and complete depiction of the events at the time.

Ms. Strange lacks sufficient information to admit or deny the Request after a reasonable inquiry from available sources.

REQUEST FOR ADMISSION NO. 2:

Admit that you have incurred no loss of income as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 3:

Admit that you have suffered no loss of earning capacity as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION

1  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

2      Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
3  forth in the paragraphs above. Ms. Strange further objects to this Request on the grounds that the
4  use of "earning capacity" is ambiguous.

5      Subject to these objections, Ms. Strange responds as follows: Denied.

6

7  REQUEST FOR ADMISSION NO. 4:

8      Admit that you have suffered no physical injuries as a result of the INCIDENT.

9      As used in this request INCIDENT includes the circumstances and events surrounding the
10 alleged accident, injury, or other occurrence giving rise to this action or proceeding.

11 RESPONSE TO REQUEST FOR ADMISSION NO. 4:

12     Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
13 forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Admit.

14

15 REQUEST FOR ADMISSION NO. 5:

16     Admit that you have suffered no mental injuries as a result of the INCIDENT.

17     As used in this request INCIDENT includes the circumstances and events surrounding the
18 alleged accident, injury, or other occurrence giving rise to this action or proceeding.

19 RESPONSE TO REQUEST FOR ADMISSION NO. 5:

20     Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
21 forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

22

23 REQUEST FOR ADMISSION NO. 6:

24     Admit that you have suffered no emotional injuries as a result of the INCIDENT.

25     As used in this request INCIDENT includes the circumstances and events surrounding the
26 alleged accident, injury, or other occurrence giving rise to this action or proceeding.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 6:

2 | Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 7:

Admit that you have suffered no property damage as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 8:

Admit that you have incurred no attorneys' fees as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 9:

Admit that you have incurred no court costs or other litigation expenses as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

No.: C 07 4894 SBA — 5 —
PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 10:

Admit that the INCIDENT has resulted in no damage whatsoever to you.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Ms. Strange incorporates her Preliminary Statement as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 11:

Admit that Defendant Paul Accornero is not liable to you as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

REQUEST FOR ADMISSION NO. 12:

Admit that Defendant Paul Accornero did not violate your Constitutional rights during the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

No.: C 07 4894 SBA — 6 —

PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION

1  RESPONSE TO REQUEST FOR ADMISSION NO. 12:

2  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
3  forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.
4

5  REQUEST FOR ADMISSION NO. 13:

6  Admit that you are not entitled to attorneys' fees in this matter.

7  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

8  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
9  forth in the paragraphs above. Ms. Strange further objects to this Request on the grounds that it is
10  premature and thus improper.

11  Subject to these objections, Ms. Strange responds as follows: Denied.
12

13  REQUEST FOR ADMISSION NO. 14:

14  Admit that Defendant Paul Accornero did not use excessive force against you during the
15  INCIDENT.

16  As used in this request INCIDENT includes the circumstances and events surrounding the
17  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

18  RESPONSE TO REQUEST FOR ADMISSION NO. 14:

19  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
20  forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.
21

22  REQUEST FOR ADMISSION NO. 15:

23  Admit that Defendant Paul Accornero did not deprive you of your "right to be free from
24  unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendment to the
25  United States Constitution" as alleged in paragraph 44, subsection a, of the Complaint.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 15:

27  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
28  forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

1  REQUEST FOR ADMISSION NO. 16:

2  Admit that Defendant Paul Accornero had probable cause to enter your residence on the date
3  of the INCIDENT.

4  As used in this request INCIDENT includes the circumstances and events surrounding the
5  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 16:

7  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
8  forth in the paragraphs above. Subject to these objections, Ms. Strange responds as follows: Denied.

9

10  REQUEST FOR ADMISSION NO. 17:

11  Admit that on November 29, 2006 Robert Carl Patrick Keane dropped-off a package
12  containing marijuana to be mailed to an address in Brick Township, New Jersey.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 17:

14  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
15  forth in the paragraphs above. Ms. Strange lacks sufficient information to admit or deny the Request
16  after a reasonable inquiry from available sources.

17

18  REQUEST FOR ADMISSION NO. 18:

19  Admit that Defendant Paul Accornero did not question Robert Carl Patrick Keane in your
20  bathroom at any time during the INCIDENT.

21  As used in this request INCIDENT includes the circumstances and events surrounding the
22  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

23  RESPONSE TO REQUEST FOR ADMISSION NO. 18:

24  Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set
25  forth in the paragraphs above. Ms. Strange lacks sufficient information to admit or deny the Request
26  after a reasonable inquiry from available sources.

27

28

No.: C 07 4894 SBA                           – 8 –
PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 19:

Admit that Robert Carl Patrick Keane was seated on your living room couch when Defendant Paul Accornero explained the use of the drug detection canine to you during the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Ms. Strange incorporates her Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Ms. Strange lacks sufficient information to admit or deny the Request after a reasonable inquiry from available sources.

DATED: June 26, 2008.

REED SMITH LLP

By _____
James E. Heffner
Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

DOCSSFO-12515673.1

No.: C 07 4894 SBA — 9 —
PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION

## VERIFICATION

I, Chieko Strange, declare:

I am the responding party, and am authorized to make this Verification on my own behalf. I have read my Responses to Accornero's Requests for Admission, Set One above, and know of their contents. To the best of my knowledge and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 26, 2008

_____
Chieko Strange

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On June 26, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFF CHIEKO STRANGE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**For Defendant Paul Accornero**:

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

CERTIFICATE OF SERVICE (Case No. C07-4894 SBA)   – 1 –

DOCSSFO-12504039.3

**For Defendants Seth McMullen and John Silva:**

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 26, 2008 at San Francisco, California.

_____
Ann H. Devor