# EXHIBIT 7

1  Michael J. Coffino (SBN 88109)
   Email: mcoffino@reedsmith.com
2  James E. Heffner (SBN 245406)
   Email: jeheffner@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
8
   Attorneys for Plaintiffs
9  Robert Carl Patrick Keane and Chieko Strange

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  ROBERT CARL PATRICK KEANE,            No.: C 07 4894 SBA
    individually; and CHIEKO STRANGE,
13  individually,                         **PLAINTIFF ROBERT CARL PATRICK
                                          KEANE'S RESPONSES TO DEFENDANT
14                 Plaintiffs,            ACCORNERO'S FIRST SET OF
                                          REQUESTS FOR ADMISSION**
15         vs.

16  SETH M. MCMULLEN, PAUL ACCORNERO
    and JOHN SILVA,
17
                   Defendants.
18

19

20

21

22

23  PROPOUNDING PARTY:        Defendant PAUL ACCORNERO

24  RESPONDING PARTY:         Plaintiff ROBERT CARL PATRICK KEANE

25  SET NO.:             One

26         Plaintiff ROBERT CARL PATRICK KEANE ("Keane") hereby answers, objects and/or

27  otherwise responds (the "Response") to the First Set of Requests for Admissions ("Requests")

28  propounded by Defendant PAUL ACCORNERO as follows:

No.: C 07 4894 SBA                        – 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## I.    PRELIMINARY STATEMENT

2      Mr. Keane has not yet completed his investigation of the facts relating to this case, discovery,

3  and preparation for trial.  Mr. Keane reserves the right to amend or supplement these Responses as

4  discovery in this case progresses, as new facts are developed, and as new information is obtained.

5  Therefore, the following Responses are without prejudice to Mr. Keane's right to produce any

6  additional evidence at trial or in connection with any pre-trial proceeding.

7      Mr. Keane objects to each Request to the extent it seeks information that is protected from

8  disclosure by the attorney-client privilege or the attorney work product doctrine.  He will withhold

9  all such information.  All references to "Privileged Information" in the Responses include, without

10 limitation, information protected by the attorney-client privilege, the attorney work product doctrine,

11 and by any other applicable common law and constitutional privileges, protections and rights to

12 privacy.  Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any

13 such available privilege or immunity.  To the extent any of the Requests call for such privileged or

14 protected information, Mr. Keane objects to the Requests and asserts that privilege and protection.

15 Further, to the extent that the Requests seek production of Mr. Keane's communications with

16 counsel and counsel's work in connection with this action, Mr. Keane will not produce such

17 documents.  If any such privileged document is disclosed, except pursuant to a specific written

18 agreement concerning that document, the disclosure shall be deemed inadvertent and not evidence of

19 an intention to waive any applicable privilege or immunity.

20     The term INCIDENT, as defined in the requests, is ambiguous.  Mr. Keane responds to each

21 Request containing the term as though INCIDENT means the events and occurrences described in

22 Plaintiff's Amended Complaint.

23     Subject to this Preliminary Statement, Mr. Keane responds as follows:

24

25

26

27

28

PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR
ADMISSION

## II.    RESPONSES TO REQUESTS

REQUEST FOR ADMISSION NO. 1:

Admit that the audio recording, attached hereto as Exhibit "A" is a genuine recording of Defendant Accornero explaining the use of a drug detection canine to Plaintiff Robert Carl Patrick Mr. Keane during the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Mr. Keane objects to this Request on the grounds that the use of "genuine" is ambiguous. Mr. Keane responds to the request as though "genuine," as used in the request, means the recording provides an accurate and complete depiction of the events at the time.

Subject to these objections, Mr. Keane responds as follows: Denied.

REQUEST FOR ADMISSION NO. 2:

Admit that you have incurred no loss of income as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Mr. Keane responds as follows: Denied.

REQUEST FOR ADMISSION NO. 3:

Admit that you have suffered no loss of earning capacity as a result of the INCIDENT.

As used in this request INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence giving rise to this action or proceeding.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  forth in the paragraphs above.  Mr. Keane further objects to this Request on the grounds that the use

2  of "earning capacity" is ambiguous.

