**U.S. Department of Justice**

United States Attorney
Northern District of California

| | |
|---|---|
| 9th Floor, Federal Building | (415) 436-7264 |
| 450 Golden Gate Avenue, Box 36055 | |
| San Francisco, California 94102 | FAX:(415) 436-7169 |

July 31, 2008

***via email and U.S. mail***

Reed Smith LLP
Attn: James E. Heffner
 and Matthew Peters
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922

        Re:    **Keane et al. V. McMullen, et al.**
                   **C 07 4894 SBA**

Dear Mr. Heffner:

      This is a final an attempt to meet and confer pursuant to Judge Armstrong's Standing Order. Absent resolution of this issue by close of business tomorrow, we will seek court intervention pursuant to Local Rule 37(1)(b) and Judge Armstrong's Order for Pretrial Preparation, Section J.

1. <u>Plaintiffs have put in issue whether they suffered physical and emotional issues as a result of defendants' conduct.</u>

      The First Amended Complaint ("FAC") filed by plaintiffs in this case on February 19, 2008, alleges that as a result of defendants actions, plaintiffs suffered a "extensive injuries." [Document 20 at 8: 23-24.] Plaintiffs allege that as a result of the defendants' conduct, they suffered "havoc on their emotional state, causing nightmares, paranoia coupled with a general distrust of authorities, a diminished enjoyment of life, and decreased work performance." [Document 20 at 2: 4-6.] Plaintiff specifically allege that the lawsuit is intended to remedy these particular symptoms. [Document 20 at 2: 6.] Paragraph 36 of plaintiffs' amended complaint alleges Keane suffered pain and physical injuries. [Document 20 at 8.] Paragraph 37 alleges "Plaintiffs suffered and continue to suffer severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security and dignity." [Document 20 at 9.] Among the requests in the prayer for relief are requests for "compensatory damages" and "an award of just compensation for pain and suffering according to proof." [Document 20 at 14.]

      In the Joint Case Management Conference Statement submitted to Judge Armstrong on March 20, 2008, plaintiffs informed the judge that they are seeking "compensatory damages, including amounts for pain and suffering." [Document 29 at 4: 16-18.]

      In plaintiff's initial disclosures signed May 15, 2008, plaintiffs state that they include in their

damages calculation unspecified amounts for "emotional distress, pain and suffering resulting from the illegal and unconstitutional acts of the defendants . . .." Initial Disclosure of Plaintiffs at 4: 11-12.

2. <u>Plaintiff have refused to sign releases so that defendants can investigate the veracity of plaintiffs' claims of emotional and physical injury.</u>

On July 9, 2008, we delivered to you releases for your clients to sign to enable us to subpoena records from plaintiffs' medical providers. These releases followed conversations in which we informed you that we would be investigating your clients' claims and previous correspondence in which we stated that your "calculation of damages" was inadequate in that it provided no basis for determining the amount at stake in this litigation nor the basis for plaintiffs' claims of emotional distress. We also previously have noted that plaintiffs' initial disclosures were devoid of documents suggesting they suffered any cognizable mental or physical injuries.

When the parties met on July 16, 2008, plaintiffs informed us that they would not be signing the releases. No alternatives were permitted. Plaintiffs suggested that discovery should be limited to medical records provided by plaintiffs' experts if and when they are disclosed pursuant to the court's case management order.

3. <u>Defendants are entitled to a release or preclusion of an award for injuries.</u>

It is axiomatic that plaintiff's claim for physical and emotional issues permits defendant to obtain plaintiff's medical and psychological records. Because plaintiff has placed in issue their emotional state, their physical state and the extent of their damages, these issues are "directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit." *Vinson v. Sup.Ct. (Peralta Community College Dist.)*, 43 Cal.3d 833, 841-42 (1987). Failure to submit releases has been found to be grounds for sanctions, including dismissal. *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 929, 12 Cal.Rptr.3d 159 (judgment of dismissal affirmed after claimant refused discovery order to sign authorization for release of medical records).

## CONCLUSION

Please forward to us forthwith plaintiffs' signatures on the releases delivered to you July 9, 2008. Thank you for your immediate attention to this matter.

Sincerely,

Joseph P. Russoniello
United States Attorney


_____/s/_____
ABRAHAM A SIMMONS
Assistant United States Attorney

cc: Tricia Hines