# ReedSmith

**James E. Heffner**
Direct Phone: +1 415 659 5996
Email: jeheffner@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

August 1, 2008

**Via E-mail and U.S. Mail**

Abraham A. Simmons
Assistant United States Attorney
450 Golden Gate Ave., 9th Flr.
San Francisco, CA 94102-3495

**Keane, et al. v. McMullen, et al.**
**USDC ND Calif. Case No. C07-4894 SBA**

Dear Mr. Simmons:

This responds to your letter of July 31. In your letter you demand that we provide signed medical release forms to you by the close of business today, August 1. Not withstanding the unreasonableness of your twenty-four hour deadline, we will attempt to address your demand.

As a preliminary matter, contrary to the suggestion in your letter, we will supply releases of medical records that are relevant to the issues in this case. We fully expect that an agreement can be reached as to what is and is not relevant. As a reminder, we have repeatedly informed you that we do not think any records exist germane to this action. Indeed, as we have stated, neither plaintiff has sought treatment for injuries suffered as a result of Defendants conduct. Nevertheless, we are willing to obtain releases that apply to relevant medical records – if they were to exist.

Previously, you supplied two releases for each Plaintiff. These releases are substantially overbroad and would result in the release of an unreasonable amount of irrelevant personal information.

The "Authorization to Release Psychotherapy Information" would release:

    1. All records of psychological or psychiatric testing or treatment, including complete chart, audio and visual recordings, and psychotherapy notes, and

    2. Billing records.

The "Authorization to Release Medical Information" would release:

Any and all records regarding treatment of [Plaintiff] including but not limited to:

    1. Copy of complete chart, progress notes and interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format.

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

DOCSSFO-12523194.1 8/1/08 2:28 PM

Abraham A. Simmons
August 1, 2008
Page 2

ReedSmith

    2.    Billing records.

As stated, these releases will need to be narrowed. Neither has a temporal element and, as such, would include records far removed from anything having any bearing on the claims or defenses of the present action.

Further, Plaintiffs' sole claim for physical damages stems from the injuries to Mr. Keane's wrists and he has not sought any medical attention for this injury. As such, the "Authorization to Release Medical Information" seeks wholly irrelevant information as to Mr. Keane, and certainly as to Ms. Strange who makes no claims of any physical injury.

Finally, both releases seek billing information. Neither plaintiff seeks medical expenses and, as such, we fail to see how this is relevant.

I propose a telephone conference to discuss the scope of the releases. We are confident we can reach an accord. I am available at any time on Wednesday August 6.

To facilitate the meet and confer process, please explain your position as to the scope of relevant records. Do, for example, defendants contend they are entitled to any medical or psychiatric records generated at any time, including before the home invasion, for any purpose or situation? Or do defendants contend they are only entitled to such records created in response to treatment plaintiffs sought for the conditions plaintiffs allege they suffered at the hands of the defendants? If the former, we would be grateful for any legal authority to support the position, which we will review prior to our conference call. If the position is something else still, we of course would like to know the position and, again, receive supporting legal authority.

Very truly yours,

James E. Heffner

JEH:ad

cc:    Tricia L. Hynes