JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:    (415) 436-6748
    Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>                Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>                Defendants. | No. C 07-4894 SBA<br><br>**FEDERAL DEFENDANT SETH McMULLEN'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br>**Fed.R.Civ.P. 56**<br><br>Date:    September 16, 2008<br>Time:    1:00 p.m.<br>Place:   Courtroom 3, 3rd Floor<br>Before:  Hon. Saundra B. Armstrong |

## I. INTRODUCTION

There is an deep and abiding chasm between the evidence plaintiffs have presented and the contentions they conjure up in their memoranda.

It is fundamental that in response to a motion for summary judgment, plaintiffs bear the burden of presenting evidence, not simply argument, in support of their allegations. Plaintiffs' affidavits and other evidence must set forth specific facts showing that a genuine issue of material fact exists. *See Fed. R. Civ. P. 56(e)*. Here, plaintiffs have not mustered sufficient evidence to support their most basic theories and contentions with respect to their investigation-related claims; accordingly, defendants now are entitled to summary adjudication of such claims.

Defendant also is entitled to summary adjudication with respect to most of plaintiffs' excessive force claims. Special Agent McMullen is entitled to summary adjudication of plaintiffs' claims that 1) he failed to knock and announce his presence before executing the search warrant, 2) he damaged plaintiffs' personal property and 3) he improperly used a firearm during the execution of the search warrant.[1] With respect to these claims, plaintiffs have either again failed to present sufficient evidence or failed to present the appropriate rule for liability. In either case, defendant is entitled to summary adjudication with respect to each of these claims.

In sum, this Court should reject plaintiffs' invitation to substitute argument for evidence; plaintiffs are not entitled to prevail on account of their tortured interpretation of evidence. Plaintiffs also must apply the appropriate rules for each of their claims. Federal defendant Seth McMullen respectfully requests that this court grant his motion for summary adjudication on the above-described claims.[2]

## II.   ARGUMENT

**A.   Plaintiffs have presented insufficient evidence to prevent summary adjudication with respect to their investigation-related claims.**

In support of his motion for summary judgment, Federal Defendant McMullen presented evidence that his affidavit in support of arrest and search warrants is supported by ample probable cause, and that in any event, the decision of Sonoma County District Attorney Jamar to file a criminal complaint operates to break the chain of causation to Plaintiffs' damages and the

---

[1]   Defendants acknowledge that plaintiffs have submitted declarations that, on the current record, raise a triable issue of fact with respect to some aspects of their excessive force claims. Specifically, plaintiffs have signed declarations claiming to have witnessed Special Agent McMullen place his boot on Chieko Strange's head and then lift Robert Keane by the chain of his handcuffs. Although these allegations ultimately will be proven to be untrue, the federal defendant acknowledges that the signed declarations of the plaintiffs are, on this record, sufficient to raise a triable issue.

[2]   Federal Defendant Seth McMullen also has moved, in the alternative, for dismissal of plaintiffs' claims filed pursuant to 42 U.S.C. § 1983. As with the moving papers, Special Agent McMullen joins in the reply filed by Task Force Officer John Silva. The reply is incorporated as though set forth herein in its entirety.

