JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:   (415) 436-7264
    Facsimile:    (415) 436-6748
    Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>    Defendants. | No. C 07-4894 SBA<br><br>**FEDERAL DEFENDANT JOHN SILVA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**<br>**Fed.R.Civ.P. 56**<br><br>Date:    September 16, 2008<br>Time:    1:00 p.m.<br>Place:    Courtroom 3, 3rd Floor<br>Before:  Hon. Saundra B. Armstrong |

## I. INTRODUCTION

Plaintiffs seek to hold John Silva responsible for any and all damages they suffered because the Task Force Officer was one of numerous officers notified in advance of the planned execution of arrest and search warrants and because Silva was permitted to attend. This is not the law.

Plaintiffs acknowledge that Task Officer Silva was one of several officers notified they could attend the execution of the warrants and that he waited outside plaintiffs' residence until after plaintiffs were handcuffed. Plaintiffs do not accuse Silva of any particular wrongdoing, only of being present while other officers caused them damage. Because there is a lack of

evidence that Silva did anything wrong, he is entitled to summary judgment.

In addition, plaintiffs have not established that either Silva or McMullen were acting under color of state law. Accordingly, both defendants are entitled to judgment with respect to plaintiffs' section 1983 claims.

## II.    ARGUMENT

**A.    Plaintiffs have presented insufficient evidence to demonstrate Silva is liable for any of their damages.**

In support of his motion for summary judgment, Federal Defendant Silva established that he was not involved with the vast majority of the events regarding the execution of the warrant about which Plaintiffs complain and that he simply did nothing to become a target in this case. In response, plaintiffs argue that Silva's presence at the scene is sufficient to establish substantial participation in all of the allegedly illegal acts that have occurred in this case. Plaintiffs are wrong.

Like 1983, in order to establish a claim under Bivens, plaintiffs plainly must demonstrate an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *Cf. Monell v. Department of Social Services*, 436 U.S. 658 (1978) (deciding the ussue under 42 U.S.C. § 1983); *Rizzo v. Goode*, 423 U.S. 362 (1976) (same). "A person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, if that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which that person is legally required to do that causes the deprivation of which complaint is made." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th 2006) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). "Indeed, the 'requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.' " *Hydrick*, 466 F.3d at 689 (quoting *Johnson*, 588 F.2d at 743-44). Thus, in order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission

2

that demonstrates a violation of plaintiff's federal rights.

Contrary to plaintiffs' argument, the Ninth Circuit has rejected the "team effort" theory. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). The "team effort" theory improperly removes individual liability as the issue and allows a jury to find a defendant liable on the ground that even if the defendant had no role in the unlawful conduct, he or she would nonetheless be guilty if the conduct was the result of a "team effort." *Id*. at 293-94. For example, in *Chuman*, the district court instructed that jury that if they found a search was conducted in an unreasonable manner, all members of the team conducting the search may be held liable no matter whose actions ultimately inflicted the plaintiff's injury. *Id*. The Ninth Circuit found such a jury instruction improper because it allowed liability to attach to "a mere bystander" who had "no role in the unlawful conduct." *Id*. at 294-95. Accordingly, the Ninth Circuit states that "integral participation" by each officer is a predicate to liability. *Chuman*, 76 F.3d at 294.

Here, plaintiffs present no evidence that Silva was an integral part of any actual violation. He did not improperly fail to knock and announce, he did not improperly point a gun at anyone, he did not improperly handcuff plaintiffs. There is no evidence Silva ignored even a complaint by plaintiffs. There is no evidence Silva violated plaintiffs' rights with any of the questions he asked and plaintiffs to not claim that Silva damaged their property. In sum, there is no evidence Silva did anything that caused the alleged harm in this case. Silva therefore is entitled to judgment.

Plaintiffs speculate that Silva might have been told at a "pre-operational briefing" that plaintiffs would be treated in an unconstitutional manner. Nevertheless, a plaintiff cannot forestall summary judgment by merely asserting facts, instead, such facts must find support in the evidence and must be "based on more than mere speculation, conjecture, or fantasy." *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464, 1466-67 (9th Cir. 1986) (*quoting Barnes v. Arden Mayfair Inc.*, 759 F.2d 676, 681 (9th Cir. 1985)). Here, plaintiffs provide no evidence regarding what Silva knew and only speculate that (1) there was a briefing, (2) there may have been sufficient details of the operation that a reasonable officer would have known that the federal

3

officers in charge were going to act unreasonably.  This sort of speculation is simply untenable.  This Court should reject plaintiffs' claims and grant judgment in favor of Silva.

**B.     Both Silva And McMullen were acting under color of federal law.**

Plaintiffs, without any authority, invite this Court to simply ignore the federal status of the federal defendants so that Section 1983 can be applied rather than (or in addition to) Bivens.  This Court should reject this invitation.  Federal officers do not lose their federal character merely because they comply with requirements to notify local state authorities or because they make use of state procedures.  *See, e.g.*, *DeMayo v. Nugent*, 517 F.3d 11, 14, n.5 (1st Cir. 2008); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003).  This would swallow the immunity afforded to virtually all federal officers.  The better rule is that federal officers are liable only under Bivens unless they shed the federal nature of their employment with respect to a scheme to use state officials to deprive plaintiffs of their rights.

Here, no such scheme existed.  Defendants are entitled to judgment with respect to plaintiffs' section 1983 claims.  *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976) ("the mere presence of state agents in a support status does not turn a federal law enforcement endeavor into state action sufficient to support a [section] 1983 claim against the federal agents whose official actions necessarily stand on an independent, federal law bottom.").

    Respectfully submitted,

    JOSEPH R. RUSSONIELLO
    United States Attorney

Dated: September 2, 2008        /s/
    ABRAHAM A. SIMMONS
    Assistant United States Attorney