JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-7264
Facsimile:    (415) 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>　　　　Defendants. | No. C 07-4894 SBA<br><br>**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' CONTINGENT RULE 56(f) REQUESTS FOR RELIEF**<br>**Fed.R.Civ.P. 56**<br><br>Date:　　September 16, 2008<br>Time:　　1:00 p.m.<br>Place:　　Courtroom 3, 3rd Floor<br>Before:　Hon. Saundra B. Armstrong |

## I. INTRODUCTION

Federal Defendants Seth McMullen and John Silva jointly request that this court deny plaintiffs' Federal Rule of Civil Procedure 56(f) requests for relief. After fully and substantively opposing defendants' motions for summary judgment, plaintiffs, as part of their opposition papers, also request that if the court is disposed to grant defendants' motions, that it instead should consider whether the motions should be denied or continued until after plaintiffs complete additional discovery. Plaintiffs are not entitled to this contingent, alternative form of relief.

Plaintiffs did not file a separate motion and already have substantively responded to the motions for summary judgment. For this reason alone, the request should be denied. Moreover,

plaintiffs can demonstrate neither that they have diligently pursued the information they now seek nor that the information is material to the pending motions. Accordingly, the contingent request for Rule 56(f) relief should be denied.

## II.   FACTS

Discovery in this case has been open for four months. On May 8, 2008, this Court entered a scheduling order that contained a discovery cut-off date of December 22, 2008. [Document 40.]

Defendants repeatedly notified plaintiffs that no DEA records can be released until plaintiffs write a letter to the Department of Justice requesting release of such documents. On May 28, 2008, plaintiff mailed to federal defendants their first Requests for Production of Documents. [Document 70 ("First Supplemental Declaration of James Heffner"), at ¶ 3.] On July 14, 2008 defendants responded to the document request. [Document 70.] As part of their response, federal defendants informed plaintiffs that almost all the documents they sought were property of the U.S. Drug Enforcement Agency ("DEA") and that therefore plaintiffs would have to comply with the Department of Justice's ("DOJ") regulations passed in compliance with the case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). [Document 70.] The responses specifically cited the DOJ's regulations at 22 C.F.R. §§ 16.21-16.26. [Document 70.] Although defendants made plaintiffs aware of this regulation in May of 2008, plaintiffs have not informed the federal defendants of any efforts they have made to comply with it. Declaration of Abraham A. Simmons ("Simmons Decl.") in Opposition To Plaintiffs' Rule 56(f) Request.

On June 12, 2008, the federal defendants wrote to plaintiffs explaining that DEA documents must be requested from a particular division of the DOJ and offering assistance in locating to appropriate persons to respond to plaintiffs' requests for information. Simmons Decl., Exh. 1. On June 18, 2008, the federal defendants wrote to plaintiffs confirming the address for the DEA to receive requests for information. Simmons Decl., Exh. 2.

On August 27, 2008, plaintiffs again requested information regarding the procedure they must follow in order to obtain DEA agency records. Simmons Decl., Exh. 3. On the same day,

1  the federal defendants wrote back to plaintiffs with a further explanation of the procedure to
2  obtain the records along with citations.  Although defendants provided this information on
3  August 27, 2008, plaintiffs have not informed the federal defendants of any efforts they have
4  made to comply with such procedures.  Simmons Decl. at ¶ 5.

5  Throughout this litigation, plaintiffs have attempted on multiple occasions to obtain a
6  copy of the arrest warrant issued for plaintiff Keane. [Document 70 at ¶ 6.]  The federal
7  defendants have repeatedly responded that while notations of the warrant appear throughout the
8  Sonoma County records, including the docket sheet, the federal defendants did not have a copy
9  of the warrant in their possession.  Simmons Decl. at ¶ 6.  On July 11, 2008, plaintiffs issued a
10 subpoena to the Office of the Sonoma County District Attorney. [Document 73 ("Declaration of
11 James Heffner") at ¶ 7.]  On July 30, 2008, the Sonoma County District Attorney responded with
12 a partial production with the understanding that some documents "will be sent at a later date due
13 to the files being in storage."  Simmons Decl., Exh. 4.  On August 5, 2008, plaintiffs filed their
14 oppositions to the federal defendants' motions for summary judgment. [Documents 74, 75.]  In
15 support of the oppositions, plaintiffs have suggested the failure of the parties and the Sonoma
16 County District Attorney to produce the arrest warrant is evidence the warrant never existed.
17 [Document 70 at ¶ 7.]  On August 12, 2008, the Sonoma County District Attorney forwarded
18 additional documents to plaintiffs.  Simmons Decl., Exh. 5.  Among the documents was a copy
19 of the arrest warrant.  Simmons Decl., Exh. 5.

