# EXHIBIT 1

U.S. Department of Justice

*United States Attorney*
*Northern District of California*

9th Floor, Federal Building     (415) 436-7264
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102    FAX:(415) 436-7169

June 12, 2008

<u>*via facsimile and U.S. mail*</u>

Christopher C. Forster
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922

        Re:    <u>Keane et al. v. McMullen, et al.</u>
               C 07 4894 SBA

Dear Mr. Foster:

     This follows up with the undersigned's letter to James Heffner dated May 30, 2008 and responds to your letter dated June 5, 2008.

<u>Service of Plaintiff's Subpoena on the DEA</u>

     In our letter, we objected to various aspects of the subpoena and asked that you inform us if and when you were to serve the subpoena. In your June 5, 2008, response, you wrote that you already had attempted to serve the subpoena but had been unable to do so. Specifically, you stated that "DEA informed our process server it would not accept service." You went on to explain the modus operandi of the "federal government", as well as how "this" reflects upon the federal government. You then requested that the undersigned "consider intervening to eliminate the barrier so the parties can actually focus on the merits of the controversy."

     As an initial matter, please observe that we hope to conduct this litigation with a minimum of unnecessary grousing. We believe effective lawyering in this case will not have to contain invective nor ad hominum attacks. To this end, we will do what we can to maintain cordial correspondence-- even when we disagree on the merits of the arguments or procedures that should be used.

     With respect to your request that we assist with the service of the subpoena, we will attempt to find the appropriate attorney who can receive the subpoena. We also will forward to the attorney your request that any additional procedures be waived so that the subpoena can be processed as soon as possible. If there is more you are requesting of us, please let us know so that we can determine whether it makes sense to meet your requests. For the record, this office was unaware that you already had attempted to serve the DEA with the subpoena or how you were making such efforts. Now that we know what you are trying to do, we do think we can be helpful and will get back to you as soon as possible (hopefully, by the end of the day tomorrow).

Letter to Christopher C. Foster
June 12, 2008
Page 2

In the meantime, we request that you let us know whether you are willing to (1) redraft the subpoena so as to provide reasonable limits (especially with regard to the time frames and offices that are being asked to respond) and (2) enter into a stipulation requesting a protective order in the event that documents responsive to your request are protected by privileges, protective doctrines or the like. We do not mean to suggest that your forwarding this information to us is a prerequisite for providing the assistance described in the previous paragraph. Nevertheless, please note that in our experience, having these issues addressed before service of this sort of subpoena may actually accelerate the actual production of documents.

Further, in the future, if you have problems figuring out how to serve documents on divisions of the federal government or on federal employees, please just call the undersigned and he will do what he can to help. Although AUSA Simmons represents only the two federal defendants in this litigation, we recognize the procedures in the Federal Rules of Civil Procedure and the Code of Federal Regulations often can be difficult to understand or to follow; we do not have a problem being helpful and, in the appropriate case, assisting with the elimination of the procedures when such procedures are not necessary to ensure a fair and efficient resolution to plaintiffs' claims.

## Dismissal of All or Part of Plaintiffs' Claims

Thank you for advising us regarding your position on this issue.

We wish to make one more effort to solicit from you any additional facts or law that you believe would justify the investigation-related allegations. After careful review of the Amended Complaint and the Joint Case Management Statement, we believe there are simply insufficient facts to support the claims being made by plaintiffs regarding the inadequacy of Seth McMullen's investigation and request for arrest and search warrants. Please accept this as a final request for any additional facts or law that would substantiate this claim.

Similarly, it appears to be undisputed that John Silva was not present in the Keane residence until after the plaintiffs were in handcuffs and the residence was secured. He also made no decisions regarding whether to seek a warrant, how and when to request search and arrest warrants or whether the warrants should be signed by the Superior Court Judge and District Attorney. In this regard, it appears there are several claims pending against Officer Silva that you should be willing to dismiss.

Please review these requests with as much care as possible as they are made in an effort to obtain your compliance with Judge Armstrong's standing order and the pretrial order entered in this case. Although we understand your bottom line, our experience and review of Judge Armstrong's orders suggests the "meet and confer" obligations in the judge's orders should be addressed with more substance than the paragraph provided in your June 5, 2008, letter.

