Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
Christopher C. Foster (SBN 253839)
Email: cfoster@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>        Defendants. | No.: C 07 4894 SBA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE A RESPONSE TO PLAINTIFFS' CONTINGENT RULE 56(f) REQUESTS FOR RELIEF; DECLARATION OF JAMES HEFFNER; [PROPOSED ORDER]**<br><br>Hon. Saundra B. Armstrong |

### INTRODUCTION

Hamstrung by the inadequacy of their reply briefs, Defendants Seth McMullen and John Silva (collectively, "Defendants") now seek a second bite at the apple. Although masked as a request for "administrative relief" under Local Civil Rule 7-11, Defendants' present motion is a transparent attempt to supplement their reply papers nearly two weeks after they were due. In essence, Defendants contend that they deserve additional time to respond to certain arguments

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  contained in Plaintiffs' summary judgment oppositions. Defendants offer <u>absolutely no explanation</u>

2  for their failure to address these arguments (or to seek administrative relief) within the already

3  extended four weeks they had to respond to Plaintiffs' opposition papers. In filing this motion,

4  Defendants conveniently downplay the fact that they never raised or even hinted at this issue until

5  <u>after</u> their reply briefs were due. Because they have offered no explanation for their delay,

6  Defendants' "administrative" motion should be summarily denied.

7  ### FACTUAL BACKGROUND

8  • On June 25, 2008, Defendants filed motions for summary judgment [Docket Nos. 47, 56].

9  • On August 5, 2008, Plaintiffs timely opposed those motions [Docket. Nos. 74, 75]. In these

10  oppositions, Plaintiffs requested that if the Court was inclined to grant Defendants' motions,

11  it should also consider permitting additional discovery pursuant to Fed. Rule Civ. Proc.

12  56(f). [Docket No. 74 at 23-25; No. 75 at 19-20].

13  • On September 2, 2008, Defendants filed replies to Plaintiffs' Oppositions which did not

14  address the Rule 56(f) issue. [Docket Nos. 82, 83].

15  • On September 3, 2008, after the deadline for filing their replies had passed, Defendants'

16  counsel contacted Plaintiffs' counsel and requested a stipulation to file "two new replies."

17  Defendants' counsel stated that a family illness prevented him from "spending the time on

18  this case that it deserved." This was the first time Defendants' counsel had mentioned any

19  difficulty in timely filing his replies. A true and correct copy of the e-mail exchange

20  between counsel is attached to the Declaration of James Heffner ("Heffner Decl.") at Exh.

21  A.

22  • Also on September 3, Plaintiffs' counsel Mr. Heffner responded that while he appreciated

23  the unfortunate circumstances of Defendants' family illness, Plaintiffs could not agree to an

24  extension of time. Plaintiffs' asked that future requests for time extensions be made prior to

25  the expiration of applicable deadlines. (Heffner Decl., Exh. A).

26  • Five days later, on September 8, at 10:05 in the evening, Defendants' counsel contacted

27  Plaintiffs' counsel and requested a stipulation to file a document addressing only Plaintiffs'

28  "Request for Relief." Defendants did not explain precisely what they meant by a "Request

for Relief," and their e-mail correspondence did not refer to Rule 56(f). A true and correct copy of the relevant e-mail exchange between counsel is attached to the Declaration of James Heffner as Exhibit B.

- That same evening, Plaintiffs' counsel James Heffner responded that he did not fully understand Defendants' request and would need to see the proposed document before he could consider any stipulation. (Heffner Decl., Exh. B).

- Defendants' counsel then provided a copy of the proposed document. The following morning, Plaintiffs' counsel responded that the proposed document appeared to be a supplemental reply in support of Defendants' motion for summary judgment. Accordingly, Plaintiffs position was unchanged and they could not stipulate to filing of a late reply. In addition, Mr. Heffner identified numerous false legal and factual statements in the proposed brief and requests that Defendants review the brief for accuracy in the event they seek leave of the Court to file. (Heffner Decl., Exh. B).

- Three days later, on September 12, 2008, just three court days before the hearing on their motions for summary judgment, Defendants filed this motion. Attached to the motion was Defendants' substantive opposition to Plaintiffs' Rule 56(f) arguments. That opposition is in all material respects identical to the proposed document exchanged between counsel on September 8.

