Michael J. Coffino (SBN 88109)
Email: mcoffino@reedsmith.com
James E. Heffner (SBN 245406)
Email: jeheffner@reedsmith.com
Christopher C. Foster (SBN 253839)
Email: cfoster@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>           Plaintiffs,<br><br>vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>           Defendants. | No.: C 07 4894 SBA<br><br>**DECLARATION OF JAMES HEFFNER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE A RESPONSE TO PLAINTIFFS' CONTINGENT RULE 56(f) REQUESTS**<br><br>Hon. Saundra B. Armstrong |

      I, James E. Heffner, declare:

1.    I am an attorney at law, duly admitted to practice before all Courts in the State of California and the United States District Court for the Northern District of California. I am an associate at Reed Smith LLP, attorneys of record in this action for Plaintiffs Robert Carl Patrick Keane and

US_ACTIVE-100042290.1-MTPETERS 9/15/08 2:45 PM

1. Chieko Strange (collectively, "Plaintiffs"). I have personal knowledge of the matters set forth below and, if called as a witness I could and would testify competently to each of them.

2. Attached hereto as <u>Exhibit A</u> is a true and correct copy of an e-mail exchange that took place between counsel on September 3-4, 2008. The substance of that exchange is as follows.

3. On September 3, 2008, counsel for Defendants Seth McMullen and John Silva (collectively, "Defendants") contacted me seeking a stipulation to file two "amended replies." Defendants counsel stated that a family illness had prevented him from "spending the time on this case that it deserved." This was the first time Defendants' counsel had mentioned any difficulty in timely preparing and filing his replies.

4. That same day, I responded to Defendants' counsel, advising him that while I appreciated the unfortunate circumstances underlying his request, Plaintiffs could not agree to an extension of time beyond the already expired reply brief deadline. I also advised Defendants' counsel that in the future, requests for additional time should be made prior to the expiration of applicable deadlines. Defendants counsel then asked whether Plaintiffs would oppose a motion to allow leave for filing additional replies. I responded that I would not know until I saw the motion.

5. Four days later, on September 8, 2008, Defense counsel again contacted me seeking to file additional documents. A true and correct copy of that e-mail exchange is attached hereto as <u>Exhibit B</u>, and the substance of the exchange is as follows.

6. At 10:05 in the evening on September 8, Defendants' counsel contacted me and requested a stipulation allowing Defendants to file a document addressing only Plaintiffs "Request for Relief." Defense counsel did not explain precisely what he meant by "Request for Relief," nor did he refer specifically to Rule 56(f). Defense counsel said he needed a fast reply because he intended to file the following day.

7. Eleven minutes later, I responded that I did not fully understand Defendants' request and would probably better understand his request and how I would respond if I could see the proposed document. Defense counsel then provided me with a copy of the proposed document.

8. The following morning, I responded to Defense counsel, advising him that Plaintiffs would not stipulate to Defendants' filing of the proposed document. I informed Defense counsel that the

US_ACTIVE-100042290.1-MTPETERS 9/15/08 2:45 PM

document appeared to be a supplemental reply in support of Defendants' motion for summary judgment. Thus, Plaintiffs would not agree to its filing for the same reason they would not agree to the filing of a late reply generally.

9. In an attempt to avoid unnecessary arguments over settled facts and law in the event the document was filed, I also provided a detailed response pointing out the factual and legal inaccuracies of their proposed document.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of September, 2008 at San Francisco, California.

REED SMITH LLP

By: James E. Heffner
Attorneys for Plaintiffs Robert Carl
Patrick Keane and Chieko Strange

# EXHIBIT A

## Heffner, James E.

| | |
|---|---|
| **From:** | Heffner, James E. |
| **Sent:** | Thursday, September 04, 2008 8:57 AM |
| **To:** | 'Abraham.Simmons@usdoj.gov' |
| **Subject:** | Re: Keane - Stipulation |

I don't think I will know until I see the papers.

This is confidential, and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify me immediatly by reply email and then delete this message from your system. Please do not copy it or use it for any purpose, or disclose its content to any other person. To do so could violate state and Federal privacy laws. Thank you for cooperation.

---

**From:** Simmons, Abraham (USACAN)
**To:** Heffner, James E.
**Sent:** Wed Sep 03 20:07:20 2008
**Subject:** RE: Keane - Stipulation

Will you be opposing a motion?

---

**From:** Heffner, James E. [mailto:JEHeffner@ReedSmith.com]
**Sent:** Wednesday, September 03, 2008 4:52 PM
**To:** Simmons, Abraham (USACAN)
**Cc:** Devor, Ann H.
**Subject:** RE: Keane - Stipulation

Abraham,

I am extremely sorry to hear about your sibling and respect that this is a difficult position. Nevertheless, my client will not agree to the extension of time. In the future, please let me know that you need an extension prior to the due date and we will likely be able to come to an agreement.

