Michael J. Coffino (SBN 88109)
MCoffino@ReedSmith.com
James E. Heffner (SBN 245406)
JEHeffner@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   415.543.8700
Facsimile:   415.391.8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and Chieko Strange

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually,<br><br>            Plaintiffs,<br><br>vs.<br><br>SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA,<br><br>            Defendants. | No.: CV-07-4894 SBA (JL)<br><br>**[PROPOSED]** **ORDER REGARDING DISCOVERY REQUESTS** |

**I.**

The parties have stipulated to the following facts:

Plaintiffs Robert Carl Patrick Keane and his girlfriend Chieko Strange filed this civil rights action alleging defendants never should have suspected Keane was involved in trafficking illegal narcotics. The crux of Plaintiffs' claim is that defendants should not have (1) applied for warrants to arrest Keane and to search his home (the "investigation-related claim") and (2) should not have used excessive force when executing the arrest and search warrants (the "excessive force claim"). Among the defendants sued in this case are U.S. Drug Enforcement Agency ("DEA") Special Agent McMullen and DEA Task for Officer John Silva ("Federal Defendants").

In their effort to obtain evidence relevant to their claims against the Federal Defendants, on May 28, 2008, plaintiffs served on defendant McMullen a request to produce various documents, including documents that are official records of the U.S. Drug Enforcement Agency. Similarly, on July 22, 2008, plaintiffs served on the DEA a subpoena requesting production of numerous agency records.

Each federal agency has regulations that govern how and under what circumstances a federal employee will be allowed to testify, or to produce documents, in state or federal court when the United States is not a party to the lawsuit. These regulations are authorized by the "housekeeping" statute at 5 U.S.C. § 301, and are known as *Touhy* regulations because of the Supreme Court decision that upheld their validity. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). The Department of Justice(DOJ) *Touhy* regulations – 28 C.F.R. §§ 16.21-16.26 – govern the production of documents by DEA employees. Because the United States is not a party, the subpoenas directed to McMullen and the DOJ both need to go through the same procedures.

Both McMullen and plaintiffs have complied with 28 C.F.R. §§ 16.21-16.26. To date, the DEA has provided no official response to the plaintiffs' requests for documents.

**II.**

The Court hereby Orders as follows:

Plaintiff forthwith shall serve a copy of this Order along with a copy of the subpoena and discovery requests at issue on the DEA. On or before November 3, 2008, the DEA shall provide to the parties a statement that it has complied with 28 C.F.R. § 16.22. If the parties fail to receive notice of the DEA's compliance with the regulations, the parties shall inform the Court for further action.

IT IS SO ORDERED.

Dated: November 4, 2008

_____
Hon. James Larson
United States Magistrate Judge

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 – Case No. CV-07-4894 SBA (JL)
[PROPOSED] ORDER REGARDING DISCOVERY REQUESTS