1   Michael J. Coffino (SBN 88109)
    MCoffino@ReedSmith.com
2   James E. Heffner (SBN 245406)
    JEHeffner@ReedSmith.com
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA  94111-3922

5   Mailing Address:
    P.O. Box 7936
6   San Francisco, CA  94120-7936

7   Telephone:    415.543.8700
    Facsimile:    415.391.8269
8
    Attorneys for Plaintiffs
9   Robert Carl Patrick Keane and Chieko Strange

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12  ROBERT CARL PATRICK KEANE,            No.: CV-07-4894 SBA (JL)
    individually; and CHIEKO STRANGE,
13  individually,                         [~~PROPOSED~~] ORDER REGARDING
                                          DISCOVERY REQUESTS
14                  Plaintiffs,

15  vs.

16  SETH M. MCMULLEN, PAUL ACCORNERO
    and JOHN SILVA,
17
                    Defendants.
18

19

20                                  **I.**

21      The parties have stipulated to the following facts:

22      Plaintiffs Robert Carl Patrick Keane and his girlfriend Chieko Strange filed this civil rights

23  action alleging defendants never should have suspected Keane was involved in trafficking illegal

24  narcotics. The crux of Plaintiffs' claim is that defendants should not have (1) applied for warrants to

25  arrest Keane and to search his home (the "investigation-related claim") and (2) should not have used

26  excessive force when executing the arrest and search warrants (the "excessive force claim"). Among

27  the defendants sued in this case are U.S. Drug Enforcement Agency ("DEA") Special Agent

28  McMullen and DEA Task for Officer John Silva ("Federal Defendants").

In their effort to obtain evidence relevant to their claims against the Federal Defendants, on May 28, 2008, plaintiffs served on defendant McMullen a request to produce various documents, including documents that are official records of the U.S. Drug Enforcement Agency. Similarly, on July 22, 2008, plaintiffs served on the DEA a subpoena requesting production of numerous agency records.

Each federal agency has regulations that govern how and under what circumstances a federal employee will be allowed to testify, or to produce documents, in state or federal court when the United States is not a party to the lawsuit. These regulations are authorized by the "housekeeping" statute at 5 U.S.C. § 301, and are known as *Touhy* regulations because of the Supreme Court decision that upheld their validity. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). The Department of Justice(DOJ) *Touhy* regulations – 28 C.F.R. §§ 16.21-16.26 – govern the production of documents by DEA employees. Because the United States is not a party, the subpoenas directed to McMullen and the DOJ both need to go through the same procedures.

Both McMullen and plaintiffs have complied with 28 C.F.R. §§ 16.21-16.26. To date, the DEA has provided no official response to the plaintiffs' requests for documents.

## II.

The Court hereby Orders as follows:

Plaintiff forthwith shall serve a copy of this Order along with a copy of the subpoena and discovery requests at issue on the DEA. On or before ~~November 3, 2008~~ November 14, 2008, the DEA shall provide to the parties a statement that it has complied with 28 C.F.R. § 16.22. If the parties fail to receive notice of the DEA's compliance with the regulations, the parties shall inform the Court for further action.

IT IS SO ORDERED.

Dated: November 4, 2008

_____
Hon. James Larson
United States Magistrate Judge

– 2 –   Case No. CV-07-4894 SBA (JL)
[PROPOSED] ORDER REGARDING DISCOVERY REQUESTS