UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert C.P. Keane, et al., | No. C 07-4894 SBA (JL) |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DISCOVERY REQUESTS (Docket # 99)** |
| Seth M. McMullen, et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

All discovery disputes in this case have been referred by the District Court (Hon. Saundra B. Armstrong) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. The parties' discovery disputes, in their Joint Statements e-filed and submitted to the Court, were decided without oral argument pursuant to Civil Local Rule 7-1(b).  The Plaintiffs request an order requiring the Defendant Accornero to produce to the Court within three days for an *in camera* review all documents relating to Accornero's personnel records, training records, disciplinary actions against him, civil and criminal complaints filed against him, and the investigation and search underlying Plaintiffs' claim.  Plaintiffs also request additional time to depose Accornero regarding the documents produced and the incident involving his canine prior to the search.  The Defendants request an order compelling the Plaintiffs to

produce their fee agreement within five days of this Order along with all billing entries to date for all attorneys that have worked on the Plaintiffs' case from its inception.

## FACTUAL BACKGROUND

Plaintiffs filed this civil rights action pursuant to 42 U.S.C. §1983 and *Bivens v. Six Unknown Armed Federal Agents of the Narcotics Bureau*, 403 U.S. 388 (1971), alleging that Defendants DEA Special Agent Seth McMullen, DEA Task Force Officer John Silva and Petaluma Police Department Officer Accornero violated Plaintiffs' constitutional rights. Accornero participated in a search of Plaintiffs' home with his narcotics dog during the execution of search warrants obtained by Agent McMullen and Officer Silva.

The search occurred on December 19, 2006, Keane was arrested. Plaintiffs allege that Defendant McMullen obtained the search and arrest warrants by misrepresentations, that the Defendants failed to knock and announce their presence before entering Plaintiffs' home, and that the Defendants used excessive force while executing the warrants. With respect to Accornero, Plaintiffs allege that he threatened Plaintiff Keane with his dog and that his "aggressive alert dog" destroyed Plaintiffs' personal property during the search. Accornero denies these allegations.

### Plaintiffs' Requests

In the Joint Statement, Plaintiffs ask the Court to order Defendant Accornero to produce his personnel and training records, records of disciplinary actions against him, civil and criminal complaints filed against him and all documents relating to the investigation and search underlying Plaintiffs' complaint. The parties agree that the Court may conduct an *in camera* review of the documents. Plaintiffs further ask that the Plaintiff be granted additional time to depose Accornero, following the disclosure of this information.

When a plaintiff suing under federal civil rights statutes seeks to discover confidential information from state or local law enforcement agencies, the court should engage in a balancing approach that is moderately pre-weighted in favor of disclosure. *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987). In this case, this Court

finds that the submission of documents for *in camera* review satisfies the concerns of the Defendants regarding relevance and privacy.

### 1. **Accornero's Training and Personnel File**

The Court hereby orders Defendants to produce the documents for *in camera* review within one week of the date of this Order. These documents include Accornero's personnel file and records of disciplinary actions. However, the order is limited to complaints or disciplinary matters involving: the mishandling or use of a canine, illegal search and seizure, or excessive force.

### 2. **Civil Actions Brought Against Mr. Accornero**

Defendant shall submit the case numbers of any civil or criminal cases in which Officer Accornero was a party where the plaintiff alleged constitutional rights violations. Defendant shall comply with this Order within the next five business days.

### 3. Deposition Testimony of Defendants Paul Accornero and John Silva

If the Court orders Defendant to produce documents following the Court's *in camera* review, Plaintiff shall be allowed two additional hours to depose Officer Accornero, limited to questions regarding the documents produced and the incident with the dog the day before the raid. According to Federal Rule of Civil Procedure 30(d)(1), a deposition is limited to one day of seven hours. FED. R. CIV. P. 30(d)(1). Because Officer Accornero has already been deposed for five hours, the Court will allow this additional two hours.

### Defendant's Request

Accornero asks the Court to order the Plaintiffs to produce their attorneys' fee agreement based on the Plaintiffs' asserting their right to attorneys fees. This request is premature and is denied. Defendants have no need for the fee agreement between the Plaintiffs and their attorneys at this stage.

C-07-4894 DISCOVERY ORDER

Page 3 of 4

1  IT IS SO ORDERED.

4  DATED: November 14, 2008

_____
JAMES LARSON
Chief Magistrate Judge

25  G:\JLALL\CHAMBERS\CASES\CIV-REF\07-4894\ORDER-GIP-99.wpd