UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert C.P. Keane, | No. C 07-4894 SBA (JL) |
| Plaintiff, | ORDER (denying Docket # 106) |
| v. | |
| Seth M. McMullen, et al., | |
| Defendants. _____/ | |

## Introduction

All discovery in this case has been referred by the district court (Hon. Saundra Brown Armstrong) pursuant to 28 U.S.C. §636(b). A hearing on Defendants' motion for partial summary judgment is scheduled for February 10, 2009. Discovery is closed.

## Discovery Dispute

The Court received Defendant's letter puporting to follow up on previous motions to compel discovery at Docket #s 78 and 90. At the hearing on the parties' joint statement at # 90, held before this Court on October 8, 2008, this Court ruled that: Defendants' motion to compel statements of witness Levine was denied without prejudice; Defendants' motion to compel production of Plaintiffs' medical records was denied as moot; Defendants' motion to compel production of Plaintiffs''s tax records was denied; and finally, that Defendants' motion to compel production of Plaintiff criminal counsel's files was denied.

Defendants now ask this Court to order that Plaintiffs be precluded from presenting expert testimony regarding physical and emotional damages, or in the alternative, that the Court order Plaintiffs to collect their medical records forthwith and provide them to Defendants and that Defendants be granted an additional 30 days after receipt of such records to conduct independent medical examinations and prepare expert reports regarding Plaintiffs' claims of emotional and physical damages.

Defendants subsequently requested a telephone conference on this dispute, since the discovery cut-off is three weeks past. Plaintiffs object that Defendants failed to meet and confer and filed a separate, rather than a joint statement, and made no effort to engage Plaintiffs to attempt to resolve their dispute, prior to seeing judicial intervention.

Further, Plaintiffs contend they have produced Plaintiff Keane's post-December 2006 medical records, as this Court ordered, and have agreed to sign a limited release for post December 19, 2006 medical records of all Plaintiffs, but that Defendants neither furnished them with releases nor issued subpoenas for the records.

Plaintiffs contend that Defendants are seeking documents that do not exist, specifically mental health records for Mr. Keane, who has repeatedly testified that he never consulted a psychiatrist, psychologist, or other mental health provider for treatment of any mental disorder prior to December 2006.

With regard to an independent medical examination, Plaintiff Keane represents that he was ready and willing to participate in an IME on December 17, 2008, but that Defendants never provided a time or place.

Plaintiffs contend that Defendants have never requested the medical records of Plaintiff Stranger and therefore cannot move to compel production of those records now.

### Conclusion and Order

On the record before it, and in light of the Civil Local Rules and Federal Rules of Civil Procedure, finds no basis either for evidentiary sanctions against Plaintiffs, or for ordering production of additional documents or independent medical examinations.

1   Accordingly, Defendants' motion is denied.

2   IT IS SO ORDERED.

3   DATED: January 12, 2009

_____
JAMES LARSON
Chief Magistrate Judge

7   G:\JLALL\CHAMBERS\CASES\CIV-REF\07-4894\Order re 106.wpd