James Neudecker (SBN 221657)
jneudecker@reedsmith.com
Andrew Amoroso (SBN 274673)
aamoroso@reedsmith.com

REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: 415.543.8700
Facsimile: 415.391.8269

Attorneys for Plaintiffs
Robert Carl Patrick Keane and
Chieko Strange

MELINDA HAAG (SBN 132612)
United States Attorney
ALEX G. TSE (SBN 152348)
Chief, Civil Division
ABARAHAM A. SIMMONS (SBN
146400)
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102
Tel. (415) 436-7264
Fax (415) 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL PATRICK KEANE, individually; and CHIEKO STRANGE, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> SETH M. MCMULLEN, PAUL ACCORNERO and JOHN SILVA, <br><br> Defendants. | No.: CV-07-4894 SBA <br><br> **STIPULATION OF SETTLEMENT AND RELEASE** |

It is hereby stipulated by and between on the one hand the undersigned

Plaintiffs Robert Carl Patrick Keane and Chieko Strange ("**Plaintiffs**") and on the

– 1 –

1  other hand, Seth McMullen and John Silva (**"Federal Defendants"**), by and through

2  their respective attorneys, as follows:

3      WHEREAS, Plaintiffs filed the above-captioned action on September 20, 2007

4  (**"District Court Action"**);

5      WHEREAS, on October 10, 2012, the Federal Defendants filed a Notice of

6  Appeal in the United States Court of Appeals for the Ninth Circuit from the Order of

7  the District Court issued and entered on August 13, 2012, denying Federal

8  Defendants' motion for summary judgment based on qualified immunity (the

9  **"Appeal"**);

10     WHEREAS, Plaintiffs and Federal Defendants (individually, a **"Party"**, and

11  collectively, the **"Parties"**) wish to avoid any further litigation and controversy and to

12  settle and compromise fully any and all claims and issues that have been raised, or

13  could have been raised in the District Court Action, which have transpired prior to the

14  execution of this Settlement Agreement (**"Agreement"**);

15     NOW, THEREFORE, in consideration of the mutual promises contained in this

16  Agreement, and other good and valuable consideration, receipt of which is hereby

17  acknowledged, the Parties agree as follows:

18     1. **Agreement to Compromise Claims**.  The Parties do hereby agree to settle

19  and compromise each and every claim of any kind, whether known or unknown,

20  arising directly or indirectly from the acts or omissions that gave rise to the above-

21  captioned action under the terms and conditions set forth in this Agreement.

22     2. **Definition of "Federal Defendants."**  As used in this Agreement, the

23  Federal Defendants shall include the United States of America, its current and former

24  agents, servants, employees, and attorneys, as well as the Drug Enforcement Agency,

25  and its current and former agents, servants, employees, and attorneys.

26     3. **Settlement Amount**.  On behalf of the Federal Defendants, and within sixty

27  (60) days of entry of the Court's order approving this Agreement, the United States of

28  America agrees to pay the sum of fifty thousand dollars ($ 50,000.00) (**"Settlement**

–2–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Amount"), which sum shall be in full settlement and satisfaction of any and all

2  claims, demands, rights, and causes of action of whatsoever kind and nature, arising

3  from, and by reason of any and all known and unknown, foreseen and unforeseen

4  personal injuries, damage to property and the consequences thereof, resulting, and to

5  result, from the subject matter of this settlement, including any claims for wrongful

6  death, for which Plaintiffs or their guardians, heirs, executors, administrators, or

7  assigns, and each of them, now have or may hereafter acquire against the Federal

8  Defendants.

9       4.  **Release**.  Plaintiffs and their guardians, heirs, executors, administrators or

10  assigns hereby agrees to accept the Settlement Amount in full settlement and

11  satisfaction of any and all claims, demands, rights, and causes of action of whatsoever

12  kind and nature, including claims for wrongful death, arising from, and by reason of

13  any and all known and unknown, foreseen and unforeseen personal injuries, damage

14  to property and the consequences thereof which they may have or hereafter acquire

15.  against the Federal Defendants on account of the same subject matter that gave rise to

16  the above-captioned action, including any future claim or lawsuit of any kind or type

17  whatsoever, whether known or unknown, and whether for compensatory or exemplary

18  damages.  Plaintiffs and their guardians, heirs, executors, administrators or assigns

19  further agrees to reimburse, indemnify and hold harmless the Federal Defendants from

20  and against any and all such causes of action, claims, liens, rights, or subrogated or

21  contribution interests incident to or resulting from further litigation or the prosecution

22  of claims by Plaintiffs and their guardians, heirs, executors, administrators or assigns

23  against any third party or against the United States, including claims for wrongful

24  death related to the District Court Action.