3       Subject to these objections, Mr. Keane responds as follows: Denied.

4

5  REQUEST FOR ADMISSION NO. 4:

6       Admit that you have suffered no physical injuries as a result of the INCIDENT.

7       As used in this request INCIDENT includes the circumstances and events surrounding the

8  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

9  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

10       Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

11  forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

12

13  REQUEST FOR ADMISSION NO. 5:

14       Admit that you have suffered no mental injuries as a result of the INCIDENT.

15       As used in this request INCIDENT includes the circumstances and events surrounding the

16  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

17  RESPONSE TO REQUEST FOR ADMISSION NO. 5:

18       Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

19  forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

20

21  REQUEST FOR ADMISSION NO. 6:

22       Admit that you have suffered no emotional injuries as a result of the INCIDENT.

23       As used in this request INCIDENT includes the circumstances and events surrounding the

24  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

25  RESPONSE TO REQUEST FOR ADMISSION NO. 6:

26       Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

27  forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

28

1    REQUEST FOR ADMISSION NO. 7:

2        Admit that you have suffered no property damage as a result of the INCIDENT.

3        As used in this request INCIDENT includes the circumstances and events surrounding the

4    alleged accident, injury, or other occurrence giving rise to this action or proceeding.

5    RESPONSE TO REQUEST FOR ADMISSION NO. 7:

6        Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

7    forth in the paragraphs above. Subject to these objections, Mr. Keane responds as follows: Denied.

8

9    REQUEST FOR ADMISSION NO. 8:

10        Admit that you have incurred no attorneys' fees as a result of the INCIDENT.

11        As used in this request INCIDENT includes the circumstances and events surrounding the

12    alleged accident, injury, or other occurrence giving rise to this action or proceeding.

13    RESPONSE TO REQUEST FOR ADMISSION NO. 8:

14        Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

15    forth in the paragraphs above. Subject to these objections, Mr. Keane responds as follows: Denied.

16

17    REQUEST FOR ADMISSION NO. 9:

18        Admit that you have incurred no court costs or other litigation expenses as a result of the

19    INCIDENT.

20        As used in this request INCIDENT includes the circumstances and events surrounding the

21    alleged accident, injury, or other occurrence giving rise to this action or proceeding.

22    RESPONSE TO REQUEST FOR ADMISSION NO. 9:

23        Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as

24    objections to this interrogatory as set forth in the paragraphs above. Subject to these objections, Mr.

25    Keane responds as follows: Denied.

26

27    REQUEST FOR ADMISSION NO. 10:

28        Admit that the INCIDENT has resulted in no damage whatsoever to you.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   As used in this request INCIDENT includes the circumstances and events surrounding the

2   alleged accident, injury, or other occurrence giving rise to this action or proceeding.

3   RESPONSE TO REQUEST FOR ADMISSION NO. 10:

4   Mr. Keane incorporates his Preliminary Statement as set forth in the paragraphs above.

5   Subject to these objections, Mr. Keane responds as follows: Denied.

6

7   REQUEST FOR ADMISSION NO. 11:

8   Admit that Defendant Paul Accornero is not liable to you as a result of the INCIDENT.

9   As used in this request INCIDENT includes the circumstances and events surrounding the

10  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

11  RESPONSE TO REQUEST FOR ADMISSION NO. 11:

12  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

13  forth in the paragraphs above. Subject to these objections, Mr. Keane responds as follows: Denied.

14

15  REQUEST FOR ADMISSION NO. 12:

16  Admit that Defendant Paul Accornero did not violate your Constitutional rights during the

17  INCIDENT.

18  As used in this request INCIDENT includes the circumstances and events surrounding the

19  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

20  RESPONSE TO REQUEST FOR ADMISSION NO. 12:

21  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

22  forth in the paragraphs above. Subject to these objections, Mr. Keane responds as follows: Denied.

23

24  REQUEST FOR ADMISSION NO. 13:

25  Admit that you are not entitled to attorneys' fees in this matter.

26  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

27  Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

28  forth in the paragraphs above. Mr. Keane further objects to this Request on the grounds that it is

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

No.: C 07 4894 SBA                                    – 6 –

PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR
ADMISSION

1 premature and thus improper.