2

1  decision Superior Court Judge Boyd to issue the warrants operates as a bar to liability in this
2  case.
3  In response, plaintiffs no longer contend that the affidavit, as written, lacks probable
4  cause. Plaintiffs also do not dispute that the affidavit, if otherwise proper, was signed by the
5  judge and therefore liability would ordinarily be precluded. Nevertheless, plaintiffs contend that
6  these principles all are trumped for two reasons: first, because "a reasonable jury could find
7  McMullen liable for obtaining the warrants through judicial deception" (Opposition at 1:5-7);
8  second, because the district attorney did not exercise independent judgment when deciding
9  whether to prosecute the case. Both contentions are meritless.
10      1.    <u>Plaintiffs' claims of judicial deception have no support in the evidence.</u>
11  In *Hervey v. Estes*, 65 F.3d 784 (9th Cir.1995), the Ninth Circuit clarified the mechanics
12  of a judicial deception claim and spelled out the burden a plaintiff must meet in order to survive
13  a defendant officer's motion for summary judgment on the ground of qualified immunity. The
14  Ninth Circuit held in that case that the plaintiff must 1) make a "substantial showing" of
15  deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the
16  dishonesty, the challenged action would not have occurred. *Id*. at 788-89. The showing
17  necessary to get to a jury therefore is the same as the showing necessary to get an evidentiary
18  hearing under the criminal case of *Franks v. Delaware*, 438 U.S. 154, 171-72. *Liston v. County
19  of Rivierside*, 120 F.3d 965, 973 (9th Cir. 1997). The district court properly reviews the totality
20  of the circumstances to determine whether plaintiff has made a substantial showing that any such
21  errors are the result of deliberate falsehood or reckless disregard.
22  Here, there is a substantial disconnect between plaintiffs' argument and their evidence.
23  On the one hand, plaintiffs claim that McMullen misrepresented in his affidavit that McGuigan
24  made a positive identification of Keane. On the other hand, the evidence is clear that
25  McMullen's affidavit properly describes his encounter with McGuigan. The affidavit states:
26  > On November 30, 2006, SAs McMullen and Hoyt went to the Mail Depot in Petaluma and showed McGuigan a photo of a possible
27  > suspect. McGuigan positively identified the individual in the
28  
3

>photo as the person who dropped the package off a day earlier for shipment to the New Jersey address. The person McGuigan identified was Robert Carl Patrick KEANE, 307 North Ferndale Avenue, Mill Valley, California 94941-3421 . . ..

McMullen Decl., Exh. 2 (Document No. 16-3 filed Jan. 14, 2008). Similarly, the additional evidence submitted by plaintiffs makes clear McGuigan did, in fact, identify Keane. McGuigan states in her declaration that after she looked at the photograph, she told McMullen, "it looked like the man who had attempted to mail the package . . .." McGuigan Decl. at ¶ 27. Thus, plaintiffs' claims of false and misleading testimony are meritless.

      a.    Plaintiffs' seven arguments regarding inconsistencies are supported by neither a substantial showing of misinformation nor evidence of deliberate falsehood or reckless disregard for the truth.

In support of their contention that Special Agent McMullen's affidavit contains false statements, plaintiffs attempt to manufacture seven distinctions between the information provided in the affidavit and the other facts in the record. Each of plaintiffs' seven arguments must fail either because 1) plaintiffs have failed to make a substantial showing that the distinctions exist at all or because 2) the distinctions, even if they did exist, have not been shown to be the result of deliberate falsehood or reckless disregard for the truth, or 3) both.

First, plaintiffs claim McMullen should not have used the phrase "positively identified" in his affidavit. This argument apparently is based upon plaintiffs' belief that McGuigan's identification of Keane was not certain. Plaintiffs, however, do not present any evidence regarding the certainty of McGuigan's identification. A plaintiff cannot forestall summary judgment by merely asserting facts, instead, such facts must find support in the evidence and must be "based on more than mere speculation, conjecture, or fantasy." *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1466-67 (9th Cir. 1986) (*quoting Barnes v. Arden Mayfair Inc.*, 759 F.2d 676, 681 (9th Cir. 1985)). In addition, where plaintiffs invite the Court to extrapolate from unsupported facts, neither a plaintiff's beliefs, nor her lawyer's arguments can substitute for evidence. This Court "need not draw *all* possible inferences in [plaintiffs'] favor, but only all *reasonable* ones." *See Villiarimo v. Aloha Island Air, Inc.*, 281 F. 3d 1054, 1065 n. 10 (9th Cir.