### III.  ANALYSIS

21 Under Fed.R.Civ.P. 56(f), a trial court may order a continuance on a motion for summary
22 judgment if the party requesting a continuance submits affidavits showing that, without Rule 56
23 assistance, it cannot present facts necessary to justify its claims.  The requesting party must
24 show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further
25 discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose
26 summary judgment. *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138
27 F.3d 772, 779 (9th Cir.1998).  Failure to comply with these requirements "is a proper ground for

1  denying discovery and proceeding to summary judgment." *Id*. (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986)).

### A.    Plaintiffs' request should be denied because they have not filed a proper motion.

Failure to file a separate motion under Rule 56(f) stating the specific evidence is needed to buttress particular claims are sufficient reasons for denial of a Rule 56(e) request. *Bates v. Arata*, 2008 WL 820578, *15 (N.D.Cal., March 26, 2008)  This Court has recognized that a request made pursuant to Rule 56(f) should not follow a full-fledged opposition to a motion for summary judgment and should be noticed by a separate motion. *Allstate Ins. Co. v. Morgan*, 806 F.Supp. 1460, 1466, n.7 (N.D. Cal. 1992) (Armstrong, J.).

Here, like in *Allstate*, plaintiffs do not simply request a continuance and provide the reasons why the federal defendants' motions for summary judgment should not yet be heard. Instead, plaintiffs filed substantive responses to the motions, request that the motions be heard and then request a continuance only if the Court is disposed to grant defendants' motions. Document No. 74 at 23-25; Document No. 75 at 16-20.  Plaintiffs therefore fail to take a reasoned position regarding whether a continuance is necessary before consideration of the summary judgment motion and defeat the reasoning behind their own request. *See Allstate*, 806 F.Supp. at 1466, n.7.

Similarly, plaintiffs' treatment of *Allstate* in their oppositions is disingenuous.  In a footnote, plaintiffs cite *Allstate* for the proposition that their failure to bring a separate motion and their decision to request Rule 56(f) relief only after opposing defendants' motions is not dispositive.  Indeed, the only reason this Court found in *Allstate* that such a flawed procedure was not case dispositive is because the Rule 56(f) request in that case had to be denied on the merits in any event.

In sum, this Court should not grant plaintiffs' Rule 56(f) request because the request is procedurally defective.

///

///

4

**B.   Plaintiffs have not demonstrated they are entitled to develop a record regarding specific material facts.**

The crux of plaintiffs' Rule 56(f) requests is their contention that if this Court is disposed to grant defendants' summary judgment motions, it should then consider whether plaintiffs are entitled to additional discovery. Specifically, plaintiffs argue they are entitled to take depositions and additional document discovery so that they can obtain the arrest warrant issued for plaintiff Keane, DEA policies and training materials and the depositions of several witnesses. Plaintiffs are entitled to none of this additional discovery before this Court addresses the issues pending before it in the federal defendants' motions for summary judgment.

1.   <u>Plaintiffs have failed to inform the Court that they obtained the arrest warrant.</u>

Plaintiffs have repeatedly suggested throughout this litigation that defendants have been withholding key documents. Among the documents plaintiffs have been demanding is the arrest warrant issued in the criminal case against plaintiff Keane. Plaintiffs have received a copy of the arrest warrant and this Court should reject plaintiffs' argument.

Denial of a Rule 56(f) application is proper where it is clear that evidence sought is the object of pure speculation. *State of California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir.1998). In this case, plaintiffs have seen the citation for the arrest warrant in numerous documents including the Sonoma County Superior Court Docket. Plaintiffs nevertheless repeatedly have suggested that the arrest warrant does not exist. Plaintiffs now have received a copy of the arrest warrant and unfortunately have chosen not to let the Court know this fact. Plaintiffs' request for a continuance or denial of federal defendants' motions on the basis of their non-receipt of the search warrant should be denied.

2.   <u>Plaintiffs have chosen to avoid properly requesting any DEA documents.</u>

Plaintiffs argue that this Court should continue the hearing on defendants' motion for summary judgment because plaintiffs have not had a fair opportunity to obtain DEA documents including records and policies. This argument is insincere.

A moving party is not entitled to additional discovery under Fed.R.Civ.P. 56(f) if it fails diligently to pursue discovery before summary judgment. *Mackey v. Pioneer Nat'l Bank*, 867

5

F.2d 520, 524 (9th Cir.1989). "When one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious." *Touhy v. Regan*, 340 U.S. 462, 468 (1951). Based on that reasoning, the U.S. Supreme Court held in *Touhy* that federal agencies, pursuant to the federal "housekeeping statute" at 5 U.S.C. § 301, can lawfully adopt regulations placing such decisions within the hands of departmental chiefs, and that subordinate employees cannot be compelled by courts to provide documents or testimony if they have not been authorized to do so pursuant to those departmental regulations. *Touhy*, 340 U.S. at 468.