Letter to Christopher C. Foster
June 12, 2008
Page 3

## The 48 Facts About Which There Should Be No Dispute

We have requested that you identify any of the facts on the list that you believe are in dispute. We have tried to identify facts that you have no basis for disputing and, in most cases, that you would have little or no interest in disputing. This can be seen as an alternative to serving requests for admission or using other discovery devices. You have responded that it is not reasonable for defendants to "ask us to provide meaningful responses to the vast majority of the 48 facts . . . ."

We would like to encourage you to respond substantively to the request. We believe the wholesale refusal to address the issue is not in keeping with the meet and confer obligations in Judge Armstrong's orders.

Additionally, identifying facts that plaintiffs will agree are undisputed should not be viewed as unreasonable– even if no motion is filed. There may be facts about which the parties may stipulate in order to avoid discovery altogether. If any of the facts on the list are facts about which you have no legitimate dispute, please let us know.

## Defendant's Decision to File A Motion

You have expressed considerable concern that our tentative decision to file a motion is not consistent with Judge Armstrong's comments during the case management conference. We, too, are concerned with the judge's comments and take seriously the court's preference that only "good" motions be filed. In this regard, we offer the following:

The Judge also requested that the parties meet and confer before any such motion is filed. We are attempting to do so, in part to assess the propriety of filing a motion. To date, we have not received from you a basis for disputing any facts and we have not received from you any citations suggesting a motion would be improper.

We do not believe Judge Armstrong's comments were more than a request to be careful when filing a motion. A properly supported motion for summary judgment based on the defense of immunity is properly brought as soon as it can be heard. The policy justifying qualified immunity motions at the earliest possible stage is to protect officers against the burden of discovery and pretrial motions. *See Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Indeed, until the threshold immunity question is resolved, discovery should not be allowed. *Harlow v. Fitzgerald*, 457 U.S. 800, 808 (1982).

Here, there are several issues that should be decided before discovery and other pretrial procedures are fully underway. For example, The determination of whether the facts alleged could support a reasonable belief in the existence of probable cause is also a question of law to

Letter to Christopher C. Foster
June 12, 2008
Page 4

be determined by the court. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993). These and other questions about which there is not material issue of fact in dispute should be resolved before discovery is conducted.

### Conclusion

Please let us know whether you have additional concerns regarding serving the subpoena. In the meantime, we will attempt to locate a lawyer to whom you can deliver the document. Also, please let us know whether you are willing to adjust the scope of the subpoena and/or to enter into a protective order to prevent public disclosure of protected documents.

Please let us know which particular facts on our list of 48, if any, you can accept as undisputed and provide us with the basis for the dispute.

If you have any basis for further disputes or wish to enhance the efforts to meet and confer that you have made to date, please do so as soon as possible.

Sincerely,

Joseph P. Russoniello
United States Attorney

ABRAHAM A SIMMONS
Assistant United States Attorney

cc: Tricia Hines

# EXHIBIT 2

Case 4:07-cv-04894-SBA    Document 84-4    Filed 09/12/2008    Page 6 of 15

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

9th Floor, Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102

(415) 436-7264

FAX:(415) 436-7169

June 18, 2008

*via facsimile, electronic mail and U.S. mail*

Christopher C. Forster
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922

      Re:   **Keane et al. v. McMullen, et al.**
              **C 07 4894 SBA**

Dear Mr. Foster:

    This follows up with one of the issues addressed in my letter dated June 12, 2008. In the letter, we committed to track down the appropriate person to whom you should deliver the subpoena directed to the Drug Enforcement Administration. Please note that the proper address is as follows:

        Drug Enforcement Administration
        Administrative Law Section
        600-700 Army Navy Drive
        Arlington, VA 22202

    We have put them on notice that you will be sending the document. Sending the subpoena regular mail will suffice for service so long as you inform this office that it has been sent (so that we can ensure its timely arrival and processing at the agency).