### THERE IS NO JUSTIFICATION FOR THE GRANTING OF THIS MOTION

Defendants first voiced their objection to Plaintiffs' Rule 56(f) argument on September 8, 2008, six days *after* the deadline for filing their reply papers. Nowhere in their motion or anywhere else do Defendants explain why they waited until the expiration of the deadline to raise the issue. Instead, Defendants' motion simply states that the reply papers "did not address [Plaintiffs'] separate requests for relief pursuant to Rule 56(f)." (Defendants' Motion at 2; 2-3). They provide no further details regarding their failure to address or even broach this issue with Plaintiffs' counsel until *after* the reply deadline had passed. As this Court's precedent suggests, their motion should be denied on that basis alone.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1         In *Dister, et al. v. Apple-Bay East, Inc.*, 2007 WL 4045429 (N.D. Cal. 2007) (Armstrong, J.),

2 this Court denied a party's request for administrative relief under Rule 7-11, emphasizing that the

3 moving party's request for relief was inexplicably untimely. *Dister* involved a class action lawsuit

4 stemming from alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA").

5 Shortly after the *Dister* plaintiffs filed suit, the Ninth Circuit granted review of a separate FACTA suit

6 that presented similar issues. The *Dister* plaintiffs then filed an administrative motion to stay

7 pursuant to Rule 7-11, asserting that their lawsuit should be stayed pending resolution of the

8 analogous Ninth Circuit case. This Court denied the motion, based in part on the plaintiffs' failure to

9 seek administrative relief in a timely manner. The Court explained:

10       "Whether credible or not, such use of Local Rule 7-11 by the plaintiff

11       still fails to explain why he did not file a motion to stay sometime in
      September of 2007, after learning about the granting of the *Soualian*

12       appeal. Instead, he decided to wait and file his administrative motion
      on October 29, 2007, some two weeks after filing his motion for

13       certification and well into the discovery process." *Id.* at *3.

14         As in *Dister*, the Defendants here fail to explain why they did not seek administrative relief

15 before the reply deadline expired. Defendants learned of Plaintiffs Rule 56(f) arguments well over a

16 month ago, upon receipt of Plaintiffs' opposition papers. They did not, however, seek administrative

17 relief at that time, nor did they raise their concerns with Plaintiffs' counsel. Instead, they

18 inexplicably decided to file their motion on September 12, well after the deadline for filing their

19 reply briefs and less than a week before hearing on the motions for summary judgment.

20         Defendants' general theory, although unclear, appears to be that Plaintiffs should have raised

21 their 56(f) arguments by separate motion (although they offer no legal authority to support this

22 contention).[1] Even if this were true, which it is not, it still does not explain why defendants waited

23 until *after the September 2 reply deadline* to seek administrative relief. Defendants were at all times

24 aware of the Rule 56(f) arguments and had ample time to respond. Alternatively, if they truly

25 needed additional time, they had more than enough time to request an extension before the reply

26

27 [1] Rule 56(f) issues are appropriately raised in ann opposition without necessitating a separate motion. *See, E.g., Hancock v. Montgomery Ward Long Term Disability Trust*, 797 F.2d 1302 (9th Cir. 2008).

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

9/15/08 2:41 PM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  deadline expired. They chose not to do so. Accordingly, under *Dister*, their motion should be

2  denied.

3      The only other justification hinted at in the moving papers is a suggestion that Plaintiffs'

4  discovery of the arrest warrant required the filing of additional documents. Defendants conveniently

5  fail to mention that the warrant was discovered <u>after</u> Plaintiffs filed their opposition, but almost <u>one</u>

6  <u>month before</u> Defendants filed their reply.[2] As such, again, Defendants had more than enough time

7  to include the necessary information in their reply briefs.

8      There is no justification for granting Defendants' motion and they have provided none.

9  Accordingly, this Court should dismiss the motion.

### CONCLUSION

11     This motion is a blatant ploy to recover lost time. Defendants' counsel admitted in writing

12 that he had not given this case the "attention that it deserved." Unable to secure an extension of

13 time, Defendants filed this misguided motion well after the expiration of the summary judgment

14 briefing period. Perhaps most importantly, Defendants have at no point provided a single reason for

15 their delay. The motion should be denied.

17     DATED:   September 15, 2008

18                                         REED SMITH LLP

20                                         By:  James E. Heffner
                                           Attorneys for Plaintiffs Robert Carl
21                                         Patrick Keane and Chieko Strange

---

26
27  [2] Defendants also fail to point out that they have, and continue to, refuse to produce <u>any</u> documents in response to Plaintiffs' requests for production and Plaintiffs only discovered the warrant in response to a subpoena served on the Sonoma District Attorney.

28

9/15/08 2:41 PM