Regards,

James


**James E. Heffner**
415.659.5996
JEHeffner@reedsmith.com

**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

09/12/2008

---

**From:** Simmons, Abraham (USACAN) [mailto:Abraham.Simmons@usdoj.gov]
**Sent:** Wednesday, September 03, 2008 3:12 PM
**To:** Heffner, James E.
**Subject:** RE: Keane - Stipulation

Illness in my family has prevented me from spending the time on this case that it deserved.

I have a sibling in the hospital—although his situation has not changed much in the last 2 months, his dependence on my help has.

It is not a pleasant request, but I feel it has to be made.

I would file two new replies. With respect to McMullen, I would address arguments made in the opposition that I did not have a chance to address. With respect to Silva, I would address arguments made in the opposition and provide citations for the few arguments I did make.

Please let me know if this alters your approach.

---

**From:** Heffner, James E. [mailto:JEHeffner@ReedSmith.com]
**Sent:** Wednesday, September 03, 2008 1:08 PM
**To:** Simmons, Abraham (USACAN)
**Cc:** Devor, Ann H.
**Subject:** Keane - Stipulation

Abraham,

I received your voicemail this morning re your request that Plaintiffs stipulate to the filing of amended replies. I'm not sure whether you intend to merely amend to address additional issues, whether you intend to amend to more fully discuss issues already addressed or some combination thereof. Nevertheless, in light of the already substantially extended briefing schedule and this issue not being raising until after the replies were due, we are unwilling to agree to a stipulation.

In the future, we will remain generally agreeable to providing reasonable extensions when a request can be made prior to documents being due. Also, if there was some exceptional reason that you were unable to fully reply to Plaintiffs' oppositions in the four weeks allowed, please let me know and we may reconsider.

Regards,

James

**James E. Heffner**

415.659.5996

JEHeffner@reedsmith.com

**Reed Smith** LLP

09/12/2008

Two Embarcadero Center

Suite 2000

San Francisco, CA 94111

415.543.8700

Fax 415.391.8269

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03

pdc1

09/12/2008

**EXHIBIT B**

**Heffner, James E.**

| | |
|---|---|
| **From:** | Heffner, James E. |
| **Sent:** | Tuesday, September 09, 2008 11:04 AM |
| **To:** | 'Simmons, Abraham (USACAN)' |
| **Cc:** | Devor, Ann H. |
| **Subject:** | RE: Keane v. McMullen |

Abraham,

Thanks for providing the documents to clarify my understanding of what you are requesting. As a preliminary matter, the brief appears to be a reply in support of your motion for summary judgment. Although the Rule 56(f) issue was raised first in our Opposition, my understanding is that it still must be addressed in your reply and not as a separate motion. As such, we cannot stipulate to its filing for the same reasons we could not stipulate to the late filing of a reply generally.

As an additional matter, in the event you do seek to file this brief, I ask that you review some of your factual and legal assertions for accuracy. For example, you refer to your clients' discovery responses and state that they specifically cite the DOJ's regulations at 22 C.F.R. 16:21-16.26. Brief, at 2:16-17. That is incorrect. First, I assume that you are actually referring to Title 28 CFR, Chapter 16 and not Chapter 16 of Title 22, since Title 28 includes the provisions regarding government disclosure of documents. In any event, your RFP's citations to Title 22, Chapter 16 were limited to sections 16.22(a) and 16.22(b) and not, as you represent, from sections 16.21-26 in its entirety. This is critical because the provisions governing the "Touhy letter" for situations such as this, where Plaintiffs seek non oral testimony in response to a demand, are found in section 16.22(d), which was not cited in your responses. Thus, your suggestion that we were specifically advised of the Touhy demand letter requirement is misleading. Further, as written, this current brief suggests that you cited to Touhy itself in your responses (see Brief at 2:12-16, citing to docket document 70). Again, however, your responses to the Request for Production does not reference or cite to the Touhy case, and the claim that we were put on notice of the Touhy case in May is therefore unsupported.

Further, it is a bit disingenuous to cite to the June 18, 2007 letter in which you provided us the address to which the DEA subpoena was to be directed. While we remain grateful for your cooperation in securing that address (which we truly do appreciate), it was not clear to Plaintiffs at the time that any separate demand letter requirement or the Touhy regulations applied. You simply informed us that you were providing the address for the person to whom we should direct the subpoena, not that we would need to submit a separate demand letter. Rather, the first time we saw written reference to the Touhy case itself was in your letter of August 27, just 12 days ago and nearly one month after we filed our Oppositions.