25       5.  **Dismissal of Action**.  In consideration of the payment of the Settlement

26  Amount and the other terms of this Agreement, Plaintiffs shall immediately upon

27  execution of this Agreement also execute two Stipulations of Dismissal.  The first

28  stipulation of dismissal shall provide for the dismissal of the pending Appeal.  A copy

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

1  of the Stipulation of Dismissal of Appeal is attached hereto as Exhibit A.  The Appeal

2  shall be dismissed forthwith.  The second stipulation of dismissal shall provide for the

3  dismissal of the District Court Action.  A copy of the Stipulation of Dismissal of

4  District Court Action is attached hereto as Exhibit B.  The stipulation of dismissal of

5  the District Court Action shall dismiss, with prejudice, all claims asserted in this

6  action, or that could have been asserted in this action.  The fully executed Stipulation

7  of Dismissal of District Court Action will be held by Federal Defendants' attorney and

8  will be filed within five (5) business days of confirmation from Plaintiffs' attorney

9  that the Settlement Amount has been deposited into the bank account designated by

10  Plaintiffs as set forth in Paragraph 11.

  6.  **No Admission of Liability**.  This Agreement is not intended to be, and

12  should not be construed as, an admission of liability or fault on the part of the Federal

13  Defendants, and it is specifically denied that it is liable to the Plaintiffs.  This

14  settlement is entered into by all Parties for the purpose of compromising disputed

15  claims and avoiding the expenses and risks of further litigation.

  7.  **Parties Bear Their Own Costs**.  It is also agreed, by and among the Parties,

17  that the respective Parties will each bear their own costs, fees, and expenses and that

18  any attorney's fees owed by the Plaintiffs will be paid out of the Settlement Amount

19  and not in addition thereto.

  8.  **Attorney's Fees**.  It is also understood by and among the Parties that

21  pursuant to Title 28, United States Code, Section 2678, attorney's fees for services

22  rendered in connection with this action shall not exceed 25 per centum of the amount

23  of the compromise settlement.

  9.  **Authority**.  The persons signing this Agreement warrant and represent that

25  they possess full authority to bind the persons on whose behalf they are signing to the

26  terms of the settlement.

  10.  **Waiver of California Civil Code § 1542**.  The provisions of California

28  Civil Code Section 1542 are set forth below:

-4-

> "A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor."

Plaintiffs having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning Plaintiffs' injury and the liability of the Federal Defendants for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Electronic Funds Transfer**.  Payment of the Settlement Amount shall be deposited by electronic fund transfer to the bank account Plaintiffs shall designate in an Electronic Funds Transfer enrollment form the Plaintiffs will provide to the undersigned Assistant United States Attorney within five (5) days of executing this Agreement.

12. **Tax Liability**.  If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount, Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined liability from any government agency.  Nothing in this Agreement constitutes an agreement by the Federal Defendants concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**.  Each Party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and

the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14.  **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15.  **Integration**.  This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered,

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  modified or otherwise changed in any respect except by writing, duly executed by all

2  of the Parties or their authorized representatives.

3

4  DATED: 3/5/14 _____
   Plaintiff Robert Carl Patrick Keane

5

6  DATED: _____
   Plaintiff Chieko Strange

7  3/5/14

8

9  DATED: 3/20/14      REED SMITH LLP

10

11  _____
    James Neudecker

12  Andrew Amoroso
    Attorneys for Plaintiffs

13

14  MELINDA HAAG
    United States Attorney

15

16

17  DATED: 3/18/14 _____
    Abraham A. Simmons

18  Assistant United States Attorney
    Attorney for Federal Defendants

19

20      PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22

23  Dated: 4/8/2014

24  _____
    HON. SANDRA B. ARMSTRONG
    United States District Judge

25

26

27

28

−7−