2       Subject to these objections, Mr. Keane responds as follows: Denied.

3

4 REQUEST FOR ADMISSION NO. 14:

5       Admit that Defendant Paul Accornero did not use excessive force against you during the

6 INCIDENT.

7       As used in this request INCIDENT includes the circumstances and events surrounding the

8 alleged accident, injury, or other occurrence giving rise to this action or proceeding.

9 RESPONSE TO REQUEST FOR ADMISSION NO. 14:

10       Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

11 forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

12

13 REQUEST FOR ADMISSION NO. 15:

14       Admit that Defendant Paul Accornero did not deprive you of your "right to be free from

15 unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendment to the

16 United States Constitution" as alleged in paragraph 44, subsection a, of the Complaint.

17 RESPONSE TO REQUEST FOR ADMISSION NO. 15:

18       Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

19 forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

20

21 REQUEST FOR ADMISSION NO. 16:

22       Admit that Defendant Paul Accornero had probable cause to enter your residence on the date

23 of the INCIDENT.

24       As used in this request INCIDENT includes the circumstances and events surrounding the

25 alleged accident, injury, or other occurrence giving rise to this action or proceeding.

26 RESPONSE TO REQUEST FOR ADMISSION NO. 16:

27       Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

28 forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR
ADMISSION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  REQUEST FOR ADMISSION NO. 17:

2      Admit that on November 29, 2006 you dropped-off a package containing marijuana to be

3  mailed to an address in Brick Township, New Jersey.

4  RESPONSE TO REQUEST FOR ADMISSION NO. 17:

5      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

6  forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows: Denied.

7

8  REQUEST FOR ADMISSION NO. 18:

9      Admit that Defendant Paul Accornero did not question you in your bathroom at any time

10  during the INCIDENT.

11      As used in this request INCIDENT includes the circumstances and events surrounding the

12  alleged accident, injury, or other occurrence giving rise to this action or proceeding.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 18:

14      Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

15  forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows:

16  Admitted.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    REQUEST FOR ADMISSION NO. 19:

2         Admit that you were seated on your living room couch when Defendant Paul Accornero

3    explained the use of the drug detection canine to you during the INCIDENT.

4         As used in this request INCIDENT includes the circumstances and events surrounding the

5    alleged accident, injury, or other occurrence giving rise to this action or proceeding.

6    RESPONSE TO REQUEST FOR ADMISSION NO. 19:

7         Mr. Keane incorporates his Preliminary Statement as objections to this interrogatory as set

8    forth in the paragraphs above.  Subject to these objections, Mr. Keane responds as follows:

9    Admitted.

10

11        DATED:  June 26, 2008.

12                                    REED SMITH LLP

13

14                                    By

15                                        James E. Heffner
                                          Attorneys for Plaintiffs
16                                        Robert Carl Patrick Keane and Chieko Strange

17

18   DOCSSFO-12515691.1

19

20

21

22

23

24

25

26

27

28

No.: C 07 4894 SBA                          – 9 –

PLAINTIFF KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR
ADMISSION

## VERIFICATION

I, Robert Carl Patrick Keane, declare:

I am the responding party, and am authorized to make this Verification on my own behalf. I have read my Responses to Accornero's Requests for Admission, Set One above, and know of their contents. To the best of my knowledge and belief, the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 26, 2008

Robert Carl Patrick Keane

**REED SMITH LLP**
A limited liability partnership formed in the State of Delaware

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On June 26, 2008, I served the following document(s) by the method indicated below:

**PLAINTIFF ROBERT CARL PATRICK KEANE'S RESPONSES TO DEFENDANT ACCORNERO'S FIRST SET OF REQUESTS FOR ADMISSION**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

**For Defendant Paul Accornero**:

Kimberly E. Colwell, Esq.
Tricia L. Hynes, Esq.
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510-808-2000
Facsimile: 510-444-1108

**For Defendants Seth McMullen and John Silva**:

Abraham A. Simmons, Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone: 415-436-7264
Facsimile: 415-436-6748

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 26, 2008 at San Francisco, California.

Ann H. Devor

DOCSSFO-12504039.3