1  2002).  Here, there is no evidence that a positive identification (under any definition) was not
2  made.  Specifically, nowhere in her declaration does McGuigan deny that she made a positive
3  identification of Keane when Special Agent McMullen showed her the photograph.  For all their
4  protestations and argumentation, plaintiffs present no *evidence* that McGuigan failed to make a
5  positive identification.[3]

6  Second, plaintiffs claim McMullen "did not make any efforts to ascertain how certain the
7  identification was."  Opposition at 9:2-3.  Plaintiffs appear to have made up this fact for the
8  convenience of bolstering their argument.  Plaintiffs cite McGuigan's declaration for this
9  proposition, however, the declaration does not suggest in any way that her identification of
10 Keane was in any way equivocal.  In fact, McGuigan states in her declaration that she cannot
11 remember *whether* DEA agents asked her how certain she was.  McGuigan Decl. at ¶ 28. This
12 directly contradicts plaintiffs' argument.  There is no justification for plaintiffs' attempt to
13 stretch the facts so as to support a claim that McGuigan's identification was somehow equivocal.

14 Third, plaintiffs complain that the picture shown to McGuigan *may* have had Keane's
15 address on it.  Significantly again, McGuigan does not state that she saw an address, that she was
16 influenced by the address or that she made a connection between an address on the picture (if
17 there) and the return address on the package.  When a plaintiff relies on circumstantial evidence
18 to establish improper motive, that evidence should be "specific and substantial" in order to defeat
19 a motion for summary judgment. *Cf. Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090,
20 1095 (9th Cir. 2005) (in Title VII case, use of circumstantial evidence to discredit employer's
21 legitimate non-discriminatory reasons must be specific and substantial); *see also Stegall v.*

---

[3] Plaintiffs also attempt to discredit the identification on the ground that their expert believes a "positive identification" means more to DEA agents than to the rest of the population.  Generally, the admissibility of this type of expert testimony is strongly disfavored by most courts. *United States v. Labansat,* 94 F.3d 527, 530 (9th Cir. 1996) (quoting *United States v. Sims*, 617 F.2d 1371, 1375 (9th Cir. 1980)).  Defendant respectfully requests that this Court refuse to consider this evidence because it is neither scientific nor reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

5

1  *Citadel Broadcasting Co.*, 350 F.3d 1061, 1066 (9th Cir.2004).  Here, the absence of facts to
2  support plaintiffs' theory makes clear that plaintiffs cannot present sufficient evidence of an
3  erroneous affidavit– much less of deliberate falsehood or reckless disregard for the truth.
4         Fourth, plaintiffs state that Special Agent McMullen's affidavit is false because it does
5  not state McGuigan was told before she viewed Keane's photograph that she was about to view a
6  "possible suspect."  Here, too, the evidence does not support plaintiffs' claim of wrongdoing.
7  The affidavit **does** state that McGuigan was shown "a photo of a possible suspect."  McMullen
8  Decl., Exh. 2 (Document No. 16-3 filed Jan. 14, 2008).  This is clear enough.  Moreover,
9  although the affidavit does not specifically point out when McGuigan was told the photograph
10 was of a possible suspect, neither does any other evidence in this case– here again, noticeably
11 absent from the McGuigan declaration is any mention of this subject at all.  In sum, plaintiffs'
12 argument finds no support in the record.
13        Fifth, plaintiffs argue that Special Agent McMullen's affidavit was false because it did
14 not disclose the details of the Petaluma Police Department's separate investigation and their
15 separate attempts to identify Keane.  Plaintiffs claim that McGuigan concluded Keane was none
16 of the person presented in a photo line up presented by the Petaluma Police Department and that
17 this fact was not in McMullen's affidavit.  Significantly, there is no evidence Keane was in the
18 pre-affidavit photo lineup.  In any event, and more significantly, there is no evidence Special
19 Agent McMullen was made aware of the alleged additional photo lineup.  Certainly, the
20 McGuigan declaration does not suggest that she shared the fact of this lineup with McMullen.
21 Plaintiffs simply cannot establish Special Agent McMullen attempted to deceive any judicial
22 officer when completing his affidavit.
23        Sixth, plaintiffs argue Special Agent McMullen's affidavit was false because it did not
24 state that McGuigan provided the special agent with sender information from a previous attempt
25 to deliver drugs. Opposition at 10.  Specifically, plaintiffs claim that the affidavit should have
26 included the facts that the sender of the previous package was identified as Bob Hart and that the
27 sender provided a particular telephone number.  Here again, the evidence does not support the
28