The DOJ *Touhy* regulations - 28 C.F.R. §§ 16.21-16.26 - govern the production of documents by DEA employees. The regulations require nothing more than a description from the requesting party of the information requested and a statement with particularity regarding why it is relevant to his case. The *Touhy* regulations are an absolute condition precedent to obtaining information by subpoena from DOJ, and the regulations must be satisfied before DOJ may provide information responsive to a subpoena. *See United States v. Bizzard*, 674 F.2d 1382 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S. Ct. 305, 74 L. Ed. 2d 286 (1982); *United States v. Allen*, 554 F.2d 398 (10th Cir.), *cert. denied*, 434 U.S. 836, 98 S. Ct. 124, 54 L. Ed. 2d 97 (1977); 28 C.F.R. § 16.23(a).

Here, plaintiffs have been aware of the regulations since May of 2008. The federal defendants repeatedly have informed plaintiffs of the regulations and have assisted in directing plaintiffs to the proper agency officials to receive their letter. Nevertheless, plaintiffs clear have chosen not to write the letter that they must write as a prerequisite for receiving DEA documents. Notwithstanding this knowing non-compliance with the DOJ's Touhy regulations, plaintiffs nevertheless have argued in their papers that defendants are "stonewalling." Plaintiffs should be held to account for use of these tactics.

Equally as important, plaintiffs have had four months to conduct whatever discovery they thought was appropriate. They have argued that only six weeks have passed from the time that

1  discovery is open. They are simply not accepting that they have had ample time to obtain the
2  evidence they need to address the issues raised in the motions for summary judgment. Plaintiffs
3  have taken no depositions thus far; they have scheduled the depositions only of the defendants in
4  this case and no other federal entity or employee. Plaintiffs simply have not diligently sought
5  any of the discovery they claim is relevant to this case. Accordingly, this Court should deny
6  plaintiffs' Rule 56(f) request for a continuance or denial of the motions for summary judgment.

7       3.   <u>Plaintiffs cannot demonstrate depositions would materially change the record.</u>

8  As noted above, in order to be entitled to a continuance, the requesting party must show:
9  (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery;
10  (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary
11  judgment. *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772,
12  779 (9th Cir.1998). Summary judgment will not be delayed where the facts sought appear
13  irrelevant or merely cumulative. *See Vote v. United States*, 753 F.Supp. 866, 869 (D.Nev.1990).
14  Here, plaintiffs do meet any of the above-described criteria.

15  Plaintiffs do not describe the particular facts they expect to develop. The additional
16  evidence plaintiffs claim they seek with respect to the McMullen motion for summary judgment
17  is addressed in the First Supplemental Declaration of James Heffner. In the declaration, the only
18  documentary evidence (other than the arrest warrant) that plaintiffs claim is relevant and
19  material is "internal DEA materials, such as training manuals, employee handbooks, and policy
20  and procedure manuals." Plaintiffs claim that such materials "will establish that McMullen's
21  investigation and the subsequent raid violated DEA protocol." Plaintiffs no not state what
22  policies they anticipate were broken. More importantly, plaintiffs do not and cannot argue that a
23  breach of internal policy, even if there were one, would amount to a constitutional violation.
24  Indeed, even if federal defendant McMullen did violate an internal policy, that would be largely
25  irrelevant to the issues raised in his motion for summary judgment. Accordingly, plaintiffs'
26  requests for such documents is a red herring. Additionally, plaintiffs argue that additional
27  depositions will "establish the unreasonable nature of the investigation, raid and arrest."
28

1  Plaintiffs thus do not supply a single fact they hope to establish.  They only identify the issues
2  raised in their opposition to the motion.
3       Similarly, the additional evidence plaintiffs claim they seek with respect to federal
4  defendant Silva's motion for summary judgment is addressed in the Second Supplemental
5  Declaration of James Heffner. [Document 71.] In the document, plaintiffs only make broad
6  accusations regarding what additional discovery "is likely" to produce.  Specifically, plaintiffs
7  claim that additional discovery will establish (1) Silva played an integral role (and "more than a
8  minor role") in the execution of the warrant (2) McMullen's investigation should have
9  "alleviated any supposed concerns" regarding destruction of evidence and  (3) defendants failed
10 to ask fundamental questions when requesting the warrants. [Document 71 at ¶ 9.]  Most of these
11 facts have nothing to do with Silva since the evidence is undisputed Silva did not procure the
12 warrants in this case.  Moreover, plaintiffs do not state what additional facts they think exist; i.e.,
13 how Silva's role is any different than what the reports and declarations in this case say he did.
14      Because plaintiffs do not state the facts they hope to establish, they also do not make the
15 necessary proffer that such facts exist.  Similarly, plaintiffs supply arguments, but no facts that
16 they claims are material to the pending motions for summary judgment. Accordingly, plaintiffs'
17 contingent request for a continuance should be denied.

## CONCLUSION

19     Plaintiffs' Rule 56(f) motion should be denied.

                                             Respectfully submitted,

                                             JOSEPH R. RUSSONIELLO
                                             United States Attorney

Dated: September 8, 2008                          /s/
                                             ABRAHAM A. SIMMONS
                                             Assistant United States Attorney