                                          Sincerely,

                                          Joseph P. Russoniello
                                          United States Attorney

                                          ABRAHAM A SIMMONS
                                          Assistant United States Attorney

cc: Tricia Hynes

# EXHIBIT 3

## Simmons, Abraham (USACAN)

**From:** Simmons, Abraham (USACAN)
**Sent:** Wednesday, August 27, 2008 5:08 PM
**To:** 'Heffner, James E.'
**Subject:** RE: Keane v. McMullen

James:

Pursuant to your request, I will hopefully clarify the conditions precedent for obtaining DOJ documents:

Each federal agency has regulations that govern how and under what circumstances a federal employee will be allowed to testify, or to produce documents, in state or federal court when the United States is not a party to the lawsuit. These regulations are authorized by the "housekeeping" statute at 5 U.S.C. § 301, and are known as *Touhy* regulations because of the Supreme Court decision that upheld their validity. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). The Department of Justice(DOJ) *Touhy* regulations – 28 C.F.R. §§ 16.21-16.26 – govern the production of documents by DEA employees. Because the United States is not a party, the subpoenas directed to McMullen and the DOJ both need to go through the same procedures. The regulations require a party seeking information from a DOJ component to summarize precisely the information requested, and to state with particularity why it is relevant to his case. The *Touhy* regulations are an absolute condition precedent to obtaining information by subpoena from DOJ, and the regulations must be satisfied before DOJ may provide information responsive to a subpoena. *See United States v. Bizzard*, 674 F.2d 1382 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S. Ct. 305, 74 L. Ed. 2d 286 (1982); *United States v. Allen*, 554 F.2d 398 (10th Cir.), *cert. denied*, 434 U.S. 836, 98 S. Ct. 124, 54 L. Ed. 2d 97 (1977); 28 C.F.R. § 16.23(a).

It may be that the DEA may be attempting to respond to the subpoena without more from you. This is because we have made clear that we do not wish to obstruct your collection of the materials and the DEA has ways of determining the basis for the underlying lawsuit. Any response, however, would likely be restricted to DEA's understanding of the relevance of each of your requests. We honestly do not know where in the process DEA is with your requests. Moreover, after DEA makes a determination regarding what documents to produce, they must check with a deciding official—in this case, the US Attorney, regarding certain issues. To be sure all this eventually gets done, we think it is imperative that you start (or restart) the process by writing the Touhy letter and send it to the same component to which you delivered the subpoena.

On a related note, it was my understanding that the agreement between us was that your document request to McMullen was withdrawn in light of the objections we posed and that you were considering re-drafting some of the requests—particularly with "some time limitations." Your opposition to our motion seems to suggest that this agreement was never made. Where do we stand on this?

**From:** Heffner, James E. [mailto:JEHeffner@ReedSmith.com]
**Sent:** Wednesday, August 27, 2008 3:29 PM
**To:** Simmons, Abraham (USACAN)
**Cc:** Peters, Matthew T.
**Subject:** Keane v. McMullen

Abraham,

1

As I mentioned on the phone yesterday, I'm going out of town today and will be unavailable until Tuesday. When you get a chance to send information relevant to the 2(e) letter you have suggested that we must send before your clients can respond to our Requests for Production, please include Matt Peters (CC'd on this email) so he can review the issue in my absence.

Regards,
James

**James E. Heffner**
415.659.5996
JEHeffner@reedsmith.com

**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.
\* \* \*
To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

# EXHIBIT 4



**STEPHAN R. PASSALACQUA**
**SONOMA COUNTY DISTRICT ATTORNEY**

600 ADMINISTRATION DRIVE, RM 212-J     SANTA ROSA, CA 95403     (707) 565-2311

July 30, 2008

ABRAHAM A. SIMMONS
ASSISTANT UNITED STATES ATTORNEY
U.S. DEPT. OF JUSTICE
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF CALIFORNIA
9TH FLOOR, FEDERAL BUILDING
450 GOLDEN GATE AVENUE, BOX 36055
SAN FRANCISCO, CA 94102-3495
PH: 415.436.7264     FAX: 415.436.6748

RE: *Robert Carl Patrick Keane, et al. v. Seth M. McMullen, et al.*
     CASE NO.: C 07-4894-SBA

Dear Mr. Simmons:

Per our conversations, please find enclosed a copy of documents contained in the District Attorney's file, No.: 543495, that were sent to the Plaintiff's attorney pursuant to the Subpoena Duces Tecum. There are some documents that will be sent at a later date due to the files being in storage.