It was our understanding from our past conversations that in response to the RFPs, you had submitted your own Touhy demand letter requesting disclosure of responsive documents. While we now recognize that documents responsive to our subpoena may require us to transmit a letter pursuant to the Touhy regulations, it is our understanding that with respect to RFPs, that responsibility lies with you. It appears as though you are conflating the RFPs, for which you are responsible for securing a response, with the separate and distinct third party subpoena directed to the DEA. In any event, the DEA's failure to respond to your Touhy letter should not be misconstrued as Plaintiffs' failure to diligently pursue discovery- as the responding party, it is your obligation to secure the responsive documents. We understand the unique administrative hurdles presented in this case, but those do not justify an outright failure on your part to respond to party discovery.

09/12/2008

Additionally, the legal statements suggesting that Rule 56(f) arguments must be presented as a separate motion misstate the cited law. Brief, at 4:4-9. Indeed, the court in *Bates* did not identify the failure to file a separate motion as the reason for denying the argument. Instead, the Rule 56(f) argument was denied because the moving papers raised the argument with only a comment in a footnote and there was no adequate supporting declaration. This is nothing like our Oppositions that give Rule 56(f) substantial treatment in both the brief and supporting declarations. Finally, Judge Armstrong did not state that Rule 56(f) "should be noticed in a separate motion" in her *Allstate* opinion. She simply commented on the "unusual nature of both responding fully to the motion and asking for a continuance to complete discovery." Further, in denying the Rule 56(f) request, Judge Armstrong emphasized that "defendants oppose the motion throughout their Memo without any indication that relevant facts are missing which would raise a material issue of fact." Here, we have pointed to specific discovery that is currently missing that would raise a material issue. Such as, for example, information related to pre-operational meetings in which Defendant Silva would have participated. Unlike *Allstate*, this is a scenario involving specific facts that have yet to be developed or discovered, despite Plaintiffs' diligent efforts.

Again, we are unable to stipulate tot he filing of this brief and, in the event you seek the Court's permission to file, we ask that you review the accuracy of the factual and legal assertions contained therein prior to such a filing.

Regards,
James

**James E. Heffner**
415.659.5996
JEHeffner@reedsmith.com

**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

---

**From:** Simmons, Abraham (USACAN) [mailto:Abraham.Simmons@usdoj.gov]
**Sent:** Monday, September 08, 2008 10:30 PM
**To:** Heffner, James E.
**Subject:** RE: Keane v. McMullen

Your question hits on precisely the reason we wish to address only the plaintiffs' request for relief.
We have decided not to file an additional document that addresses further the issues raised in the defendants' motions. We do consider it important, however, to address the issue raised by plaintiffs in the oppositions regarding the request for relief. Because no separate motion was filed, there was no actual date for a response. We wish to file one tomorrow. Attached is the document. We seek a stipulation agreeing it can be filed (in order to ensure the Court does not mistakenly reject the document because it appears to be additional papers related to the motion for summary judgment). Absent a stipulation to file the document, we will file an administrative motion specifying the nature of the document and requesting that it be filed.

09/12/2008

I will be available by cell phone (415-912-6405) tomorrow morning if you would like to discuss it further.
Get some rest; it's late.

---

**From:** Heffner, James E. [mailto:JEHeffner@ReedSmith.com]
**Sent:** Monday, September 08, 2008 10:16 PM
**To:** Simmons, Abraham (USACAN)
**Subject:** RE: Keane v. McMullen

I'm not sure I fully understand. I don't remember that plaintiffs' request for relief was an issue in the motions for summary judgment. Are you available to talk briefly on the phone tomorrow a.m.? I have a call from 8:45-9:15, but can talk anytime before or after that. In any event, I suspect I will need to see the document before I could stipulate to its filing.


**James E. Heffner**
415.659.5996
JEHeffner@reedsmith.com

**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

---

**From:** Simmons, Abraham (USACAN) [mailto:Abraham.Simmons@usdoj.gov]
**Sent:** Monday, September 08, 2008 10:05 PM
**To:** Heffner, James E.
**Subject:** RE: Keane v. McMullen

James,

In light of your position taken last week that you would not stipulate to an additional period of time within which the federal defendants would file an amended reply, we have decided to file a document that addresses only plaintiffs' request for relief (which, as you pointed out in your opposition, would more properly be filed as a separate motion). Before we file an administrative motion requesting that the response be filed, we need to know whether you would stipulate to our filing the document. We intend to file it tomorrow. Could you let me know?

---

**From:** Heffner, James E. [mailto:JEHeffner@ReedSmith.com]
**Sent:** Monday, September 08, 2008 7:09 PM
**To:** Simmons, Abraham (USACAN)
**Cc:** Devor, Ann H.
**Subject:** Keane v. McMullen


Abraham,

09/12/2008

I'm turning to McMullen's discovery requests tomorrow and noticed that no releases were attached. Please send those when you have a chance so I can evaluate whether we would like to sign the releases or gather the documents.

Regards

**James E. Heffner**
415.659.5996
JEHeffner@reedsmith.com

**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
415.543.8700
Fax 415.391.8269

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

09/12/2008