6

1  argument plaintiffs are attempting to make.  Special Agent McMullen's affidavit states,
2  "McGuigan also said that on May 31, 2006, another package, with an unknown address, was sent
3  to 36 Sandy Point Drive, New Jersey 08723."  This information is accurate.  Moreover, the
4  additional evidence provided by plaintiffs provides no details regarding the information
5  McGuigan provided to the DEA.  Accordingly, there is no evidence to support plaintiffs' bald
6  assertions that Special Agent McMullen was aware of, and failed to share, additional material
7  facts.

8  Seventh , plaintiffs claim that Special Agent McMullen should have disclosed that Brian
9  Keane, who was arrested in New Jersey, never identified plaintiff Keane as a relative.  This is
10 one of plaintiffs' more bizarre arguments.  Brian Keane was not a trustworthy individual.  There
11 is no dispute in the record that at the time Special Agent McMullen completed his affidavit, he
12 was aware that Brian Keane 1) claimed the package contained a bomb and nevertheless had put
13 the package in the seat next to his daughter, 2) claimed he was returning the package (containing
14 a bomb) to the Federal Express facility even though the facility was not in the direction Keane
15 was driving and 3) both denied and then admitted during the course of his arrest that he had a
16 brother.  Simmons Decl., Exh. 1(d).  In light of all this, it is puzzling that plaintiffs insist it was
17 deceitful for Special Agent McMullen to omit from his affidavit Brian Keane's statement that he
18 did not know anyone in California.

19 For all these reasons, none of plaintiffs' seven arguments regarding alleged deficiencies
20 in Special Agent McMullen's affidavit constitutes a "substantial showing."  Moreover, plaintiffs
21 have utterly failed to establish that any of these deficiencies, even if they existed, were either
22 deliberate or reckless.  For this additional reason, plaintiffs have failed to present sufficient
23 evidence to prevent summary adjudication of the investigation-based claims.  *Cf. Keyser v.*
24 *Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751-52 (9th Cir.2001) (the intent to deceive
25 must be a "substantial" or "motivating" factor in the decision to omit the facts); *see also*
26 *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989).

1        b.    Plaintiffs have not demonstrated that but for any of the alleged errors, probable cause would be lacking.

Plaintiffs may prevail only if they can demonstrate the materiality of the allegedly improper statements to the ultimate determination of probable cause." *Hervey v. Estes,* 65 F.3d 784, 789 (9th Cir.1995). Even if plaintiffs had presented substantial evidence on the issue of materiality, the question remains one for the court. *Id.* Here, as noted above, this Court should conclude that plaintiffs have failed to establish a substantial showing with respect to any of the above-addressed seven deficienies. If this court should determine a substantial showing was made and that there is sufficient evidence that the erroneous fact or omission was deliberate or reckless, the Court must nonetheless decide whether the fact would have altered the existence of probable cause. Defendant respectfully submits that none of plaintiffs' alleged deficiencies raise to this level and therefore, defendant is entitled to summary adjudication on the investigation-related claims.

    2.    Plaintiffs claim that the Sonoma County District Attorney did not exercise judgment has no support in the record.

In his moving papers, Federal Defendant McMullen argued that the prosecutor's independent decision was a superseding or intervening cause of plaintiffs' injury, precluding suit against the officials who made an arrest or procured a prosecution. Motion at 19-20 citing *Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). Defendant submitted the records of the criminal proceeding against Keane as evidence of the decision. In response, Plaintiffs argue that the Sonoma County prosecutor that decided to charge plaintiff Keane did not exercise independent judgment and claim that defendant produced "no evidence that the Sonoma County District Attorney undertook any 'independent' investigation before deciding to prosecute." Opposition at 13:25-26. Plaintiffs have mis-allocated the burdens of the parties at this point in the litigation. As set out in the recently-decided case of *Harper v. City of Los Angeles,* 533 F.3d 1010, 1027 (9th Cir. 2008)

> It is a well-settled principle that the "[f]iling of a criminal complaint immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing

8

> the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir.1981) ( Smiddy I ). A § 1983 plaintiff may rebut this presumption, however, by "showing that the district attorney was pressured or caused by the investigating officers to act contrary to his independent judgment." *Id*. at 266. Such evidence must be substantial, *see Newman v. County of Orange*, 457 F.3d 991, 994-95 (9th Cir.2006) (rebuttal evidence cannot consist merely of a plaintiff's own account of events) . . ..