If you need anything further, please contact me directly at 707.565.3793, or my secretary, Sharon Williams at 707.565.3797.

Yours truly,

STEPHAN R. PASSALACQUA, DISTRICT ATTORNEY

*[signature]*

SPENCER R. BRADY
CHIEF DEPUTY DISTRICT ATTORNEY

/sw
Encs.
543495

# EXHIBIT 5



**STEPHAN R. PASSALACQUA**
**SONOMA COUNTY DISTRICT ATTORNEY**

600 ADMINISTRATION DRIVE, RM 212-J    SANTA ROSA, CA 95403    (707) 565-2311

August 12, 2008

ABRAHAM A. SIMMONS
ASSISTANT UNITED STATES ATTORNEY
U.S. DEPT. OF JUSTICE
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF CALIFORNIA
9TH FLOOR, FEDERAL BUILDING
450 GOLDEN GATE AVENUE, BOX 36055
SAN FRANCISCO, CA 94102-3495
PH: 415.436.7264    FAX: 415.436.6748

RE: *Robert Carl Patrick Keane, et al. v. Seth M. McMullen, et al.*
    CASE NO.: C 07-4894-SBA

Dear Mr. Simmons:

Per our conversations, please find enclosed copies of documents under the purview of the Court, Court's file No.: SCR502356, that are being sent to the Plaintiff's attorney pursuant to conversations about the Subpoena Duces Tecum, redacted copy of Search Warrant/Affidavit/Stmt Probable Cause, copy of Complaint, Declaration in Support of Warrant of Arrest, People's Opposition to Petition for a Finding of Factual Innocence, Notice of Motion/Petition and Motion/Petition for Finding of Factual Innocence ------ thereon; Certificate of Identity/Judicial Finding of Factual Innocence (PC 530.6); Notice of Bail Exoneration; Consent to Reinstate Liability on Bail Bond and Order; abstract of Warrant of Arrest on Felony; and Warrant, and court minutes.

Again, if you need anything further, please contact me at 707.565.3793, or my secretary, Sharon Williams at 707.565.3797.

Yours truly,

STEPHAN R. PASSALACQUA, DISTRICT ATTORNEY

*[signature: Spencer R. Brady]*

SPENCER R. BRADY
CHIEF DEPUTY DISTRICT ATTORNEY

/sw
Encs.
543495 S:\DA\LEGAL\SHARS\BRADYS\chief\keane 502366\us atty simmons re Keane 2nd ltr sdt 08 12 08.wpd

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA
## WARRANT FOR ARREST ON FELONY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The People of the State of California vs.

Defendant Name: KEANE, ROBERT CARL PATRICK

Address: 307 N FERNDALE AVE
MILL VALLEY CA 94941
Other:
DOB: 12/13/1957
DLN: N4197894  CA

Control Number: 5339379

SCR-502356

Case Number: DAR-543495
Original Agency #: DEA-070013
Violation Date: 11/29/2006

| Class | Code | Section | Description |
|-------|------|---------|-------------|
| F | HS | 11359 | POSS MARIJUANA FOR SALE |
| F | HS | 11360(a) | SELL MARIJUANA |

The People of the State of California, to any peace officer of this state:
A verified complaint was made before me on this date that the offense set forth was committed, and accusing the defendant, named and described above. You are ordered to arrest the defendant forthwith and bring him before me, or in the case of my absence or inability to act, before the nearest or most accessible magistrate in this county.

DEFENDANT TO BE ADMITTED TO BAIL in the FULL amount of
BAIL MAY NOT BE FORFEITED
MAY BE SERVED   TO   OR AT ANY TIME IN A PUBLIC PLACE
DO NOT CITE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\* $20,000 \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____
12/15/06
Issue Date

Issuing Department:

Remarks:

00001431

THE WITHIN INSTRUMENT IS A CORRECT COPY
OF THE ORIGINAL ON FILE IN THIS OFFICE

ATTEST:   AUG - 4 2008

Clerk of Sonoma County Courts, State of
California, in and for the County of Sonoma
By_____ Deputy Clerk