Accordingly, Special Agent McMullen is entitled to a presumption that the prosecutor used independent judgment. It is up to plaintiffs to present evidence to challenge the presumption.

This is not a case in which the evidence demonstrates the prosecutor's judgment was "based almost entirely on the police investigation adjudged to be deficient by the jury." *Id*. citing *Smiddy v. Varney*, 803 F.2d 1469, 1472 ( 9th Cir. 1986); *Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir.1991) (parentheticals omitted). Instead, plaintiffs again present little or no evidence and request that the court join in their presumption that the prosecutor acted improperly. Here again, the court should decline plaintiffs' invitation; in the absence of evidence to the contrary, the presumption that the district attorney and the deputy district attorney exercised there own judgment should be employed and defendant is entitled to summary adjudication.

**B.   Plaintiffs have presented insufficient evidence to prevent summary adjudication with respect to some of their excessive force claims.**

Special Agent McMullen is entitled to summary adjudication of plaintiffs' claims that 1) he damaged plaintiffs' personal property, 2) he failed to knock and announce his presence before executing the search warrant and 3) he improperly used a firearm during the execution of the search warrant.

With respect to plaintiffs' property claims, there is simply no evidence that McMullen is responsible for any damages. Since the inception of this litigation, plaintiffs have taken a "one big government" approach to suing Special Agent McMullen. Plaintiffs have simply failed to appreciate the personal nature of this lawsuit and the fact that the damages come solely from defendant. It is for this reason that the courts have recognized that plaintiffs may not lump

9

1  multiple defendants together– plaintiffs must differentiate their allegations when suing more
2  than one defendant and inform each defendant separately of the allegations surrounding his
3  alleged participation in the wrongful conduct. *Swartz v. KPMG LLP,* 476 F.3d 756, 764 -765
4  (9th Cir. 2007) quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D.
5  Fla. 1998). Here, no evidence suggests Special Agent McMullen actually touched any of the
6  personal property about which plaintiffs are complaining. Special Agent McMullen has denied
7  any wrongdoing. In the absence of evidence, Special Agent McMullen is entitled to judgment.

Plaintiffs also have presented insufficient evidence regarding the failure to knock and announce. Plaintiffs only state that plaintiff Keane "normally can hear conversation outside my closed front door." His testimony is that he did not hear defendant knock and announce his presence until later– not that it did not occur. In the absence of evidence to the contrary, defendant McMullen is entitled to summary adjudication with respect to plaintiffs' claim that he failed to knock and announce his presence before entering.

Finally, Special Agent McMullen is entitled to judgment regarding plaintiffs' claim that Special Agent McMullen improperly used a firearm. The case law simply contradicts the assertions of plaintiffs' counsel (and their retained consultant) regarding the propriety of entering a home to execute a search warrant. *See, e.g.*, *Curiel v. County of Contra Costa*, 2007 WL 2330320 (N.D.Cal., Aug. 13, 2007).

**CONCLUSION**

Defendant Seth McMullen is entitled to summary adjudication on all plaintiffs' investigation-related claims and on plaintiffs claims that the federal defendant 1) damaged plaintiffs' personal property, 2) failed to knock and announce his presence before executing the search warrant and 3) improperly used a firearm during the execution of the search warrant.

Respectfully submitted,

JOSEPH R. RUSSONIELLO
United States Attorney

Dated: September 2, 2008           /s/
                                   ABRAHAM A. SIMMONS
                                   Assistant United States Attorney